ORIGINAL

FILED

2013 JAN -7 A 10: 20

~~RD W. WIEKING~~
~~DISTRICT COURT~~
~~N. DISTRICT OF CALIFORNIA~~

1  Thomas E. Duckworth (SBN 152369)
   Tom@dplolaw.com
2  Monique Olivier (SBN 190385)
   Monique@dplolaw.com
3  **DUCKWORTH PETERS LEBOWITZ OLIVIER LLP**
   100 Bush Street, Suite 1800
4  San Francisco, California 94104
   Telephone: (415) 433-0333
5  Facsimile: (415) 449-6556

6  Attorneys for Plaintiffs and the Proposed Class

7

8

9                    **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11                         (Unlimited Jurisdiction)

12  FRED BOWERMAN, and JULIA
    BOWERMAN on behalf of themselves and       **CLASS ACTION**
13  all others similarly situated,             Case No. C 13   0057

14          Plaintiffs,                                         KAW

15  v.                                         **COMPLAINT FOR DAMAGES AND**
                                               **INJUNCTIVE RELIEF**
16
                                               (1) Breach of Contract
17  Field Asset Services, Inc., and Does 1-25, (2) Breach of Covenant of Good Faith
                                                   and Fair Dealing
18          Defendants.                        (3) Willful Misclassification of
                                                   Independent Contractor Status
19                                             (4) Failure to Pay Overtime Wages
                                               (5) Failure to Pay Wages for Hours
20                                                 worked
                                               (6) Failure to Indemnify
21                                             (7) Violations of the Unfair Competition
                                               Law
22

23

24

25                                             **JURY DEMANDED**

26

27

28
                                   - 1 -
                                 COMPLAINT

*(vertical left margin:)* DUCKWORTH PETERS LEBOWITZ OLIVIER LLP / 100 Bush Street, Suite 1800 / San Francisco, CA 94104

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

## NATURE OF CLAIM

1.     Plaintiffs Fred Bowerman, and Julia Bowerman (hereinafter collectively referred to as "Plaintiffs") bring this action on behalf of themselves and a proposed class of similarly situated individuals against Defendants Field Asset Services, Inc. (hereinafter referred to as "FAS"), for its unlawful employment scheme that denies Plaintiffs and others like them the wages and benefits to which they are lawfully entitled.

2.     Plaintiffs and proposed class members are employees who have worked for FAS, doing property preservation work in the State of California.  Plaintiffs, along with other similarly situated, were unlawfully treated as independent contractors by FAS.  FAS retained control over their work in order to deny them wages and benefits to which they are lawfully entitled under California labor law.

3.     Through this action, Plaintiffs charge FAS with violations of provisions of the California Labor Code and the California Industrial Welfare Commission Wage Orders (hereinafter "Wage Orders").  Plaintiffs seek, on behalf of themselves and the proposed class, declaratory and injunctive relief, restitution, compensatory damages, liquidated damages, penalties, attorneys' fees and costs, and prejudgment interest.

## PARTIES

4.     Plaintiff Fred Bowerman is an individual resident of Danville, California who has performed work as a vendor for FAS at various properties in sixteen counties of the San Francisco Bay Area.

5.     Plaintiff Julia Bowerman is an individual resident of Tigard, Oregon who has performed work as a vendor for FAS at various properties in sixteen counties of the San Francisco Bay Area.

6.     Defendant Field Asset Services, Inc. is a company headquartered in Austin, Texas.  FAS provides property preservation, maintenance, repair and rehabilitation, and remodeling services to various foreclosed properties throughout the United States, including California.

7.      Plaintiffs sue fictitious defendants DOES 1-25 because their names and/or capacities and/or facts showing them to be liable are not known presently. On information and belief, Plaintiffs allege that their entities and/or capacities shall be ascertained through discovery. Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same has been ascertained. On information and belief, Plaintiffs allege that each defendant designated herein as fictitious defendants were in some manner responsible for the occurrences and damages alleged herein

8.      Plaintiffs are informed and believe and thereon allege that each of the defendants herein, including those fictitiously named, were at all times relevant to this action, the agent, employer, partner, supervisor, director, joint employer, managing agent, joint venturer, alter ego or part of an integrated enterprise of the remaining defendants and each were acting within the course and scope of that relationship. Plaintiffs sue defendants on their own right and on the basis of respondeat superior.

9.      Plaintiffs are further informed and believe and thereon allege that each of the defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining defendants, including those fictitiously named defendants.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

11.     This District is the proper venue for this action as a substantial part, if not all, of the events giving rise to this action has occurred in this District.

## GENERAL ALLEGATIONS

12.     In September 2007, Plaintiffs began their employment with FAS.   Plaintiffs were classified as independent contractors, but treated as employees from the first day of work until being inactivated in June 2012 due to oversaturation of vendors.   During their employment with FAS, Plaintiffs were responsible for providing property preservation services for the San Francisco Bay Area including Mendocino, Lake, Sonoma, Marin, Napa, Solano, Contra Costa,

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

Sacramento, San Joaquin, San Francisco, Alameda, Santa Clara, San Mateo, Santa Cruz, Monterey, and San Benito.

13.     At all times relevant herein, Plaintiffs, as with other class members, were not licensed general contractors, nevertheless FAS paid Plaintiffs as an independent contractor.

14.     Notwithstanding FAS misclassified Plaintiffs as independent contractors, Plaintiffs, along with other class members, were FAS employees in that FAS directly and indirectly controlled all aspects of their employment.  FAS handled every detail of the relationship with Plaintiffs and other class members, which allowed FAS to manage properties through employees, known as vendors. Through technology and expertise, FAS scrutinized every work order from placement to completion. FAS measured every vendor on every step of every job.

15.     FAS assigned Plaintiffs, along with other class members, work orders through email notifications and access to an online database. FAS assigned work orders 7 days a week and required Plaintiffs and other class members to complete work orders within 72 hours or 3 days of receipt.

16.     Upon assigning work orders, FAS controlled and managed the completion of the work order.  As with other class members, Plaintiffs spoke to FAS throughout the day to provide updates and answer any questions FAS transmitted either through a phone call or email. FAS sent daily updates, which included update lists of current open non-recurring work orders, and also for late work. FAS also sent Plaintiffs emails regarding its right to reassign work orders that were not completed within 72 hours of receipt.

17.     All work orders Plaintiffs and other class members accepted required them to follow certain protocols and procedures.  Work orders were detailed and included specific requirements.  FAS also obligated Plaintiffs to additional requirements and information, even if not in the initial work order.  The level of detail and requirements in FAS work orders depended on the who its client was, most of which included banks, servicers, asset and real estate portfolio managers etc.

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

- 4 -

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

18.     Through work orders, Plaintiffs and other class members performed property preservation work, which included re-key, lock-out, board-up, trash-out, winterization, and other services, as required.  Plaintiffs also performed maintenance work, which included landscape, janitorial, maid services, winterization, and other miscellaneous services.  FAS also required Plaintiffs and other class members to remove significant amounts of debris from the properties.

19.     At all times relevant to this action, Plaintiffs and other class members worked fully for FAS. As with other class members, between September 2008 and December 2011, it was impossible for Plaintiffs to work for other companies because the amount of work orders, specific requirements, and time constraints placed upon Plaintiffs by FAS. Plaintiffs personally performed the services, but also hired other employees to keep up with the work orders.

20.     At all times relevant to this action, Plaintiffs and other class members were required to take and submit photos of their work.  As with other class members, FAS required Plaintiffs to take before, during, and after photos. During photos, also known as action photos were required by FAS to ensure work orders were completed properly. Plaintiffs and other class members were also required to use mandatory phone technology, which consisted of a phone application that tracked Plaintiffs' location, time stamped each photo, and identified the geographic location of each photo.

21.     At all times relevant to this action, FAS conducted audits and on-site inspections of Plaintiffs' and other class members' work orders. Through inspections, FAS maintained aggressive quality control of each work order completed by Plaintiffs and other class members. As a result of these inspections, FAS refused to pay Plaintiffs' and other class members' anything for work performed for allegedly "deficient" work even when Plaintiffs' substantially complied with the work order.  Plaintiffs and other class members were required to cure any deficiencies with any work orders and any additional, discretionary requirements of FAS. Plaintiffs were required to cure deficiencies even if the deficiencies were outside of the scope of work assigned to Plaintiffs.

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

22.     Plaintiffs were liable for the costs to fix any deficiencies found through FAS inspections.

23.     At all times relevant to this action FAS refused to pay Plaintiffs' and other class members' for work performed based on subjective criteria used during FAS inspections of their work.

24.     Plaintiffs and other class members were also monitored through a scorecard system maintained by FAS. FAS scored each worker based on completion of work orders and good inspection results. Plaintiffs and other class members recognized this scorecard system as a way to obtain more work through quality and effectiveness of work, which was in the hands of and determined by FAS.

25.     At all time relevant to this action, Plaintiffs and other class members were required to participate in mandatory training conducted by FAS.  Training included online or phone training and local training.  FAS provided Plaintiffs and other class members with initial and ongoing training, most of which was mandatory.  FAS forced Plaintiffs and other class members to attend these trainings and did not pay them for any of their time and expenses related to such trainings.

26.     During the course of their employment, Plaintiffs and other class members were paid either by price rate for each task, or a flat rate for the entire work order. Payment on work orders was usually made 45 to 60 days after completion and submission of the work order. FAS determined price rates and/or flat rates for each work order.

27.     At all time relevant to this action, FAS also deducted amounts from work orders that included huge cubic square feet (over 20 cubic square feet) of debris removal. These deductions were usually about 20% off payment for the entire work order. This policy resulted in Plaintiffs and other class members having to negotiate discounts and accept less compensation for what they were entitled for the work order.

28.     As with other class members, Plaintiffs incurred various business expenses related to their employment with FAS. Plaintiffs incurred costs, including, but not limited to: trucks,

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

1  trailers, gas, mileage, car repair, computers, phones, monthly mobile internet services, dumping,

2  and other materials for the various properties managed by FAS. FAS did not reimburse Plaintiffs

3  or other class members for these out-of-pocket expenses directly related to their employment,

4  and other expenses incurred in the course of performing their work.

5        29.    Plaintiffs and other class members regularly worked over 8 hours a day and 40

6  hours a week working for FAS.  Plaintiffs and other class members were never paid overtime for

7  any time they worked beyond the 8 hours a day or 40 hours a week.  For example, Plaintiffs

8  worked early mornings to prepare and process work orders, and worked until late night to upload

9  photos for work performed that day. Plaintiffs and other class members are informed, believe and

10  thereon allege that FAS was at all times aware Plaintiffs and class members worked overtime but

11  refused to pay any overtime pay.

12  **CLASS ACTION ALLEGATIONS**

13        30.    Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this action on

14  behalf of themselves and all other persons similarly situated.  The proposed class (hereinafter the

15  "Class") that Plaintiffs seek to represent is defined as follows:

16

17          All persons who have performed  property preservation and maintenance services
        for FAS at any property within the State of California for four years prior to the

18          filing of the original complaint in this action through the date of final judgment.

19        31.    This action may properly be maintained as a class action pursuant to

20  Fed. R. Civ. P. 23(a) and (b)(3) and/or (c)(4).

21        32.    Plaintiffs are informed and believe and on that basis allege that the Class is

22  comprised of over 50 persons, and is so numerous that joinder of all members would be

23  impracticable.  The exact size of the Class and the identity of the members of the Class are

24  ascertainable from the business records of FAS.

25        33.    Questions of law and fact common to the Class exist that predominate over

26  questions affecting only individual members, including, inter alia, the following:

27

28

- 7 -
COMPLAINT

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

a.  Whether FAS breached its contract and its covenant of good faith and fair dealing with Plaintiffs and members of the Class;

b.  Whether FAS has a policy or practice of misclassifying members of the Class as independent contractors rather than employees in order to avoid compliance with various provisions of the California Labor Code and Industrial Welfare Commission Wage Orders (hereinafter, "Wage Orders");

c.  Whether FAS has paid all Class members for the hours that were worked in excess of 8 hours a day or 40 hours a week as required by California law;

d.  Whether FAS' pay practices towards members of the Class comply with the requirements of the California Labor Code and applicable Wage Order(s);

e.  Whether FAS's business practices are unlawful and/or unfair in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL").

34.    The claims asserted by Plaintiffs in this action are typical of the claims of the Class, the claims arise from the same course of conduct by FAS, and the relief sought is common.

35.    Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained counsel who are competent and experienced in consumer protection, employment and class action litigation.

36.    A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class member has suffered injury and is entitled to recover by reason of FAS's unlawful conduct.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Moreover, the prosecution of separate actions against by individual Class members would create a risk of inconsistent judgments.  Finally, there will be no undue difficulty in the management of this litigation as a class action.

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
Breach of Contract

37.     Plaintiffs and class members incorporate by reference paragraphs 1 through 36, inclusive, of this Complaint as though fully set forth herein.

38.     Plaintiffs and class members entered into contracts with FAS to perform services for FAS in exchange for payment of those services.  These agreements were in writing and governed the respective responsibilities of the parties.

39.     FAS materially breached Plaintiffs' and other class members' Agreements when they failed to compensate them as provided for in the Agreements.

40.     FAS  has refused and continues to refuse to allow Plaintiffs and class members the benefits of their employment contract and to perform under said agreement in the agreed-upon manner.

WHEREFORE, Plaintiffs and class members pray for judgment against defendants as hereinafter set forth.

**SECOND CAUSE OF ACTION**
Breach of the Implied Covenant of Good Faith and Fair Dealing

41.     Plaintiffs incorporate by reference paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth herein.

42.     As with other class members, as a result of the employment relationship which existed between Plaintiffs and FAS, the express and implied promises made in connection therewith, and the acts, conduct and communications which resulted in said implied promises and under the laws of the State of California, FAS covenanted and promised to act in good faith toward and deal fairly with Plaintiffs and other class members, which requires, inter alia, the following:

(A)     Each party in the relationship must act with good faith toward the other concerning all matters related to the employment;

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

(B)     Each party in the relationship must act with fairness toward the other concerning all matters related to the employment;

(C)     Neither party would take any action to prevent the other from obtaining the benefits of the employment relationship; and

(D)     Defendant employer would comply with its own representations, rules, practices, policies and procedures in dealing with Plaintiffs.

43.     FAS breached the covenant of good faith and fair dealing and said breach was wrongful, in bad faith, and unfair, and therefore in violation of FAS' legal duties.

44.     Plaintiffs and class members further allege that Defendants breached the covenant of good faith and fair dealing when they:

(A)     Failed and refused to pay Plaintiffs and class members in accordance with California law;

(B)     Unfairly prevented Plaintiffs and class members from obtaining the benefits of the employment relationship including pay, overtime,  expense reimbursement and other benefits;

45.     FAS' breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to Plaintiffs and class members. As a direct and proximate result of FAS' unlawful conduct herein alleged, Plaintiffs and class members have lost wages, expenses and other employee benefits in an amount that will be proven at trial.

WHEREFORE, Plaintiffs individually and on behalf of all class members pray for judgment against Defendant as hereinafter set forth.

## THIRD CAUSE OF ACTION
Willful Misclassification of Independent Contractor Status
(Labor Code §§ 226.8, 2753)

46.     Plaintiffs and class members incorporate paragraphs 1 through 45 above as though fully set forth herein.

47.     FAS intentionally and willfully characterized Plaintiffs and class members as independent contractors rather than employees in violation of Labor Code § 226.8.  As with class

- 10 -
COMPLAINT

members, during Plaintiffs' employment with FAS, FAS engaged in a pattern and practice of intentionally misclassifying employees as independent contractors for their own financial benefit.

48.     Plaintiffs are entitled to recover the civil penalties specified in Labor Code §§ 226.8 and 2753 all damages proximately caused by defendants' wrongful conduct, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs individually and on behalf of all class members prays for judgment against defendants as hereinafter set forth.

### FOURTH CAUSE OF ACTION
Failure to Pay Overtime Compensation
(Calif. Labor Code §§510, 1194 and 1198; Cal. Code of Regs. §11090(3)(A))

49.     Plaintiffs incorporate by reference paragraphs 1 through 48, inclusive, of this Complaint as though fully set forth herein.

50.     Labor Code §1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

51.     Labor Code § 510 and Cal. Code of Regs. §11090(3)(A)), require employers to pay employees one-and-one-half (1-1/2) times the regular hour rate for all those hours worked in excess of forty (40) hours in one work week and/or in excess of eight (8) in one work day, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day, unless such employees are exempt from the requirements of Wage Order 9.

52.     At all times relevant herein, Plaintiffs and the class members were non-exempt employees who did not and do not meet the test for any exemption applicable under California law.

53.     During the four years following the filing of the complaint in this case, FAS failed to compensate Plaintiffs and the class members for overtime hours worked in excess of eight (8)

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

hours per day and/or forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours per day, as required under California law.

54. As a result of FAS' conduct requiring Plaintiffs and the rest of the class to work in excess of eight (8) hours per work day and/or forty (40) in one work week without paying them one-and one-half (1-1/2) times their regular hourly rate (or double-time hours for hours worked in excess of twelve (12) hours per day) Plaintiffs and the class have sustained damages in the amount of one and one-half (1 1/2) times or two (2) times his regular hourly rate for all overtime hours worked together with interest and attorneys' fees and costs of suit.

WHEREFORE, Plaintiffs individually and on behalf of all class members pray for judgment against defendants as hereinafter set forth.

### FIFTH CAUSE OF ACTION
Failure to Pay Wages Due and Owing
(California Labor Code § 200 *et seq.*)

55. Plaintiffs and class members incorporate by reference paragraphs 1 through 54, inclusive, of this Complaint as though fully set forth herein.

56. California Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

57. California Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

58. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

59. Defendant had and continue to has a consistent and uniform policy, practice and procedure of willfully failing to pay members of the Class, including Plaintiffs, at the termination of their employment their earned wages owed for all work performed, in violation of California Labor Code §§ 201 and 202.

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

60.     Certain members of the Class, including Plaintiffs, are no longer still employed by Defendant in that they were either discharged from or resigned from Defendant's employ.

61.     Defendant willfully failed to pay class members who left their employ a sum certain for earned wages, at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for thirty (30) days thereafter.  Defendants knew or should have known that wages were due, but nevertheless failed to pay them.

62.     Members of the Class who left Defendant's employ are entitled to penalties pursuant to California Labor Code § 203, in the amount of each person's daily wage, multiplied by thirty (30) days.

63.     WHEREFORE, Plaintiffs individually and on behalf of all class members prays for judgment against defendants as hereinafter set forth.

## SIXTH CAUSE OF ACTION
Failure to Indemnify Employees for Business Expenses
(Violation of California Labor Code § 2802)

64.     Plaintiffs and class members incorporate by reference paragraphs 1 through 63, inclusive, of this Complaint as though fully set forth herein.

65.     At all times relevant herein, FAS was required by law to indemnify Plaintiffs and class members for all necessary expenditures or losses incurred by Plaintiffs and class members pursuant to Labor Code § 2802 and the corresponding California regulations.

66.     In violation of state law, FAS refused to perform its obligation to Plaintiffs and class members under Labor Code § 2802.  As a direct result, Plaintiffs and class members suffered, and have continued to suffer, losses related to the expenses incurred by their performance of their job, including loss of those expenses,  lost interest on those expenses, and attorney's fees in seeking to compel FAS to pay these expenses.

67.     As a proximate result of FAS' violations of Labor Code §2802, Plaintiffs and class members are entitled to recover their actual damages, interest, and attorneys' fees in amounts according to proof at time of trial.

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

WHEREFORE, Plaintiffs individually and on behalf of all class members prays for judgment against defendants as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
Unfair Competition
(Cal. Bus. & Prof. Code §17200 *et seq.*)

68.     Plaintiffs and class members incorporate by reference paragraphs 1 through 67, inclusive, of this Complaint as though fully set forth herein.

69.     The California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice.  Cal. Bus. & Prof. Code § 17200.

70.     Defendant's conduct as described above constitutes unlawful business practices for the reasons set forth below, without limitation:

(a)     Defendant has breached the contract with Plaintiffs and the Class;

(b)     Defendant has breached the covenant of good faith and fair dealing with the Class;

(c)     Defendant has violated various sections of the California Labor Code, including but not limited to §§ 201, 202 and 203 (requiring payment of all wages due upon termination of employment), 204 (requiring timely bimonthly payment of wages), 510 and 1194 (requiring payment of premium pay for all overtime hours worked) 2802 (requiring indemnification of business expenses); §§ 226.8, and 2753 (requiring correct classification of individuals); and

(d)     Defendants have violated various sections of Wage Order 9-2001.

71.     Defendant's conduct as described above constitutes unfair business practices for the reasons set forth below, without limitation:

(a)     Defendant misclassifies Plaintiffs and members of the Class as independent contractors (non-employees) and misrepresents and conceals from Plaintiffs and members of the Class their status as employees.

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

- 14 -
COMPLAINT

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

(b)    Defendant denies Plaintiffs and members of the Class the protections and benefits provided to them under the California Labor Code;

(c)    Defendant has induced and continues to induce Plaintiffs and members of the Class to pay thousands of dollars in costs and expenses that should be borne by Defendant;

(d)    Defendant has made implicit and explicit promises to Plaintiffs and the Class that they would be paid for the work they performed, but instead were consistently and repeatedly denied such pay;

(e)    Defendant's acts are in direct contravention to Labor Code § 90.5(a) which states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

72.    Defendant's conduct described above constitutes fraudulent business practices for the reasons set forth below, without limitation:

(a)    Defendant has made and continues to make misrepresentations and omissions of material fact as described above to induce Plaintiffs and members of the Class to enter into employment with Defendant, as further described above;

(b)    Defendant has made and continues to make misrepresentations and omissions of material fact as described above to induce Plaintiffs and members of the Class to continue their working relationship with Defendant as further described above;

(c)    Defendant's misrepresentations and omissions are likely to deceive the reasonable individual;

(d)    Defendant's misrepresentations are objectively material to the reasonable

individual, and therefore reliance upon such representations may be presumed as a matter of law; and

(e) Plaintiffs and members of the Class reasonably and justifiably relied on such misrepresentations.

73. As a result of Defendant's unlawful, unfair, and fraudulent conduct, Plaintiffs and members of the Class suffered injury in fact and lost money and property, including, but not limited to loss of monies and wages earned.

74. Pursuant to California Business and Professions Code § 17203, Plaintiff and members of the Class seek declaratory and injunctive relief for Defendant's unlawful, unfair, and fraudulent conduct and to recover restitution.

75. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and members of the Class are entitled to recover reasonable attorney's fees, costs, and expenses incurred in bringing this action.

WHEREFORE, Plaintiffs individually and on behalf of all class members prays for judgment against Defendant as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and class members pray for judgment against Defendant, jointly and severally, as follows:

1. For declaratory judgment that Defendant has violated the California Labor Code and public policy as alleged herein;

2. For declaratory judgment that Defendant has violated Business and Professions Code § 17200 *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

3. For preliminary, permanent and mandatory injunctive relief prohibiting Defendant, its officers, agents and all those acting in concert with them, from committing in the future those violations of law herein alleged;

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

4.      For an equitable accounting to identify, locate and restore to all current and former employees the wages they are due, with interest thereon;

5.      For an order awarding Plaintiffs and the Class compensatory damages, including lost wages, earnings and other employee benefits and all other sums of money owed to Plaintiffs and Class Members, together with interest on these amounts, according to proof;

6.      For an award of reasonable attorneys' fees as provided by applicable law;

7.      For all costs of suit; and

8.      For such other and further relief as this Court deems just and proper.

Dated:   January 4, 2013          **DUCKWORTH PETERS LEBOWITZ OLIVIER LLP**

By: _____
                    Thomas E. Duckworth
                    Attorneys for Plaintiffs and the Proposed Class

### DEMAND FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all claims so triable.

Dated:   January 4, 2013          **DUCKWORTH PETERS LEBOWITZ OLIVIER LLP**

By: _____
                    Thomas E. Duckworth
                    Attorneys for Plaintiffs and the Proposed Class

- 17 -
COMPLAINT

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104