UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED BOWERMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FIELD ASSET SERVICES, INC., et al.,<br><br>Defendants. | Case No. 13-cv-00057-WHO<br><br>**ORDER ON DISCOVERY DISPUTE**<br>Re: Dkt. No. 24 |

On October 28, 2013, the parties submitted a joint letter regarding defendant Field Asset Services, Inc.'s ("FAS") demand that the plaintiffs, Fred and Julia Bowerman ("the Bowermans"), produce their "Schedule C of any tax returns filed between 2006 and 2012, along with supporting information," and documents reflecting payments to employees and contractors. Oct. 28, 2013, Joint Letter ("Joint Letter") (Dkt. No. 24) at 1. For the reasons discussed below, the Court finds that the Bowermans' tax related documents, specifically copies of their Schedule Cs, payroll tax records and 1099s, are privileged and thus protected from disclosure. With respect to the Bowermans' bank statements, FAS has not explained why it needs production of these documents, as to which plaintiffs have a significant privacy interest, when there are other sources to secure relevant information. Finally, plaintiffs must produce records and data showing what plaintiffs paid each of their subcontractors, helpers or employees.

## DISCUSSION

The plaintiffs assert that the materials at issue are protected by the tax privilege under California law. "In diversity actions, questions of privilege are controlled by state law." *In re Cal. Pub. Utils. Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989). Under California law, there is a privilege protecting against the forced disclosure of income tax returns. *Webb v. Standard Oil Co.*, 49 Cal. 2d 509, 513 (1957). The purpose of this privilege "is to facilitate tax enforcement by encouraging a taxpayer to make full and truthful declarations in his return, without fear that his statements will be revealed or used against him for other purposes." *Id.* California courts have

extended the privilege to cover records which are required to be submitted with tax returns, such as W-2s. *See Brown v. Super. Ct. of the City & Cnty. of San Francisco*, 71 Cal. App. 3d 141, 143-144 (Ct. App. 1977) (W-2 forms, which are required to be attached to a taxpayer's state and federal income tax returns, constitute an integral part of the return and qualify as 'information contained in the returns,'" within the scope of the privilege.) (relying on *Sav-On Drugs, Inc. v. Super. Ct. of Los Angeles Cnty.*, 15 Cal.3d 1, 7 (1975)[extending tax privilege to information regarding adjustments and deductions made in the defendant's sales tax returns]).[1]

The tax privilege is not absolute, and it is waived or inapplicable in situations where: "(1) there is an intentional relinquishment, (2) the gravamen of the lawsuit is so inconsistent with the continued assertion of the taxpayer's privilege as to compel the conclusion that the privilege has in fact been waived, or (3) a public policy greater than that of confidentially of tax returns is involved." *Schnabel v. Super. Ct. of Orange Cnty.*, 5 Cal. 4th 704, 721 (1993) (internal quotation marks, citations, and brackets omitted). None of the three exceptions apply in this case to force the Bowermans to produce copies of their Schedule Cs, payroll tax records and 1099s.[2]

First, there is no evidence that the Bowermans intentionally relinquished the privilege. Second, the gravamen of the lawsuit is not "so inconsistent" with the Bowermans' assertion of the privilege "as to compel the conclusion that the privilege has in fact been waived." The Bowermans' allegation that FAS willfully misclassified them as independent contractors does not place the contents of their tax returns and tax documents squarely into question.

To resolve the question of the Bowermans' classification, the Court will need to apply "the principal test of an employment relationship" which is "whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." *G.*

---

[1] FAS relies on *Deary v. Superior Court*, 87 Cal. App. 4th 1072, 1082 (2001), to argue that the California privilege protects only the tax returns themselves and not the "contents" from which they are prepared. Joint Letter at 3. *Deary*, however, explicitly did not reach the question of whether "some or all of the records in the tax return preparation file" are proper subjects of discovery because the defendants provided no detailed argument on that question. *Id*. at 1082.

[2] While the discovery requests at issue seek production of the tax returns, in their meet and confer process, defendants agreed to limit their requests to the Schedule Cs and supporting documents, namely payroll tax records, bank statements, and 1099 forms. Joint letter at 1-2. Therefore, the Court will confine its analysis to production of these specific records.

2

*Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal.3d 341, 350 (1989) (internal quotation marks and brackets omitted). In making that determination, the Court will consider the following factors:

> (a) whether the one performing services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is a part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee.

*Id.* at 351.

Despite FAS' argument to the contrary, the "gravamen" of the Bowerman's claims of misclassification is not inconsistent with the assertion of their privilege in their tax documents.[3] While the fact that the Bowermans paid self-employment taxes and filed Schedule Cs is relevant to that determination,[4] that fact will be established by the Bowermans' proposed stipulation that "they filed self-employment taxes, hired employees, and filed a Schedule C as part of their tax returns." Joint Letter at 6. The Court agrees with FAS that evidence regarding the sources of the Bowermans' income, as well the costs, investments, and expenses incurred and made by the Bowermans' in their business, is relevant to the ultimate determination of whether they were

---

[3] The cases FAS relies on to argue that plaintiffs have put their tax returns at issue and, therefore, waived the privilege are inapposite on their facts and on the law, as the California privilege was not at issue. *See* Joint Letter at 4. In *Young v. United States*, 149 F.R.D. 199, 204-05 (S.D. Cal. 1993), the plaintiff put her income at issue by seeking "lost wages" in a Federal Tort Claims Act case, as to which the California privilege against forced disclosure of tax returns did not apply. In *Poulos v. Naas Foods, Inc.*, 959 F.2d 69 (7th Cir. 1992), the court found that plaintiff's taxes were not protected by "qualified immunity" under Federal law, as plaintiff had put the level and sources of his income at issue both by claiming to be a dealer under a state statute and by claiming damages following termination of his contract, and as there was no reasonable alternative source for information requested. *See also* Joint Letter at 3, relying on *In re Fedex Ground Package Sys.*, Inc., 3:05MD527RM(MDL1700), 2006 WL 3755311 (N.D. Ind. Dec. 14, 2006) (determining discoverability of tax returns under federal Fair Labor Standards Act and the Family and Medical Leave Act claims). *Id.*, relying on *Dollar Tree Stores, Inc. v. Toyama Partners LLC*, CV 10-0325 SI NJV, 2011 WL 2884550 (N.D. Cal. July 19, 2011) (parties reached agreement to produce W2 and 1099 forms; no Court analysis on issue).
[4] *See, e.g., Desimone v. Allstate Ins. Co.*, C 96-03606 CW, 2000 WL 1811385, *16 (N.D. Cal. Nov. 7, 2000) (concluding that although it is not a "strong factor," plaintiffs' tax treatment weighed "in favor of treating plaintiffs as independent contractors.").

misclassified. However, information regarding those topics can be secured through sources other than the Bowermans' tax records,[5] such as through written discovery (production of all unprivileged records regarding income from sources other than from FAS; production of all records of business expenses) tested by depositions.[6]

Third, public policy does not mandate that the privilege against disclosure be lifted, as FAS does not point to any basis upon which the Court might find a public policy that outweighs the protection of tax returns. The mere presence of a protective order does not affect this analysis. As the Supreme Court of California explained, "this exception has been narrowly construed, and has been applied only when warranted by a legislatively declared public policy." *Schnabel*, 5 Cal. 4th at 721. In the absence of any greater public policy identified by FAS, the Bowermans' Schedule Cs, payroll tax records and 1099s are privileged and need not be produced.

With regard to FAS' request for the Bowermans' bank statements, the Court notes that while California recognizes a right of privacy in financial information, banking information is not wholly privileged. Instead, courts balance "the right of civil litigants to discover relevant facts, on the one hand, with the right of bank customers to maintain reasonable privacy regarding their financial affairs, on the other." *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 657, (1975); *Fortunato v. Superior Court*, 114 Cal.App.4th 475, 481 (2003). In striking this balance,

---

[5] This conclusion is consistent with a misclassification case relied upon by FAS, *Desimone v. Allstate Ins. Co.*, No. 96-cv-03606, 2000 WL 1811385, at *16 (N.D. Cal. Nov. 7, 2000). In that case, as here, the plaintiffs stipulated "that they file[d] their taxes as 'self-employed' individuals." *Desimone*, 2000 WL 1811385, at *16. In applying the *Borello* factors, the court looked to the plaintiffs' tax treatment as one factor among many to determine that the plaintiffs were independent contractors and noted that the tax evidence "was not a strong factor" in that determination. *Id*. The court also relied on evidence beyond the stipulated tax return filings, such as depositions, declarations, and compensation agreements, to find that "in light of the degree of control Plaintiffs exercise over the manner in which they conduct their businesses," the plaintiffs were independent contractors. *Id*.

[6] FAS argues that it is entitled to the "actual" records to determine these issues, and it should not be limited to declarations or deposition testimony of plaintiffs. Joint Letter at 3. The Court agrees to the extent FAS seeks production of *non-privileged* records regarding plaintiffs' income and business expenses. The cases FAS relies upon to argue that it is entitled to the actual tax records themselves are inapposite. In *United States v. Vacante*, 717 F. Supp. 2d 992, 1013 (E.D. Cal. 2010), a tax assessment case brought by the United States (the holder of tax returns), the Court simply found that there was a triable issue as to whether a specific individual was an employee or contractor, in light of her vague deposition testimony and filing taxes as an independent contractor. In *Poulos*, 959 F.2d at 75, in light of the claims asserted, defendant needed evidence to dispute plaintiff's "personal accounting" of his income.

4

"the trial courts are vested with the same discretion which they generally exercise in passing upon other claims of confidentiality." *Valley Bank*, 15 Cal. 3d at 658. Here, FAS has not explained why it needs the Bowermans' bank account statements to address the *Borello* factors discussed above. In light of the misclassification issues involved in this case, information regarding the source of the Bowermans' income and business costs, expenses and investments will be relevant. However, as noted above, there are multiple sources of information other than bank statements which can provide that information. On this record, the Court will not order the Bowermans' to turn over their bank statements.[7]

With regard to FAS' request for "records and data showing what [the Bowermans] paid each of their subcontractors, helpers, or 36 employees," Joint Letter 2, the Court finds that because these requests do not involve the disclosure of privileged tax records or bank account statements, these records are discoverable. *See* FED. R. CIV. P. 26(b)(1) (allowing discovery of "any nonprivileged matter that is relevant to any party's claim or defense"). In this regard, copies of bank checks showing the amounts paid would fall within the permissible scope of this request, and would not be protected by the Court's holding that the Bowermans need not turn over their bank account statements. As long as the substantive category of information sought (such as how much the Bowermans paid each of their subcontractors) legitimately addresses one of the *Borello* factors, there is good cause to require the Bowermans to produce responsive bank checks.

## CONCLUSION

The Court finds that the Bowermans' Schedule Cs, payroll tax records and 1099s (Document Requests Nos. 8-10, 61-63) are privileged and do not need to be produced. On this record, the Court finds that the Bowermans' bank statements (Document Request No. 15) do not need to be produced. Finally, the Court finds that information regarding what the Bowermans paid their subcontractors, employees or helpers (Document Request Nos. 6 and 7) is not privileged

---

[7] It is, for example, unclear whether the bank account statements sought are held by the Bowermans as individuals or through some form of business entity. As Courts in this District have acknowledged, "[u]nder California law, the privacy rights of businesses are accorded less weight than that of individuals." *Valdez v. Travelers Indem. Co. of Connecticut*, 12-04307-SBA (KAW), 2013 WL 3989583, *6 (N.D. Cal. Aug. 2, 2013).

and must be produced.

**IT IS SO ORDERED**.

Dated:  November 14, 2013



WILLIAM H. ORRICK
United States District Judge