UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRED BOWERMAN, et al.,

    Plaintiffs,

v.

FIELD ASSET SERVICES, INC., et al.,

    Defendants.

Case No. 13-cv-00057-WHO

**ORDER DENYING MOTION TO STAY PROCEEDINGS**

Re: Dkt. No. 94

## INTRODUCTION

This is a wage-and-hour class action bringing misclassification and related claims under California law. The class has been certified and class notice has been distributed. The case is set for trial on August 22, 2016. Defendants Field Asset Services, Inc. and Field Asset Services LLC (collectively, "FAS") move for a stay of proceedings pending resolution of the appeal in *Bouaphakeo v. Tyson Foods Inc.*, 765 F.3d 791 (8th Cir. 2014), set to be heard by the Supreme Court this October Term. Oral argument on FAS's motion is unnecessary and the hearing is VACATED. The motion is based on mischaracterizations of this case, of *Tyson Foods*, and of basic class action law. It is DENIED.

## BACKGROUND

Plaintiffs filed this action on January 7, 2013 and filed their first amended complaint on February 15, 2013. Dkt. Nos. 1, 4. The first amended complaint brings the following causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) willful misclassification of independent contractor status, Cal. Labor Code §§ 226.8, 2753; (4) failure to pay overtime compensation, Cal. Labor Code §§ 510, 1194, 1198; (5) failure to pay wages due and owing, Cal. Labor Code § 200 *et seq.*; (6) failure to indemnify employees for business expenses, Cal. Labor Code § 2802; (7) violations of the Unfair Competition Law ("UCL"), Cal.

Bus. & Prof. Code § 17200 *et seq.*; and (8) failure to comply with Labor Code provisions in violation of the Private Attorney General Act ("PAGA"), Cal. Labor Code § 2699 *et seq.* Dkt. No. 4 ¶¶ 36-83.

I denied plaintiffs' initial motion for class certification but gave them leave to submit a renewed motion with a revised class definition. Dkt. No. 61. I granted plaintiffs' renewed motion in a summary order on January 26, 2015, followed by a more detailed order on March 24, 2015. Dkt. Nos. 78, 85 ("Class Cert. Order").[1] The certified class is defined as

> [a]ll persons who at any time from January 7, 2009 up to and through the time of judgment (the "Class Period") (1) were designated by FAS as independent contractors; (2) personally performed property preservation work in California pursuant to FAS work orders; and (3) while working for FAS during the Class Period, did not work for any other entity more than 30 percent of the time. The class excludes persons who primarily performed rehabilitation or remodel work for FAS.

Class Cert. Order at 2.

The claims administrator subsequently distributed approximately 700 class notices. Perez Decl. ¶ 3, Ex. A (Dkt. No. 96). As of July 11, 2015, only one individual had opted out. *Id.*

The Supreme Court granted the petition for writ of certiorari in *Tyson Foods* on June 8, 2015. *Tyson Foods*, No. 14-1146, 2015 WL 1278593, at *1 (U.S. June 8, 2015). There are two questions presented:

> I. Whether differences among individual class members may be ignored and a class action certified under Federal Rule of Civil Procedure 23(b)(3), or a collective action certified under the Fair Labor Standards Act, where liability and damages will be determined with statistical techniques that presume all class members are identical to the average observed in a sample.
>
> II. Whether a class action may be certified or maintained under Rule 23(b)(3), or a collective action certified or maintained under the Fair Labor Standards Act, when the class contains hundreds of members who were not injured and have no legal right to any damages.

*Tyson Foods*, No. 14-1146, "Questions Presented," available at http://www.supremecourt.gov/

---

[1] I certified plaintiffs' claims for willful misclassification, failure to pay overtime compensation, failure to pay wages due and owing, failure to indemnify employees for business expenses, and violations of the UCL predicated on Labor Code violations. I did not certify plaintiffs' claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violations of the UCL not predicated on Labor Code violations, or failure to comply with Labor Code provisions in violation of PAGA. *See* Class Cert. Order at 3.

1  search.aspx?filename=/docketfiles/14-1146.htm (last visited September 18, 2015).  Oral argument
2  before the Supreme Court is scheduled for November 10, 2015.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The burden is on the movant to establish that a stay is appropriate.  *See id.* at 255-66; *see also Clinton v. Jones*, 520 U.S. 681, 708 (1997).

In deciding whether to stay proceedings pending resolution of an appeal in another action, a district court must weigh various competing interests, including (1) the possible damage which may result from the granting of a stay; (2) the hardship a party may suffer if the case is allowed to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *see also CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Whether to stay proceedings is entrusted to the discretion of the district court.  *See Landis*, 299 U.S. at 254-55 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

When weighing the relevant interests, the court must be mindful that "if there is even a fair possibility that the stay for which [the movant] prays will work damage to someone else," then the movant "must make a clear case of hardship or inequity in being required to go forward." *Id.* at 255; *accord Salinas v. City of San Jose*, No. 09-cv-04410-EJD, 2012 WL 2906052, at *2 (N.D. Cal. July 13, 2012).  "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112.

## DISCUSSION

FAS raises two arguments that the decision in *Tyson Foods* is likely to materially impact this case.  Mot. at 10 (Dkt. No. 94).  Neither has merit.

**I.    TRIAL PLAN**

FAS first contends that the *Tyson Foods* decision will provide guidance regarding

3

1    "plaintiffs' plan to demonstrate liability and damages through 'representative testimony as well as

2    a statistical analysis.'" Mot. at 10 (citing Dkt. No. 65 at 24).

3          Plaintiffs stated in their renewed motion for class certification that, during the damages

4    portion of the class trial, they would present "representative testimony as well as a statistical

5    analysis" of various damages figures. Dkt. No. 65 at 4. They clarified in their reply brief that

6    damages could also be addressed either through "a survey of all class members" or through

7    "individual hearings without any aggregate calculation or expert testimony." Dkt. No. 74; *see also*

8    Class Cert. Order at 21 ("Plaintiffs propose several possible means of determining damages,

9    including through 'individual hearings' if necessary."). Other than plaintiffs' briefing on class

10   certification, FAS cites no evidence or other materials indicating that plaintiffs' trial plan depends

11   on the sort of statistical techniques at issue in *Tyson Foods*. *See* Mot. at 8-12; Reply at 6-8 (Dkt.

12   No. 101). FAS has not shown that this is a case "where liability and damages will be determined

13   with statistical techniques that presume all class members are identical to the average observed in

14   a sample." *Tyson Foods*, "Questions Presented."

15   **II.   STANDING**

16         FAS next argues that the class in this case includes members "who were not injured and

17   have no legal right to any damages." *Tyson Foods*, "Questions Presented." It states that "class

18   members' independent contractor status is coterminous with whether they could have suffered

19   injury," and that, consequently, if it turns out that class members were not misclassified, "they

20   could not have suffered any injury [and] would not have standing." Reply at 9. According to

21   FAS, whether such a class may be certified is "precisely" the issue the Supreme Court will address

22   in *Tyson Foods*. *Id.*

23         FAS is wrong. The issue in *Tyson Foods* is not, as FAS appears to believe, whether a

24   putative class must establish the defendant's liability before it may be certified. If that were true,

25   then every class action in federal court (in which liability is disputed) would hinge on the outcome

26   in *Tyson Foods*, because in every such action, it is possible that the class will not be able to

27   establish liability, and, hence, will not be entitled to damages.

28         The issue in *Tyson Foods* is different. There, the Eighth Circuit upheld a jury verdict for

United States District Court
Northern District of California

the class despite the defendant's argument that the class should have been decertified when "evidence at trial showed that some class members did not work overtime and would receive no . . . damages even if [defendant] under-compensated their donning, doffing, and walking." 765 F.3d at 797. That is the issue raised by the second question presented in *Tyson Foods*. *See* Petition for Writ of Certiorari at 29-30 (FAS RJN Ex. A, Dkt. No. 97) ("[P]laintiffs' damages expert admitted that the class contained at least 212 employees who were not injured because they did not work any unpaid overtime even under [plaintiffs'] assumed averages . . . This Court should . . . grant review to resolve the circuit split and ensure that Rule 23(b)(3) . . . is not used improperly to expand federal court jurisdiction and compensate individuals who suffered no injury, lack Article III standing, and are entitled to zero damages.").[2] Here, in contrast, FAS has not identified a single class member who would not be entitled to damages even if the class were to prevail on its misclassification claims. That is what FAS must do to even arguably bring this action within the scope of the second question presented in *Tyson Foods*. It has not done so.

Instead, FAS argues that the class in this case "currently contains many individuals [who] do not even fall within the class definition." Reply at 9 n.8; *see also* Mot. at 10. This argument makes no sense. Individuals who "do not even fall within the class definition" are not part of the class. That is the point of the class definition.

FAS appears to believe that all individuals who received the class notice and have not since opted out are now class members. *See, e.g.*, Reply at 9 n.8 (noting that individuals who do not fall within with the class definition "have no legal right to damages in this case, but nevertheless remain part of the class, as none have opted out"); Mot at 10 (stating that while plaintiffs have obtained class certification "by proposing a different class definition, that is of no moment where, as here, only one individual has opted out"). FAS is wrong again. As the Class Cert. Order makes clear, the class members in this case are

> [a]ll persons who at any time from January 7, 2009 up to and through the time of judgment (the "Class Period") (1) were designated by FAS as independent contractors; (2) personally

---

[2] FAS's two unopposed requests for judicial notice of various court filings, Dkt. Nos. 97, 102, are GRANTED.

5

> performed property preservation work in California pursuant to FAS work orders; and (3) while working for FAS during the Class Period, did not work for any other entity more than 30 percent of the time. The class excludes persons who primarily performed rehabilitation or remodel work for FAS.

Class Cert. Order at 2.  If an individual does not fall within this definition, then she or he is not in the class, irrespective of whether she or he received a class notice and/or opted out of the class. FAS cites no authority to the contrary, and it is unclear where it got the idea that the law is otherwise.

Rule 23 does not insist upon perfect notice.  Rather, it requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  Here, as occasionally occurs, the best notice practicable under the circumstances was notice to a group that was broader than the class definition but included the complete universe of class members.  This was an acceptable and unremarkable method of delivering notice to the class.  *See, e.g., Alberton v. Commonwealth Land Title Ins. Co.*, No. 06-cv-03755, 2010 WL 1049581, at *3-4 (E.D. Pa. Mar. 17, 2010) (rejecting argument that proposed mailing list for class notice was improper because it "does not track the contours of the class certified by the Court;" noting that "the notice proposed by plaintiffs is merely a notice of the pendency of the class action and does not guarantee that an individual receiving a . . . notice is entitled to participate"); *Macarz v. Transworld Sys. Inc.*, 201 F.R.D. 54, 59-61 (D. Conn. 2001) (requiring notice to each person on list in defendant's possession where list was approximately 25 percent overinclusive but "approximately three-quarters of the notices sent to the names on the proposed list would result in notice to all class members").  Contrary to FAS's position, the method did not implicitly rewrite the class definition, and it did not transform individuals who would not otherwise qualify as class members into such, simply because they received the class notice and have not since opted out.

## CONCLUSION

Given that FAS has shown, at best, only minimal overlap between the appeal in *Tyson Foods* and the issues likely to be addressed in this case before *Tyson Foods* is decided, it has not come close to establishing the sort of "clear case of hardship or inequity" necessary to justify a

1 stay. *See Landis*, 299 U.S. at 255; *see also Salinas*, 2012 WL 2906052, at *2-4 (denying stay request where "important differences exist between this case and the two cases before the Court of Appeals," and "the prejudice to plaintiffs in postponing the trial outweighs the inconvenience to [defendant] at this point").  Its motion is DENIED.

**IT IS SO ORDERED**.

Dated: September 21, 2015



WILLIAM H. ORRICK  
United States District Judge