UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRED BOWERMAN, et al.,

    Plaintiffs,

    v.

FIELD ASSET SERVICES, INC., et al.,

    Defendants.

Case No. 13-cv-00057-WHO

**ORDER ON DISCOVERY LETTER BRIEF FILED ON MAY 16, 2016**

Re: Dkt. No. 125

On May 16, 2016, the parties filed the fifth in a series of discovery letter briefs regarding their continuing dispute over the scope of discovery in this case, particularly from absent class members. Dkt. No. 125 ("Ltr."). The letter focuses on the content of the Vendor Questionnaire ("VQ") to be mailed to some subset of the vendors to whom the class notice was sent. *See id.* The issues raised in the letter are decided as follows:

• The VQ should be sent to all Discovery Vendors, as that term is defined in the Further Order on Discovery Disputes issued on February 29, 2016. *See* Dkt. No. 118 at 1 ("a group of vendors consisting of: (1) vendor declarants in this case; (2) vendor deponents in this case; and (3) an additional ten percent of vendors to whom the class notice was sent").

• Plaintiffs' general objections to the VQ process are OVERRULED. Plaintiffs' concern that the VQ process will transform this Rule 23(b)(3) class action into an "opt-in class action" is particularly unpersuasive, given that FAS previously agreed, in the parties' draft stipulation, that "[f]ailure to respond to the [VQ] by itself does not give FAS the right to challenge any class notice recipient's inclusion in the class." Dkt. No. 111. FAS has not argued that Discovery Vendors who fail to participate in the VQ process should be precluded from joining the class, and plaintiffs have not identified any reason why this would occur.

• **DISPUTE 1:** I agree with plaintiffs' alternative position, i.e., that the VQ should include the question, "Please identify the percentage of income received from FAS relative to other sources of income," or the substantial equivalent of this question.

• **DISPUTE 2:** I agree with plaintiffs' alternative position, i.e., that the VQ should include

open-ended questions on this issue, such as, "How did you receive work orders from FAS?" and, "Could you turn them down?"

• **DISPUTE 3:** I agree with FAS that this question may be included in the VQ.

• **DISPUTE 4:** I agree with plaintiffs – this question will not provide FAS with any more relevant information than FAS would obtain through plaintiffs' offered stipulation on the same subject.  The question may not be included in the VQ.

• **DISPUTES 5 and 6:** I agree with plaintiff that these questions will result in misleading answers.  They may not be included in the VQ.

• **DISPUTE 7 (in letter) / DISPUTE 8 (in VQ attached to letter):** I agree with plaintiffs that this document request is inappropriate in this case.  It may not be included in the VQ.

• **DISPUTE 7 (in VQ attached to letter):** The question asks, "Did YOU ever negotiate with FAS over the amount of money YOU received for jobs or services." Ltr. Ex. A at 13.  The parties do not discuss this question in the letter, and I do not address it here.

• Finally, I agree with plaintiffs' proposed case management deadlines,[1] with some modifications:

| | |
|---|---|
| 10 days from date of this Order | Deadline to mail VQ |
| 45 days from the date of VQ mailing | Deadline for responses to VQ |
| November 4, 2016 | Fact discovery cutoff (except as to damages) |
| January 11, 2017 | Dispositive motions heard |
| March 3, 2017 | Fact discovery cutoff (as to damages) |
| April 24, 2017 | Pretrial Conference |
| May 22, 2017 | Trial |

**IT IS SO ORDERED**.

Dated: May 20, 2016

WILLIAM H. ORRICK
United States District Judge

---

[1] Along with their proposed case management deadlines, plaintiffs assert in passing that FAS should pay the costs of mailing the VQ.  *See* Ltr. at 8.  Because the parties do not discuss this issue in the letter, I do not address it here.