THOMAS E. DUCKWORTH (SBN 152369)
(tom@dplolaw.com)
MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104
Telephone: (415) 433-0333
Facsimile:   (415) 449-6556

JAMES E. MILLER (SBN 262553)
(jmiller@sfmslaw.com)
SHEPHERD, FINKELMAN, MILLER
 AND SHAH, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367

*Attorneys for Plaintiffs and the Certified Class*

[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

---

| | |
|---|---|
| FRED BOWERMAN, and JULIA BOWERMAN on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br> v.<br><br>FIELD ASSET SERVICES, INC., FIELD ASSET SERVICES, LLC, a successor in interest,<br><br>Defendants. | Case No. C13-00057 WHO<br><br>**PLAINTIFFS' TRIAL BRIEF REGARDING CLASS CERTIFICATION, CLASS MEMBERSHIP AND EMPLOYEE STATUS**<br><br>Date:          April 24, 2017<br>Time:         2:00 p.m.<br>Courtroom:   12, 19th Floor<br><br>Complaint Filed:   January 7, 2013<br>FAC Filed:           February 15, 2013<br>Trial Date:            May 22, 2017 |

**I.    INTRODUCTION**

This Court has found class certification to be appropriate on two occasions. (Dkt. 85; Dkt. 205.) This Court has also concluded that Class Members are employees as a matter of law. Because this Court has already ruled on these issues, neither class certification nor the Class Members' employee status may be relitigated by FAS at trial.

**II.    ARGUMENT**

### A. Issues Implicating the Propriety of Class Certification and Class Membership Have Been Decided in Plaintiffs' Favor, and Cannot Be Relitigated at Trial.

The issue of class certification has been decided by this Court. (Dkt. 85.) The Court also has denied FAS's motion to decertify the Class. (Dkt. 205.) Accordingly, any evidence or argument addressing, directly or indirectly, whether the Class should have been certified is irrelevant. *See Bassilios v. City of Torrance, CA,* 2016 WL 1253864, at *3 (C.D. Cal. Jan. 14, 2016) (reasoning that the Court's prior finding was the "law of the case" and that evidence relating to the matter already decided by the Court was thus irrelevant and inadmissible); *Lorillard Tobacco Co. v. Yazan's Serv. Plaza, Inc.*, 2007 WL 1834714, at *7 (E.D. Mich. June 25, 2007) (granting Plaintiff's motion *in limine* to exclude any evidence regarding a legal issue that had already been decided by the court); *see also Zabit v. Peterson Power Sys., Inc.*, 2008 WL 2445202, at *2 (N.D. Cal. June 16, 2008) ("…the Court shall not consider evidence that attempts to re-litigate issues that have been decided…").

Moreover, the propriety of class certification is a legal question for the Court, not the province of the jury. Fed. R. Civ. P. 23 (providing that "the court must determine by order whether to certify the action as a class action."); *Bernard v. Gulf Oil Co.*, 596 F.2d 1249, 1259 (5th Cir. 1979) (holding that Rule 23 "imposes on the trial judge the duty to assure that a class action is an appropriate way to resolve the controversy[.]"); *Montgomery v. Rumsfeld*, 572 F.2d 250, 255 (9th Cir. 1978) (reasoning that class certification "is a matter within the discretion of the trial court."). While the Court may reassess the propriety of its own decision to certify a class, *see Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 596 (W.D. Wash. 2013), it is not the jury's role to do so.

1

Similarly, the Court has concluded multiple times that the Class consists of those individuals who meet the Class definition. (Dkt. 85; Dkt. 205; Dkt. 210.) FAS should therefore not be permitted to repeat its argument that it is "impossible" to determine who is in the Class, or to introduce any evidence or argument that Class membership is difficult to ascertain. *Montgomery*, 572 F.2d at 255; *Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121, 1128 (9th Cir. 2017).

As this Court is aware, FAS continues to raise issues regarding the alleged "variances" between class members that, in its view, make any collective proceeding unworkable. In light of this Court's rulings, those arguments are inappropriate for the jury's consideration. *See also Briseno,* 844 F.3d at 1128. Thus, no evidence or argument pertaining to the variances between class members or the propriety of the Court's decision to certify the Class should be permitted at trial.

### B. The Status of Class Members as Employees Has Been Decided in Plaintiffs' Favor, and Cannot Be Relitigated at Trial.

Similarly, the Court has determined that Class members are employees as a matter of law. (Dkt. 205 at 2 ("A reasonable jury could not return a verdict for FAS on [the issue of employee status].".) That determination is therefore law of the case, and FAS cannot be permitted to attempt to relitigate the question of employment status at trial. *Bassilios, CA,* 2016 WL 1253864, at *3; *Lorillard Tobacco Co.*, 2007 WL 1834714, at *7; *Zabit*, 2008 WL 2445202, at *2. Evidence regarding Class members' work experiences unrelated to damages, their purported "businesses" and "workers," and the like are irrelevant and should not be permitted at trial.

### III. CONCLUSION

For the foregoing reasons, FAS cannot be permitted to relitigate class certification, class membership or the status of class members as employees.

Date: April 17, 2017    DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

*/s/ Monique Olivier*
Monique Olivier

KOLIN C. TANG (SBN 279834)
CHIHARU G. SEKINO (SBN 306589)
SHEPHERD, FINKELMAN, MILLER AND SHAH, LLP
401 West A Street, Suite 2550
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367

JAMES C. SHAH (SBN 260435)
SHEPHERD, FINKELMAN, MILLER AND SHAH, LLP
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (866) 300-7367

RONALD S. KRAVITZ  (SBN 129704)
(rkravitz@sfmslaw.com)
SHEPHERD, FINKELMAN, MILLER AND SHAH, LLP
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 429-5272
Facsimile: (866) 300-7367

*Attorneys for Plaintiffs and the Certified Class*