THOMAS E. DUCKWORTH (SBN 152369)
(tom@dplolaw.com)
MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104
Telephone: (415) 433-0333
Facsimile:  (415) 449-6556

JAMES E. MILLER (SBN 262553)
SHEPHERD, FINKELMAN, MILLER
 AND SHAH, LLP
(jmiller@sfmslaw.com)
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367

*Attorneys for Plaintiffs and the Certified Class*

[Additional Counsel Listed On Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

FRED BOWERMAN, and JULIA BOWERMAN on behalf of themselves and all others similarly situated,

　　　　　　Plaintiffs,

  v.

FIELD ASSET SERVICES, INC., FIELD ASSET SERVICES, LLC, a successor in interest,

　　　　　　Defendants.

Case No. C13-00057 WHO

**PLAINTIFFS' TRIAL BRIEF REGARDING PLAINTIFFS' RIGHT TO PRESENT AGGREGATE DAMAGES DRAWN FROM CLASS MEMBER TESTIMONY THAT IS A JUST AND REASONABLE INFERENCE OF OVERTIME AND EXPENSES**

Date:　　　　April 24, 2017
Time:　　　　2:00 p.m.
Courtroom:　 12, 19th Floor

Complaint Filed:　January 7, 2013
FAC Filed:　　　February 15, 2013
Trial Date:　　　May 22, 2017

I.  **INTRODUCTION**

Plaintiffs request that the Court approve a trial plan and Special Verdict Form that contemplate the use of representative proof, proof of damages by "just and reasonable inference," and individual damages calculations performed after trial.

This Court has already determined that FAS is liable to the Class for unpaid overtime and unreimbursed business expenses. (Dkt. 205.) As a matter of law, Plaintiffs are entitled to present aggregate damages drawn from class member testimony that is a just and reasonable inference of overtime and unreimbursed business expenses.

II. **ARGUMENT**

> **A. Class Members Are Entitled to a Just and Reasonable Inference of Their Hours Worked and Their Unreimbursed Business Expenses to Prove Their Damages.**

The question of how a plaintiff will prove damages where no time records were made and kept, or where inaccurate time records where made and kept, has already been resolved by the United States Supreme Court. In *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) (*Mt. Clemens*), the Supreme Court held:

> Where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may be only approximate.

*Id.* at 687-88. Where an employer cannot provide accurate time records, "it is the duty of the trier of fact to draw whatever reasonable inferences can be drawn from the employee's evidence" as to the amount of overtime hours worked. *Id.* at 694; *see also* Cal. Labor Code §§ 226, 1174; Wage Order 16-2001, ¶ 6 (requiring employer to maintain accurate payroll and time records).

In *Tyson Foods, Inc. v. Bouaphakeo*, the Supreme Court recently reiterated the principle of *Mt. Clemens* that "when employers violate their statutory duty to keep proper records, and employees

thereby have no way to establish the time spent doing uncompensated work, the 'remedial nature of [the FLSA] and the great public policy which it embodies . . . militate against making' the burden of proving uncompensated work 'an impossible hurdle for the employee.'" — U.S. —, 136 S. Ct. 103, 1047 (2016); *see Villalpando v. Exel Direct Inc.*, No. 12-cv-04137-JCS, 2016 U.S. Dist. LEXIS 53773, at *21 (N.D. Cal. Apr. 21, 2016).

Because the *Mt. Clemens* standard is a "just and reasonable inference" and not mathematical certainty, representative proof is permissible and not all Plaintiffs need to testify. *See McLaughlin v. Ho Fat Seto,* 850 F.2d 586, 589 (9th Cir.1988) (*Mt. Clemens* "allows district courts to award back wages under the FLSA to non-testifying employees based upon the fairly representative testimony of other employees."); *Chao v. Westside Drywall, Inc.,* 709 F.Supp.2d 1037, 1069–70 (D.Or. 2010) ("there is no mathematical formula for satisfying the burden."); *see Khadera v. ABM Indus. Inc.*, No. C08-0417 RSM, 2011 WL 7064235, at *6 (W.D. Wash. Dec. 1, 2011) ("Without opining upon the ultimate conclusions set forth in Dr. Abbott's declaration, the Court is convinced that testimony from a sample group of Opt–In Plaintiffs may be generalized to the larger group as a whole, and that damages may be calculated using representative testimony").

The *Mt. Clemens* rule applies to California wage and hour claims based upon the same reasoning, "namely that it would unfairly penalize employees to deny recovery because of the employer's failure to keep proper records." *Villalpando*, 2016 U.S. Dist. LEXIS 53773, at *20-21 (citing *Melgar v. CSK Auto, Inc.*, No. 13-CV-03769-EMC, 2015 U.S. Dist. LEXIS 170833, 2015 WL 9303977, at *9 (N.D. Cal. Dec. 22, 2015) (class claims for business expense reimbursement under Cal. Labor Code § 2802 met Rule 23 predominance requirements under *Mt. Clemens*); *Garcia v. Bana*, No. C 11-02047 LB, 2013 U.S. Dist. LEXIS 22415, 2013 WL 621793, at *9 (N.D. Cal. Feb. 19, 2013), aff'd, 597 F. App'x 415 (9th Cir. 2015) (applying *Mt. Clemens* rule in wage and hour case asserting overtime claims under both FLSA and California state law); *Kamar v. Radio Shack Corp.*, 254 F.R.D. 387, 403 (C.D. Cal. 2008), aff'd sub nom. *Kamar v. RadioShack Corp.*, 375 F. App'x 734 (9th Cir. 2010) (holding that Rule 23 predominance requirement was met in case asserting wage and hour claims under state law

based, in part, on *Mt. Clemens* rule); *Hernandez v. Mendoza*, 199 Cal. App. 3d 721, 725 (1988) (holding that where employer "failed to keep records required by statute" a plaintiff seeking overtime pay under California state law could rely on "imprecise evidence" and citing *Mt. Clemens*).

Should FAS assert that *Mt. Clemens* does not apply to employee reimbursement under Labor Code section 2802, multiple courts have rejected that very argument. *See Villalpando*, 2016 U.S. Dist. LEXIS 53773, at *20-21; *Melger*, 2015 U.S. Dist. LEXIS 170833, at *9. In *Melger*, Judge Chen found that to the extent section 2802 imposes an "affirmative duty on employers to reimburse such expenses when it has knowledge thereof" it is "obvious" that "some recordkeeping [by the employer] is required." *Id.*; *Villalpando*, 2016 U.S. Dist. LEXIS 53773, at * 31 (discussing and agreeing "with the reasoning on *Melger* on this question.")

Because FAS has failed to keep adequate records of the hours worked or the expenses paid, "Plaintiffs may prove their claims based on reasonable inferences as to the time worked…and the amount of employee expenses for which Plaintiffs seek reimbursement." *Villalpando*, 2016 U.S. Dist. LEXIS 53773, at * 31; *see Bouaphakeo*, 136 S. Ct. 1036; *Alvarez v. IBP, Inc.,* 339 F.3d 894, 914 (9th Cir. 2003) ("As the Supreme Court noted in *Mt. Clemens,* a court may "award damages to [an] employee, even though the [award] be only approximate."). The burden of proof at trial with regard to damages will be on FAS to rebut Plaintiffs' reasonable estimates. Employers cannot defeat class actions for wage theft based on their own lack of records.

### B. Class Members Are Entitled to Prove Their Claims Through Representative Proof and Aggregate Damages.

The Ninth Circuit has declared it is "settle case law" to approve "'approximated' awards where plaintiffs can establish, to an imperfect degree of certainty, that they 'have performed work and have not been paid in accordance with the [law].'" *Alvarez*, 339 F.3d at 914-15 (quoting *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986)). "In such instances, 'the only uncertainty is the amount of damage,' not the fact that damages are due. Where an 'approximate [] award based on reasonable inferences' forms a satisfactory surrogate for unquantified and unrecorded 'actual' times, an approximated award is

permissible. *Id*. To that end, it is well established that representative testimony, averaging, sampling, and extrapolation are all acceptable means of proving classwide damages.

"California and Federal courts have not discouraged the use of statistical sampling in determining class member damages." *Dilts v. Penske Logistics, LLC*, 267 F.R.D. 625, 638 (S.D. Cal. 2010) (citing *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319 (2004)); *Bell v. Farmers Ins. Exchange*, 115 Cal. App. 4th 715 (2004) ("*Bell III*"); *Capitol People First v. Dep't of Developmental Servs.*, 155 Cal. App. 4th 676 (2007). Thus, "it is quite plain…that statistical sampling is appropriate in cases like this one." *Dilts*, 267 F.R.D. at 638; *see also Duran v. U.S. Bank*, 59 Cal.4th 1, 31-32 (2014) (noting that surveys and statistical sampling can be used to manage class actions); *Sav-On Drug Stores,* 34 Cal. 4th at 333 (affirming use of statistical sampling); *Bell III*, 115 Cal. App. 4th at 750 (affirming use of sample of witnesses and expert statistical inference to arrive at aggregate award of class damages "as a matter of just and reasonable inference" where employer failed to keep proper time and payroll records for misclassified employees); *In re Pharm. Indus. Average Wholesale Price Litig.*, 582 F.3d 156, 162, 195–98 (1st Cir. 2009) (awarding damages based on the aggregate harm to the class based upon the difference in price between the actual and fair market value for certain drugs); *cf. In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997) (approving the concept of sampling, but finding that the chosen plan was defective due to the failure to use a random sample).

Additionally, for efficiency purposes and to avoid unnecessarily wasting judicial resources with duplicative and cumulative testimony, this Court should adhere to the well-settled principal that wage and hour cases are customarily tried based on representative proof. In *Bell III*, the California courts used an aggregate approach. The trial court approved a statistical methodology of random sampling and extrapolation for the determination of aggregate classwide damages. The Court of Appeal affirmed, finding that the trial court had acted within its discretion. The California Supreme Court cited the *Bell III* procedure approvingly in *Sav-On Drug Stores*, 34 Cal. 4th at 333. Courts have held that although individual damages might vary, the defendant only has a due process interest in the aggregate amount of the judgment. *See Bell III*, 115 Cal. App. 4th at 752.

### C. Allocation of Aggregate Damages Is a Post-Trial Claims Process.

"It is well established that 'the allocation of that aggregate sum [of the judgment] among class members is an internal class accounting question that does not directly concern the defendant . . . .[Citation] The way the process works is that "[a]fter 'the defendant's total damage liability is paid over to a class fund . . . individual class members are afforded an opportunity to collect their individual shares by proving their particular damages, usually according to a lowered standard of proof.'" *Khadera v. ABM Indus.*, No. C08-0417 RSM, 2012 U.S. Dist. LEXIS 22327, at *11-14 (W.D. Wash. Feb. 22, 2012) (citing *Bell III,* 115 Cal. App. 4th at 759); *see also In re Cipro Cases I and II* (2004) 121 Cal.App.4th 402, 417 ("If the defendant in a class action is found liable, and there is a finding at trial as to the amount of classwide damages, each class member's individual entitlement to damages may be litigated in a nonadversary administrative claims procedure with a lowered standard of proof.").

What matters at trial is whether the jury can reach an aggregate damages award supported by "just and reasonable inference." *See Hart v. Rick's Cabaret Int'l, Inc*., 73 F. Supp. 3d 382, 391 (S.D.N.Y. 2014) (reasoning that it is "well-settled that a *Mt. Clemens* approach" may be applied if "liability can be determined based on common proof," whereby the jury is asked to approximate aggregate damages based on just and reasonable inference); *In re Pharm. Indus. Average Wholesale Price Litig*., 582 F.3d 156, 197 (1st Cir.2009) ("The use of aggregate damages calculations is well established in federal court and implied by the very existence of the class action mechanism itself") (citing 3 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 10.5, at 483–86 (4th ed. 2002) ("Aggregate computation of class monetary relief is lawful and proper. Courts have not required absolute precision as to damages ....")).

In this respect, FAS cannot argue that its due process rights would be violated by the risk of imprecise distribution because its total damages would be unaffected by allocation of the aggregate award. *See Mullins v. Direct Digital, LLC*, 795 F.3d 654, 670 (7th Cir. 2015) (reasoning that distribution of the aggregate award "does not implicate the defendant's due process interest at all" and collecting cases); *Bruno v. Superior Court*, 127 Cal. App. 3d 120, 129 (1981) ("A class action which affords due

5

PLAINTIFF'S TRIAL BRIEF RE: JUST AND REASONABLE INFERENCE                              CASE NO.  C13-00057 WHO

process of law to the defendant through the time when the amount of his liability is calculated cannot suddenly deprive him of his constitutional rights because of the way the damages are distributed"). Moreover, distribution of damages in this case does not pose significant manageability challenges, because "there are ways to handle the variations among [] class members" including "using a claims procedure." *Villapando*, 2016 U.S. Dist. LEXIS 53773, at *38.

The Court can on its own, or through a special master, either distribute the aggregate damages pro rata or establish a procedure by which class members may make individual claims against the fund. *Wilson v. Kiewit Pac. Co.*, C 09-03630 SI, 2010 WL 5059522 (N.D. Cal. Dec. 6, 2010)(finding reimbursement class action "manageable through a number of potential methods, including review by a special master or submission of claims by employees subject to challenge or rebuttal by defendant").

Any complexities of allocation between class members should be handled at the distribution phase and not presented to the jury.

## III.  CONCLUSION

Plaintiffs request that the Court approve a trial plan and Special Verdict Form that contemplate the use of representative proof, proof of damages by "just and reasonable inference," and individual damages allocation performed after trial.

Date:   April 17, 2017             DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

*/s/ Monique Olivier*
Monique Olivier

KOLIN C. TANG (SBN 279834)
CHIHARU G. SEKINO (SBN 306589)
SHEPHERD, FINKELMAN, MILLER AND SHAH, LLP
401 West A Street, Suite 2550
San Diego, CA 92101
Telephone: (619) 235-2416

JAMES C. SHAH (SBN 260435)
SHEPHERD, FINKELMAN, MILLER
 AND SHAH, LLP
35 East State Street
Media, PA 19063

Telephone: (610) 891-9880
Facsimile: (866) 300-7367

RONALD S. KRAVITZ  (SBN 129704)
(rkravitz@sfmslaw.com)
SHEPHERD, FINKELMAN, MILLER
 AND SHAH, LLP
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 429-5272
Facsimile: (866) 300-7367

*Attorneys for Plaintiffs and the Certified Class*