ROBERT G. HULTENG, Bar No. 071293
rhulteng@littler.com
AURELIO PEREZ, Bar No. 282135
aperez@littler.com
ALISON J. CUBRE, Bar No. 257834
ACubre@littler.com
DANTON W. LIANG, Bar No. 303487
DLiang@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94108.2693
Telephone:   415.433.1940
Facsimile:   415.399.8490

KEVIN R. VOZZO, Bar No. 288550
kvozzo@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue,
New York, NY 10022-3298
Telephone:   212.583.9600
Facsimile:   212.832.2719

Attorneys for Defendants
FIELD ASSET SERVICES, INC. and
FIELD ASSET SERVICES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRED BOWERMAN AND JULIA BOWERMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIELD ASSET SERVICES, INC., FIELD ASSET SERVICES, LLC, a successor in interest,<br><br>Defendants. | Case No.  3:13-CV-00057-WHO<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS'TRIAL BRIEF REGARDING CLASS CERTIFICATION, CLASS MEMBERSHIP, AND EMPLOYEE STATUS**<br><br><br><br>Hon. William H. Orrick<br>Complaint Filed:   February 15, 2013 |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEFENDANTS' RESPONSE TO PLAINTIFFS'TRIAL BRIEF**   **CASE NO. 3:13-CV-00057-WHO**

## I. INTRODUCTION

Defendants Field Asset Services, Inc. and Field Asset Services, LLC ("FAS" or "Defendants") respond to Plaintiff Fred Bowerman and Julia Magdaleno Bowerman's ("Plaintiffs'") Trial Brief Regarding Class Certification, Class Membership, and Employee Status. Through their Brief, Plaintiffs purport to urge the Court that neither class certification nor the class members' employee status may be relitigated at trial. On its face, FAS agrees and does not intend to relitigate those issues at trial. Plaintiffs' Brief, however, is attempting to surreptitiously preclude FAS from setting forth its defenses at this trial. FAS does not intend to argue to the jury that class certification was improper (since that is not a jury issue) or that class members were not employees.[1] Moreover, FAS does intend to argue or reference that there are high variances between class members, that some individual class members may not be entitled to any damages and thus not belong in the class, and that some vendors were businesses that hired their own workers. As explained below, these arguments are all directly relevant to the damages at issue in this trial.

## II. ARGUMENT

### A. Plaintiffs' Brief Is A Procedurally Improper Attempt to Further Brief Their Motions in Limine Beyond the Page Limits Set By The Court.

The Court's Civil Pretrial Order set a 25-page limit on motions in limine. (Dkt. 90, § 6.) Plaintiffs' Brief argues that FAS should not be permitted to present any evidence or argument, directly or indirectly, regarding the propriety of class membership, that class membership is difficult to ascertain, that there are variances between class members, and that class members had businesses or workers. Plaintiffs have already circulated motions in limine that cover these issues. The parties will file these motions and limine and responses with the Court on May 1, 2017. For the reasons explained in FAS's forthcoming oppositions to those Motions in Limine and further below, these requests are actually attempts to preclude FAS from presenting a valid defense as to the damages at issue in this trial, and thus the Court should not preclude such evidence or argument. Regardless,

---

[1] Nonetheless, the trial judge can decertify a class at any time before a final judgment. *See* Fed. R. Civ. P. 23(c)(1)(C)("An order that grants or denies class certification may be altered or amended before final judgment."). Thus, this Court cannot be precluded from determining that the class should not have been certified.

DEFENDANTS' RESPONSE TO PLAINTIFFS' TRIAL BRIEF    2.    CASE NO. 3:13-CV-00057-WHO

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

this Brief is cumulative of Plaintiffs' Motion in Limine and a procedurally improper attempt to extend the page limits set by the Court for such motions.

For this reason alone, Plaintiffs' Brief should be disregarded by the Court.

**B.    Issues Implicating the Propriety of Class Certification May Be Directly Relevant to FAS's Defenses In This Trial.**

During the trial, FAS must have an opportunity to dispute the damages to individual class members. In doing so, FAS may indirectly implicate the propriety of class certification by noting, for example, variances between class members or that certain class members are not entitled to damages at all.

Plaintiffs' proposed expert projected in his revised report that there are 279[2] class members, despite the fact that Plaintiffs have yet to identify a majority of these purported class members and that this estimate is problematic given the potential for double-counting. (Dkt No. 220-1: Cubre Decl. ¶ 12: Saad Decl. ¶¶ 20-23). In fact, Plaintiffs and Defendants submitted to this Court a chart listing approximately 127 individuals. (Dkt. 201). The Parties affirmatively dispute the membership of 26 of these individuals (i.e. >20%). Even if all of these 127 individuals turn out to be class members, Plaintiffs have not identified 152 of the 279 individuals that they claim are in the class. In order for the jury to have all evidence necessary to determine the class size and damages, Defendants must be permitted to present evidence regarding the size of the class, including the "variances" between class members that result in their exclusion from the class, as defined by the Court. Accordingly, evidence implicating the propriety of class certification and referring to the difficulty in ascertaining the class is, contrary to Plaintiffs' arguments, entirely relevant to class size and damages.

Furthermore, Defendants must be able to bring individualized defenses against individual class members. If, for example, a class member never worked for FAS more than 8 hours in a day or 40 hours in a week, he or she should not be entitled to damages on any overtime claim. Indeed, even a number of the *survey participants* gave responses indicating that they had not worked any overtime or incurred any unreimbursed expenses. To be clear – the survey of Plaintiffs' own

---

[2] In his original report, Dr. Petersen projected that there were 286 class members.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' RESPONSE TO PLAINTIFFS' TRIAL BRIEF     3.     CASE NO. 3:13-CV-00057-WHO

expert identifies asserted "class members" who did not suffer overtime or expense reimbursement damages. *Accord* Dkt No. 189: Opposition to Plaintiffs' Partial Motion for Summary Judgment, fn. 25 (Parra Depo. 50:5-14 (worked on average 4 days a week, 7 hours a day); Hopper Depo. 64:10-19 (estimates of 6-8 hours per day). The Supreme Court has warned that "[i]f there is no way to ensure that the jury's damages award goes only to injured class members, that award cannot stand." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1053 (2016) (Roberts, J., concurring).

Thus, although FAS has no intention of relitigating the propriety of class certification before the jury, FAS will need to present certain evidence and arguments that indirectly implicate the propriety of class certification, including variances in damages of class members and the difficulty in ascertaining certain class members. Moreover, this Court should not be precluded from determining that class certification is not appropriate at any time prior to judgment.

**C. Evidence of Class Members' Businesses and Workers Is Not Relitigating Class Members' Employee Status and Is Directly Relevant to the Damages At Issue in This Trial.**

Plaintiffs argue that the status of class members as employees as been decided in Plaintiffs' favor and cannot be relitigated at trial. Again, FAS agree that this has been decided and does not intend to argue to the jury that class members were not employees as a matter of law. Plaintiffs then make a logically untenable leap to the conclusion that evidence regarding class members' "purported 'businesses' and 'workers,' and the like are irrelevant and should not be permitted at trial." Pl.'s Brief 2:18-19. Although the Court determined that vendors are employees, it did not determine that vendors are not businesses. The two characterizations are not mutually exclusive. Notwithstanding the Court's determination that class members are employees as a matter of law (Dkt. 205), such evidence is directly relevant to damages, to the determination of whether Defendants' misclassification of employees was "willful" and to Defendants' liability under the Private Attorneys General Act ("PAGA").

**1. Individualized Damages**

FAS will need to explain to the jury that some vendors provided services to multiple companies and that only those reasonable and necessary unreimbursed personal expenses that were knowingly incurred during vendors' discharge of duties for FAS (as opposed to other companies) are

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' RESPONSE TO PLAINTIFFS' TRIAL BRIEF   4.   CASE NO. 3:13-CV-00057-WHO

reimbursable. Similarly, FAS needs to instruct the jury to limit the business expense reimbursement to items specifically purchased for work performed by the individual class member for Defendants, as opposed to personal use or use for other businesses. With respect to the calculation of overtime pay damages, FAS must be permitted to argue that certain time spent performing administrative functions for the vendors' business (e.g., payroll, marketing, scheduling, etc.) would not count towards the calculation of hours worked for Defendants. If a jury did not know that the vendor was a business and could have been contracting with other companies, then a jury might assume that any time performing any type of property preservation work would be attributable to work for FAS. If a jury did not know that the vendor was a business that employed several dozen employees and had to assign and schedule employees to different work sites for different companies, then a jury would assume that any time performing such scheduling would be compensable time, even if little to none of the time constituted work on behalf of Defendants. There is no question that evidence of vendors' businesses are, contrary to Plaintiffs' arguments, entirely relevant in damage calculations.

FAS must also be able to explain to the jury that certain class members employed workers and call those employees as witnesses. The testimony of vendor employees is of high probative value with respect to damages. For example, vendors' employees would be able to attest to: (a) how many hours they worked alongside the class member; (b) what expenses were reasonably and necessarily incurred as a cost of doing work specifically for FAS; (c) whether the vendor worked for other companies on the same day as they worked for Defendants; and (d) whether the vendor implemented a meal and rest break schedule. All of these specific insights relate to the damages that a vendor might have incurred through servicing FAS.

### 2. Willful Misclassification

Defendants must be able to present its good faith defense against a finding of liability on Plaintiffs' Third Cause of Action for willful misclassification of independent contractor status. Defendants must be able to present to the jury the basis for their reasonable belief that Class members were classified as independent contractors. The fact that vendors owned, managed, and operated their own businesses or hired employees is directly relevant to the reasonableness of

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEFENDANTS' RESPONSE TO PLAINTIFFS' TRIAL BRIEF**    5.    **CASE NO. 3:13-CV-00057-WHO**

Defendants' good faith belief that they were contracting with independent businesses and not employees.

### 3. PAGA

Additionally, to the extent Plaintiffs continue to pursue their Eighth Cause of Action for violation of the PAGA, evidence of vendors' business operations, including their practices and policies with respect to pay, scheduling and expenses, is entirely relevant to whether and to what extent vendors actually suffered the wage and hour violations upon which Plaintiffs' PAGA claims are predicated. FAS thus must have the opportunity to reference class members' businesses and employees.

### 4. Submission of Documents Referencing "Independent Contractors"

Some of the key evidence in this action reference vendors as "independent contractors." Defendants should not be precluded from using these documents simply because they contain this term. For example, although some versions of vendor packets and contracts include the term "independent contractor," they remain relevant to this case and Defendants must be permitted to reference or otherwise use them during trial, notwithstanding the fact that it indirectly challenges class members' employee status already determined by the Court as a matter of law.

## III. CONCLUSION

FAS must be permitted to present certain evidence and arguments that indirectly implicate the propriety of class certification or class members' employee status because they are directly relevant to the damages at issue in this trial. FAS respectfully requests that the Court permit such evidence and arguments and disregard Plaintiffs' Brief.

Dated: ____April 21, 2017

Firmwide:146987421.3 066383.1035

/s/ *Aurelio J. Pérez*
ROBERT G. HULTENG
AURELIO J. PEREZ
ALISON J. CUBRE
KEVIN R. VOZZO
DANTON W. LIANG
LITTLER MENDELSON, P.C.
Attorneys for Defendants
FIELD ASSET SERVICES, INC. and
FIELD ASSET SERVICES, LLC

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' RESPONSE TO PLAINTIFFS' TRIAL BRIEF** — 6. — **CASE NO. 3:13-CV-00057-WHO**