ROBERT G. HULTENG, Bar No. 071293
rhulteng@littler.com
AURELIO PEREZ, Bar No. 282135
aperez@littler.com
ALISON J. CUBRE, Bar No. 257834
ACubre@littler.com
DANTON W. LIANG, Bar No. 303487
DLiang@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94108.2693
Telephone:   415.433.1940
Facsimile:   415.399.8490

KEVIN R. VOZZO, Bar No. 288550
kvozzo@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue,
New York, NY 10022-3298
Telephone:   212.583.9600
Facsimile:   212.832.2719

Attorneys for Defendants
FIELD ASSET SERVICES, INC. and
FIELD ASSET SERVICES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRED BOWERMAN AND JULIA BOWERMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIELD ASSET SERVICES, INC., FIELD ASSET SERVICES, LLC, a successor in interest,<br><br>Defendants. | Case No.  3:13-CV-00057-WHO<br><br>**DEFENDANTS' TRIAL BRIEF REGARDING LABOR CODE SECTION 2802**<br><br><br>Hon. William H. Orrick<br>Complaint Filed:    February 15, 2013 |

LITTLER MENDELSON, P.C.
333 Bush Street, 34th Fl.
San Francisco, CA  94104
415.433.1940

**DEFENDANTS' TRIAL BRIEF RE LABOR CODE SECTION 2802**

**CASE NO. 3:13-CV-00057-WHO**

## I. INTRODUCTION

As this Court has long recognized, expense reimbursement claims are inherently individualized. (Dkt. #68, 26:10-14 ["And while you were talking, it reminded me that if I was inclined to certify, I don't think I would be inclined to certify with respect to reimbursement claims, because those seem so individualized that they wouldn't be uniform and I couldn't do it."].) Now that this case has come full circle, the record makes clear that this Court's initial concerns – and those expressed by FAS[1] since the outset – were well founded. In short, Plaintiffs' expense reimbursement claim turns on a host of highly individualized issues that cannot be resolved on a class basis. Plaintiffs' claim should therefore be decertified.

Alternatively, if Plaintiffs are permitted to proceed with their claim at trial on behalf of the class, class members must be precluded from recovering any expenses they did not *personally* incur in connection with work they *personally* performed. For example, Plaintiffs cannot recover any expenses incurred by class members' businesses, or any expenses incurred by, or related to services performed by, third-party workers these businesses engaged. As set forth below, business entities are not entitled to reimbursement under the Labor Code because they are not "natural persons." In addition, expenses incurred by, or related to work performed by, third-party workers are not recoverable here, since a class member can only recover expenses he or she personally incurred in "discharg[ing] *his or her duties*." Lab. Code § 2802 (emphasis added.)

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs initially moved for class certification in this case on June 3, 2014. (Dkt. #43.) During oral argument on Plaintiffs' motion, the Court first signaled its concerns regarding the inherently individualized nature of expense reimbursement claims. (Dkt. #68, 26:10-14.) FAS had expressed similar concerns in its opposition to Plaintiffs' motion for class certification. (Dkt. #50, 20:8-10.) FAS reiterated those concerns when opposing Plaintiffs' renewed motion for class certification (Dkt. #69, 26:1-2), and when subsequently moving for decertification earlier this year. (Dkt. #154, 28:13-30:13.)

---

[1] "FAS" refers collectively to Defendants Field Asset Services, Inc., and Field Asset Services, LLC.

Plaintiffs were subsequently permitted to move forward with their claims on a class basis.[2] Plaintiffs successfully moved for partial summary judgment with respect to class members' independent contractor status, and they now seek reimbursement on behalf of the class for the following categories of expenses: (i) mileage, (ii) insurance, (iii) tools and equipment, (iv) cell phones, and (v) dump fees. (Dkt. #209; see also Dkt. #191, 23:24-24:1.)

Plaintiffs have confirmed on several occasions that they "do not seek to recover any expenses incurred by (and not reimbursed to) Class members' helpers." (*See, e.g.,* Dkt. # 209 at 2:21-23.) In addition, in its March 17 Order denying FAS's motion to decertify, the Court held that class members could not recover expenses incurred by others. (Dkt. #205, 30:17-20 ["vendor-owners may only recover for expenses they have personally incurred."].)

FAS subsequently deposed Plaintiffs' expert witness, Dr. Petersen. The deposition revealed several errors in the survey responses upon which Plaintiffs seek to rely in proving class member damages at trial. Among other things, Dr. Petersen's testimony indicates that survey participants likely included expenses incurred by their workers when estimating their expenses. (Peterson Depo. 211:8-212:5; 217:4-111; 212:15-213:12.) One class member, for example, reported ***$36,000*** in cell phone expenses for a single year. (Dkt #220-12, Saad Report ¶ 34.) Another survey participant reported "150,000" miles of annual FAS-related travel for a number of years.[3] Another survey participant claimed over $180,000 in dump expenses.[4] Without prompting, a number of other survey participants referenced their "crews" when responding to Dr. Petersen's survey questions. (Saad Report ¶ 33.)

---

[2] The class is defined as: "All persons who at any time from January 7, 2009 up to and through the time of judgment (the "Class Period") (1) were designated by FAS as independent contractors; (2) ***personally performed*** property preservation work in California pursuant to FAS work orders; and (3) while working for FAS during the Class Period, did not work for any other entity more than 30 [percent] of the time. The class excludes persons who primarily performed rehabilitation or remodel work for FAS." (Dkt #85, 8:28-9:4; 26:11) (emphasis supplied.)

[3] *See* Petersen Depo. 206:14-207:1 (Dkt. #220-9, 22:14-23:1). (Darin Bush) [AP00032].

[4] *See* Revised Report of Dr. Petersen, Table 5 (Juan Carlos). [AP00368].

## III.   ARGUMENT

### A.   Plaintiffs' Expense Reimbursement Claim Should Be Decertified

Labor Code section 2802 requires an employer to indemnify "his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Proving liability for failure to reimburse expenses requires a number of individualized inquiries, including: (i) what, if anything, the employee was told regarding reimbursement of expenses; (ii) whether each expense was necessary, reasonable, and a direct consequence of the discharge of the employees' job duties; (iii) whether the employee sought reimbursement; and (iv) whether the employee was in fact reimbursed. *See generally, Morgan v. Wet Seal Inc.*, 210 Cal. App. 4th 1341, 1358 (2012); *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 568 (2007).

As stated above, FAS previously argued that Plaintiffs' expense reimbursement claim was unsuitable for class treatment. Among other things, FAS noted that (i) Plaintiffs seek reimbursement for a wide and divergent range of expenses, including an undefined and potentially limitless category of "tools and equipment";[5] (ii) given that vendors routinely performed services for competitors of FAS, individualized inquiries would be needed to determine which expenses should be attributed to FAS jobs, and which should be attributed to work performed for other clients, and (iii) individual inquiries would be needed to ascertain whether potential class members were already reimbursed for certain expenses. In response, Plaintiffs argued that they seek "a discrete set of expenses, common to the entire putative class." (Dkt. #191, 30:12-14.) Plaintiffs further asserted that the concerns FAS raised related exclusively to damages. (*Id.*, 30:2-3.)

However, liability and damages issues related to expense reimbursement claims often overlap. Indeed, Dr. Petersen has determined that a number of the survey participants had ***no***

---

[5] As discussed in FAS's prior briefing, the "tools and equipment" utilized vary greatly by vendor, both with respect to the types of items purchased and the quantities at issue. Some vendors, such as Monster Mowers, for example, owned over a dozen trucks, whereas others only utilized only a single vehicle. Along similar lines, some vendors, such as Bates Construction Company, purchased extensive office equipment, including multiple computers, printers, and telephones, while others used only a single laptop and camera to perform the contracted services.

expense reimbursement damages in a number of categories.[6] Further, even for the survey participants that did claim expenses – determining whether any specific expense was reasonable and necessary – relates to both liability and damages. This is particularly true where, as here, class members seek reimbursement for a wide and divergent range of expenses (many of which will be challenged by FAS), and in dollar-amounts that vary by multiple orders of magnitude.

For example, survey participants claim vehicle expenses ranging from "$0" [Joel Leal] to "$384" [Paul Sibilla] to "$234,196" [Rick Mladnich and, separately, Rebecca Mladnich]. ( Revised Report of Dr. Petersen, Table 5 [AP00368]) Survey participants' claims in other expense categories exhibit the same extreme variation – e.g., claimed "dump fees" between "$0" and "$180,876", claimed "tools & equipment" expenses between "$0" and "$65,435". (*Id.*) Indeed, even with respect to "insurance" expenses – it is unclear what any of the survey participants are claiming. To the extent they are seeking reimbursement of workers' compensation insurance, this expense arises from employees hired by vendors not services *personally* performed by class members. To the extent that survey participants are seeking reimbursement for automobile insurance, the expense is already covered by the mileage reimbursements class members seek.[7] Finally, an analysis of the amount of "tools & equipment" expenses incurred by any class member will require an analysis of the purchase price of the equipment and its useful life. For example, a wrench or hammer could have a useful life of 25 years, but the class member in question might only have provided services to FAS for a two-year period.[8]

In short, the expenses for which Plaintiffs seek reimbursement are far more complex and individualized than Plaintiffs have long suggested. Beyond the individualized issues noted above (and explained in greater detail in FAS's prior briefing), the damages phase of discovery has

---

[6] *See* Revised Report of Dr. Petersen, Table 5 (Paul Sibila "$0" in dump fees; Bennett Vinson "$0" in tools & equipment; Joel Leal "$0" in *every* expense category). [AP00368]

[7] *See* https://www.irs.gov/taxtopics/tc510.html (noting that the actual expenses of operating a vehicle "[i]nclude gas, oil, repairs, tires, ***insurance***, registration fees, licenses, and depreciation (or lease payments) attributable to the portion of the total miles driven that are business miles.") (emphasis supplied).

[8] Similarly, the mileage reimbursement class members are seeking should cover all vehicle-related expenses because it includes acquisition costs as well has maintenance and operating costs. *See* Note 7, *supra*.

1  demonstrated that *additional* individualized inquiries will be needed to adjudicate Plaintiffs' claim.
2  As evidenced by Dr. Petersen's report and the survey responses upon which he relied, highly
3  individualized inquiries will be needed to determine whether each expense for which a class member
4  seeks reimbursement was ***personally*** incurred by the class member (as opposed to incurred by the
5  class member's workers or business entity), in connection with work arranged by FAS that he or she
6  ***personally*** performed.

7  Under these circumstances, classwide adjudication of the expense claim is improper. *See,*
8  *e.g., Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1022 (N.D. Cal. 2010) (denying
9  certification where there was potential for "substantial variance as to what kind of expenses were
10 even incurred by Sales Representatives in the first place" and "some Sales Representatives may have
11 incurred expenses the necessity of which is likely to be challenged"); *Guifi Li. v. A Perfect*
12 *Franchise, Inc.*, No. 5:10–CV–01189–LHK, 2011 WL 4635198, at *14 (N.D. Cal. Oct. 5, 2011)
13 (common issues did not predominate where "[p]laintiffs claim[ed] reimbursement over a wide and
14 divergent range of items" and fact intensive inquiry needed to determine whether each expenditure
15 was necessary in direct consequence of the discharge of the plaintiffs' duties); *Norris–Wilson v.*
16 *Delta–T Group, Inc.*, 270 F.R.D. 596, 610 (S.D. Cal. 2010) ("But the putative class here includes a
17 range of behavioral healthcare professionals who worked at a range of client sites performing a wide
18 range of services.  It is hard to see how the expenses they incurred in the process could be
19 ascertained in one fell swoop, or even several fell swoops. The question necessarily requires a
20 worker-by-worker, highly individual analysis.").  Accordingly, Plaintiffs' expense reimbursement
21 claim should be decertified.

**B.     Class Members Must Not Be Permitted To Seek Reimbursement For Any Expenses They Did Not Personally Incur While Personally Performing Services Arranged By FAS In California**

24 The Labor Code defines wages as "all amounts for ***labor performed by employees*** of every
25 description, whether the amount is fixed or ascertained by the standard of time, task, piece,
26 commission basis, or other method of calculation." Lab. Code § 200(a) (emphasis added). "Labor"
27 is defined as "labor, work, or service whether rendered or performed under contract, subcontract,
28 partnership, station plan, or other agreement if the labor to be paid for is ***performed personally by***

1 *the person demanding payment.*" Lab. Code § 200(b) (emphasis added).  Accordingly, payments
2 for work to be performed by someone other than the person demanding payment are not "wages."
3 Similarly, under Labor Code section 2802, an employer need only indemnify "his or her employee
4 for all necessary expenditures or losses *incurred by the employee* in direct consequence of the
5 *discharge of his or her duties* . . ." (emphasis added).

6       In *Villapando v. Exel Direct Inc.*, 161 F. Supp. 3d 873, 881 (N.D. Cal. 2016), the court found
7 that class member drivers seeking unpaid wages and expense reimbursement could only recover
8 their *own* unpaid wages and expenses (as opposed to the wages and expenses of workers they had
9 hired).  In reaching this conclusion, the court noted that "employees are *natural persons* who are
10 entitled to wages only if they personally performed the work at issue." *Id*.  (emphasis supplied.)
11 The court also held that "meal and rest break requirements as applied to an entity, as opposed to an
12 individual, simply makes no sense."  *Id*.; *see also Bowman v. CMG Mortg. Inc.*, 2008 U.S. Dist.
13 LEXIS 58953, at *11-13 (N.D. Cal. Aug. 4, 2008) (denying plaintiffs' motion for summary
14 adjudication under Labor Code section 2802 where plaintiff utilized a corporate entity to work for
15 defendant and personally funded the entity's expense obligations, where there was a dispute of fact
16 as to what expenses were paid by plaintiff personally, and what were paid by his corporate entity,
17 and Plaintiffs failed to cite any authority supporting their argument that an individual who funds a
18 corporation and pays expenses on behalf of the individual's employer is entitled to be reimbursed
19 under the Labor Code).

20       In this case, class members ran their own businesses, ranging in size from sole
21 proprietorships to large corporations.  (Dkt #205, 2:14-15.)  These businesses regularly engaged
22 employees and/or subcontractors (*id*., 43:12-21 (vendors made decision to hire workers)), who often
23 performed services at properties outside the presence of class member-owners. (*See, e.g.*, Dkt. #152,
24 24:5-7.)  Accordingly, similar reasoning should be applied here to preclude class members from
25 recovering any expenses they did not *personally* incur while *personally* performing services
26 arranged by FAS.

27       Class members' businesses are not "natural persons."  Any expenses incurred by class
28 members' businesses – rather than incurred *directly* by the class members themselves – therefore fall

outside the scope of section 2802. *See* Lab. Code § 2802 (an employer must indemnify "***his or her employee*** for all necessary expenditures or losses ***incurred by the employee*** in direct consequence of the discharge of his or her duties . . .") (emphasis added); *Villapando*, 161 F. Supp. 3d at 881 ("employees" are "natural persons").

Alternatively, at a minimum, class members must be precluded from recovering (i) any expenses incurred by third-party workers their businesses engaged, and (ii) any expenses attributable to the services those workers performed (even if that work was personally funded by class members).

This Court has already determined that class members may only recover expenses they personally incurred. (*See* Dkt. #205, 30:17-20.) Accordingly, class members cannot recover any expense incurred by workers their businesses engaged. For similar reasons, class members must also be precluded from recovering any expenses attributable to work they did not personally complete, including any services performed by workers their businesses engaged.[9] Such work was not carried out in the "discharge of [the class members'] duties," and is therefore not covered by section 2802 in this context. *See* Lab. Code § 2802 (an employer must indemnify "his or her employee for all necessary expenditures or losses ***incurred by the employee*** in direct consequence of ***the discharge of his or her duties*** . . .") (emphasis added); *Villapando*, 161 F. Supp. 3d at 881 ("employees are natural persons who are entitled to wages only if they ***personally performed the work at issue***.") (emphasis added).

### C. No Resources Are Conserved by Attempting to Adjudicate Expense Reimbursement Claims on a Class Basis, and Due Process Will Be Violated With Any Such Attempt

Proceeding to a class trial on expense reimbursement claims will serve no purpose. There will be no saving of time, since each class member will have particular and individualized expenses. For each such expense claimed, there will be necessary questions: (i) was the expense required to perform work for FAS; (ii) was the expense personally incurred by the class member to benefit FAS

---

[9] Rick Pyzer, for example, who reports that he incurred ***$138,604*** in dump fees (Dkt. #220-10, at 19.), must be precluded from recovering any dump fees attributable to work orders he did not personally complete.

or incurred by the class member's business to benefit that business; and (iii) was the expense incurred by the class member or one of the vendor's workers. Accordingly, no resources are conserved by attempting to answer these questions in the class context.

Likewise, due process would be violated by any attempt to shortcut a determination of expenses through some aggregate approach. When expenses range as widely as they do here, there is simply no common answer available.

## IV. CONCLUSION

For all of the foregoing reasons, FAS respectfully requests that the Court decertify Plaintiffs' expense reimbursement claim. Alternatively, FAS requests that the Court find that class members are precluded from recovering any expenses they did not personally incur while personally performing services arranged by FAS in California.

Dated: May 1, 2017

/s/ *Aurelio J. Pérez*
ROBERT G. HULTENG
AURELIO J. PEREZ
ALISON J. CUBRE
KEVIN R. VOZZO
DANTON W. LIANG
LITTLER MENDELSON, P.C.
Attorneys for Defendants
FIELD ASSET SERVICES, INC. and
FIELD ASSET SERVICES, LLC

Firmwide:147369835.2 066383.1035