THOMAS E. DUCKWORTH (SBN 152369)
(tom@dplolaw.com)
MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104
Telephone: (415) 433-0333
Facsimile:  (415) 449-6556

JAMES E. MILLER (SBN 262553)
SHEPHERD, FINKELMAN, MILLER
 AND SHAH, LLP
(jmiller@sfmslaw.com)
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367

*Attorneys for Plaintiffs and the Certified Class*

[Additional Counsel Listed On Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

---

| | |
|---|---|
| FRED BOWERMAN, and JULIA BOWERMAN on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br>  v.<br><br>FIELD ASSET SERVICES, INC., FIELD ASSET SERVICES, LLC, a successor in interest,<br><br>              Defendants. | Case No. C13-00057 WHO<br><br>**PLAINTIFFS' TRIAL BRIEF REGARDING PLAINTIFFS' RIGHT TO RECOVER BUSINESS EXPENSES**<br><br>Date:         May 12, 2017<br>Time:         9:00 a.m.<br>Courtroom:   2, 17th Floor<br><br>Complaint Filed:   January 7, 2013<br>FAC Filed:            February 15, 2013<br>Trial Date:            May 22, 2017 |

# **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................................................ 1

II.     RELEVANT FACTS AND PROCEDURAL HISTORY ................................................. 2

III.    ARGUMENT ................................................................................................................... 3

    A. The Protections of § 2802 Are to Be Given a Broad Construction. ................................... 3

    B. Expenses Incurred By Class Members Discharging Their Duties to FAS or Obeying Directions from FAS Are Recoverable Expenses. ............................................... 4

        1. FAS Cannot Avoid Repayment of Expenses It Required Class Members to Bear, Regardless of Whether an Expense Is Attributable to a Business Entity ................. 5

        2. FAS Cannot Avoid Repayment of Expenses It Required Class Members to Bear, Regardless of Whether an Expense Is Related to Work that a Helper Did.............. 7

    C. Dr. Petersen's Survey and Class Member Testimony Will Be Limited to the Five Categories of Expenses that Class Members Incurred in Discharging Their Duties to FAS. ........................................................................................................... 9

III.    CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Aguilar v. Zep Inc.*,
   No. 13-cv-00563-WHO, 2013 U.S. Dist. LEXIS 147570 *10, n.4 (N.D. Cal. Oct. 10, 2013) ........ 4, 6

*Alvarez v. IBP, Inc.*,
   339 F.3d 894 (9th Cir. 2003) ................................................................................................ 10

*Anderson v. Mt. Clemens Pottery Co.*,
   328 U.S. 680 (1946) .............................................................................................................. 9

*Awuah v. Coverall North America, Inc.*,
   460 Mass. 484, 952 N.E.2d 890 (2011) ............................................................................. 5-6

*Awuah v. Coverall North America, Inc.*,
   707 F. Supp. 2d 80 (D. Mass. 2010) ..................................................................................... 6

*Cochran v. Schwan's Home Service, Inc.*,
   228 Cal.App.4th 1137 (2014) ................................................................................. 6, 8, 8-9

*Davis v. Farmers Insurance Exchange*,
   245 Cal.App.4th 1302 (2016) ...................................................................................... 3, 6, 7, 8

*Desimone v. Allstate Ins. Co.*,
   Case No. C 96-03606 CW, 1999 U.S.Dist.LEXIS 20059, (N.D.Cal. Sep. 14, 1999) ....................... 4, 7

*Edwards v. Arthur Andersen LLP*,
   44 Cal. 4th 937 (2008) .......................................................................................................... 4

*Gattuso v. Harte-Hanks Shoppers, Inc.*,
   42 Cal. 4th 554 (2007) ................................................................................................... 3, 4, 6

*Greer v. Dick's Sporting Goods, Inc.*,
   Case No. 2:15-cv-01063-KJM-CKD,
   2017 U.S.Dist.LEXIS 57165 (E.D.Cal. Apr. 12, 2017) ............................................. 4, 9, 10

*Grissom v. Vons Cos., Inc.*,
   1 Cal. App. 4th 52 (1991) ...................................................................................................... 1

*Hernandez v. Mendoza*,
   199 Cal. App. 3d 721 (1988) ................................................................................................. 9

*Melgar v. CSK Auto, Inc.*,
   No. 13-CV-03769-EMC, 2015 U.S. Dist. LEXIS 170833 (N.D. Cal. Dec. 22, 2015) ....................... 9

*Providence Washington Ins. Co. v. Valley Forge Ins. Co.*,
   42 Cal. App. 4th 1194 1199-1200 ......................................................................................... 6

*Quillian v. Lion Oil Co.*,
   96 Cal. App. 3d 156 (1979) .................................................................................................. 3

*Ruiz v. Affinity Logistics Corp.*,
   754 F.3d 1093 (9th Cir. 2014) ............................................................................................... 5

*S.G. Borello & Sons, Inc. v. Dep't of Industrial Relations*,
   48 Cal. 3d 341 (1989) ........................................................................................................... 5

*Sanchez v. Capital Contrs., Inc.*,
   No. 14-cv-02622-MMC, 2017 U.S. Dist. LEXIS 1649 (N.D. Cal. Jan. 4, 2017) ................. 6

*Schulz v. Qualxserv, LLC*,
   No. 09-CV-17-AJB (MDD), 2012 U.S.Dist.LEXIS 58561 (S.D.Cal. Apr. 26, 2012) .......... 6

*Stuart v. Radioshack Corp.*,
   259 F.R.D. 200 (N.D. Cal. 2009) .......................................................................................... 8

*Stuart v. RadioShack*,
   641 F. Supp. 2d 901 (N.D. Cal. 2009) .............................................................................. 3, 4

*Tyson Foods, Inc. v. Bouaphakeo*,
   — U.S. —, 136 S. Ct. 103 (2016) ......................................................................................... 9

*Villalpando v. Exel Direct Inc.*,
   161 F. Supp. 3d 873 (N.D. Cal. 2016) ..................................................................... 6, 8, 9, 10

*Villalpando v. Exel Direct Inc.*,
   No. 12-cv-04137-JCS, 2016 U.S. Dist. LEXIS 53773 *20- 21 (N.D. Cal. Apr. 21, 2016) ........... 9-10

**Statutes**

Cal. Labor Code § 18 ..................................................................................................................... 5

Cal. Labor Code § 2802 ......................................................................................................... *passim*

Lab. Code § 2804 .......................................................................................................................... 4

Cal. Labor Code § 3351 ................................................................................................................. 5

## I. INTRODUCTION

FAS seeks to severely limit the amount in expenses it is required to indemnify the class, in direct contravention of the language of the Labor Code, and cases interpreting it. To be clear, FAS does not, and cannot, argue that class members did not incur the expenses sought in discharging their duties for FAS. Rather, FAS argues that, *even in the face of evidence that class members incurred these expenses*, FAS cannot be ordered to repay them. FAS is wrong.

This Court has already determined that FAS is liable to the class for certain categories of unreimbursed business expenses that the class incurred in performing work for FAS. (Dkt. 205, pp. 29-30, 44-45.) The remaining issue for trial is the amount of compensation and restitution to which the class is entitled for FAS's failure to reimburse class members for: (a) mileage; (b) insurance; (c) tools and equipment; (d) cell phones; and (e) dump fees. FAS has never offered any evidence that the expenses for which reimbursement is sought were not necessary to class members' discharge of their duties in performing work pursuant to FAS's detailed work orders.

FAS has asserted that class members are entitled to recover fees for "personal" expenses but not "business" expenses. That argument starts with a false premise and ends with an error of law. All necessary expenditures and losses incurred by employees in direct consequence of the discharge of their duties are recoverable under Cal. Labor Code § 2802. California Labor Code § 2802 provides "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee *in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer,* even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." Cal. Lab. Code § 2802 (emphasis added).[1]

---

[1] The court in *Grissom v. Vons Cos., Inc.*, 1 Cal. App. 4th 52, 58 n.3 (1991) looked to Black's Law Dictionary to define "indemnify": "To restore the victim of a loss, in whole or in part, by payment, repair, or replacement. To save harmless; to secure against loss or damage; to give security for the reimbursement of a person in case of an anticipated loss falling upon him. To make good; to compensate; to make reimbursement to one of a loss already incurred by him." Section 2802 contains no limitation on an employer's obligation to indemnify, if the "expenditures or losses" were "necessary" and "in direct consequence of the discharge of his or her duties."

There is no question that the expenses sought by the class are those that were necessarily and reasonably incurred in performing work for FAS. Fred Bowerman did not pay the dump fees he seeks to recover in this action for any purpose other than working for FAS. FAS made the choice to misclassify Mr. Bowerman and the class; it is obligated, as the employer, to reimburse for those expenses. It is of no moment that such expenses may have been incurred under the umbrella of a business entity, or that one of Fred Bowerman's helpers may have taken the materials from a FAS property to the dump. If Mr. Bowerman paid the dump fee in furtherance of his work for FAS, FAS must reimburse him.

The fact that class members' expenses are substantial does not suggest FAS should be permitted to avoid liability. To the contrary, it is simply an indication of the massive wage theft that has occurred in this case. Plaintiffs are entitled to recover the expenses sought for the class, and will be capable of proving damages.

## II.     RELEVANT FACTS AND PROCEDURAL HISTORY

This Court certified a class of vendors who perform properly preservation work for FAS. (Dkt. 85.) In that certification order, the Court recognized that "FAS requir[es] the individuals it hires to perform cleaning, maintenance, and restoration services to have or obtain their own business licenses." (Dkt. 85, p.1 n.2). The Court also recognized the wealth of evidence of FAS's control over class members – not only in the work that they did, but in FAS's repeated direction to class members that they take on more work for FAS by hiring people and buying equipment. (See Dkt. 85 at p.19, citing Bowerman Dep. 100 (Duckworth Decl. Ex. 5, Dkt. No. 66-1) ("[FAS] instructed us to get more people to help on the work orders."); Gowan Dep. 95 (Duckworth Decl. Ex. 23, Dkt. No. 66-5) ("[FAS] would tell us, you know, it was their words, '[L]egitimize your business.' . . . [T]hey'd tell us, ramp up, you know, get more trucks, get more trailers, get more crews, you know, hire people."); Cohick Dep. 71 (Duckworth Decl. Ex. 26, Dkt. No. 66-6) ("I don't personally train [my employees or subcontractors] . . . [FAS] trained all of the people that I had working for me.").) In certifying the class, as is relevant to the issues here, the Court acknowledged that class members operated sole proprietorships, LLCs and corporations. (Dkt. 85 at p. 17 (rejecting FAS's argument that the vendors' different corporate forms created too much variation in whether class members operated "distinct businesses").

PLAINTIFFS' TRIAL BRIEF RE: RIGHT TO RECOVER BUSINESS EXPENSES                    CASE NO. C13-00057 WHO

The Court subsequently found that the "overwhelming weight of the evidence supports a finding that FAS retained and, more often than not, *actually exercised* a right to control the manner and means of the vendors work….[This] powerful evidence of control…establishes that the vendors are employees as a matter of law." (Dkt. 205, e.g., pp. 1-2, emphasis in original.)  The Court further concluded that FAS is liable to the class under Labor Code § 2802 for reimbursement for the following categories of business expenses, which were necessary to perform work for FAS: "mileage (required to reach FAS's job sites); insurance (required before performing any work for FAS); tools and equipment (required to perform work); cell phones (required to use FAStrack Mobile and to upload photos at job sites); and dump fees (required to complete work orders)." (Id. at pp. 29, n.34, 30, 44-45.)

### III.   ARGUMENT

#### A.  The Protections of § 2802 Are to Be Given a Broad Construction.

California law broadly protects employees.  *Davis v. Farmers Insurance Exchange*, 245 Cal.App.4th 1302, 1331 (2016).  As part of the fabric of those protections, Labor Code § 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee *in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer. . .*" Lab. Code § 2802.  As the California Supreme Court has stated, § 2802 "is designed to prevent employers from passing their operating expenses on to their employees." *Gattuso v. Harte-Hanks Shoppers, Inc*., 42 Cal. 4th 554, 562 (2007).  To that end, California courts have repeatedly held that it is against public policy for employers to burden the backs of employees with the cost of running their businesses.  *See Kerr's Catering*, 57 Cal. 2d at 328-29; *Quillian v. Lion Oil Co.,* 96 Cal. App. 3d 156, 162-63 (1979).

As one district court recently summarized:

> Courts have recognized the "strong public policy . . . favor[ing] the indemnification . . . of employees . . . " *Stuart v. RadioShack*, 641 F. Supp. 2d 901, 903 (N.D. Cal. 2009) (quotation omitted). An employer who "knows or has reason to know that the employees have incurred reimbursable expenses" owes a "duty to exercise due diligence and take any and all reasonable steps to ensure" the employees are fully reimbursed. *Stuart*, 641 F. Supp. 2d at 904 (emphasis added). A contrary rule would be "at war with" section 2802's "strong public policy" favoring indemnification. *Id*.

*Greer v. Dick's Sporting Goods, Inc.*, Case No. 2:15-cv-01063-KJM-CKD, 2017 U.S.Dist.LEXIS 57165, at *36 (E.D.Cal. Apr. 12, 2017).

This strong public policy in favor of worker protection is underscored by the explicit anti-waiver provision that applies to § 2802: "[a]ny contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State." Lab. Code § 2804. *See Stuart*, 641 F. Supp. 2d at 904 (reimbursement claims are protected by statutory anti-waiver provisions); *Aguilar v. Zep Inc.,* No. 13-cv-00563-WHO, 2013 U.S. Dist. LEXIS 147570, at *10, n.4 (N.D. Cal. Oct. 10, 2013) (section 2804 provides that rights under section 2802 "cannot be waived."); *Edwards v. Arthur Andersen*, 44 Cal. 4th 937, 951–52 (2008) (rights under § 2802 "are nonwaivable, and any contract that does purport to waive an employee's indemnity right would be contrary to the law and therefore unlawful to that extent").

As Judge Wilken concluded, "California courts have construed § 2802 to apply broadly to all necessary employee expenses and have interpreted § 2804 to preclude the waiver of any rights under § 2802. In addressing § 2802, the California Court of Appeal stated that the "obvious purpose of [§ 2802] is to protect employees ***from suffering expenses in direct consequence of doing their jobs***." *Desimone v. Allstate Ins. Co.*, Case No. C 96-03606 CW, 1999 U.S.Dist.LEXIS 20059, at *49 (N.D.Cal. Sep. 14, 1999), *citing Grissom v. Vons Companies, Inc.*, 1 Cal.App.4th 52, 59-50 (1991) (emphasis added).[2]

### B. Expenses Incurred By Class Members Discharging Their Duties to FAS or Obeying Directions from FAS Are Recoverable Expenses.

FAS's attempt to avoid liability for expenses that class members necessarily incurred in the discharge of their duties for FAS should be swiftly rejected. There is no credible dispute that class members incurred the expenses at issue while performing work for FAS. Instead, FAS tries to shirk its

---

[2] In addition, guidance by the California Department of Industrial Relations, Division of Labor Standards Enforcement (DLSE), articulates the DLSE's view that § 2802 applies to a wide variety of work-related expenses. *See Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 565 (2007) (reviewing DLSE guidance and concluding that mileage reimbursement at the IRS rate is an appropriate method for employer to cover car usage expenses required by section 2802, unless employee can demonstrate that actual expenses are higher).

obligations with arguments that have already been rejected by the courts.  In light of the broad protections of California's wage laws and the case law interpreting an employer's duties under section 2802, FAS must be ordered to repay all expenses necessarily and reasonably incurred in direct consequence of doing their jobs.

### 1. FAS Cannot Avoid Repayment of Expenses It Required Class Members to Bear, Regardless of Whether an Expense Is Attributable to a Business Entity.

FAS will argue, as it did in its unsuccessful bid to decertify the class, that "expenses incurred by business entities do not qualify for reimbursement under section 2802." This Court has already rejected FAS's argument. (Dkt. 205, p. 30.)  FAS has no authority for this contention and the law, in fact, compels the opposite conclusion.  As this Court has already recognized, "the California Labor Code defines 'employee' as 'every person in the service of an employer under any appointment or contract of hire,' and defines 'person' as 'any person, association, organization, partnership, business trust, limited liability company, or corporation.'… The Code would thus seem to allow business entities to assert rights under its provisions." (Dkt. 61 at p. 21, n.9.); *see* Cal. Labor Code §§ 18, 3351.

If a class member incurred expenses in the discharge of their duties to FAS, FAS cannot avoid its repayment obligations simply by pointing to a business entity to which the cost may be attributable. Indeed, any other conclusion would allow mischief, as an employer could simply require, as FAS did here, that its employees operate as a business.  (See Dkt. 85 at pp. 1, 19.)  This would permit FAS to profit from its subterfuge in misclassifying class members – an outcome the California Supreme Court has emphatically declared is unlawful.  *See S.G. Borello & Sons, Inc. v. Dep't of Industrial Relations*, 48 Cal. 3d 341, 349-50 (1989) (emphasis added) (an employer cannot use labels or other service arrangements as a "subterfuge" to avoid providing wage protection); *Ruiz v. Affinity Logistics Corp.*, 754 F.3d 1093, 1103 (9th Cir. 2014) (rejecting argument that workers who had businesses could not be employees); *see also Awuah v. Coverall North America, Inc.*, 460 Mass. 484, 491, 952 N.E.2d 890 (2011) (holding that operators of franchises were employees under Massachusetts law and were entitled to reimbursement of the franchise fees, service fees and fees for various types of insurance passed on by

5

the franchisor, as requiring franchisees to bear these expenses constituted wage violations); *Awuah v. Coverall North America, Inc.*, 707 F. Supp. 2d 80 (D. Mass. 2010).[3]

Permitting FAS to profit from its subterfuge in misclassifying its vendors and forcing them to bear FAS's business expenses guts the protections California law gives workers. As one California court explained: "If an employee is required to make work-related calls on a personal cell phone, then he or she is incurring an expense for purposes of Lab. Code, § 2802. It does not matter whether the phone bill is paid for by a third person, or at all. In other words, it is no concern to the employer that the employee may pass on the expense to a family member or friend, or to a carrier that has to then write off a loss. …. Not only does this interpretation prevent employers from passing on operating expenses, it also prevents them from digging into the private lives of their employees to unearth how they handle their finances vis-a-vis family, friends and creditors." *Cochran v. Schwan's Home Service, Inc.*, 228 Cal.App.4th 1137, 1144-45 (2014); *see also Schulz v. Qualxserv, LLC*, , No. 09-CV-17-AJB (MDD), 2012 U.S.Dist.LEXIS 58561, at *29 (S.D.Cal. Apr. 26, 2012) ("How an individual employee dealt with his expenses in terms of his own financial and tax planning is irrelevant to the question of whether the employer should have reimbursed the technicians in the first place.").[4]

In its earlier briefing on this point, FAS's only proffered authority was *Villalpando v. Exel Direct Inc*., 161 F. Supp. 3d 873, 881 (N.D. Cal. 2016). But this Court found that "the cited authority does not

---

[3] Further, to the extent that class members have sole proprietorships, under California law, "[a] sole proprietorship is not a legal entity itself"; rather, "the term refers to a natural person who directly owns the business." *See Providence Washington Ins. Co. v. Valley Forge Ins. Co*., 42 Cal. App. 4th 1194, 1199-1200. Thus any expenses borne by a sole proprietorship is, as a matter of law, an expense born by the individual class member. *See Sanchez v. Capital Contrs., Inc.*, No. 14-cv-02622-MMC, 2017 U.S. Dist. LEXIS 1649, at *5 (N.D. Cal. Jan. 4, 2017) (rejecting defendant's argument that it cannot be the employer of individuals who had sole proprietorships and finding that any services rendered "were, as a matter of law, services rendered by the plaintiffs.").

[4] To the extent FAS attempts to argue that the particular categories of expenses are not appropriately attributed to FAS as business expenses, this Court has already foreclosed that argument in finding FAS is liable for those expenses. (Dkt. 205 at 29-30, 44-45; see also Hearing Tr. 3/27/17 at p. 19 (noting expenses sought in this case are recoverable under California law). That conclusion is amply supported by the statute and cases interpreting it. *See, e.g., Cochran*, 228 Cal.App.4th at 1139 (cell phone expenses); *Gattuso*, 42 Cal.4th at 567-68 (mileage expenses); *Aguilar v. Zep Inc.*, No. 13-cv-00563-WHO, 2013 U.S. Dist. LEXIS 147570, at *18 (N.D. Cal. Oct. 10, 2013) (mileage expenses); *Davis v. Farmers Ins. Exch.*, 245 Cal. App. 4th 1302, 1336 (2016) (errors and omissions policy).

6

support FAS's position. In *Villalpando*, the Hon. Joseph C. Spero determined that class member drivers could only recover their own expenses, not expenses of others they may have hired. The issue was one of standing to recover those expenses. The same issue does not exist here, where vendor-owners may only recover for expenses they have personally incurred." (Dkt. 205, p. 30.)

FAS cannot be permitted to avoid its obligations under the Labor Code simply because a class member may be able to attribute the expenses to a business. If the class member "*from suffer[ed] expenses in direct consequence of doing their jobs,*" FAS is liable for those expenses. *Desimone*, 1999 U.S.Dist.LEXIS 20059, at *49.

### 2. FAS Cannot Avoid Repayment of Expenses It Required Class Members to Bear, Regardless of Whether an Expense Is Related to Work that a Helper Did.

FAS may argue that, even if it cannot avoid repayment of expenses where a class member has a business entity, it may avoid liability for expenses related to the work done by a class member's worker rather than the class member herself. But this is a false construct. Class members all personally performed work for FAS. (Dkt. 85; 205.) The class seeks to recover expenses incurred in discharging their duties and following the directions of FAS. (Dkt. 205.) The fact that class members incurred *additional* expenses when their workers were assisting in performing work for FAS does not somehow immunize FAS from repayment. FAS's attempt to read the "discharge of duties" provision to *exclude* all expenses incurred whenever a class member's worker was involved is an unsupportable assault on the express terms, and the broad purpose, of section 2802.

The reasoning in *Davis v. Farmers Ins. Exch.*, 245 Cal. App. 4th 1302 (2016) is instructive. There, an insurance company was regularly deducting what the court determined to be "standard business expenses, not chargeable to an employee" from an agent's wages. *Id.* at 1336. One of those costs was the cost of an administrative assistant to help with the agent's sales. The court concluded that was an impermissible expense for the employee to carry. Adopting the reasoning of a DLSE Opinion letter, the court stated:

> The employment of more help to either sell insurance or help with the paperwork so that others would be free to sell more insurance is … a 'direct consequence of the discharge of [the manager's] duties.' [¶] As is clear from the [Labor Code], under the California law, an employer may not 'pass through' the normal costs of operating a business to the employee he hires.

> Debiting an employee's earned wages to cover a normal operating expense of the employer is not allowed in California." (Dept. of Industrial Relations, DLSE Opn. Letter No. 2000.08.01 (Aug. 1, 2000) p. 4.) Stated succinctly: "It would appear to be axiomatic that any increase in the amount of legitimate sales made by an agent of an insurance company would normally be expected to result in an increase in the profits of the company" and therefore, "inure to the benefit of [the company]." (Id. at p. 3.)

*Id.* at 1336-37; *see also Cochran*, 228 Cal.App.4th at 1144 ("[R]eimbursement is always required. Otherwise, the employer would receive a windfall because it would be passing its operating expenses on to the employee."); *Stuart v. Radioshack Corp.*, 259 F.R.D. 200, 203 (N.D. Cal. 2009)(Chen, J.) (rejecting employer's argument that it was entitled to assert laches and equitable estoppel against Plaintiff's claim for indemnification under § 2802 because of the strong public policy in favor of protection of workers' wages and benefits).

In fact, the reasoning in *Villalpando* supports recovery of the expenses sought by the class here. There, class members sought to recover damages for "hours worked, miles driven and expenses incurred" by class members' workers. 161 F. Supp. 3d at 881. The court found that this was inappropriate because only individuals personally performing work can recover for "hours worked." *Id.* As to the expenses, the court found that class members could not recover expenses *incurred by other workers*. *Id.* Here, class members are *not* seeking compensation for any hours worked by class members' workers and explicitly excluded this from the categories of expenses sought to be recovered. Further, class members here seek expenses *only* incurred by themselves (either individually or as the owner of a vendor business) in performing work for FAS, *not* any expenses carried by their helpers.

Plaintiffs submit that it would be arbitrary and erroneous to prohibit class members from recovering expenses simply because an expense may have been required as a result of a helper's work, rather than the class member's own work, when that work is in furtherance of the class member's obligations to, and directions from, FAS. A common experience highlights the problem with that sort of dividing line: FAS tells Matt Cohick to hire more people to handle the work FAS is assigning him, or risk being terminated (which he eventually was). Mr. Cohick then buys more trucks and lawn mowers and hires people to fulfill FAS's work orders, thus greatly increasing his expenses *in furtherance of his work for FAS*. Denying Mr. Cohick recovery for expenses connected to the work his helpers did for FAS would be permitting the very windfall to FAS (by way of decreased expenses and increased profits) that courts have warned is unlawful. *See Davis*, 245 Cal. App. 4th at 1335-37; 1302; *Cochran*, 228

Cal.App.4th at 1144; *see also Greer,* 2017 U.S. Dist. LEXIS 57165, at *29 (noting the limited – and express – exceptions to section 2802 such as not requiring reimbursement of uniforms if they require "basic wardrobe items.").

This result is particularly egregious where, as here, there is substantial, uncontradicted evidence that FAS urged class members, under threat of termination, to hire more people and buy more equipment to fulfill FAS work orders.  (Dkt. 85 at p. 19.)  Further, class members seek only certain limited categories of expenses -- all of which were required to perform work for FAS -- and do *not* seek reimbursement for the hours of their workers.  *See Villalpando*, 161 F. Supp. 3d at 881.

### C. Dr. Petersen's Survey and Class Member Testimony Will Be Limited to the Five Categories of Expenses that Class Members Incurred in Discharging Their Duties to FAS.

It is undisputed that FAS does not reimburse for business expenses.  In addition, FAS has offered never offered any evidence that the categories of expenses sought were not necessary to class members' discharge of their duties to FAS.  As a result, this Court has already concluded as a matter of law that FAS is liable to the class for its failure to reimburse class members for five categories of expenses necessarily incurred in performing work for FAS.  (Dkt. 205, pp. 2, 29-30, 44-45.)  Plaintiffs will prove the amount of damages owed to the class (or, if the Court requires, in individual damages hearings), through the reasonable estimates of class members as to the amount of the expenses incurred in each of the five categories.  None of FAS's erroneous arguments entitle it to any sort of narrowing of the expenses sought or capable of being proven.

Further, because FAS failed to maintain (or produce) records relating to expenses that class members incurred, Plaintiffs are entitled to a "just and reasonable inference" which they can establish through representative testimony of reasonable estimates of expenses in order to prove up damages. *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687-88 (1946); *Tyson Foods, Inc. v. Bouaphakeo*, — U.S. —, 136 S. Ct. 103, 1047 (2016); *Melgar v. CSK Auto, Inc.*, No. 13-CV-03769-EMC, 2015 U.S. Dist. LEXIS 170833, 2015 WL 9303977, at *9 (N.D. Cal. Dec. 22, 2015); *Hernandez v. Mendoza*, 199 Cal. App. 3d 721, 727 (1988).  The *Mt. Clemens* rule applies because "it would unfairly penalize employees to deny recovery because of the employer's failure to keep proper records." *Villalpando v.*

*Exel Direct Inc.*, No. 12-cv-04137-JCS, 2016 U.S. Dist. LEXIS 53773, at *20- 21 (N.D. Cal. Apr. 21, 2016).

That the damages in some categories of expenses may be large does not make them unreasonable.  As Dr. Petersen's expert report reveals, *every* class member surveyed stated that they had unreimbursed expenses in at least one of the five categories, and the vast majority of class members had losses in multiple if not all categories.  (See Dkt. 225-2, p. 10, Petersen Report "One hundred percent of survey respondents said they incurred out-of-pocket expenses.")

Because FAS has failed to keep adequate records of the hours worked or the expenses paid, "Plaintiffs may prove their claims based on reasonable inferences as to the time worked…and the amount of employee expenses for which Plaintiffs seek reimbursement."  *Villalpando*, 2016 U.S. Dist. LEXIS 53773, at * 31; *see Bouaphakeo*, 136 S. Ct. 1036; *Alvarez v. IBP, Inc.,* 339 F.3d 894, 914 (9th Cir. 2003) ("As the Supreme Court noted in *Mt. Clemens,* a court may "award damages to [an] employee, even though the [award] be only approximate.").

The burden of proof at trial with regard to damages will be on FAS to rebut Plaintiffs' reasonable estimates.  Employers cannot defeat class actions for wage theft based on their own lack of records. *Villalpando v. Exel Direct Inc.,* 161 F. Supp. 3d 873, 891-93 (N.D. Cal. 2016) (finding that Plaintiffs could use estimates to establish damages under section 2802 and "are not required to prove their expenses through actual receipts," and precluding defendant from arguing at trial that "Plaintiffs may not prove their claims based on reasonable inference, estimates and representative testimony…or that the methodology of Plaintiffs' experts was unreasonable because they did not use actual receipts or rely on the paper records that the Court has found were inadequate.")

## III.   CONCLUSION

Class members are entitled to recover the mileage, tools and equipment, cell phones, dump fees and insurance that they were required to expend in the discharge of their duties to FAS.  FAS is not entitled to a discount for the substantial burden it forced class members to bear. "A contrary rule would be at war with section 2802's strong public policy favoring indemnification." *Greer*, 2017 U.S.Dist.LEXIS 57165, at *36.

| | |
|---|---|
| Date: May 1, 2017 | DUCKWORTH PETERS LEBOWITZ OLIVIER LLP |
| | */s/ Monique Olivier* |
| | Monique Olivier |

KOLIN C. TANG (SBN 279834)
CHIHARU G. SEKINO (SBN 306589)
SHEPHERD, FINKELMAN, MILLER AND SHAH, LLP
401 West A Street, Suite 2550
San Diego, CA 92101
Telephone: (619) 235-2416

JAMES C. SHAH (SBN 260435)
SHEPHERD, FINKELMAN, MILLER
 AND SHAH, LLP
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (866) 300-7367

RONALD S. KRAVITZ  (SBN 129704)
(rkravitz@sfmslaw.com)
SHEPHERD, FINKELMAN, MILLER
 AND SHAH, LLP
One California Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 429-5272
Facsimile: (866) 300-7367

*Attorneys for Plaintiffs and the Certified Class*