1   THOMAS E. DUCKWORTH, Bar No. 152369
    tom@dplolaw.com
2   MONIQUE OLIVIER, Bar No. 190385
    monique@dplolaw.com
3   DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
    100 Bush Street, Suite 1800
4   San Francisco, CA  94104
    Telephone:    415.433.0333
5   Facsimile:    415.449.6556

6   JAMES E. MILLER, Bar No. 262553
    jmiller@sfmslaw.com
7   SHEPHERD, FINKELMAN, MILLER AND SHAH, LLP
    65 Main Street
8   Chester, CT 06412
    Telephone:    860.526.1100
9   Facsimile:    866.300.7367

10  Attorneys for Plaintiffs and the Certified Class

11  [Additional Counsel Listed On Next Page]

12

13                  UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

16

17  FRED BOWERMAN and JULIA          Case No.  3:13-CV-00057-WHO
    BOWERMAN, on behalf of themselves
18  and all others similarly situated,   **JOINT PROPOSED JURY
                                         INSTRUCTIONS**
19                    Plaintiffs,
                                         Complaint Filed:   January 7, 2013
20         v.                            Trial Date         May 22, 2017
                                         Crtm:              Courtroom 2, 17th Floor
21  FIELD ASSET SERVICES, INC., FIELD    Judge:             Hon. William H. Orrick
    ASSET SERVICES, LLC, a successor in
22  interest,

23                    Defendants.

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                     Case No.  3:13-CV-00057-WHO

1    KOLIN C. TANG, Bar No. 279834
     ktang@sfmslaw.com
2    CHIHARU G. SEKINO, Bar No. 306589
     csekino@sfmslaw.com
3    SHEPHERD, FINKELMAN, MILLER AND SHAH, LLP
     401 West A Street, Suite 2550
4    San Diego, CA 92101
     Telephone:    619.235.2416
5    Facsimile:    866.300.7367

6    JAMES C. SHAH. Bar No. 260435
     jshah@sfmslaw.com
7    SHEPHERD, FINKELMAN, MILLER
     AND SHAH, LLP
8    35 East State Street
     Media, PA 19063
9    Telephone:    610.891.9880
     Facsimile:    866.300.7367
10
     RONALD S. KRAVITZ, Bar No. 129704
11   rkravitz@sfmslaw.com
     SHEPHERD, FINKELMAN, MILLER AND SHAH, LLP
12   44 Montgomery Street, Suite 650
     San Francisco, CA 94104
13   Telephone:    415.429.5272
     Facsimile:    866.300.7367
14
     Attorneys for Plaintiffs and the Certified Class
15
     ROBERT G. HULTENG, Bar No. 071293
16   rhulteng@littler.com
     AURELIO PEREZ, Bar No. 282135
17   aperez@littler.com
     ALISON J. CUBRE, Bar No. 257834
18   ACubre@littler.com
     DANTON W. LIANG, Bar No. 303487
19   DLiang@littler.com
     LITTLER MENDELSON, P.C.
20   333 Bush Street, 34th Floor
     San Francisco, CA 94108.2693
21   Telephone:    415.433.1940
     Facsimile:    415.399.8490
22
     KEVIN R. VOZZO, Bar No. 288550
23   kvozzo@littler.com
     LITTLER MENDELSON, P.C.
24   900 Third Avenue,
     New York, NY 10022-3298
25   Telephone:    212.583.9600
     Facsimile:    212.832.2719
26
     Attorneys for Defendants
27   FIELD ASSET SERVICES, INC. and
     FIELD ASSET SERVICES, LLC
28

[PLEADING TEMPLATE] CASE NO. 4:14-
CV-05003-KAW (NO. 4:14-CV-05003-KAW)                    2.

**FORM PRELIMINARY INSTRUCTIONS, GENERAL INSTRUCTIONS,**

**AND CONCLUDING INSTRUCTIONS**

| TAB | TITLE | AUTHORITY |
|-----|-------|-----------|
| 1. | Duty of Jury | 9th Cir. Civ. Jury Instr. § 1.2. |
| 1. | Duty of Jury | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.3. |
| 2. | Duty of Jury: Written Instructions at End of Case | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.4. |
| 3. | Description of the Case: Issues to be Decided | Dkt. 205 (partial summary judgment order); see also 9th Cir. Civ. Jury Instr. § 1.5 (modified). |
| 4. | Burden of Proof: Preponderance of Evidence | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.6. |
| 5. | What is Evidence | 9th Cir. Civ. Jury Instr. § 1.9. |
| 6. | What is Not Evidence | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.10. |
| 7. | Evidence for Limited Purpose | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.11. |
| 8. | Direct and Circumstantial Evidence | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.12. |
| 9. | Weight of Evidence | CACI No. 203 |
| 10. | Unfavorable Evidence | CACI No. 205 |
| 11. | Ruling on Objections | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.13. |
| 12. | Credibility of Witnesses | 9th Cir. Civ. Jury Instr. § 1.14. |
| 13. | Bias | CACI § 113. |
| 14. | Conduct of the Jury | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.15. |
| 15. | No Transcript Available to Jury | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.17. |
| 16. | Taking Notes | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.18. |
| 17. | Bench Conferences and Recesses | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.20. |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

| TAB | TITLE | AUTHORITY |
|-----|-------|-----------|
| 18. | Outline of Trial | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.21. |
| 19. | Stipulations of Fact | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 2.2. |
| 20. | Deposition in Lieu of Live Testimony | 9th Cir. Civ. Jury Instr. § 2.4. |
| 21. | Impeachment Evidence-Witness | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 2.9. |
| 22. | Use of Interrogatories | 9th Cir. Civ. Jury Instr. § 2.11. |
| 23. | Use of Request for Admission | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 2.12. |
| 24. | Expert Opinion | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 2.13. |
| 25. | Charts and Summaries Not Received In Evidence | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 2.14. |
| 26. | Charts and Summaries In Evidence | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 2.15. |
| 27. | Demonstrative Evidence | CACI § 5020. |
| 28. | Duty to Deliberate | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 3.1. |
| 29. | Communication with Court | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 3.3. |
| 30. | Return of Verdict | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 3.5. |
| 31. | Deadlocked Jury | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 3.7. |
| 32. | Corporations and Partnerships—Fair Treatment | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 4.1. |
| 33. | Burden of Proof Regarding Class-Wide Liability | *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 947-48 (9th Cir. 2011); *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319, 326 (2004); *Collins v. Safeway Stores*, 187 Cal. App. 3d 62, 71-72 (1986); *Richmond v. Dart Industries, Inc.*, 29 Cal. 3d 462, 470, 477 (1981); *Lockheed Martin Corp. v. Superior Court*, 29 Cal. 4th 1096, 1109 (2003) |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                2.                Case No.  3:13-CV-00057-WHO

| TAB | TITLE | AUTHORITY |
|---|---|---|
| 34. | Class Actions | National Consumer Law Center, Consumer Class Actions, § 16.5.2 (7th ed. 2010); Dkt. 85 (order certifying class); Dkt. 93 (Order Adopting Class Notice); *see Savaglio v. Wal-Mart Stores, Inc.*, Case NoC-835687 slip. op. (Cal. Super. Alameda Cty. Aug. 3, 2006) (Order Denying Motion of Wal-Mart To Decertify the Meal Period Class); 7A. Conte & H. Newberg, Newburg on Class Actions, § 10:4 & note 5 (4th ed. 2002). |
| 35. | Employee Status | Dkt #205 (Order Granting Plaintiffs' Motion for Partial Summary Judgment |
| 36. | Willful Misclassification of Independent Contractor Status | Cal. Lab. Code § 226.8; *Noe v. Superior Court*, 237. App. 4th 316 (2015); *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 325 (2005) |
| 37. | Nonpayment of Overtime Premiums – Essential Factual Elements | CACI No. 2702; Cal. Lab. Code §§ 510, 1194 |
| 38. | Calculating Non-Payment of Overtime Compensation | *See* Cal. Lab. Code §§ 510 & 1194; IWC Wage Order 5-2001; CACI § 2702 (modified). |
| 39. | Nonpayment of Overtime Wages – Proof of Overtime Hours Worked | CACI § 2703 (modified). |
| 40. | Just and Reasonable Inference | *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 103, 1047 (2016); *see Villalpando v. Exel Direct Inc.*, No. 12-cv-04137-JCS, 2016 U.S. Dist. LEXIS 53773, at *20-21 (N.D. Cal. Apr. 21, 2016); *Melgar v. CSK Auto, Inc.*, No. 13-CV-03769-EMC, 2015 U.S. Dist. LEXIS 170833, 2015 WL 9303977, at *9 (N.D. Cal. Dec. 22, 2015); Cal. Labor Code §§ 226; Wage Order 5-2001, ¶ 7 (requiring employer to maintain accurate payroll and time records). |
| 41. | Representative Testimony | *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 103, 1047 (2016); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 914 (9th Cir. 2003); *Bell v. Farmers Ins. Exchange*, 115 Cal. App. 4th 715 (2004) ("*Bell III*"); *see Villalpando v. Exel Direct Inc.*, No. 12-cv-04137-JCS, 2016 U.S. Dist. LEXIS 53773, at *20-21 (N.D. Cal. Apr. 21, 2016); Cal. Labor Code §§ 226, 1174; Wage Order 5-2001, ¶ 7 (requiring employer to |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          3.          Case No.  3:13-CV-00057-WHO

| TAB | TITLE | AUTHORITY |
|-----|-------|-----------|
| | | maintain accurate payroll and time records). |
| 42. | Hours Worked | IWC Wage Order 5-2001; *Martinez v. Combs*, 49 Cal. 4th 35 (2010). |
| 43. | Regular Rate of Pay Defined | *Quezada v. Con-Way Freight, Inc.*, 2013 WL 11089798, *2 (N.D. Cal. Dec. 16, 2013) |
| 43. | Regular Rate of Pay Defined | *Armenta*, 153 Cal. App. 4th at 323 (2005) (noting that Labor Code sections 221-223 confirm a contracted rate hourly rate must be honored); *Quezada v. Con-Way Freight, Inc.,* No. C 09-03670 JSW, 2013 U.S. Dist. LEXIS 189954, at *5 (N.D. Cal. Dec. 16, 2013) (minimum wage would apply only where no evidence of a contracted wage rate and paying less than a contracted rate would violate § 223); *see also Reich v. Midwest Body Corp.*, 843 F. Supp. 1249, 1251 (N.D. Ill. 1994) (holding, under the FLSA, that "[o]vertime rates cannot be avoided by manipulating the pay for regular hours or otherwise reducing the pay for regular hours to make up for the 150% overtime rate that will have to be paid.") |
| 44. | Definition of "Workday" and "Workweek" | Cal. Lab. Code § 500(a); IWC Wage Order 5-2001 ¶ 2(S)-(T). |
| 45. | Business Expenses | Cal. Lab. Code § 2802; *Desimone v. Allstate Ins. Co.* (N.D. Cal. 1999) 1999 U.S. Dist. LEXIS 20059; *Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal. 4th 554, 568 |
| 46. | Reimbursement of Business Expenses | Cal. Lab. Code § 2802. |
| 47. | Knowledge of Unreimbursed Expenses | Cal. Lab. Code § 2802; *Gattuso v. Harte-Hanks Shoppers, Inc.,* 42 Cal. 4th 554, 567 (2007), *Stuart v. RadioShack Corp.,* 641 F. Supp. 2d 901, 903 (N.D. Cal. 2009); *Green v. Lawrence Ser. Co.*, 2013 WL 3907506, at *11 (C.D. Cal. July 23, 2013) |
| 48. | Re Unreimbursed Expense – Categories of Expenses Claimed | Cal. Lab. Code § 2802; *Melgar v. CSK Auto, Inc.,* 2015 WL 9303977 (N.D. Cal. Dec. 22, 2015); *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 903 (N.D. Cal. 2009) |
| 49. | Re Unreimbursed Expenses – Lump Sum Payments | Cal. Lab. Code § 2802; *Gattuso v. Harte-Hanks Shoppers, Inc.,* 42 Cal. 4th 554, 567–575 (2007) |
| 50. | Waiting Time Penalty for | CACI No. 2704; Cal. Lab. Code §§ 203, 218 |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          4.          Case No.  3:13-CV-00057-WHO

| TAB | TITLE | AUTHORITY |
|---|---|---|
| | Nonpayment of Wages | |
| 51. | Damages – Waiting Time Penalty for Nonpayment of Wages | CACI § 2704 (modified); Cal. Lab. Code §203. |
| 52. | Calculating Waiting Time Penalties | Cal. Lab. Code § 203. |
| 53. | Willfulness and Good Faith Dispute | Cal. Lab.Code § 203; Cal. Code Regs. Tit. 8, § 13520; Judicial Council of California Civil Jury Instructions (CACI) 2704; *see also, Barnhill v. Robert Saunders & Co.*, 125 Cal. App. 3d 1, 8 (1981); *Nordstrom Comm'n Cases*, 186 Cal. App. 4th 576, 584 (2010) ("There is no willful failure to pay wages if the employer and employee have a good faith dispute as to whether and when the wages were due"); *Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.*, 102 Cal. App. 4th 765, 782 (2002); *Amaral v. Cintas Corp., No. 2*, 163 Cal. App. 4th 1157 (2008); *Barnhill v. Robert Saunders & Co.*, 125 Cal. App. 3d 1, 8-9 (1981) |
| 54. | Willful-Defined | Cal. Lab. Code § 203. |
| 55. | Damages – Nonpayment of Wages | *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Hurst v. Buczek Enterprises, LLC*, No. 3:11-cv-01379-EMC, 2012 WL 10161819 (N.D.Cal. June 27, 2012); ABA Model Jury Instructions § 7.04 (1994). |
| 56. | Recovering Interest on Unpaid Wages | Cal. Lab. Code § 218.6. |
| 57. | Judge's Commenting on Evidence | CACI § 5016. |
| 58. | Additional Description of the Case: Issues to be Decided After Adjudication of Classwide Damages | |
| 59. | Breach of Contract – Elements | *Acoustics, Inc. v. Trepte Construction Co.* (1971) 14 Cal.App.3d 887, 913; CACI No. 303. |
| 60. | Oral or Written Contract Terms | CACI § 304. |
| 61. | Implied-in-Fact Contract | CACI § 305; *see also Cervantez v. Celestica Corp.*, No. 07–729, 2007 WL 8076519 * 3 (Oct. 5, 2007, *quoting Lockheed Aircraft Corp. v. Superior Court*, 28 Cal.2d 481, 486 (1946). |
| 62. | Separate Property Requires an Explicit Written Declaration of | CAL. FAM. CODE §§ 770(A)(1); (A)(3); 852; *In re Marriage of Koester*, 73 Cal.App.4th 1302 |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

| TAB | TITLE | AUTHORITY |
|-----|-------|-----------|
| | Transmutation to Convert to Community Property | (1999) |
| 63. | Breach of Implied Covenant of Good Faith and Fair Dealing – Elements | *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 371–372; CACI No. 325. |
| 63. | Breach of Implied Covenant of Good Faith and Fair Dealing | CACI § 325. |
| 64. | Damages – Breach of Contract/Implied Covenant of Good Faith and Fair Dealing | *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Hurst v. Buczek Enterprises, LLC*, No. 3:11-cv-01379-EMC, 2012 WL 10161819 (N.D.Cal. June 27, 2012); ABA Model Jury Instructions § 7.04 (1994). |
| 65. | Definition of Employee - Presumption | *Cristler v. Express Messenger Sys., Inc.*, 171 Cal.App.4th 72, 82-83 (Cal. Ct. App. 2009), *review denied* (2009 Cal. LEXIS 5283 (Cal. May 20, 2009)). |
| 65. | Definition of Employee – Presumption | Narayan v. EGL, Inc., 616 F.3d 895, 900 (9th Cir. 2010); Martinez v. Combs, 49 Cal. 4th 35, 64 (2010). |
| 66. | Definition of Employee – Factors to Consider | *Cristler v. Express Messenger Sys., Inc.*, 171 Cal.App.4th 72, 87 (Cal. Ct. App. 2009), *review denied* (2009 Cal. LEXIS 5283 (Cal. May 20, 2009)). |
| 67. | Definition of Employee- Rebutting Presumption | *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318 (9th Cir. 2012); *Martinez v. Combs*, 49 Cal. 4th 35 (2010); *SG Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 349-55 (1989); *Narayan v. EGL, Inc.*, 616 F. 3d 895, 900-03 (9th Cir. 2010); CACI § 3704. |
| 68. | Freedom Inherent in Nature of Work Does Not Change Character of Employment Relationship | *Narayan v. EGL, Inc.*, 616 F.3d 895, 904 (9th Cir. 2010); *Air Couriers Int'l v. Employ. Dev. Dep't*, 150 Cal. App. 4th 923, 934 (2007) (quoting *Grant v. Woods*, 71 Cal. App. 3d 647, 653 (1977)). |
| 69. | Contracts Concerning the Employment Relationship | *Narayan v. EGL, Inc.*, 616 F.3d 895, 904 (9th Cir. 2010); *Air Couriers Int'l v. Employ. Dev. Dep't*, 150 Cal. App. 4th 923, 934 (2007) (quoting *Grant v. Woods*, 71 Cal. App. 3d 647, 653 (1977)). |
| 70. | Supplying Own Equipment Does Not Establish Independent Contractor Relationship | *Cargill v. Achziger*, 165 Cal.App.2d 220, 223 (1959); *Dahl-Beck Electric Co v. Rogge*, 275 Cal. App. 2d 893, 901 (1969)*; Narayan v. EGL,* |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS        6.        Case No.  3:13-CV-00057-WHO

| TAB | TITLE | AUTHORITY |
|-----|-------|-----------|
| | | *Inc.*, 616 F. 3d 895, 902-3 (9th Cir. 2010). |
| 71. | (Nonpayment of Overtime Premiums – Essential Factual Elements | CACI No. 2702; Cal. Lab. Code §§ 510, 1194; *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191 (2011) |
| 72. | Nonpayment of Overtime Wages – Proof of Overtime Hours Worked | CACI § 2703. |
| 73. | Hours Worked | IWC Wage Order 16-2001; *Martinez v. Combs*, 49 Cal. 4th 35 (2010). |
| 74. | Business Expenses | Cal. Lab. Code § 2802; *Desimone v. Allstate Ins. Co.* (N.D. Cal. 1999) 1999 U.S. Dist. LEXIS 20059; *Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554, 568; *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 903 (N.D. Cal. 2009); Doc. No. 205 (Order on MSJ). |
| 75. | Reimbursement of Business Expenses | Cal. Labor Code § 2802. |
| 76. | Nonpayment of Overtime Premiums – Essential Factual Elements | CACI No. 2702; Cal. Lab. Code §§ 510, 1194; *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191 (2011). |
| 77. | Nonpayment of Overtime Compensation – Essential Factual Elements | CACI § 2702. |
| 78. | Definition of "Workday" and "Workweek" | Cal. Lab. Code § 500(a); IWC Wage Order 16-2001 ¶ 2(S)-(T). |
| 79. | Recovering Interest on Unpaid Wages, Unreimbursed Expenses and Other Monies Due | Cal. Lab. Code § 218.6. |
| 80. | Waiting Time Penalty for Nonpayment of Wages | CACI No. 2704; Cal. Lab. Code §§ 203, 218; Cal. Code Regs. § 13520 (emphasis supplied). |
| 81. | Damages – Waiting-Time Penalty for Nonpayment of Wages | CACI § 2704. |
| 82. | Damages – Proof | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. Nos. 5.1, 5.2 |
| 83. | Damages – Mitigation | 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. Nos. 5.3 |
| 84. | No Damages for Attorneys' Fees | *Krouse v. Graham*, 19 Cal. 3d 59, 81, 562 P.2d 1022 (1977); *Tramell v. McDonnell Douglas Corp.*, 163 Cal. App. 3d 157, 172-73, 209 Cal. |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS 7. Case No. 3:13-CV-00057-WHO

| TAB | TITLE | AUTHORITY |
|-----|-------|-----------|
|     |       | Rptr. 427 (1984) |
| 85. | Damages-Statutes of Limitations | Cal. Code Civ. Proc. Cal. Code Civ. Proc. § 338(a); § 339(1) |
| 86. | General Instructions Regarding Evidence and Deliberations | |

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS         8.         Case No.  3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 1: - PLAINTIFFS' PROPOSAL**

**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts, you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Authority:       9th Cir. Civ. Jury Instr. § 1.2.

**Defendants' Comments: The parties should meet and confer on whether we want to give a preliminary draft of jury instructions to the jury and then a final set.  Defendants would prefer to simply give the jury instructions at the end of the case.**

**Plaintiffs' Position: Plaintiffs believe that certain jury instructions should be presented to the jury as preliminary instructions to guide jurors as they hear testimony.  Plaintiffs will continue to meet and confer with Defendant on this issue.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                    9.                    Case No.  3:13-CV-00057-WHO

1      **PROPOSED JURY INSTRUCTION NO. 1: - DEFENDANTS' PROPOSAL**

2                         **(DUTY OF JURY)**

3           Members of the jury: You are now the jury in this case. It is my duty to instruct you

4      on the law.

5           It is your duty to find the facts from all the evidence in the case. To those facts you

6      will apply the law as I give it to you. You must follow the law as I give it to you whether you agree

7      with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices

8      or sympathy. That means that you must decide the case solely on the evidence before you. You will

9      recall that you took an oath to do so.

10          At the end of the trial I will give you final instructions. It is the final instructions that

11     will govern your duties.

12          Please do not read into these instructions, or anything I may say or do, that I have an

13     opinion regarding the evidence or what your verdict should be.

14

15     AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.3.

16

17     GIVEN:                  _____

18     REFUSED:                _____

19     MODIFIED:               _____

20     WITHDRAWN:              _____

21

22     **Plaintiffs' Position: Plaintiffs believe their version of this instruction, with a limited set of preliminary instructions to be determined, should be offered instead of this instruction**.

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          10.          Case No.  3:13-CV-00057-WHO

1

### JOINT PROPOSED JURY INSTRUCTION NO. 2:

2

### (DUTY OF JURY: WRITTEN INSTRUCTION AT END OF CASE)

3       Members of the jury:  Now that you have heard all the evidence [and the arguments

4    of the attorneys], it is my duty to instruct you on the law which applies to law of the case.  A copy of

5    these instructions will be available in the jury room for you to consult if you find it necessary.

6       It is your duty to find the facts from all the evidence in the case. To those facts you

7    will apply the law as I give it to you. You must follow the law as I give it to you whether you agree

8    with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices,

9    or sympathy. That means that you must decide the case solely on the evidence before you. You will

10    recall that you took an oath to do so.

11       Please do not read into these instructions or anything that I may say or do or have said

12    or done that I have an opinion regarding the evidence or what your verdict should be.

13

14    AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.4.

15

16    GIVEN:          _____

17    REFUSED:        _____

18    MODIFIED:       _____

19    WITHDRAWN:      _____

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          11.          Case No.  3:13-CV-00057-WHO

1

**JOINT PROPOSED JURY INSTRUCTION NO. 3:**

2

**(DESCRIPTION OF THE CASE: ISSUES TO BE DECIDED)**

3   I have already made several rulings on the Plaintiffs' claims and the Defendant's defenses.

4 To help you understand this case, I will give you a brief summary of those rulings and the history of

5 this case.

6   This is a class action brought on behalf of property preservation workers who were hired by

7 Field Asset Services.  Property preservation basically relates to maintaining and repairing homes that

8 have or may be placed into foreclosure and/or which are vacant for some reason.  Plaintiffs have

9 claimed that Field Asset Services, which I sometimes may refer to as FAS or Defendant, must pay

10 them overtime, and reimburse them for business expenses they incurred doing work for FAS.

11   FAS argued that they were not required to pay workers overtime or reimburse business

12 expenses because they were independent contractors.  The Court has found that the workers are

13 employees who are entitled to the protections of the California Labor Code.  In other words, I have

14 ruled that all members of the class are eligible for overtime pay if they worked overtime and are

15 eligible for reimbursement for certain categories of business expenses they incurred when

16 performing work for Field Asset Services.

17   As a result of my rulings, your role in this trial will be to determine certain facts relating to

18 the amount of damages, if any, that the Defendant must now pay to the class-.

19   First, you will determine the following facts relating to damages for the class members:  the

20 amount, if any, of overtime compensation that the class members earned but were not paid by

21 Defendant.

22   Second, you will determine the amount of damages, if any, that should be awarded to the

23 class for business expenses that class members incurred in connection with work for Field Asset

24 Services in California with respect to the following categories of expenses, for which I already have

25 found the class is entitled to reimbursement: (1) mileage expenses; (2) telephone expenses; (3) tools

26 and equipment expenses; (4) insurance expenses; and (5) dump fees – meaning fees paid to dumps to

27 dispose of certain materials.

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1    After you decide these issues, you will be asked to make some related rulings and the Court

2    may ask you to make some additional rulings but, for now, the only matters before you are

3    determining the appropriate amount, if any, to be awarded to the class members for overtime wages,

4    and unreimbursed business expenses, which were incurred.

5

6    Authority:    Dkt. 205 (partial summary judgment order); *see also* 9th Cir. Civ. Jury Instr. § 1.5
     (modified).

7    GIVEN:            _____

8    REFUSED:          _____

9    MODIFIED:         _____

10   WITHDRAWN:        _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          13.          Case No.  3:13-CV-00057-WHO

1

**JOINT PROPOSED JURY INSTRUCTION NO. 4:**

2

**(BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE)**

3

When a party has the burden of proof on any claim or affirmative defense by a

4

preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

5

affirmative defense is more probably true than not true.

6

You should base your decision on all of the evidence, regardless of which party

7

presented it.

8

9

AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.6.

10

11

GIVEN:            _____

12

REFUSED:          _____

13

MODIFIED:         _____

14

WITHDRAWN:        _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS        14.        Case No.  3:13-CV-00057-WHO

1

## JOINT PROPOSED JURY INSTRUCTION NO. 5:

2

### (WHAT IS EVIDENCE)

3      The evidence you are to consider in deciding what the facts are consists of:

4      (1)     the sworn testimony of any witness;

5      (2)     the exhibits that are admitted into evidence;

6      (3)     any facts to which the lawyers have agreed; and

7      (4)     any facts that I may instruct you or have already instructed you to accept as proved.

8

9      Authority:     9th Cir. Civ. Jury Instr. § 1.9.

10

11

12     GIVEN:          _____

13     REFUSED:        _____

14     MODIFIED:       _____

15     WITHDRAWN:      _____

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS        15.        Case No.  3:13-CV-00057-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT PROPOSED JURY INSTRUCTION NO. 6:

### (WHAT IS NOT EVIDENCE)

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements and will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.10.

GIVEN:            _____

REFUSED:         _____

MODIFIED:        _____

WITHDRAWN:    _____

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          16.          Case No.  3:13-CV-00057-WHO

## JOINT PROPOSED JURY INSTRUCTION NO. 7:

### (EVIDENCE FOR LIMITED PURPOSE)

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.11.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          17.          Case No.  3:13-CV-00057-WHO

1
2

**JOINT PROPOSED JURY INSTRUCTION NO. 8:**

**(DIRECT AND CIRCUMSTANTIAL EVIDENCE)**

3        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact,

4   such as testimony by a witness about what that witness personally saw or heard or did.

5   Circumstantial evidence is proof of one or more facts from which you could find another fact.  You

6   should consider both kinds of evidence.  The law makes no distinction between the weight to be

7   given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to

8   any evidence.

9

10   AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.12.

11

12   GIVEN:              _____

13   REFUSED:           _____

14   MODIFIED:          _____

15   WITHDRAWN:         _____

16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          18.          Case No.  3:13-CV-00057-WHO

1    <u>**PROPOSED JURY INSTRUCTION NO. 9: - DEFNENDANTS' PROPOSAL**</u>

2    **(WEIGHT OF EVIDENCE)**

3           You may consider the ability of each party to provide evidence.  If a party provided

4    weaker evidence when it could have provided stronger evidence, you may distrust the weaker

5    evidence.

6

7    AUTHORITY: CACI No. 203.

8

9    GIVEN:              _____

10   REFUSED:            _____

11   MODIFIED:           _____

12   WITHDRAWN:          _____

13

14   **Plaintiffs' Opposition:**

15         **This instruction should not be given, and Defendant's comments below are incorrect.
     An adverse inference rule is inappropriate in this case for the following reasons.  First, the
16   California Labor Code specifically requires employers to keep records of hours worked and
     rates of pay, which FAS undisputedly did not do here.  Cal. Labor Code §§ 226, 1174; Wage
17   Order 5-2001, ¶ 7 (requiring employer to maintain accurate payroll and time records).
     Second, several cases have held that employers have an obligation to keep records of both time
18   worked and expenses incurred.  *See, e.g., Villalpando v. Exel Direct Inc.*, No. 12-cv-04137-JCS,
     2016 U.S. Dist. LEXIS 53773, at \*20-21 (N.D. Cal. Apr. 21, 2016); *Melgar v. CSK Auto, Inc.*,
19   No. 13-CV-03769-EMC, 2015 U.S. Dist. LEXIS 170833, 2015 WL 9303977, at \*9 (N.D. Cal.
     Dec. 22, 2015).   Third, case law is legion that where employers have an obligation to produce
20   records and fail to do so, employees are entitled to put forward estimates from which the jury
     can draw just and reasonable inferences as to the damages owed.  *See Anderson v. Mt. Clemens
21   Pottery Co*., 328 U.S. 680, 687-88 (1946); *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 103, 1047
     (2016); *Alvarez v. IBP, Inc.,* 339 F.3d 894, 914 (9th Cir. 2003) ("it is "settle case law" to approve
22   "'approximated' awards where plaintiffs can establish, to an imperfect degree of certainty,
     that they 'have performed work and have not been paid in accordance with the [law].'");
23   *Villalpando*, 2016 U.S. Dist. LEXIS 53773.  Fourth, this is a certified class action in which
     representative testimony is permissible and, indeed, expected.  *See, e.g., Dilts v. Penske
24   Logistics, LLC*, 267 F.R.D. 625, 638 (S.D. Cal. 2010) (citing *Sav-On Drug Stores, Inc. v. Superior
     Court*, 34 Cal. 4th 319 (2004)); *Bell v. Farmers Ins. Exchange*, 115 Cal. App. 4th 715 (2004)
25   ("*Bell III*"). Finally, Defendant continues to misrepresent the record to the Court.  FAS has no
     evidence that Plaintiffs have and refused to produce records in this case.  As for absent class
26   members, the majority of the Discovery Vendor Group either produced records or testified
     under oath that they no longer have or could not access records except possibly in privileged
27   tax documents. Absent class members not in the Discovery Vendor Group have never been
     ordered to produce records in this case, who are not subject to any discovery obligations, have
28   been requested to produce documents at trial pursuant to subpoenas issued by Defendant.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          19.          Case No.  3:13-CV-00057-WHO

1

2   **Defendants' Response to Plaintiffs' Opposition: This is a correct statement of the law and direct authority from CACI. (*See* CACI No. 203 cited above). Moreover, like CACI, federal courts have recognized an adverse inference rule. *International Union, United Auto., etc. v. NLRB*, 459 F.2d 1329, 1336 (D.C. Cir. 1972) (The failure to bring before the tribunal some circumstance, document, or witness, when either the party himself or his opponent claims that the facts would thereby be elucidated, serves to indicate, as the most natural inference, that the party fears to do so, and this fear is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party.)**

3

4

5

6   **Many Plaintiffs seek to recover hundreds of thousands of dollars in expense and overtime damages although they have failed to produce a single record that would substantiate the hours they worked (sometimes claimed to be 16 hours a day, 7 days a week for many years without a single day off) or the hundreds of thousands of dollars in claimed expenses. The jury is entitled to consider Class Members' failure to substantiate their claimed damages. Moreover, Plaintiffs have provided no authority that an employer is required to keep records under Labor Code section 2802. As explained in *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal. App. 4th 1, 19-20 (2007), the trial court only admitted records from misclassified employees showing actual expenses as opposed to expert or lay estimates. The Court of Appeal explained that the plaintiffs' professed entitlement to use estimates "is premised on a finding that the amounts due to the drivers were not susceptible of exact proof." Id. at 20. Unlike situations in which damages cannot be proved with certainty, the drivers' allegedly unreimbursed expenses were capable of exact proof: a receipt from the purchase or some other contemporaneous record. See also Green v. Lawrence Service Co., No. LA CV12–06155 JAK (VBKx), 2013 WL 3907506, at \*11 (C.D. Cal. July 23, 2013) (denying plaintiff's motion for summary judgment on § 2802 claim in part because she did not provide "evidence of the specific necessary expenses incurred, i.e., exactly what Plaintiff had to buy or use and how much it cost").**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1   **PROPOSED JURY INSTRUCTION NO. 10: - DEFNENDANTS' PROPOSAL**

2   **(UNFAVORABLE EVIDENCE)**

3           You may consider whether a party failed to explain or deny some unfavorable

4   evidence.  Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

5

6   AUTHORITY: CACI No. 205.

7

8   GIVEN:              _____

9   REFUSED:            _____

10  MODIFIED:           _____

11  WITHDRAWN:          _____

12

13  **Plaintiffs' Opposition:  This instruction should not be given, and Defendant's comments below
    are incorrect.  An adverse inference rule is inappropriate in this case for the following reasons.

14  First, the California Labor Code specifically requires employers to keep records of hours
    worked and rates of pay, which FAS undisputedly did not do here.  Cal. Labor Code §§ 226,

15  1174; Wage Order 5-2001, ¶ 7 (requiring employer to maintain accurate payroll and time
    records).  Second, several cases have held that employers have an obligation to keep records of

16  both time worked and expenses incurred.  *See, e.g., Villapando v. Exel Direct Inc.*, No. 12-cv-
    04137-JCS, 2016 U.S. Dist. LEXIS 53773, at *20-21 (N.D. Cal. Apr. 21, 2016); *Melgar v. CSK*

17  *Auto, Inc.*, No. 13-CV-03769-EMC, 2015 U.S. Dist. LEXIS 170833, 2015 WL 9303977, at *9
    (N.D. Cal. Dec. 22, 2015).  Third, case law is legion that where employers have an obligation to

18  produce records and fail to do so, employees are entitled to put forward estimates from which
    the jury can draw just and reasonable inferences as to the damages owed.  *See Anderson v. Mt.*

19  *Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct.
    103, 1047 (2016); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 914 (9th Cir. 2003) ("it is "settle case law"

20  to approve "'approximated' awards where plaintiffs can establish, to an imperfect degree of
    certainty, that they 'have performed work and have not been paid in accordance with the

21  [law].'"); *Villapando*, 2016 U.S. Dist. LEXIS 53773.

22

23  Fourth, this is a certified class action in which representative testimony is permissible and,
    indeed, expected.  *See, e.g., Dilts v. Penske Logistics, LLC*, 267 F.R.D. 625, 638 (S.D. Cal. 2010)

24  (citing *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319 (2004)); *Bell v. Farmers Ins.*
    *Exchange*, 115 Cal. App. 4th 715 (2004) ("*Bell III*").  Finally, Defendant continues to

25  misrepresent the record to the Court.  FAS has no evidence that Plaintiffs have and refused to
    produce records in this case.  As for absent class members, the majority of the Discovery

26  Vendor Group either produced records or testified under oath that they no longer have or
    could not access records except possibly in privileged tax documents. Absent class members

27  not in the Discovery Vendor Group have never been ordered to produce records in this case,**

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          21.          Case No.  3:13-CV-00057-WHO

1
2
who are not subject to any discovery obligations, have been requested to produce documents at trial pursuant to subpoenas issued by Defendant.

3
4
5
6
**Defendants' Response to Plaintiffs' Opposition: This is a correct statement of the law and direct authority from CACI. (*See* CACI No. 205 cited above). Moreover, like CACI, federal courts have recognized an adverse inference rule. *International Union, United Auto., etc. v. NLRB*, 459 F.2d 1329, 1336 (D.C. Cir. 1972) (The failure to bring before the tribunal some circumstance, document, or witness, when either the party himself or his opponent claims that the facts would thereby be elucidated, serves to indicate, as the most natural inference, that the party fears to do so, and this fear is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party.)**

7
8
9
10
11
12
13
14
15
16
**Many Plaintiffs seek to recover hundreds of thousands of dollars in expense and overtime damages although they have failed to produce a single record that would substantiate the hours they worked (sometimes claimed to be 16 hours a day, 7 days a week for many years without a single day off) or the hundreds of thousands of dollars in claimed expenses. The jury is entitled to consider Class Members' failure to substantiate their claimed damages. Moreover, Plaintiffs have provided no authority that an employer is required to keep records under Labor Code section 2802. As explained in *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal. App. 4th 1, 19-20 (2007), the trial court only admitted records from misclassified employees showing actual expenses as opposed to expert or lay estimates. The Court of Appeal explained that the plaintiffs' professed entitlement to use estimates "is premised on a finding that the amounts due to the drivers were not susceptible of exact proof." Id. at 20. Unlike situations in which damages cannot be proved with certainty, the drivers' allegedly unreimbursed expenses were capable of exact proof: a receipt from the purchase or some other contemporaneous record. *See also Green v. Lawrence Service Co.*, No. LA CV12–06155 JAK (VBKx), 2013 WL 3907506, at \*11 (C.D. Cal. July 23, 2013) (denying plaintiff's motion for summary judgment on § 2802 claim in part because she did not provide "evidence of the specific necessary expenses incurred, i.e., exactly what Plaintiff had to buy or use and how much it cost").**

17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          22.          Case No. 3:13-CV-00057-WHO

1

2

## JOINT PROPOSED JURY INSTRUCTION NO. 11:

## (RULING ON OBJECTIONS)

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.13.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS        23.        Case No. 3:13-CV-00057-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **JOINT PROPOSED JURY INSTRUCTION NO. 12:**

## **(CREDIBILITY OF WITNESSES)**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness' testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1    Authority:        9th Cir. Civ. Jury Instr. § 1.14.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                25.                          Case No.  3:13-CV-00057-WHO

1

## JOINT PROPOSED JURY INSTRUCTION NO. 13:

2

### (BIAS)

3   Each one of us has biases about or certain perceptions or stereotypes of other people. We

4 may be aware of some of our biases, though we may not share them with others. We may not be

5 fully aware of some of our other biases.

6   Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can

7 affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and

8 how we make important decisions.

9   As jurors you are being asked to make very important decisions in this case.  You must not

10 let bias, prejudice, or public opinion influence your decision.  You must not be biased in favor of or

11 against any party or witness because of his or her disability, gender, race, religion, ethnicity, sexual

12 orientation, age, national origin, or socioeconomic status.

13   Your verdict must be based solely on the evidence presented.  You must carefully evaluate

14 the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party

15 or witness.

16 Authority:  CACI § 113.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS   26.   Case No.  3:13-CV-00057-WHO

1

## JOINT PROPOSED JURY INSTRUCTION NO. 14:

2

## (CONDUCT OF THE JURY)

3    I will now say a few words about your conduct as jurors.

4    First, keep an open mind throughout the trial, and do not decide what the verdict

5    should be until you and your fellow jurors have completed your deliberations at the end of the case.

6    Second, because you must decide this case based only on the evidence received in the

7    case and on my instructions as to the law that applies, you must not be exposed to any other

8    information about the case or to the issues it involves during the course of your jury duty. Thus, until

9    the end of the case or unless I tell you otherwise:

10    Do not communicate with anyone in any way and do not let anyone else communicate

11    with you in any way about the merits of the case or anything to do with it. This includes discussing

12    the case in person, in writing, by phone or electronic means, via email, text messaging, or any

13    internet chat room, blog, website or application, including but not limited to Facebook, YouTube,

14    Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to

15    communicating with your fellow jurors until I give you the case for deliberation, and it applies to

16    communicating with everyone else including your family members, your employer, the media or

17    press, and the people involved in the trial, although you may notify your family and your employer

18    that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you

19    are asked or approached in any way about your jury service or anything about this case, you must

20    respond that you have been ordered not to discuss the matter and report the contact to the court.

21    Because you will receive all the evidence and legal instruction you properly may

22    consider to return a verdict: do not read, watch or listen to any news or media accounts or

23    commentary about the case or anything to do with it, although I have no information that there will

24    be news reports about this case; do not do any research, such as consulting dictionaries, searching

25    the Internet, or using other reference materials; and do not make any investigation or in any other

26    way try to learn about the case on your own. Do not visit or view any place discussed in this case,

27    and do not use Internet programs or other devices to search for or view any place discussed during

28    the trial. Also, do not do any research about this case, the law, or the people involved—including the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          27.          Case No. 3:13-CV-00057-WHO

1    parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read

2    or hear anything touching on this case in the media, turn away and report it to me as soon as

3    possible.

4           These rules protect each party's right to have this case decided only on evidence that

5    has been presented here in court. Witnesses here in court take an oath to tell the truth, and the

6    accuracy of their testimony is tested through the trial process. If you do any research or investigation

7    outside the courtroom, or gain any information through improper communications, then your verdict

8    may be influenced by inaccurate, incomplete or misleading information that has not been tested by

9    the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide

10   the case based on information not presented in court, you will have denied the parties a fair trial.

11   Remember, you have taken an oath to follow the rules, and it is very important that you follow these

12   rules.

13          A juror who violates these restrictions jeopardizes the fairness of these proceedings,

14   and a mistrial could result that would require the entire trial process to start over. If any juror is

15   exposed to any outside information, please notify the court immediately.

16

17   AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.15.

18

19   GIVEN:              _____

20   REFUSED:            _____

21   MODIFIED:           _____

22   WITHDRAWN:          _____

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          28.          Case No.  3:13-CV-00057-WHO

1

**JOINT PROPOSED JURY INSTRUCTION NO. 15:**

2

**(NO TRANSCRIPT AVAILABLE TO JURY)**

3          I urge you to pay close attention to the trial testimony as it is given. During

4    deliberations you will not have a transcript of the trial testimony.

5

6    AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.17.

7

8    GIVEN:              _____

9    REFUSED:            _____

10   MODIFIED:           _____

11   WITHDRAWN:          _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          29.          Case No.  3:13-CV-00057-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **JOINT PROPOSED JURY INSTRUCTION NO. 16:**

### **(TAKING NOTES)**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.18.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          30.          Case No.  3:13-CV-00057-WHO

1    **JOINT PROPOSED JURY INSTRUCTION NO. 17:**

2    **(BENCH CONFERENCES AND RECESSES)**

3            From time to time during the trial, it may become necessary for me to talk with the

4    attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is

5    present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we

6    are working.  The purpose of these conferences is not to keep relevant information from you, but to

7    decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and

8    error.

9            Of course, we will do what we can to keep the number and length of these

10   conversations to a minimum.  I may not always grant an attorney's request for a conference.  Do not

11   consider my granting or denying a request for a conference as any indication of my opinion of the

12   case or of what your verdict should be.

13

14   AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.20.

15

16   GIVEN:              _____

17   REFUSED:            _____

18   MODIFIED:           _____

19   WITHDRAWN:          _____

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS            31.            Case No.  3:13-CV-00057-WHO

1

**JOINT PROPOSED JURY INSTRUCTION NO. 18:**

2

**(OUTLINE OF TRIAL)**

3          Trials proceed in the following way:  First, each side may make an opening statement.

4   An opening statement is not evidence.  It is simply an outline to help you understand what that party

5   expects the evidence will show.  A party is not required to make an opening statement.

6          Plaintiffs will then present evidence, and counsel for Defendant may cross-examine.

7   Then Defendant may present evidence, and counsel for Plaintiffs may cross-examine.

8          After the evidence has been presented, I will instruct you on the law that applies to

9   the case and the attorneys will make closing arguments.

10          After that, you will go to the jury room to deliberate on your verdict.

11

12   AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 1.21.

13

14   GIVEN:                    _____

15   REFUSED:                _____

16   MODIFIED:              _____

17   WITHDRAWN:         _____

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          32.          Case No.  3:13-CV-00057-WHO

1

**JOINT PROPOSED JURY INSTRUCTION NO. 19:**

2

**(STIPULATIONS OF FACT)**

3

The parties have agreed to certain facts as follows:

4

    1.  _____.

5

    2.

6

You should therefore treat these facts as having been proved.

7

8

AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 2.2.

9

10

GIVEN:    _____

11

REFUSED:    _____

12

MODIFIED:    _____

13

WITHDRAWN:    _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS    33.    Case No.  3:13-CV-00057-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTION NO. 20:**

**(DEPOSITION IN LIEU OF LIVE TESTIMONY)**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial as evidence under certain circumstances.  If I permit deposition testimony to be introduced at trial in lieu of live testimony, you should consider that deposition testimony as if the witness had been present to testify in court at trial.

Authority:       9th Cir. Civ. Jury Instr. § 2.4.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          34.          Case No. 3:13-CV-00057-WHO

1

## **JOINT PROPOSED JURY INSTRUCTION NO. 21:**

2

### **(IMPEACHMENT EVIDENCE—WITNESS)**

3          You have heard evidence that a witness, [e.g. has been convicted of a felony, lied

4   under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding

5   whether or not to believe this witness and how much weight to give to the testimony of that witness

6   and for no other purpose.

7

8   AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 2.9.

9

10  GIVEN:              _____

11  REFUSED:            _____

12  MODIFIED:           _____

13  WITHDRAWN:          _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                 35.                 Case No.  3:13-CV-00057-WHO

1

2

### **JOINT PROPOSED JURY INSTRUCTION NO. 22:**

### **(USE OF INTERROGATORIES)**

3

4

5

6

7

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made by a witness testifying from the witness stand.

8

Authority:       9th Cir. Civ. Jury Instr. § 2.11.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS         36.         Case No.  3:13-CV-00057-WHO

1    **JOINT PROPOSED JURY INSTRUCTION NO. 23:**

2    **(USE OF REQUESTS FOR ADMISSION)**

3    Evidence was presented to you in the form of admissions to the truth of certain facts.

4 These admissions were given in writing before the trial, in response to requests that were submitted

5 under established court procedures.  You must treat these facts as having been proved.

6

7 AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 2.12.

8

9 GIVEN:            _____

10 REFUSED:         _____

11 MODIFIED:        _____

12 WITHDRAWN:       _____

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          37.          Case No.  3:13-CV-00057-WHO

1

2

## JOINT PROPOSED JURY INSTRUCTION NO. 24:

## (EXPERT OPINION) (depending on whether expert opinion is allowed)

3      You have heard testimony from certain experts and the reasons for their opinions.

4   This opinion testimony is allowed, because of the education or experience of this witness.

5      Such opinion testimony should be judged like any other testimony.  You may accept

6   it or reject it, and give it as much weight as you think it deserves, considering the witness' education

7   and experience, the reasons given for the opinion, and all other evidence in the case.

8

9   AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 2.13.

10

11   GIVEN:             _____

12   REFUSED:           _____

13   MODIFIED:          _____

14   WITHDRAWN:         _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          38.          Case No.  3:13-CV-00057-WHO

1

2

**JOINT PROPOSED JURY INSTRUCTION NO. 25:**

**(CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE)**

3

4

5

6

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence of the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

7

8     AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 2.14.

9

10    GIVEN:              _____

11    REFUSED:            _____

12    MODIFIED:           _____

13    WITHDRAWN:          _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          39.          Case No.  3:13-CV-00057-WHO

1

2

## JOINT PROPOSED JURY INSTRUCTION NO. 26:

## (CHARTS AND SUMMARIES IN EVIDENCE)

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 2.15.

GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:        _____

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          40.          Case No.  3:13-CV-00057-WHO

1

**JOINT PROPOSED JURY INSTRUCTION NO. 27:**

2

**(DEMONSTRATIVE EVIDENCE)**

3     During the trial, certain materials may have been shown to you to help explain testimony or

4  other evidence.  Some of these materials may have been admitted into evidence, and you will be able

5  to review these materials during your deliberations.

6     Other materials may also have been shown to you during the trial, but they have not been

7  admitted into evidence. You will not be able to review them during your deliberations because they

8  are not themselves evidence or proof of any facts. You may, however, consider the testimony given

9  in connection with those materials.

10 Authority:     CACI § 5020.

11

12 GIVEN:          _____

13 REFUSED:        _____

14 MODIFIED:       _____

15 WITHDRAWN:      _____

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          41.          Case No.  3:13-CV-00057-WHO

1

**JOINT PROPOSED JURY INSTRUCTION NO. 28:**

2

**(DUTY TO DELIBERATE)**

3        Before you begin your deliberations, elect one member of the jury as your presiding

4 juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the

5 jury in court.

6        You shall diligently strive to reach agreement with all of the other jurors if you can do

7 so. Your verdict must be unanimous.

8        Each of you must decide the case for yourself, but you should do so only after you

9 have considered all of the evidence, discussed it fully with the other jurors, and listened to their

10 views.

11        It is important that you attempt to reach a unanimous verdict but, of course, only if

12 each of you can do so after having made your own conscientious decision. Do not be unwilling to

13 change your opinion if the discussion persuades you that you should. But do not come to a decision

14 simply because other jurors think it is right, or change an honest belief about the weight and effect of

15 the evidence simply to reach a verdict.

16

17 AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 3.1.

18

19 GIVEN:          _____

20 REFUSED:        _____

21 MODIFIED:       _____

22 WITHDRAWN:      _____

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          42.          Case No.  3:13-CV-00057-WHO

1

## JOINT PROPOSED JURY INSTRUCTION NO. 29:

2

## (COMMUNICATION WITH COURT)

3          If it becomes necessary during your deliberations to communicate with me, you may

4   send a note through the clerk, signed by any one or more of you. No member of the jury should ever

5   attempt to communicate with me except by a signed writing. I will not communicate with any

6   member of the jury on anything concerning the case except in writing or here in open court. If you

7   send out a question, I will consult with the lawyers before answering it, which may take some time.

8   You may continue your deliberations while waiting for the answer to any question. Remember that

9   you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count

10  or otherwise, until after you have reached a unanimous verdict or have been discharged.

11

12  AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 3.3.

13

14  GIVEN:                   _____

15  REFUSED:                 _____

16  MODIFIED:                _____

17  WITHDRAWN:               _____

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS     43.     Case No.  3:13-CV-00057-WHO

1

**<u>JOINT PROPOSED JURY INSTRUCTION NO. 30:</u>**

2

**(RETURN OF VERDICT)**

3

  A verdict form has been prepared for you.  After you have reached unanimous

4

agreement on a verdict, your presiding juror should complete the verdict form according to your

5

deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

6

7

AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 3.5.

8

9

GIVEN:    _____

10

REFUSED:   _____

11

MODIFIED:   _____

12

WITHDRAWN:  _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS   44.   Case No.  3:13-CV-00057-WHO

1

## JOINT PROPOSED JURY INSTRUCTION NO. 31:

2

### (DEADLOCKED JURY)

3      Members of the jury, you have advised that you have been unable to agree upon a

4  verdict in this case.  I have decided to suggest a few thoughts to you.

5      As jurors, you have a duty to discuss the case with one another and to deliberate in an

6  effort to reach a unanimous verdict if each of you can do so without violating your individual

7  judgment and conscience.  Each of you must decide the case for yourself, but only after you consider

8  the evidence impartially with your fellow jurors.  During your deliberations, you should not be

9  unwilling to reexamine your own views and change your opinion if you become persuaded that it is

10 wrong.  However, you should not change an honest belief as to the weight or effect of the evidence

11 solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

12     All of you are equally honest and conscientious jurors who have heard the same

13 evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself

14 whether you should question the correctness of your present position.

15     I remind you that in your deliberations you are to consider the instructions I have

16 given you as a whole. You should not single out any part of any instruction, including this one, and

17 ignore others.  They are all equally important.

18     You may now retire and continue your deliberations.

19

20 AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 3.7.

21

22 GIVEN:            _____

23 REFUSED:          _____

24 MODIFIED:         _____

25 WITHDRAWN:        _____

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS        45.        Case No.  3:13-CV-00057-WHO

1

**JOINT PROPOSED JURY INSTRUCTION NO. 32:**

2

**(CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT)**

3

      All parties are equal before the law and a corporation is entitled to the same fair and

4

conscientious consideration by you as any party.

5

6

AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. No. 4.1.

7

8

GIVEN:        _____

9

REFUSED:     _____

10

MODIFIED:    _____

11

WITHDRAWN:   _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS      46.      Case No.  3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 33: - DEFNENDANTS' PROPOSAL**

**(BURDEN OF PROOF REGARDING CLASS-WIDE LIABILITY)**

**After further meet and confer efforts, Defendants are withdrawing Jury Instruction 33 at this time, without waiving Defendants' objections to the Court's summary judgment ruling on the classification issue.**

**Plaintiffs preserve their objections to this instruction.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                47.                Case No.  3:13-CV-00057-WHO

## PROPOSED JURY INSTRUCTION NO. 34: - PLAINTIFFS' PROPOSAL

### (CLASS ACTIONS)

This is a class action.  The law provides that where there is a large number of similarly situated class members, they can join together and proceed as a class action.  Joining together in a class action allows the plaintiffs to pool resources and efficiently resolve common issues of law and fact that arise from the same illegal conduct.

The point of a class action is to permit the representatives' proof to act as proof for all other members of the class, so it is not necessary – or even expected – that every class member would appear at trial.  However, whatever you decide in your verdict will be binding on all members of the class, whether they have appeared or not.

The class in this case consists of "[a]ll persons who at any time from January 7, 2009 up to and through December 31, 2016 (the "Class Period") (1) were designated by FAS as independent contractors; (2) personally performed property preservation work in California pursuant to FAS work orders; and (3) while working for FAS during the Class Period, did not work for any other entity more than 30 percent of the time.  The class excludes persons who primarily performed rehabilitation or remodel work for FAS."

Your job is to decide how much money, if any, will be awarded to this class.  This Court will adopt a procedure to distribute the damages you have awarded to the class members, so that the funds are allocated appropriately according to the law and your award.  You will see from the Jury Verdict form that your award, if any, will be divided among all class members, so all will have the opportunity to share in any amount you award.

Authority:  National Consumer Law Center, Consumer Class Actions, § 16.5.2 (7th ed. 2010); Dkt. 85 (order certifying class); Dkt. 93 (Order Adopting Class Notice); *see Savaglio v. Wal-Mart Stores, Inc.*, Case NoC-835687 slip. op. (Cal. Super. Alameda Cty. Aug. 3, 2006) (Order Denying Motion of Wal-Mart To Decertify the Meal Period Class); 7A. Conte & H. Newberg, Newburg on Class Actions, § 10:4 & note 5 (4th ed. 2002).

**Defendants' comments: This jury instruction misstates the law regarding class action, and creates jury prejudice against Defendant. The Supreme Court has warned that "[i]f there is no way to ensure that the jury's damages award goes only to injured class members, that award cannot stand." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1053 (2016) (Roberts, J., concurring). A number of the *survey participants* gave responses indicating that they had not worked *any* overtime or incurred *any* unreimbursed expenses. Further, the Supreme Court in**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          48.          Case No.  3:13-CV-00057-WHO

***Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) rejected a procedure for determining damages that allowed the employer to present individual defenses only to randomly selected sample cases, assuming that such defenses would proportionately apply to the rest of the class. 564 U.S. at 347. The Court rejected this "novel project" as a "Trial by Formula" that would deprive the employer of its right to assert statutory defenses to the individual claims of all class members. *Id.* at 367.**

**Similarly, the California Supreme Court in *Duran v. U.S. Bank Nat'l Ass'n*, 59 Cal. 4th 1 (2014), followed *Dukes* and reversed class certification in a wage and hour case where the trial court had adopted a procedure that extrapolated the testimony of 21 class members to all 260 putative class members, *id.* at 15-16, while excluding testimony the employer offered to refute individual liability. *Id.* at 17-18. In reversing class certification, and excluding the plaintiffs' expert, the *Duran* court rejected the use of representative sampling that would exclude the employer's evidence in support of its defense: "reliance on statistical proof cannot be used to bar the presentation of valid defenses to either liability or damages, even if the alternative would require adjudication of a defense on an individual level. When liability is to be established on a classwide basis, the defendant must have an opportunity to present proof of affirmative defenses within whatever method the court and parties fashion to try these issues." *Id.* at 49. Defendant contends the Court should use Defendants' proposed instruction regarding class liability.**

**If this Court overrules Defendants' objections, Defendant urges this Court at a minimum to revise the instruction as stated below:**

This is a class action. The law provides that where there is a large number of similarly situated class members, they can join together and proceed as a class action. ~~Joining together in a class action allows the plaintiffs to pool resources and efficiently resolve common issues of law and fact that arise from the same illegal conduct.~~

~~The point of a class action is to permit the representatives' proof to act as proof for all other members of the class, so it is not necessary – or even expected – that every class member would appear at trial. However, w~~Whatever you decide in your verdict will be binding on all members of the class, whether they have appeared or not.

The class in this case consists of "[a]ll persons who at any time from January 7, 2009 up to and through December 31, 2016 (the "Class Period") (1) were designated by FAS as independent contractors; (2) personally performed property preservation work in California pursuant to FAS work orders; and (3) while working for FAS during the Class Period, did not work for any other entity more than 30 percent of the time. The class excludes persons who primarily performed rehabilitation or remodel work for FAS."

Your job is to decide how much money, if any, will be awarded to this class. This Court will adopt a procedure to distribute the damages you have awarded to the class members, so that the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS       49.       Case No. 3:13-CV-00057-WHO

1    funds are allocated appropriately according to the law and your award.  You will see from the Jury

2    Verdict form that your award, if any, will be divided among all class members, so all will have the

3    opportunity to share in any amount you award.

4

5    **Plaintiffs' Response:  Defendant appears to be rearguing the motion for certification before
     the jury.  This instruction as written is helpful to explain what it means for this case to be
6    brought as a class action and is consistent with the law.  Defendant's statements regarding the
     law are incorrect.**

7

8    **Defendant repeatedly cites to the concurrence in *Tyson Foods*, which is plainly *not* the holding
     in that case.  The law, in fact, supports the instruction. First, the California Labor Code
9    specifically requires employers to keep records of hours worked and rates of pay, which FAS
     undisputedly did not do here.  Cal. Labor Code §§ 226, 1174; Wage Order 5-2001, ¶ 7
10   (requiring employer to maintain accurate payroll and time records).  Second, several cases
     have held that employers have an obligation to keep records of both time worked and expenses
11   incurred.  *See, e.g., Villalpando v. Exel Direct Inc*., No. 12-cv-04137-JCS, 2016 U.S. Dist. LEXIS
     53773, at *20-21 (N.D. Cal. Apr. 21, 2016); *Melgar v. CSK Auto, Inc.*, No. 13-CV-03769-EMC,
12   2015 U.S. Dist. LEXIS 170833, 2015 WL 9303977, at *9 (N.D. Cal. Dec. 22, 2015).  Third, case
     law is legion that where employers have an obligation to produce records and fail to do so,
13   employees are entitled to put forward estimates from which the jury can draw just and
     reasonable inferences as to the damages owed.  *See Anderson v. Mt. Clemens Pottery Co*., 328
14   U.S. 680, 687-88 (1946); *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 103, 1047 (2016); *Alvarez
     v. IBP, Inc*., 339 F.3d 894, 914 (9th Cir. 2003) ("it is "settle case law" to approve
15   "'approximated' awards where plaintiffs can establish, to an imperfect degree of certainty,
     that they 'have performed work and have not been paid in accordance with the [law].'");
16   *Villalpando*, 2016 U.S. Dist. LEXIS 53773.**

17

18   **Fourth, this is a certified class action in which representative testimony is permissible and,
     indeed, expected.  *See, e.g., Dilts v. Penske Logistics, LLC*, 267 F.R.D. 625, 638 (S.D. Cal. 2010)
19   (citing *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319 (2004)); *Bell v. Farmers Ins.
     Exchange*, 115 Cal. App. 4th 715 (2004) ("*Bell III*").**

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          50.          Case No.  3:13-CV-00057-WHO

1
2

**PROPOSED JURY INSTRUCTION NO. 35: - DEFENDANTS' PROPOSAL**

**(EMPLOYEE STATUS)**

3       This Court has ruled that while Defendants classified Plaintiff Fred Bowerman and
4   class members as independent contractors, Plaintiff Fred Bowerman and class members actually are
5   employees under the law.

6       Employees can be entitled to benefits such as overtime and payment of reasonable
7   and necessary expenses the employee personally incurs doing the job.

8       Plaintiff Fred Bowerman and class members claim that Defendants failed to pay them
9   overtime premiums and failed to cover their out-of-pocket expenses.

10       Defendants contend that it properly paid class members for all the time they worked.
11   Defendants also contend that it would be impossible to itemize the costs of reasonable and necessary
12   business expenses as there is no way to differentiate from items purchased for business or personal
13   use or items purchased to perform property preservation work for other companies that the Plaintiff
14   Fred Bowerman and class members might have worked for.

15       While the Court has ruled in this case that Plaintiff Fred Bowerman and class
16   members are employees and not independent contractors, you may not infer that Defendants violated
17   the law or the Labor Code simply because they treated Plaintiff Fred Bowerman and class members
18   as independent contractors rather than employees.   The question as to whether Plaintiff Fred
19   Bowerman and class members incurred any damages as a result of the classification is separate from
20   the question as to whether the Plaintiff Fred Bowerman and class members were properly classified.
21   Your task is to determine whether there were damages and, if so, the amount of damages.

22

23   AUTHORITY: Dkt #205 (Order Granting Plaintiffs' Motion for Partial Summary Judgment).

24

25   GIVEN:        _____

26   REFUSED:     _____

27   MODIFIED:    _____

28   WITHDRAWN:   _____

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS     51.     Case No.  3:13-CV-00057-WHO

**Plaintiffs' Opposition:** This jury instruction is a blatant misstatement of the law as well as argumentative, misleading and confusing. Defendant appears to be relitigating liability in this jury instruction which will serve to confuse the jury about what their task is regarding this case. The second paragraph creates uncertainty whether employees are entitled to benefits including overtime and reimbursement of business expenses, which is certainly not the case. See Labor Code 2802 and 510. The Court has already decided Defendants are liable to the class for misclassifying them as independent contractors so the statement of non-liability is wrong. (Dkt. 205.)  The Court has also already determined that class members are entitled to overtime and reimbursement of business expenses. (Dkt. 205.) The only issue remaining is how much overtime and expense reimbursement is owed to the class. In addition, paragraph 5 misstates the nature of the case when defendants state that "you may not infer that Defendants violated the law or the Labor Code simply because they treated Plaintiffs as independent contractors rather than employees." The fact is the court found Defendants have misclassified the class and the trial is to determine the damages arising from that wholesale misclassification. Plaintiffs Jury Instruction Numbers 17-19 describes the burdens and obligations of the parties based on the law and should be used instead of this proposed instruction.

**Defendants' Response to Plaintiffs' Opposition: Defendants' Response: Plaintiff Bowerman and other claimants may or may not be entitled to an award of damages for overtime or expenses.  If a claimant did not work any overtime, there will be no award of damages for overtime.  If a claimant did not incur reimbursable expenses, there will be no award of damages for expenses.  These are factual assessments that must be made at trial.  Defendants do not seek to re-litigate in the trial court the issue of classification of Plaintiff Bowerman or the claimants.  The instruction is not argumentative, but rather is presented in a very neutral manner.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          52.          Case No.  3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 36: - DEFENDANTS' PROPOSAL**

**(WILLFUL MISCLASSIFICATION OF INDEPENDENT CONTRACTOR STATUS)**

Under California law, it is unlawful for an employer to willfully misclassify an individual as an independent contractor.

Willful misclassification occurs when an employer voluntarily and knowingly misclassifies an individual as an independent contractor for the purpose of avoiding employee status.

A good faith belief that an employer's actions are not in violation of the law will preclude a finding of willfulness.

AUTHORITY:   Cal. Lab. Code § 226.8; *Noe v. Superior* Court, 237 Cal.App.4th 316 (2015); *Armenta v. Osmose, Inc.,* 135 Cal. App. 4th 314, 325 (2005).


GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____


**Plaintiffs' Position:  PAGA claims are equitable in nature so the willful misclassification claim is properly before the bench.  It is not a jury issue.  Also, PAGA penalties are mandatory and therefore a good faith believe will not preclude a finding of penalties. *Amaral v. Cintas Corp. No. 2* 163 Cal.App.4th 1157, 1213 (2008).  This instructions should not be given.**


**Defendants' Response to Plaintiffs' Opposition:  Plaintiffs' misread the law.  "Willfulness" is a condition precedent to a finding of liability of Plaintiffs' claim of willful misclassification. *Amaral* goes to penalties.   Even then, *Amaral* only stands for the proposition that the imposition of *some amount* of civil penalties is mandatory.  Per 2699(e)(2) a court maintains discretion to reduce such penalties.  *Amaral* at 1211; *see also Kinney v. Vaccari*, 27 Cal. 3d 348, 356 (1980) (punitive assessment should be proportional to defendants' misconduct, sufficient to achieve penalty's deterrent purpose, and not constitutionally excessive); *Fleming v. Covidien*, 2011 U.S. Dist. LEXIS 154590, *8-9 (C.D. Cal. Aug. 12, 2011) (reducing $2.8 million potential penalty award to $500,000, or $500 per employee).**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          53.          Case No.  3:13-CV-00057-WHO

1  **PROPOSED JURY INSTRUCTION NO. 37: - DEFENDANTS' PROPOSAL**

2  **(NONPAYMENT OF OVERTIME PREMIUMS – ESSENTIAL FACTUAL ELEMENTS)**

3  Plaintiffs claim that Defendants owe overtime pay as required by state law.   To

4  establish this claim, Plaintiff must prove all of the following:

5  1.   Plaintiffs performed work in California for Defendants as employees;

6  2.   Plaintiffs worked overtime hours in California;

7  3.   Defendants knew or should have known that Plaintiffs had worked overtime

8  hours in California;

9  4.   Plaintiffs were not paid for some or all of the overtime premiums worked; and

10  5.   The amount of overtime premium pay owed.

11  Overtime are the hours worked in excess of forty hours in a work week and/or excess

12  of eight hours in one work day or the first eight hours worked on the seventh day of work in one

13  work week.  In addition, any work in excess of 12 hours in one workday (or in excess of 8 hours on a

14  seventh day of work in a workweek) is double time.  The California Labor Code requires employers

15  to pay a premium for all overtime hours that is at 0.5 times the agreed-to rate or the applicable

16  minimum wage and a premium for double time hours that is 1.0 times the agreed-to rate or the

17  applicable minimum wage.   In determining the amount of overtime hours worked and the

18  corresponding premium, you may consider Class Members' reasonable estimates of the amount of

19  time spent and evidence presented by Defendants that those estimates are unreasonable.

20

21  AUTHORITY: CACI No. 2702; Cal. Lab. Code §§ 510, 1194; *Sullivan v. Oracle Corp.*, 51 Cal. 4th

22  1191 (2011).

23

24  GIVEN:          _____

25  REFUSED:          _____

26  MODIFIED:          _____

27  WITHDRAWN:          _____

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          54.          Case No.  3:13-CV-00057-WHO

**Plaintiffs' Opposition: This instruction misstates the law.  It is also argumentative and serves only to mislead and confuse the jury because liability regarding overtime has already been determined by the Court.  Moreover, Defendant wrongfully asserts that the class is only entitled to 0.5 times for premium pay.  Under California law "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek *shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.* Labor Code 510(a). In addition, piece rate does not cover all hours worked because the piece rate only pays for "productive" time when the employee is performing piece rate work. FAS may not attempt to spread the piece rate pay out over 40 or more hours to cover all hours worked performed by the class. *See Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 317, (2005) (rejecting federal "averaging" methodology and finding California minimum wage violation where employer paid employees only for "productive" work, or time spent performing work "directly related to maintaining utility poles in the field," but not for "nonproductive" work, or time spent performing tasks like driving, picking up supplies, and completing paperwork). See also, *Gonzalez v. Downtown LA Motors, LP*, 215 Cal. App. 4th 36, 155 Cal. Rptr. 3d 18 (2013), and *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, (2013), where the Courts held that piece-rate workers must also be paid for each hour of "nonproductive time"—time in which a worker was at work but not completing a task—and for rest, recovery, and meal periods. Thus, "a piece-rate formula that does not compensate directly for all time worked does not comply with California Labor Codes, even if, averaged out, it would pay at least minimum wage for all hours worked." *Cardenas v. McLane Foodservs., Inc.*, 796 F. Supp. 2d 1246, 1252 (C.D. Cal. 2011).**

**Plaintiffs' Proposed Jury Instruction No. 37 should be given instead.**

**Plaintiffs have submitted a jury instruction specific to Julia Magdaleno f/k/a Bowerman at Instruction Number 54, that contains the essential elements of her nonpayment of overtime claims.**

**Defendants' Response to Plaintiffs' Opposition:  Plaintiffs appear to object primarily to the last two sentences of Instruction 37.  These sentences involve the proper rate of pay for overtime.  That issue is likely to be decided by the Court.  Defendants' suggest that the parties meet and confer further on Instruction 37 once the Court opines.  With respect to Plaintiffs' comments about liability for overtime having been established, Plaintiffs confuse the classification determination with issue of whether any damages are owing. Plaintiff Bowerman and other claimants may or may not be entitled to an award of damages for overtime.  If a claimant did not work any overtime, there will be no award of damages for overtime.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1
2

**PROPOSED JURY INSTRUCTION NO. 38: - PLAINTIFFS' PROPOSAL**

**(CALCULATING NON-PAYMENT OF OVERTIME COMPENSATION)**

3   Defendant owes any overtime to the class that is required under California law. Under

4   California law, the legal overtime pay rate for employees is one and one-half times the amount you

5   determine to be the employees' regular hourly rate of pay for (a) work performed after eight hours in

6   a workday; (b) work in excess of 40 hours in a workweek; and; (c) the first eight hours worked on

7   the seventh day of work in one workweek.  In addition, any work in excess of 12 hours in one

8   workday (or in excess of 8 hours on a seventh day of work in a workweek) must be compensated at a

9   rate of twice the employee's regular rate of pay.  These overtime calculations are applicable to all

10  non-exempt employees, even if they were not paid by the hour.  I have already determined that the

11  class was entitled to be paid for overtime compensation for any eligible hours in which they should

12  have been paid overtime based upon their status as employees of FAS.  It is for you to determine the

13  amount, if any, of overtime compensation due and owing that the class has proven it is entitled to

14  recover by a preponderance of the evidence.

15
16

Authority:   *See* Cal. Lab. Code §§ 510 & 1194; IWC Wage Order 5-2001; CACI § 2702 (modified).

17
18
19
20
21

**Defendants' Comments: The Court should strike Plaintiffs' proposed jury instruction and use Defendants' proposed instruction on the prior page because Defendants' proposed instruction includes both the elements for an unpaid overtime claim and how to calculate the overtime. Further, class members are not "entitled" to overtime, they are "eligible" to receive overtime, provided they worked overtime.  Additionally, by paying class members a flat amount for each work order, Defendant compensated class members straight time for each hour worked. Consequently, the Court should instruct the jury to use a .5 multiplier when calculating earned but unpaid overtime.**

22
23

**Plaintiffs' Response:**  **See previous comments regarding Defendant's jury instruction. This instruction accurately describes the law and the current status of this case.**

24
25
26
27
28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1

**PROPOSED JURY INSTRUCTION NO. 39: - PLAINTIFFS' PROPOSAL**

2

**(NONPAYMENT OF OVERTIME WAGES – PROOF OF OVERTIME HOURS WORKED)**

3      State law requires California employers to keep payroll records showing the hours worked by

4    and wages paid to employees.

5      If Field Asset Services did not keep accurate records of the hours worked by class members,

6    then class members may prove the number of overtime hours worked by making a reasonable

7    estimate of those hours.

8      In determining the amount of overtime hours worked, you may consider an estimate of

9    number of overtime hours the class members worked and any evidence presented by Defendant that

10   Plaintiffs' estimate is unreasonable.

11   Authority: CACI § 2703 (modified); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88
     (1946); *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 103, 1047 (2016); *see Villalpando v. Exel*
12   *Direct Inc.*, No. 12-cv-04137-JCS, 2016 U.S. Dist. LEXIS 53773, at *20-21 (N.D. Cal. Apr. 21,
     2016); *Melgar v. CSK Auto, Inc.*, No. 13-CV-03769-EMC, 2015 U.S. Dist. LEXIS 170833, 2015
13   WL 9303977, at *9 (N.D. Cal. Dec. 22, 2015); Cal. Labor Code §§ 226; Wage Order 5-2001, ¶ 7
     (requiring employer to maintain accurate payroll and time records).
14

15   **Defendants' comments:   Using the entire text of this CACI instruction creates prejudice**
     **against Defendants.   Defendants did not maintain records of hours worked by class members**
16   **because Defendants had a good faith belief that they were independent contractors.   Therefore,**
     **Defendants had a good faith belief that they were not required to maintain time records of**
17   **class members.   Additionally, Defendants' prior jury instruction states: "In determining the**
     **amount of overtime hours worked and the corresponding premium, you may consider Class**
18   **Members' reasonable estimates of the amount of time spent and evidence presented by**
     **Defendants that those estimates are unreasonable."**
19   **If this Court overrules Defendants' objections, Defendant urges this Court at a minimum to**
     **revise the instruction as stated below:**
20
          ~~State law requires California employers to keep payroll records showing the hours worked by~~
21
     ~~and wages paid to employees.~~
22
          ~~If Field Asset Services did not keep accurate records of the hours worked by class members,~~
23
     ~~then~~ ~~c~~Class members may prove the number of overtime hours worked by making a reasonable
24   estimate of those hours.

25        In determining the amount of overtime hours worked, you may consider an estimate of

26   number of overtime hours the class members worked and any evidence presented by Defendant that

27   Plaintiffs' estimate is unreasonable.

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          57.          Case No.  3:13-CV-00057-WHO

1

## PROPOSED JURY INSTRUCTION NO. 40: - PLAINTIFFS' PROPOSAL

2

## (JUST AND REASONABLE INFERENCE)

3        Where, as here, an employer has not provided accurate or adequate records, it is the duty of

4   the jury to draw whatever reasonable inferences can be drawn from the class's evidence as to the

5   amount of overtime worked, and as to the amount of business expenses that were incurred and not

6   reimbursed.  The class has carried out its burden if it produces sufficient evidence to show the

7   amount of overtime hours and the extent of unreimbursed business expenses.  The burden then shifts

8   to Field Asset Services to come forward with evidence of the precise amount of work performed or

9   with evidence to negate the reasonableness of the inference to be drawn from the class's evidence.  If

10  Field Asset Services fails to produce such evidence, the court may then award damages to the class,

11  even though the result may be only approximate.

12

13  Authority:  *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687-88 (1946); *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 103, 1047 (2016); *see Villalpando v. Exel Direct Inc.*, No. 12-cv-04137-JCS, 2016 U.S. Dist. LEXIS 53773, at *20-21 (N.D. Cal. Apr. 21, 2016); *Melgar v. CSK Auto, Inc.*,

14  No. 13-CV-03769-EMC, 2015 U.S. Dist. LEXIS 170833, 2015 WL 9303977, at *9 (N.D. Cal. Dec. 22, 2015); Cal. Labor Code §§ 226; Wage Order 5-2001, ¶ 7 (requiring employer to maintain

15  accurate payroll and time records); *Hernandez v. Mendoza,* 199 Cal.App.3d 721 (1988).

16  **Defendants' Comments:  The Court should strike Plaintiffs' proposed jury instruction.  First,**

17  **class members are not entitled to "just and reasonable inferences" to prove damages where they have records and other documentary evidence to establish a more accurate calculation of**

18  **damages.  Second, Plaintiffs cannot use representative data and statistical proof here because it precludes FAS from presenting individualized defenses.  Third, Plaintiffs' proposed used of**

19  **representative evidence is improper because, in violation of FAS's due process rights, it fails to provide a mechanism to ensure each class member incurred some damages and thus has**

20  **standing to bring a claim.  Fourth, Plaintiffs' impermissibly include a finding in the jury instruction when they assert "[w]here, *as here,* an employer has… ."  Finally, because of the**

21  **variance in class members' experiences, use of representative evidence would result in gross**

22  **overpayments to certain class members and underpayments to others.**

23  ***Anderson v. Mt. Clemins Pottery Co*., 328 U.S. 680 (1946) involved FLSA claims for**

24  **uncompensated work for pottery factory employees.  The *Anderson* employees punched in to a time clock, then had to walk 30 second to 3 minutes to their work stations, and then once they**

25  **arrived at their workstations, spent time preparing themselves and their station for work. Consequently, there was an estimated 5-7 minutes of time between when employees clocked in**

26  **and when they started working.  *Id*., at 685.  The Supreme Court held that an employee may**

27  **show the amount and extent of work as a matter of just and reasonable inference only "where the employer's records are inaccurate or inadequate *and the employee cannot offer convincing***

28  ***substitutes*."  *Id.* at 687 (emphasis added).  Here, there are records to prove Plaintiffs' damages**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

more accurately than reliance upon inferences.  For example, various contracts, work order reports, or any number of other documents produced in the course of discovery could verify the time period for work performed, where the work was performed, and the pay received.

*Villalpando v. Exel Direct Inc.* 2016 U.S. Dist. LEXIS 53773 (N.D. Cal. Apr. 21, 2016) is also distinguishable.  First, the decision is a district court order ruling on defendants' motion to decertify and on the parties' *Daubert* motions.  Second, while *Villalpando* discusses the use of representative evidence, it cites to *Tyson Foods, Inc. v. Bouaphakeo*, where the industrial relations expert conducted 744 videotaped observations to determine the average amount of time class members spent donning and doffing required protective equipment in different departments.  *Villalpando*, 2016 U.S. Dist. LEXIS 53773, * 21-23.  Likewise in *Villalpando*, class members who were misclassified as independent contractors completed Driver Daily Logs and various time sheets which recorded the amount of time worked for each class member. *Id.*, *11-13.

Finally, this case is not *Melgar v. CSK Auto, Inc.*, No. 13-cv-03769, 2015 WL 9303977 (N.D. Cal. Dec. 22, 2015).  There, Judge Chen confirmed that Section 2802 does not explicitly require an employer to keep records of employee expenses.  *Id.* at *9.  The defendant knew that employees used personal vehicles to take cash to the bank, but took a head-in-the-sand approach and reimbursed mileage only upon request, instead of tracking which employees made trips and automatically reimbursing them.  *Id.* at * 9-10.  That is, CSK *knew* it was not reimbursing employee business expenses.  Because of this *knowing failure* to reimburse expenses, the court held that the plaintiffs' lack of records of such expenses would not bar their recovery.  *Id.* at *9 (opining that section 2802 "imposes an affirmative duty on employers to reimburse such expenses *when it has knowledge thereof*.")

Plaintiff's Response:  Defendant's argument emphasizes Plaintiffs' position.  In addition to the other cases cited above and in Plaintiffs' trial briefs, *Hernandez v. Mendoza,* 199 Cal.App.3d 721 (1988) reaffirms the duties and obligations regarding Defendant specifically apply to California law.  Defendant fails to acknowledge it did not maintain accurate records of its employees' time or expenses.  "The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation .... In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id.* at 727.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          59.          Case No.  3:13-CV-00057-WHO

1    **PROPOSED JURY INSTRUCTION NO. 41: - PLAINTIFFS' PROPOSAL**

2    **(REPRESENTATIVE TESTIMONY)**

3         I further instruct you that the class may meet its burden of proving the amount and extent of

4    their work as a matter of just and reasonable inference by representative testimony.  This allows

5    some employees to testify about the number of hours they worked and how much they were paid, so

6    that other non-testifying class members can show the same thing by inference.  In other words, you

7    are allowed to award overtime wages and unreimbursed business expenses under California law to

8    non-testifying employees based upon the fairly representative testimony of other employees.

10   Authority: *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 103, 1047 (2016); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 914 (9th Cir. 2003); *Bell v. Farmers Ins. Exchange*, 115 Cal. App. 4th 715 (2004) ("*Bell III*"); *see Villalpando v. Exel Direct Inc.*, No. 12-cv-04137-JCS, 2016 U.S. Dist. LEXIS 53773, at *20-21 (N.D. Cal. Apr. 21, 2016); Cal. Labor Code §§ 226, 1174; Wage Order 5-2001, ¶ 7 (requiring employer to maintain accurate payroll and time records).

14   **Defendants' Comments:  The Court should strike Plaintiffs' proposed jury instruction.  First, class members are not entitled to "just and reasonable inferences" to prove damages where they have records and other documentary evidence to establish a more accurate calculation of damages.  Second, Plaintiffs cannot use representative data and statistical proof here because it precludes FAS from presenting individualized defenses.  Third, Plaintiffs' proposed used of representative evidence is improper because, in violation of FAS's due process rights, it fails to provide a mechanism to ensure each class member incurred some damages and thus has standing to bring a claim.  Finally, because of the variance in class members' experiences, use of representative evidence would result in gross overpayments to certain class members and underpayments to others.**

20   **_Anderson v. Mt. Clemins Pottery Co._, 328 U.S. 680 (1946) involved FLSA claims for uncompensated work for pottery factory employees.  The _Anderson_ employees punched in to a time clock, then had to walk 30 second to 3 minutes to their work stations, and then once they arrived at their workstations, spent time preparing themselves and their station for work.  Consequently, there was an estimated 5-7 minutes of time between when employees clocked in and when they started working.  _Id._, at 685.  The Supreme Court held that an employee may show the amount and extent of work as a matter of just and reasonable inference only "where the employer's records are inaccurate or inadequate _and the employee cannot offer convincing substitutes_." _Id._ at 687 (emphasis added).  Here, there are records to prove Plaintiffs' damages more accurately than reliance upon inferences.  For example, various contracts, work order reports, or any number of other documents produced in the course of discovery could verify the time period for work performed, where the work was performed, and the pay received**

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          60.          Case No.  3:13-CV-00057-WHO

*Villalpando v. Exel Direct Inc.* **2016 U.S. Dist. LEXIS 53773 (N.D. Cal. Apr. 21, 2016) is also distinguishable. First, the decision is a district court order ruling on defendants' motion to decertify and on the parties'** *Daubert* **motions. Second, while** *Villalpando* **discusses the use of representative evidence, it cites to** *Tyson Foods, Inc. v. Bouaphakeo*, **where the industrial relations expert conducted 744 videotaped observations to determine the average amount of time class members spent donning and doffing required protective equipment in different departments.** *Villalpando*, **2016 U.S. Dist. LEXIS 53773, \* 21-23. Likewise in** *Villalpando*, **class members who were misclassified as independent contractors completed Driver Daily Logs and various time sheets which recorded the amount of time worked for each class member.** *Id.*, **\*11-13.**

**Finally, this case is not** *Melgar v. CSK Auto, Inc.*, **No. 13-cv-03769, 2015 WL 9303977 (N.D. Cal. Dec. 22, 2015). There, Judge Chen confirmed that Section 2802 does not explicitly require an employer to keep records of employee expenses.** *Id.* **at \*9. The defendant knew that employees used personal vehicles to take cash to the bank, but took a head-in-the-sand approach and reimbursed mileage only upon request, instead of tracking which employees made trips and automatically reimbursing them.** *Id.* **at \* 9-10. That is, CSK** *knew* **it was not reimbursing employee business expenses. Because of this** *knowing failure* **to reimburse expenses, the court held that the plaintiffs' lack of records of such expenses would not bar their recovery.** *Id.* **at \*9 (opining that section 2802 "imposes an affirmative duty on employers to reimburse such expenses** *when it has knowledge thereof*.")**

**Moreover, Plaintiffs cannot use representative data and statistical proof because it precludes Defendant from presenting individualized defenses. The California Supreme Court in** *Duran v. U.S. Bank Nat'l Ass'n*, **59 Cal. 4th 1 (2014), followed** *Dukes* **and reversed class certification in a wage and hour case where the trial court had adopted a procedure that extrapolated the testimony of 21 class members to all 260 putative class members,** *id.* **at 15-16, while excluding testimony the employer offered to refute individual liability.** *Id.* **at 17-18. In reversing class certification, and excluding the plaintiffs' expert, the** *Duran* **court rejected the use of representative sampling that would exclude the employer's evidence in support of its defense: "reliance on statistical proof cannot be used to bar the presentation of valid defenses to either liability or damages, even if the alternative would require adjudication of a defense on an individual level. When liability is to be established on a classwide basis, the defendant must have an opportunity to present proof of affirmative defenses within whatever method the court and parties fashion to try these issues."** *Id.* **at 49.**

**The** *Duran* **court applied** *Wal-Mart*'s **reasoning that "a class action trial management plan must permit the litigation of relevant affirmative defenses, even when these defenses turn on individual questions."** *Id.* **at 25. Both** *Wal-Mart* **and** *Duran* **teach that plaintiffs may not use a Trial by Formula to establish class-wide damages, given defendants' right to challenge liability to individual class members.** *See also Espenscheid v. DirectSat USA, LLC*, **2011 WL 2009967, at \*17 (W.D. Wis. 2011) (pre-***Wal-Mart* **case decertifying class action because trial-by formula approach would frustrate the defense of individual claims).**

**Plaintiffs' Response: Defendant appears to argue certification again. The authority provided by Plaintiffs is controlling, notwithstanding Defendant attempts to muddle the issues by ignoring it failed to maintain proper records.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

1

2

3

4

5

6

7

8

9

10

11

12

**First, the California Labor Code specifically requires employers to keep records of hours worked and rates of pay, which FAS undisputedly did not do here.  Cal. Labor Code §§ 226, 1174; Wage Order 5-2001, ¶ 7 (requiring employer to maintain accurate payroll and time records).  Second, several cases have held that employers have an obligation to keep records of both time worked and expenses incurred.  *See, e.g., Villalpando v. Exel Direct Inc*., No. 12-cv-04137-JCS, 2016 U.S. Dist. LEXIS 53773, at \*20-21 (N.D. Cal. Apr. 21, 2016); *Melgar v. CSK Auto, Inc.*, No. 13-CV-03769-EMC, 2015 U.S. Dist. LEXIS 170833, 2015 WL 9303977, at \*9 (N.D. Cal. Dec. 22, 2015).  Third, case law is legion that where employers have an obligation to produce records and fail to do so, employees are entitled to put forward estimates from which the jury can draw just and reasonable inferences as to the damages owed.  *See Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687-88 (1946); *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 103, 1047 (2016); *Alvarez v. IBP, Inc*., 339 F.3d 894, 914 (9th Cir. 2003) ("it is "settle case law" to approve "'approximated' awards where plaintiffs can establish, to an imperfect degree of certainty, that they 'have performed work and have not been paid in accordance with the [law].'"); *Villalpando*, 2016 U.S. Dist. LEXIS 53773.**

**Fourth, this is a certified class action in which representative testimony is permissible and, indeed, expected.  *See, e.g., Dilts v. Penske Logistics, LLC*, 267 F.R.D. 625, 638 (S.D. Cal. 2010) (citing *Sav-On Drug Stores, Inc. v. Superior Court*, 34 Cal. 4th 319 (2004)); *Bell v. Farmers Ins. Exchange*, 115 Cal. App. 4th 715 (2004) ("*Bell III*").**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          62.          Case No.  3:13-CV-00057-WHO

## PROPOSED JURY INSTRUCTION NO. 42: - PLAINTIFFS' PROPOSAL

### (HOURS WORKED)

An employer is required to pay an employee for all hours worked.  Hours worked means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

Authority:        IWC Wage Order 5-2001; *Martinez v. Combs*, 49 Cal. 4th 35 (2010).

**Defendants' Comments:  The Court should strike this jury instruction.  It is extraneous as, methods for calculating overtime hours and premiums are already included in the parties' jury instructions.  Plaintiffs have no claim for unpaid straight time wages.  This jury instruction would confuse the jury and create prejudice against Defendants by implying that Defendants did not pay class members for all hours worked.  Defendants' incorporate their objections to Plaintiffs' Jury Instruction No. 37, *supra*.**

**Plaintiffs' Response:  This instruction is necessary for Plaintiffs' overtime claim, as the jury is otherwise likely to be confused by evidence that Defendant paid Plaintiffs and class members partially on a piece rate basis.  Defendant did not pay class members for all hours worked because it paid the class by task, which by definition, does not include non-productive time.  Under California law, by definition, piece rate does not cover all hours worked because the piece rate only pays for "productive" time where the employee is performing piece rate work.  FAS may not attempt to spread the piece rate pay out over 40 or more hours to cover all hours worked performed by the class. *See Armenta v. Osmose, Inc.,* 135 Cal. App. 4th 314, 317, 324 (2005) (rejecting federal "averaging" methodology and finding California minimum wage violation where employer paid employees only for "productive" work, or time spent performing work "directly related to maintaining utility poles in the field," but not for "nonproductive" work, or time spent performing tasks like driving, picking up supplies, and completing paperwork). *See also*, *Gonzalez v. Downtown LA Motors, LP,* 215 Cal. App. 4th 36, (2013); *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864 (2013), where the Courts held that piece-rate workers must also be paid for each hour of "nonproductive time"—time in which a worker was at work but not completing a task—and for rest, recovery, and meal periods. Thus, "a piece-rate formula that does not compensate directly for all time worked does not comply with the California Labor Code, even if, averaged out, it would pay at least minimum wage for all hours worked." *Cardenas v. McLane Foodservs., Inc.,* 796 F. Supp. 2d 1246, 1252 (C.D. Cal. 2011). Where employees are paid by the piece, the employer must separately compensate employees for all hours spent performing non-piece rate work. *Ontiveros v. Zamora,* 2009 U.S. Dist. LEXIS 13073; *Carrillo v. Schneider Logistics, Inc.,* 823 F.Supp.2d 1040, 1044 (C.D.Cal. 2011).**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                63.                Case No.  3:13-CV-00057-WHO

## PROPOSED JURY INSTRUCTION NO. 43: - DEFENDANTS' PROPOSAL

## (REGULAR RATE OF PAY DEFINED)

In order to calculate a Plaintiff's "regular rate of pay," you must determine whether Plaintiff and Defendants agreed to a specific hourly rate of pay for work performed.

If you can determine that Plaintiff and Defendants agreed to a specific hourly rate of pay for work performed, that is the "regular rate of pay."

If you cannot determine that the Plaintiff and Defendants agreed to a specific hourly rate, the appropriate rate is the applicable minimum wage.  The applicable state minimum wages during all periods applicable to this lawsuit are set forth in the table below:

| Effective dates | Minimum Wage |
|---|---|
| After January 1, 2016 | $10.00 |
| From July 1, 2014 to December 31, 2015 | $9.00 |
| January 7, 2009 – June 30, 2014 | $8.00 |

AUTHORITY:  *Quezada v. Con-Way Freight, Inc.*, 2013 WL 11089798, *2 (N.D. Cal. Dec. 16, 2013) (holding minimum wage applies in absence of contracted wage rate).

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

WITHDRAWN:          _____

**Plaintiffs' Opposition:  This instruction misstates the law and therefore will confuse the jury. (See Plaintiffs' Trial Brief re Overtime Calculations, Dkt. 248.) California law requires employers who use a piece rate compensation system to maintain payroll and accurate production records at the place of employment or at a central location within the state. Cal. Labor Code §1174(d); IWC Wage Order 9-2001 §7(A)(6); Labor Code §226(b); DLSE Enforcement Manual 41.2.2. Here FAS failed to maintain a payroll system which accurately reflects the payments made for hours worked.  Consequently, the class cannot determine the actual regular rate of pay because FAS failed to comply with the law.  FAS should not be allowed a windfall by using minimum wage as a basis for overtime pay when it failed to**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                64.                Case No.  3:13-CV-00057-WHO

comply with the law.  Such action would encourage other companies to flaunt their legal obligations to avoid paying their workers overtime at the proper rate of pay.

Given FAS's unlawful failures to maintain records of class members' hours of work and rates of pay, FAS should not be permitted to benefit by insisting on a minimum wage rate.  Instead, if the jury does not credit the wealth of evidence it will receive regarding the hourly rates that FAS paid for certain work, Plaintiffs should be permitted to present industry rates which are a more just proxy for the hourly rate than minimum, as they align with the work class members actually performed.

Plaintiffs' Proposed Jury Instruction No. 42 should be given instead.


**Defendants' Response to Plaintiffs' Opposition:**    Plaintiffs invite error from the Court by proposing that the jury apply an inflated hourly rate of pay for alleged non-payment of overtime.  Plaintiffs cite to no case in which overtime for misclassified employees should be premised upon such an uncertain rate.  Plaintiffs' approach calls for pure speculation, and does not meet the standard for proof of damages to a reasonable certainty.  In contrast, Defendants offer authority that minimum wage is the appropriate regular rate of pay in the absence of an agreed-upon rate.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          65.          Case No.  3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 43: - PLAINTIFFS' PROPOSAL**

**(REGULAR RATE OF PAY DEFINED)**

In order to calculate an employee's "regular rate of pay," you must determine whether Defendant agreed to pay Plaintiffs or class members a specific hourly rate of pay for work performed.

If you can determine that Defendant agreed to pay Plaintiffs or class members a specific hourly rate of pay for work performed, that is the "regular rate of pay."

If you cannot determine that the Defendants agreed to a specific hourly rate, you can determine, as demonstrated by the evidence, the most appropriate regular rate of pay that Plaintiffs and class members should receive in this case.

AUTHORITY: *Armenta*, 153 Cal. App. 4th at 323 (2005) (noting that Labor Code sections 221-223 confirm a contracted rate hourly rate must be honored); *Quezada v. Con-Way Freight, Inc.,* No. C 09-03670 JSW, 2013 U.S. Dist. LEXIS 189954, at *5 (N.D. Cal. Dec. 16, 2013) (minimum wage would apply only where no evidence of a contracted wage rate and paying less than a contracted rate would violate § 223); *see also Reich v. Midwest Body Corp.*, 843 F. Supp. 1249, 1251 (N.D. Ill. 1994) (holding, under the FLSA, that "[o]vertime rates cannot be avoided by manipulating the pay for regular hours or otherwise reducing the pay for regular hours to make up for the 150% overtime rate that will have to be paid.")

GIVEN:        _____

REFUSED:        _____

MODIFIED:        _____

WITHDRAWN:        _____

**Defendants' Comments:   Plaintiffs' claim the jury should be advised that, "If you cannot determine that the Defendants agreed to a specific hourly rate, you can determine, as demonstrated by the evidence, the most appropriate regular rate of pay that Plaintiffs and class members should receive in this case."  This instruction is vague and provides no guidance to the jury.  It is an invitation for mischief and error, and does not meet the standard for proof of damages to a reasonable certainty.  In contrast, Defendants offer authority that minimum wage is the appropriate regular rate of pay in the absence of an agreed-upon rate.  Further, in California, it is well established that an employer must pay its employees at either the statutory or agreed-upon rate.  *See Armenta v. Osmose*, 153 Cal. App. 4th 314, 323 (2005) (explaining that Labor Code sections 221, 222 and 223 articulate this principal).  In the absence of any contract to pay a certain hourly wage, then by definition, an employer's obligation is to pay the**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS        66.        Case No.  3:13-CV-00057-WHO

minimum wage.  By choosing (or permitting the jury to select) a rate other than the applicable California minimum wage, this Court would in essence set a contractual rate between Defendants and the class members above anything that was ever agreed to.  *Quezada v. Con-Way Freight, Inc.*, 2013 WL 11089798, *2 (N.D. Cal. Dec. 16, 2013) (explaining that to require defendant to compensate its employees at a particular hourly rate would be to "reform its contracts with its employees").  The Court has no authority to create or permit a factfinder to create a new contract of compensation between Defendant and class members.  *Id*.  Thus, this Court should not instruct the jury to use any rate that the parties have not agreed to use and should instruct the jury to use the applicable California minimum wage.

**Plaintiffs' Response:**  Determination of the regular rate of pay is a task for the jury.  California law requires employers who use a piece rate compensation system to maintain payroll and accurate production records at the place of employment or at a central location within the state. Cal. Labor Code §1174(d); IWC Wage Order 9-2001 §7(A)(6); Labor Code §226(b); DLSE Enforcement Manual 41.2.2. Here FAS failed to maintain a payroll system which accurately reflects the payments made for hours worked.  Consequently, the class cannot determine the actual regular rate of pay because FAS failed to comply with the law.  FAS should not be allowed a windfall by using minimum wage as a basis for overtime pay when it failed to comply with the law.  Such action would encourage other companies to flaunt their legal obligations to avoid paying their workers overtime at the proper rate of pay.

Given FAS's unlawful failures to maintain records of class members' hours of work and rates of pay, FAS should not be permitted to benefit by insisting on a minimum wage rate.  Instead, if the jury does not credit the wealth of evidence it will receive regarding the hourly rates that FAS paid for certain work, Plaintiffs should be permitted to present industry rates which are a more just proxy for the hourly rate than minimum, as they align with the work class members actually performed.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          67.          Case No.  3:13-CV-00057-WHO

1

**JOINT PROPOSED JURY INSTRUCTION NO. 44:**

2

**(DEFINITION OF "WORKDAY" AND "WORKWEEK")**

3     A "workday" means any consecutive 24-hour period beginning at the same time each

4 calendar day.

5     A "workweek" means seven consecutive days beginning with the same calendar day each

6 week.

7

8 Authority:     Cal. Lab. Code § 500(a); IWC Wage Order 5-2001 ¶ 2(S)-(T).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          68.          Case No.  3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 45: - DEFENDANTS' PROPOSAL**

**(BUSINESS EXPENSES)**

An employer must indemnify an employee for all reasonable and necessary expenditures or losses incurred by the employee in direct consequence of the discharge of the employee's duties, or of the employee's obedience to the directions of the employer.  Therefore, to prove a violation of this requirement, a Plaintiff must show that he or she incurred necessary and reasonable expenses either in the discharge of his or her duties or in obeying Defendants' directions.  If the decision to incur an expense was optional or voluntary, the expense does not qualify as a "necessary expense" and Defendant is not liable for reimbursement.  Further, Defendants are only liable for reasonable costs.

To establish this claim, each Plaintiff must prove all of the following:

1. That the Plaintiff performed work in California for Defendants;

2. That Plaintiff incurred expenses in direct consequence of discharging duties to Defendants;

3. That some or all of the expenditures or losses were necessary for the Plaintiff to perform the Plaintiff's duties;

4. That Defendants did not reimburse that Plaintiff for the necessary and reasonable expenditures or losses they incurred; and

5. That Defendants knew or should have known of the unreimbursed expense.

If you make all of these determinations in the affirmative, then you will determine the amount of damages, if any, that each Plaintiff should be awarded that fits the five requirements above and falls within the following categories of expenses: (1) mileage expenses; (2) telephone expenses; (3) tools and equipment expenses; (4) insurance expenses; and (5) dump fees – meaning fees paid to dumps to dispose of certain materials.

AUTHORITY:  Cal. Lab. Code § 2802; *Desimone v. Allstate Ins. Co.* (N.D. Cal. 1999) 1999 U.S. Dist. LEXIS 20059; *Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554, 568; *Stuart v.*

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          69.          Case No.  3:13-CV-00057-WHO

1   *RadioShack Corp.*, 641 F. Supp. 2d 901, 903 (N.D. Cal. 2009)

2   GIVEN:            _____

3   REFUSED:          _____

4   MODIFIED:         _____

5   WITHDRAWN:        _____

6   **Plaintiffs' Response: Defendant insists on adding all the elements for a reimbursement claim**

7   **even though liability has already been established by this Court. (Dkt. 205.) As a result, this jury instruction is misleading, confusing and improper.**

8   **This instruction should not be given. Plaintiffs' Proposed Jury Instruction No. 44 should be given instead.**

9

10  **Plaintiffs also submit an alternative that is specifically tailored to Julia Magdeleno's case which is Plaintiffs' Proposed Jury Instruction No. 53.**

11  <u>**Defendants' Comments: The Court should use Defendants' proposed jury instruction as it**</u>

12  <u>**contains elements for a business expenses claim. Plaintiffs' proposed jury instruction**</u>
    <u>**mischaracterizes the Court's holding in its Order granting partial summary judgment.**</u>

13  <u>**Further, this Court determined class members are "eligible" for reimbursement of business**</u>
    <u>**expenses because they were misclassified as independent contractors. This Court did not**</u>

14  <u>**determine that "Field Asset Services did not reimburse the class members for expense**</u>
    <u>**incurred in performing work for FAS" as represented by this jury instruction. Such language**</u>

15  <u>**in this jury instruction is prejudicial and interferes with the jury's ability to determine the**</u>
    <u>**wide range of class member damages. Survey results in this case reflect the fact that some**</u>

16  <u>**class members did not incur business expenses which were not reimbursed.**</u>

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          70.          Case No. 3:13-CV-00057-WHO

1
2

## PROPOSED JURY INSTRUCTION NO. 46: - PLAINTIFFS' PROPOSAL

### (REIMBURSEMENT OF BUSINESS EXPENSES)

3   California law requires employers to pay for all reasonable expenses or losses incurred by an

4   employee in the performance of his or her work.  I have determined that Field Asset Services did not

5   reimburse the class members for expenses incurred in performing work for FAS, as required under

6   California law, and specifically have determined that the class members are entitled to be reimbursed

7   for the unreimbursed expenses they incurred in the five following categories: (1) mileage; (2) tools

8   and equipment; (3) insurance; (4) telephone expenses; and (5) dump fees.

9   To determine how much money, if any, the class can recover on their expense reimbursement

10   claims, you should consider the amount the class established by a preponderance of the evidence it

11   incurred as reasonable business expenses in connection with their work for FAS.

12

13   Authority:  Cal. Lab. Code § 2802.

14   **Defendants' Comments:  The Court should use Defendants' proposed jury instruction on the
15   prior page.   Defendants' instruction contains elements for a business expenses claim.
    Plaintiffs' proposed jury instruction mischaracterizes the Court's holding in its Order
16   granting partial summary judgment.   Further, this Court determined class members are
    "eligible" for reimbursement of business expenses because they were misclassified as
17   independent contractors.   This Court did not determine that "Field Asset Services did not
    reimburse the class members for expense incurred in performing work for FAS" as
18   represented by this jury instruction.  Such language in this jury instruction is prejudicial and
    interferes with the jury's ability to determine the wide range of class member damages.
19   Survey results in this case reflect the fact that some class members did not incur business
    expenses which were not reimbursed.**

20   **Plaintiffs' Response:** Unlike Defendant's previous instruction, this instruction accurately states
21   the current status of the case where liability has already been established.  This instruction
    satisfies Defendant's alleged concerns because its states:  "To determine how much money, if
22   any, the class can recover…."  As a result, this instruction already contemplates that some
    class members may have not incurred any reimbursable business expenses, even though to
23   date there is no evidence that any class member did not incur at least some business expenses.
    Defendant misreads the survey data, as it plainly states that 100% of class members surveyed
    incurred unreimbursed business expenses.

24
25
26
27
28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          71.          Case No.  3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 47: - DEFENDANTS' PROPOSAL**

**(KNOWLEDGE OF UNREIMBURSED EXPENSES)**

An employer's duty to reimburse reasonable and necessary expenses is trigged once it knows or has reason to know that the employees are necessarily incurring reasonable, unreimbursed expenses. Once the employer knows that an employee needs to incur expenses in order to perform his or her duties, then the employer has the duty to exercise due diligence and take any and all reasonable steps to ensure that the employee is paid for those expenses that are reasonable and necessary.

For each class member to recover unreimbursed expenses, there must be proof that Defendants knew or should have known of the class member's unreimbursed expense. For example, if named plaintiff Fred Bowerman had an unreimbursed expense, he must also prove that Defendants knew or should have known that he had that unreimbursed expense. If Defendants did not know about, and had no reason to know about, Plaintiff Fred Bowerman's unreimbursed expense, then Defendants do not owe him any money for unreimbursed expenses.

AUTHORITY: Cal. Lab. Code § 2802; *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 567 (2007), *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 903 (N.D. Cal. 2009); *Green v. Lawrence Ser. Co.*, 2013 WL 3907506, at *11 (C.D. Cal. July 23, 2013),

GIVEN:            _____

REFUSED:         _____

MODIFIED:        _____

WITHDRAWN:       _____

**Plaintiffs' Response:** This instruction is inappropriate because the Court has already determined FAS is liable to the class for reimbursement of business expenses, i.e., that Defendant knew the expenses incurred were necessary to perform Defendant's work orders. (Dkt. 205.) In any event, FAS also misstates the law. Labor Code § 2802 "focuses not on whether an employee makes a request for reimbursement but rather on whether the employer either knows *or has reason to know that the employee has incurred a reimbursable expense. If it*

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          72.          Case No. 3:13-CV-00057-WHO

1
2
3
4
5
6

*does, it must exercise due diligence to ensure that each employee is reimbursed."* *Stuart v. Radioshack Corp.,* **641 F.Supp.2d 901, 902 (N.D.Cal. 2009) (emphasis added). The Court has already concluded that the expenses sought were necessary to perform work for FAS, and FAS offered no evidence to the contrary in the parties' cross-motions for summary judgment. FAS also failed to offer any evidence that it did not know those five categories of expenses were incurred, and the Court accepted Plaintiffs' evidence that each of the five categories of expenses were necessary to perform work for FAS. (Dkt. 85, 205.) This instruction should not be given.**

7
8
9

**Defendants' Response to Plaintiffs' Opposition: Plaintiffs confuse the liability determination with issue of whether any damages are owing. Plaintiff Bowerman and other claimants may or may not be entitled to an award of damages for business expenses. If a claimant incurs an expense that FAS did not know or should have known about, there will be no award of damages for that expense.**

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**PROPOSED JURY INSTRUCTION NO. 48: - DEFENDANTS' PROPOSAL**

**(RE UNREIMBURSED EXPENSES – CATEGORIES OF EXPENSES CLAIMED)**

Plaintiffs claim that Defendants have failed to reimburse them for specific categories of expenses that they reasonably and necessarily incurred to perform work for Defendants, including the following:

        a)  Mileage (required to reach FAS's job sites);

        b)  Insurance (required before performing any work for FAS);

        c)  Tools and equipment (required to perform work);

        d)  Cell phones (required to use FAStrack Mobile and to upload photos at job sites); and

        e)  Dump fees (required to complete work orders),

For each expense listed above, you must determine:

1.  Whether each Plaintiff necessarily incurred the expense to perform work for Defendants;

2.  Whether each expense incurred was reimbursed;

3.  Whether each expense incurred was reasonable;

4.  Whether each expense was known or should have been known to Defendants; and

5.  If so, the amount of unreimbursed expenses.

In determining the amount of unreimbursed expenses incurred, you may consider the Plaintiffs' estimate as to their expenses as well as any evidence presented by Defendants that the Plaintiffs' estimates are unreasonable.

AUTHORITY: Cal. Lab. Code § 2802; *Melgar v. CSK Auto, Inc.*, 2015 WL 9303977 (N.D. Cal. Dec. 22, 2015); *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 903 (N.D. Cal. 2009);

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          74.          Case No.  3:13-CV-00057-WHO

**Plaintiffs' Response:** This proposed instruction is cumulative, misleading and confusing as it again suggests that liability for the reimbursement of expenses has not already been established, when it has, as a matter of law.  Plaintiffs are willing to stipulate if FAS reduces this instruction to the listing of the five categories of expenses and the last paragraph allowing Plaintiffs to estimate their damages. This instruction is inappropriate because the Court has already determined FAS is liable to the class for reimbursement of business expenses, i.e., that Defendant knew the expenses incurred were necessary to perform Defendant's work orders. (Dkt. 205.) In any event, FAS also misstates the law.  Labor Code § 2802 "focuses not on whether an employee makes a request for reimbursement but rather on whether the employer either knows *or has reason to know that the employee has incurred a reimbursable expense. If it does, it must exercise due diligence to ensure that each employee is reimbursed.*" *Stuart v. Radioshack Corp.*, 641 F.Supp.2d 901, 902 (N.D.Cal. 2009) (emphasis added).  The Court has already concluded that the expenses sought were necessary to perform work for FAS, and FAS offered no evidence to the contrary in the parties' cross-motions for summary judgment.  FAS also failed to offer any evidence that it did not know those five categories of expenses were incurred, and the Court accepted Plaintiffs' evidence that each of the five categories of expenses were necessary to perform work for FAS.  (Dkt. 85, 205.) This instruction should not be given.

**Defendants' Response to Plaintiffs' Opposition:  Plaintiffs confuse the liability determination with issue of whether any damages are owing.  Plaintiff Bowerman and other claimants may or may not be entitled to an award of damages for business expenses.  If a claimant incurs an expense that does not meet the above requirements and, further, was personally incurred for work in California, within the class period, there will be no award of damages for that expense.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                    75.                    Case No.  3:13-CV-00057-WHO

1                    **PROPOSED JURY INSTRUCTION NO. 49: - DEFENDANTS' PROPOSAL**

2                         **(RE UNREIMBURSED EXPENSES – LUMP SUM PAYMENTS)**

3          The law does not specify any particular method by which an employer must pay

4 employees for necessary business expenditures.  An employer can pay an employee for necessary

5 business expenses by paying the employee more in order to cover those expenses, so long as there is

6 some means to determine the amount being paid for work performed and the amount being paid to

7 cover expenses.  An employer need not separately reimburse an employee for all actual expenses the

8 employee incurs.

9

10 AUTHORITY: Cal. Lab. Code § 2802; *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554,

11 567–575(2007).

12

13 GIVEN:            _____

14 REFUSED:         _____

15 MODIFIED:       _____

16 WITHDRAWN:     _____

17 **Plaintiffs' Response:**  This jury instruction is inappropriate and should not be given.
18 **Defendant misstates the law to mislead the jury.  Under *Gattuso v. Hart-Hanks Shoppers Inc.***
**the Court found that in order for an employer to avail itself of the lump sum payment for**
19 **expenses it is required to establish some means to identify the portion of overall compensation**
**that was intended as expense reimbursement. There is no evidence that Defendant did so here;**
20 **it did not. Moreover, Lab. Code, § 2804, required the amounts so identified be sufficient to**
**fully reimburse employees for all expenses actually and necessarily incurred. *Gattuso v. Harte-***
21 ***Hanks Shoppers, Inc.*, 42 Cal.4th 554, 555 (2007).  Wholly absent from this jury instruction is**
**Defendant's obligation to identify the amount of money allocated to expenses from FAS' price**
22 **lists, which is required under the law.  Accordingly, FAS cannot avail themselves of the lump**
**sum reimbursement scheme. Therefore this jury instruction is inappropriate here.**
23

24 **This is not a factual issue for the jury.  Defendant could have, but did not, assert a defense in**
**response to Plaintiffs' Motion for Summary Judgment that it was not liable for business**
25 **expenses because its compensation scheme contemplated the payment such expenses.  Even if it**
**had, however, the California Supreme Court has expressly precluded the eleventh hour**
26 **argument that FAS now seeks to make here, because there is no evidence that Defendant**
27 **apportioned any sums paid to the class in such a way that class members could reasonably**
**determine what portion was being allocated to business expenses. *See Gattuso*, 42 Cal.4th at**
28 **555; <u>Villalpando v. Exel Direct Inc.</u>, 161 F. Supp. 3d 873, 887 (N.D. Cal. 2016) (evidence**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS      76.      Case No.  3:13-CV-00057-WHO

1  proffered by defendant insufficient to meet employer obligations for apportionment under
2  *Gattuso*).

3  **Defendants' Response to Plaintiffs' Opposition: Plaintiffs appear to be seeking to use the jury**
4  **instruction process to summarily adjudicate a factual damages issue that is within the province**
   **of the jury to decide.  At no time have Plaintiffs sought, nor has the Court held, that lump sum**
5  **payment for expenses is unavailable in this case.  To seek such a ruling on the eve of trial,**
6  **especially though the jury instruction or special verdict process, is inappropriate and invites**
   **error.  The parties must be allowed to present evidence and argument on the issue of what**
7  **amount of damages, if any, has been incurred by Plaintiff/claimants with respect to the**
   **expenses, including arguments regarding lump sum payment.**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          77.          Case No.  3:13-CV-00057-WHO

1

**PROPOSED JURY INSTRUCTION NO. 50: - DEFENDANTS' PROPOSAL**

2

**(WAITING TIME PENALTY FOR NONPAYMENT OF WAGES)**

3

    If you decide that Plaintiffs have proved their claims against Defendants for unpaid

4

wages, then Plaintiffs may be entitled to receive an award of a civil penalty based on the number of

5

days Defendant failed to pay their wages when due.

6

    To recover the civil penalty, Plaintiffs must prove all of the following:

7

    1.      The date on which each Plaintiff's employment ended;

8

    2.      That Defendants willfully failed to pay all wages due by the date of

9

termination, or within 72 hours of notice of resignation.

10

    3.      Plaintiffs' agreed-to daily rate or the applicable minimum wage rate at the

11

time his or her employment with Defendants ended.

12

    The term "wages" includes all amounts for labor performed by an employee, whether

13

the amount is calculated by time, task, piece, commission, or some other method.

14

15

AUTHORITY:  CACI No. 2704 (as modified to change "daily wage rate" to "agreed-to daily rate or

16

the applicable minimum wage"); Cal. Lab. Code §§ 203, 218; Cal. Code Regs. § 13520 (emphasis

17

supplied).

18

GIVEN:            _____

19

REFUSED:          _____

20

MODIFIED:         _____

21

WITHDRAWN:        _____

22

23

**Plaintiffs' Response:   Defendant misleads the Court by citing CACI No. 2704, but then**

24

**modifying it without affirmatively stating it did so. Plaintiffs Jury Instruction Number 48 is**

**the better alternative.**

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          78.          Case No.  3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 51: - PLAINTIFFS' PROPOSAL**

**(DAMAGES – WAITING TIME PENALTY FOR NONPAYMENT OF WAGES)**

Class members who no longer work for Field Asset Services also may be entitled to receive an award of civil penalties based on the number of days Field Asset Services failed to pay any wages when the class members stopped working for FAS.  To recover the penalty, the class must prove that Field Asset Services willfully (that is, intentionally) failed to pay all wages due and the class members' daily wage rate at the time of employment with Field Asset Services.

Authority:    CACI § 2704 (modified); Cal. Lab. Code § 203.

**Defendants' Comments: This Court should use Defendants' form of jury instruction provided on the prior page.  Defendants' proposed jury instruction lists the elements for a waiting time penalty claim and more closely tracks the language provided in the CACI § 2704.**

**Plaintiffs' Response:  As modified this jury instruction, coupled with Plaintiffs' Proposed Jury Instruction No. 49, reads better for the jury.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS            79.            Case No.  3:13-CV-00057-WHO

1

2

**PROPOSED JURY INSTRUCTION NO. 52: - PLAINTIFFS' PROPOSAL**

**(CALCULATING WAITING TIME PENALTIES)**

3          In order to determine the amount of waiting time penalties an employee is entitled, you must

4    first determine the employee's daily wage rate which can then be multiplied by the number of days

5    of nonpayment, up to thirty days.

6          Determining an employee's daily wage rate is based upon his regular rate of pay which

7    includes all remuneration paid to him/her, including any overtime pay he/she may be entitled at the

8    rate of time and a half his regular rate of pay for all overtime hours worked.

9          For example, if an employee earns $10.00 per hour and works 10 hours per day, his daily rate

10   of pay is $110.00 [8 hours x $10.00 + 2 hours x $15.00 = $110.00] multiplied by the number of days

11   he waited for his/her unpaid wages (not to exceed 30 days).

12         In determining the class members' daily wage rate, you may consider the class members'

13   estimate of the wage rate, other evidence from the class regarding an estimate of the wage rate, and

14   any evidence presented by FAS that the estimate is unreasonable.

15

16   Authority:  Cal. Lab. Code § 203.

17

18   **Defendants' Comments:  Defendant is amenable to including the first paragraph of this jury instruction.  Paragraphs 2-4 should be stricken because this case does not involve the regular rate.  Instead of the regular rate, this Court should instruct the jury to calculate overtime and waiting time penalties by using an hourly rate that corresponds with the then applicable California minimum wage.  The Court and the jury have no authority to create a contractual hourly rate between Defendant and class members.  *Quezada v. Con-Way Freight, Inc.*, 2013 WL 11089798 (Dec. 15, 2013), * 2.  Plaintiffs invite error from the Court by proposing that the jury apply an inflated hourly rate of pay for alleged non-payment of overtime.  Plaintiffs cite to no case in which overtime for misclassified employees should be premised upon such an uncertain rate.  Plaintiffs' approach calls for pure speculation, and does not meet the standard for proof of damages to a reasonable certainty.  In contrast, Defendants offer authority that minimum wage is the appropriate regular rate of pay in the absence of an agreed-upon rate.**

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          80.          Case No.  3:13-CV-00057-WHO

**Further, the Court cannot penalize Defendant for any alleged failure to keep records by creating a higher hourly wage than what Defendant and class members agreed to.   In California, it is well established that an employer must pay its employees at either the statutory or agreed-upon rate.   *See Armenta v. Osmose*, 153 Cal. App. 4th 314, 323 (2005) (explaining that Labor Code sections 221, 222 and 223 articulate this principal).   In the absence of any contract to pay a certain hourly wage, then by definition, an employer's obligation is to pay the minimum wage.   By choosing (or permitting the jury to select) a rate other than the applicable California minimum wage, this Court would in essence set a contractual rate between Defendants and the class members above anything that was ever agreed to.   *Quezada v. Con-Way Freight, Inc.*, 2013 WL 11089798, *2 (N.D. Cal. Dec. 16, 2013) (explaining that to require defendant to compensate its employees at a particular hourly rate would be to "reform its contracts with its employees").   The Court has no authority to create or permit a factfinder to create a new contract of compensation between Defendant and class members.   *Id*.   Thus, this Court should not instruct the jury to use any rate that the parties have not agreed to use and should instruct the jury to use the applicable California minimum wage.**

**Plaintiffs' Response:   Defendant is not entitled to use a minimum wage rate, where as here, Plaintiffs were paid piece rate for tasks and nothing for non-productive work, and Defendant failed to maintain payroll and accurate production records at the place of employment or at a central location within the state. Cal. Labor Code §1174(d); IWC Wage Order 9-2001 §7(A)(6); Labor Code §226(b). Due to FAS's failures, he class cannot determine the actual regular rate of pay.  FAS should not be allowed a windfall by using minimum wage as a basis for overtime pay when it failed to comply with the law.  Such action would encourage other companies to flaunt their legal obligations to avoid paying their workers overtime at the proper rate of pay.**

**Given FAS's unlawful failures to maintain records of class members' hours of work and rates of pay, FAS should not be permitted to benefit by insisting on a minimum wage rate.  Instead, if the jury does not credit the wealth of evidence it will receive regarding the hourly rates that FAS paid for certain work, Plaintiffs should be permitted to present industry rates that are a more just proxy for the hourly rate than minimum, as they align with the work class members actually performed.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          81.          Case No.  3:13-CV-00057-WHO

## PROPOSED JURY INSTRUCTION NO. 53: - DEFENDANTS' PROPOSAL

### (WILLFULNESS AND GOOD FAITH DISPUTE)

In order to recover waiting time penalties under Labor Code Section 203, Plaintiffs must prove that Defendants acted "willfully."

A willful failure to pay wages occurs when an employer intentionally fails or refuses to pay wages to an employee when those wages are due.  However, an employee may not recover waiting time penalties if there is a good faith dispute between the parties that any wages were due.

A "good faith dispute" that any wages are due occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee.  A good faith dispute may exist even if the defense asserted by the employer is ultimately unsuccessful.


AUTHORITY:   Cal. Lab. Code § 203; Cal. Code Regs. Tit. 8, § 13520; Judicial Council of California Civil Jury Instructions (CACI) 2704; *see also, Barnhill v. Robert Saunders & Co.*, 125 Cal. App. 3d 1, 8 (1981); *Nordstrom Comm'n Cases*, 186 Cal. App. 4th 576, 584 (2010) ("There is no willful failure to pay wages if the employer and employee have a good faith dispute as to whether and when the wages were due"); *Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.*, 102 Cal. App. 4th 765, 782 (2002); *Amaral v. Cintas Corp., No. 2*, 163 Cal. App. 4th 1157 (2008); *Barnhill v. Robert Saunders & Co.*, 125 Cal. App. 3d 1, 8-9 (1981) (findings that employer's good faith belief that it had paid all wages negated a finding that plaintiff's nonpayment of wages was willful within the meaning of Section 203).


GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

WITHDRAWN:      _____


**Plaintiffs' Opposition:  This is misleading because it does not state that willful does not include a deliberate evil intent to defraud workers of wages which the employer knows to be due.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          82.          Case No.  3:13-CV-00057-WHO

*Amaral v. Cintas Corp. No. 2,* 163 Cal. App. 4th 1157, 1201 (2008); *Telles v. Su Juan Li,* 2013 U.S.Dist.LEXIS 132932, at *20   (N.D.Cal. Sep. 16, 2013, No. 5:11-CV-01470-LHK).  The instruction is further misleading because it omits that "[d]efenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a "good faith dispute."  Cal. Code Regs. Tit. 8, § 13520.

**Plaintiffs' Proposed Jury Instruction No. 50 is a better alternative.**

**Defendants' Response to Plaintiffs' Opposition: The proposed instruction is clear that a "good faith dispute" exists only where "an employer presents a defense, *based in law or fact…* " Inclusion of discussion of a "deliberate evil intent," is confusing and prejudicial.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          83.          Case No.  3:13-CV-00057-WHO

<u>**PROPOSED JURY INSTRUCTION NO. 54: - PLAINTIFFS' PROPOSAL**</u>

**(WILLFUL-DEFINED)**

The term "willful" is given a broad interpretation under the Labor Code. To be at fault within the meaning of the statute, the employer's refusal to pay need not be based on a deliberate evil purpose to defraud workers of wages which the employer knows to be due. "Willful" merely means the employer intentionally failed or refused to perform an act which was required to be done. A good faith dispute may negate a finding of willfulness. There can be no "good faith dispute" if it is based on defenses which, under all of the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith.

Authority:  Cal. Lab. Code § 203.

**<u>Defendants' Comments:</u>**  **<u>The language of Labor Code § 203 does not support the language in Plaintiff's proposed jury instruction.  In particular, Labor Code § 203 does not state: "The term "willful" is given a broad interpretation under the Labor Code."  Further, Labor Code § 203 does not states: "There can be no "good faith dispute" if it is based on defenses which, under all of the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith."  Consequently, this Court should use Defendants' proposed jury instruction regarding willfulness under Labor Code section 203, which is stated on the prior page.</u>**

**<u>Plaintiffs' Response:</u>**  **The definition of willfulness is Plaintiffs' Proposed Instruction is consistent with Cal. Code Regs. Tit. 8, § 13520.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          84.          Case No.  3:13-CV-00057-WHO

## PROPOSED JURY INSTRUCTION NO. 55: - PLAINTIFFS' PROPOSAL

## (DAMAGES – NONPAYMENT OF WAGES)

You must determine the amount of damages, if any, the class has suffered as a result of any nonpayment of overtime wages and any failure to reimburse reasonable and necessary business expenses.  The measure of damages is the difference between what the class should have been paid under California's wage and hour laws and the amount that you determine that the class was actually paid.  It is undisputed that Field Asset Services did not pay the class members overtime wages and it is undisputed that Field Asset Services did not reimburse class members for the five categories of expenses for which reimbursement is sought in this lawsuit.

As a result, in considering the issue of the class's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for the class members' damages – no more, and no less.  You should not take this instruction to mean that the class is required to prove their damages with absolute precision.  Even if the class has not proven exactly how much they are entitled to obtain in damages, you must use your best judgment to determine the amount of damages that they are owed, to the best of your ability.


Authority:      *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Hurst v. Buczek Enterprises,* LLC, No. 3:11-cv-01379-EMC, 2012 WL 10161819 (N.D.Cal. June 27, 2012); ABA Model Jury Instructions § 7.04 (1994).

**Defendants' Comments: This Court should strike Plaintiff's proposed jury instruction. Plaintiffs and class members are not entitled to damages based on the jury's calculations performed "to the best of your ability."  The Supreme Court stated in *Tyson Foods* that "inferring the hours an employee has worked from a study [] has been permitted *so long as the study is otherwise admissible.*"  136 S. Ct. at 1049 (emphasis added).  The Best Evidence Rule, as set forth in Rules 1001-1008 of the Federal Rules of Evidence, requires a party seeking to prove the contents of a writing to produce the original or account for its nonproduction.  Here, receipts and other records exist regarding Plaintiffs' alleged uncompensated hours worked and unreimbursed expenses, yet Plaintiffs are attempting to prove the contents of these records through testimony and representative sampling based on such testimony.  The representative evidence is unreliable because, among other reasons, it contains estimates that contradict written records.   To recover unreimbursed expenses, Plaintiffs must prove actual expenses, supported by evidence produced during litigation that exceeded FAS's payments.  Courts have held that plaintiffs need receipts to support a claim for unreimbursed expenses in violation of**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                85.                Case No.  3:13-CV-00057-WHO

**Labor Code § 2802. In** *Estrada v. FedEx Ground Package System, Inc.*, **154 Cal. App. 4th 1, 19-20 (2007), the trial court refused to permit proof of expenses by expert or lay estimates, limiting the proof to records showing** *actual* **expenses.  The Court of Appeal upheld this ruling.[1]  The Court of Appeal explained that plaintiffs' professed entitlement to use estimates "is premised on a finding that the amounts due to the drivers were not susceptible of exact proof."** *Id.* **at 20.  Unlike situations where damages cannot be proved with certainty, here the class members' allegedly unreimbursed expenses** *are* **capable of exact proof: a receipt from the purchase or some other contemporaneous record.** *See generally id.* **Other courts agree.** *See Ortiz v. CVS Caremark Corp.*, **No. C-12-05859 EDL, 2014 WL 1117614, at \*5 (N.D. Cal. Mar. 19, 2014) (challenge to reimbursement method would "require Plaintiffs to show that the mileage reimbursement was less than each employee's** *actual expenses"* **(emphasis added));** *see also Green v. Lawrence Service Co.*, **No. LA CV12–06155 JAK (VBKx), 2013 WL 3907506, at \*11 (C.D. Cal. July 23, 2013) (denying plaintiff's motion for summary judgment on § 2802 claim in part because she did not provide "evidence of the specific necessary expenses incurred,** *i.e., exactly what Plaintiff had to buy or use and how much it cost"* **(emphasis added));** *see generally Naser v. Metropolitan Life Ins. Co.*, **No. 5:10–CV–04475 EJD, 2013 WL 4017363, at \*4 (July 31, 2013) (criticizing belatedly-produced credit card statements in support of § 2802 claim for not being "linked to individual receipts placed in evidence evincing the precise nature of the goods or services purchased"). In** *Tyson Foods*, **the Court explained that the** *Mt. Clemens* **rule applied to "fill an evidentiary gap created the employer's failure to keep adequate records." 136 S. Ct. at 1047.  Specifically, certain work time was simply not recorded.  Here, there is no such evidentiary gap.  The extrapolations and assumptions sought by Plaintiffs here are impermissible where actual records exist.** *See also Estrada v. FedEx Ground Package System, Inc.*, **154 Cal. App. 4th 1, 20 (2007) (refusing to permit proof by expert analysis and lay testimony regarding estimates, and limiting proof to actual records).  Accordingly, class members are not entitled to a "just and reasonable inference" to prove their damages and the jury cannot award damages for the class by performing calculations "to the best of their ability."**

**Plaintiffs' Response:  This instruction is consistent with the law when Defendant has failed to meet its obligations concerning maintaining records, and Plaintiffs' ability, as a result, to offer estimates from which just and reasonable inferences can be drawn as to their hours worked and expenses incurred.  Defendant's arguments above are incorrect.** *Hernandez v. Mendoza* **(1988) 199 Cal.App.3d 721 reaffirms the duties and obligations regarding Defendant specifically apply to California law.  Defendant fails to acknowledge it did not maintain accurate records of its employees' time or expenses.  "The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to**

---

[1] The appellate court had the trial court reopen evidence to permit plaintiffs to substantiate certain claims, but those were "provable expenses that had been part of the case from the beginning, all of which were *fully documented and produced to FedEx during discovery*." *Id.* at 21 (emphasis added).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1   keep the benefits of an employee's labors without paying due compensation .... In such a
2   situation we hold that an employee has carried out his burden if he proves that he has in fact
3   performed work for which he was improperly compensated and if he produces sufficient
4   evidence to show the amount and extent of that work as a matter of just and reasonable
5   inference. The burden then shifts to the employer to come forward with evidence of the precise
6   amount of work performed or with evidence to negative the reasonableness of the inference to
    be drawn from the employee's evidence. If the employer fails to produce such evidence, the
7   court may then award damages to the employee, even though the result be only approximate."
8   *Id*. at 727. This instruction is also consistent with the ABA Model Instructions.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          87.                Case No.  3:13-CV-00057-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTION NO. 56:**

**(RECOVERING INTEREST ON UNPAID WAGES)**

If an employee is entitled to unpaid overtime wages, in addition to these unpaid wages, he or she is also entitled to 10% interest on these wages, from the date the wages were due until the date that judgment is entered.

Authority:  Cal. Lab. Code § 218.6.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          88.          Case No.  3:13-CV-00057-WHO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT PROPOSED JURY INSTRUCTION NO. 57:

### (JUDGE'S COMMENTING ON EVIDENCE)

In this case, I have exercised my right to comment on the evidence. However, you the jury are the exclusive judges of all questions of fact and of the credibility of the witnesses. You are free to completely ignore my comments on the evidence and to reach whatever verdict you believe to be correct, even if it is contrary to any or all of those comments.

Authority:     CACI § 5016.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          89.          Case No.  3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 58: - PLAINTIFFS' PROPOSAL**

**(ADDITIONAL DESCRIPTION OF THE CASE: ISSUES TO BE DECIDED AFTER ADJUDICATION OF CLASSWIDE DAMAGES)**

Now that you have made your determination with respect to the damages suffered by the class, there are several additional matters for you to address that pertain to Plaintiffs, Fred Bowerman and Julia Magdaleno, who was formerly known as Julia Bowerman.

Specifically, Plaintiffs have claims for breach of contract and breach of the covenant of good faith and fair dealing against FAS, and Julia Magdaleno, who was determined not to be a member of the class, has claims for unpaid overtime compensation, unreimbursed business expenses, and for waiting time penalties.


**Defendants' Comments: Defendant is willing to accept the majority of Plaintiffs' proposed instruction (repasted in italics below) but proposes the following changes:**

*ADDITIONAL DESCRIPTION OF THE CASE: ISSUES TO BE DECIDED AFTER ADJUDICATION OF CLASSWIDE DAMAGES*

*Now that you have made your determination with respect to the damages, if any, suffered by* ~~*the class*~~*Plaintiffs, there are several additional matters for you to address that pertain to Named Plaintiffs, Fred Bowerman and Julia Magdaleno, who was formerly known as Julia Bowerman.*

*Specifically, Mr. Bowerman and Ms. Magdaleno*~~*Plaintiffs have*~~ *claims* ~~*for*~~ *breach of contract and breach of the covenant of good faith and fair dealing against FAS, and Julia Magdaleno*~~*, who was determined not to be a member of the class,*~~ *has claims that she was misclassified as an independent contractor and that, due to this misclassification, she is entitled to*~~*for*~~ *unpaid overtime compensation, unreimbursed business expenses, and* ~~*for*~~ *waiting time penalties.*


**Plaintiffs' Response:  By deleting class, this instruction is confusing and misleading. Plaintiffs anticipate that this instruction will be given after Phase II.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          90.          Case No.  3:13-CV-00057-WHO

1

## JOINT PROPOSED JURY INSTRUCTION NO. 59:

2

### (BREACH OF CONTRACT – ELEMENTS)

3        The Named Plaintiffs (Fred Bowerman and Julia Bowerman Magdaleno) each assert

4  a breach of contract claim.  This claim must be considered separately for Fred Bowerman and Julia

5  Magdaleno Bowerman.  Each is referred to interchangeably as a "Named Plaintiff."  To recover

6  damages from Defendants for a breach of contract, a Named Plaintiff must prove all of the

7  following:

8                1.        That the Named Plaintiff and Defendants entered into a contract or contracts;

9                2.        That the Named Plaintiff did all, or substantially all, of the significant things

10  that the contract required them to do [or was excused from so doing];

11                3.        That all conditions required by the contract for Defendants' performance had

12  occurred;

13                4.        That Defendants failed to do something that the contract required it to do; and

14                5.        That the Named Plaintiff was harmed by that failure.

15

16  AUTHORITY: A complaint for breach of contract must include the following: (1) the existence of a

17  contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4)

18  damages to plaintiff therefrom. *Acoustics, Inc. v. Trepte Construction Co.* (1971) 14 Cal.App.3d

19  887, 913; CACI No. 303.

20

21  GIVEN:            _____

22  REFUSED:          _____

23  MODIFIED:         _____

24  WITHDRAWN:          _____

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                    91.                    Case No.  3:13-CV-00057-WHO

**JOINT PROPOSED JURY INSTRUCTION NO. 60:**

**(ORAL OR WRITTEN CONTRACT TERMS)**

Oral contracts are just as valid as written contracts.

Authority:     CACI § 304.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          92.          Case No.  3:13-CV-00057-WHO

## PROPOSED JURY INSTRUCTION NO.  61: - PLAINTIFFS' PROPOSAL

### (IMPLIED-IN-FACT CONTRACT)

This Court has already determined that an employment relationship existed between Fred Bowerman and Field Asset Services.  In deciding whether a contract was created with Julia Magdaleno, you should consider the conduct and relationship of the parties as well as all the circumstances of the case.

Contracts can be created by the conduct of the parties, without spoken or written words. Contracts created by conduct are just as valid as contracts formed with words.

Conduct will create a contract if the conduct of both parties is intentional and each knows, or has reason to know, that the other party will interpret the conduct as an agreement to enter into a contract.

In determining whether there was a breach of contract with respect to Julia Magdaleno, you also can consider whether an employment relationship existed between Field Asset Services and Ms. Magdaleno, and whether FAS breached any employment contract by failing to pay Ms. Magdaleno overtime wages because compliance with the California Labor Code is implied in every employment contract and failure to pay overtime wages is an automatic breach of contract.

Authority:     CACI § 305; *see also Cervantez v. Celestica Corp.*, No. 07–729, 2007 WL 8076519 * 3 (Oct. 5, 2007, *quoting Lockheed Aircraft Corp. v. Superior Court*, 28 Cal.2d 481, 486 (1946).

**Defendants' Comments: Defendant objects to the first sentence and the last paragraph of Plaintiffs' proposed jury instruction.  The first sentence – that "an employment relationship existed between Fred Bowerman and Field Asset Services," is irrelevant to Julia Magdaleno's contract claim and thus, prejudicial and should be stricken.   The last paragraph is not supported by CACI § 305.  CACI § 305 states:**

> **In deciding whether a contract was created, you should consider the conduct and relationship of the parties as well as the circumstances of the case.**

> **Contracts can be created by the conduct of the parties, without spoken or written words.  Contracts created by conduct are just as valid as contracts formed with words.**

> **Conduct will create a contract if the conduct of both parties is intentional and each knows, or has reason to know, that the other party will interpret the conduct as an agreement to enter into a contract.**

**CACI § 305.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1

2

**Defendant does not object to the inclusion of the language contained in CACI § 305. However, Defendant objects to the first sentence and final paragraph of Plaintiff's jury instruction. This jury instruction is based on Plaintiff Magdaleno's employment status. (*Cervantez v. Celestical Corp.* 2007 WL 8076519 \*3 (Oct 5 2007) (explaining that employees may bring a breach of contract claim for unpaid wages and unpaid overtime). Consequently, the last paragraph of this jury instruction should state:**

3

4

5

6

7

8

> **In determining whether there was a breach of contract with respect to Julia Magdaleno, you must first determine that she was an employee of Field Assets Services. Only if you find that she was an employee of Field Asset Services can Field Assert Services breach her employment contract by failing to pay Ms Magdeleno overtime. This is because compliance with the California Labor Code is employed in every employment contract and failure to pay overtime wages is a breach of that employment contract.**

**Finally, Defendants suggest that two separate jury instructions are created, one for Fred Bowerman, who is a class representative, and a separate jury instruction for Julia Magdaleno.**

9

10

11

12

13

**Plaintiffs' Response:** Fred Bowerman also has contract claims so this instruction pertains to his claims as well as Julia Magdaleno's claims. This proposed instruction, therefore, is appropriate. There is no reason for separate instructions for Fred Bowerman and Julia Magdaleno's claims, as Plaintiffs' proposed instruction is straightforward and appropriate.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          94.          Case No. 3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 62: - DEFENDANTS' PROPOSAL**

**(SEPARATE PROPERTY REQUIRES AN EXPLICIT WRITTEN DECLARATION OF**

**TRANSMUTATION TO CONVERT TO COMMUNITY PROPERTY)**

Property acquired before marriage is separate property and, all "rents, issue sand profits"

derived from separate property during marriage are also separate property.

While separate property of either spouse may be transmuted or changed into community

property or both, such transmutation requires an express, written declaration, joined in, consented to,

or accepted by the spouse whose interest in the property is adversely affected.

AUTHORITY: CAL. FAM. CODE §§ 770(A)(1); (A)(3); 852; *In re Marriage of Koester*, 73 Cal. App.

4th 1302 (1999).

GIVEN:         _____

REFUSED:         _____

MODIFIED:         _____

WITHDRAWN:         _____

**Plaintiffs' Response:  This instruction is inappropriate, misleading and will confuse the jury. Ms. Magdelano's claims do not depend on her marriage with Fred Bowerman. In addition, all property acquired by a spouse during marriage before separation is community property.** *See,* **Cal. Fam. Code, § 760, 771;** *In re Marriage of Lehman***, 18 Cal.4th 169, 177 (1998);** *See also, Century Surety Co. v. Polisso,* **139 Cal. App. 4th 922, 942 (2006), where the court found in an action concerning insurance coverage, the wife had an ownership interest in her spouse's sole proprietorship and therefore could be liable for the debts of the business.  Further, a sole proprietorship is not a separate legal entity; there is thus no separate property for this instruction to be relevant.** *See Providence Washington Ins. Co. v. Valley Forge Ins. Co***., 42 Cal. App. 4th 1194, 1199-1200.**

**This instruction should not be given.**

**Defendants' Response: Ms. Magdaleno's claims depend on whether she had a contractual relationship with FAS.  To the extent Mr. Bowerman had the contractual relationship with FAS, and not Ms. Magdaleno, Ms. Magdaleno's claims fail.**

*In re Marriage of Lehman***, 18 Cal.4th 169, 177 (1998) is inapposite given that it relates community property from a retirement account that was acquired (and contributed to) after marriage, not prior to marriage. Similarly,** *Century Surety Co. v. Polisso***, 139 Cal. App. 4th**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS      95.      Case No.  3:13-CV-00057-WHO

1    **922, 942 (2006) is inapposite because the two married parties jointly purchased a company**

2    **after their marriage.  The company was not purchased by one party prior to the marriage.**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          96.               Case No.  3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 63: - DEFENDANTS' PROPOSAL**

**(BREACH OF IMPLIED CONVENANT OF GOOD FAITH AND FAIR DEALING –**

**ELEMENTS)**

The Named Plaintiffs (Fred Bowerman and Julia Magdaleno) each assert a claim for breach of the implied covenant of the good faith and fair dealing. This claim must be considered separately for Fred Bowerman and Julia Magdaleno. Each is referred to interchangeably as a "Named Plaintiff."

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. Each Named Plaintiff claims that she/he had a contract with Defendants and that Defendants violated the duty to act fairly and in good faith with respect to that contract. To establish this claim, the Named Plaintiff must prove all of the following:

    1.  That the named Plaintiff and Defendants entered into a contract;

    2.  That the named Plaintiff did all, or substantially all, of the significant things that the contract required him or her to do;

    3.  That all conditions required by the contract for Defendants' performance had occurred;

    4.  That Defendants unfairly interfered with the named Plaintiff's right to receive the benefits of the contract; and

    5.  That the named Plaintiff was harmed by that failure.

AUTHORITY: *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 371–372; CACI No. 325.

GIVEN:    _____

REFUSED:   _____

MODIFIED:   _____

WITHDRAWN:  _____

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**PROPOSED JURY INSTRUCTION NO. 63: – PLAINTIFFS' PROPOSAL**

**(BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)**

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. Plaintiffs claim that Field Asset Services violated the duty to act fairly and in good faith. To establish this claim, Plaintiffs must prove all of the following:

     1.     That Plaintiffs and Field Asset Services entered into a contract or contracts;

     2.     That Field Asset Services unfairly interfered with Plaintiffs' rights to receive the benefits of the contract; and

     3.     That Plaintiffs were harmed by Field Asset Services' conduct.


Authority:     CACI § 325.

**Defendants' Comments:  This Court should use Defendants' proposed jury instruction on the prior page.  Plaintiffs' proposed jury instruction does not explain that the claim must be considered separately for Fred Bowerman and Julia Magdaleno.  By failing to provide that instruction to the jury, it creates confusion and is prejudicial towards Defendant because the jury is not aware that it could rule in favor of one Plaintiff but not the other.**

**Additionally, Defendants' proposed instruction contains a complete version of CACI § 325. Plaintiffs' proposed jury instruction is missing the second element of a breach of the implied covenant of good faith and fair dealing claim, which states:  "that Plaintiff did all, or substantially all of the significant things that the contract required him to do or that he was excused from having to do those things."  CACI § 325.  Thus, this Court should adopt Defendants' proposed instruction.**

**Plaintiffs' Response:   Plaintiffs are willing to meet and confer with Defendant to use Defendant's instruction if it deletes #3 as that element will serve to confuse the jury and is misleading given the facts of the case here.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS     98.     Case No.  3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 64: PLAINTIFFS' PROPOSAL**

**(DAMAGES – BREACH OF CONTRACT/IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)**

You must determine the amount of damages, if any, that Plaintiffs have suffered individually or together as a result of any breaches of contract or breaches of the covenant of good faith and fair dealing.  The measure of damages is the difference between what the Plaintiffs should have been paid under any contracts with Field Asset Services and the amount that they were actually paid.

As a result, in considering the issue of the Plaintiffs' damages for breach of contract and breach, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for the Plaintiffs' damages – no more, and no less.  You should not take this instruction to mean that the Plaintiffs are required to prove their damages with absolute precision.  Even if the Plaintiffs have not proven exactly how much they are entitled to obtain in damages, you must use your best judgment to determine the amount of damages that they are owed, to the best of your ability.

Authority:     *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687-88 (1946); *Hurst v. Buczek Enterprises,* LLC, No. 3:11-cv-01379-EMC, 2012 WL 10161819 (N.D.Cal. June 27, 2012); ABA Model Jury Instructions § 7.04 (1994).

**Defendants' Comments: This Court should strike Plaintiff's proposed jury instruction.  The cases cited to Plaintiffs do not apply to individual breach of contract damages and Plaintiffs are not entitled to individual breach of contract damages based on the jury's calculations performed "to the best of your ability."  The Best Evidence Rule, as set forth in Rules 1001-1008 of the Federal Rules of Evidence, requires a party seeking to prove the contents of a writing to produce the original or account for its nonproduction.  Here, receipts and other records exist regarding Plaintiffs' alleged uncompensated hours worked and unreimbursed expenses, yet Plaintiffs are attempting to prove the contents of these records through testimony and representative sampling based on such testimony. To recover unreimbursed expenses, Plaintiffs must prove actual expenses, supported by evidence produced during litigation that exceeded FAS's payments.  Courts have held that plaintiffs need receipts to support a claim for unreimbursed expenses in violation of Labor Code § 2802.  In *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal. App. 4th 1, 19-20 (2007), the trial court refused to permit proof of expenses by expert or lay estimates, limiting the proof to records showing *actual* expenses.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          99.          Case No.  3:13-CV-00057-WHO

**The Court of Appeal upheld this ruling.[2]   The Court of Appeal explained that plaintiffs' professed entitlement to use estimates "is premised on a finding that the amounts due to the drivers were not susceptible of exact proof."   *Id.* at 20.   Unlike situations where damages cannot be proved with certainty, here the Plaintiffs' allegedly unreimbursed expenses *are* capable of exact proof: a receipt from the purchase or some other contemporaneous record.   *See generally id.*.**

**Instead, the Court should use Defendants' Proposed Jury Instruction No. 73.**

**Plaintiffs' Response:  This instruction is consistent with the law when Defendant has failed to meet its obligations concerning maintaining records, as explained in detail above.  Defendant's obligation and failure to maintain records necessarily impacts this breach claim as well, which are based in part on Plaintiffs' employment rights.**

---

[2] The appellate court had the trial court reopen evidence to permit plaintiffs to substantiate certain claims, but those were "provable expenses that had been part of the case from the beginning, all of which were *fully documented and produced to FedEx during discovery*."  *Id.* at 21 (emphasis added).

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

1

**PROPOSED JURY INSTRUCTION NO. 65: - DEFENDANTS' PROPOSAL**

2

**(DEFINITION OF EMPLOYEE – PRESUMPTION)**

3

The issue for you to decide is whether or not Julia Magdaleno is an employee or independent

4

contractor of Defendant.

5

Ms. Magdaleno alleges that she was Defendants' employee.  The Defendant, Field Asset

6

Services, claims that Ms. Magdaleno was an independent contractor, and was not an employee.  Ms.

7

Magdaleno has the obligation to prove that she was Defendants' employee.  The Defendant has the

8

obligation to prove that Ms. Magdaleno was an independent contractor.

9

Authority:      *Cristler v. Express Messenger Sys., Inc.,* 171 Cal.App.4th 72, 82-83 (Cal. Ct. App.

10

2009), *review denied* (2009 Cal. LEXIS 5283 (Cal. May 20, 2009)).

11

**Plaintiffs' Response:  This instruction does not accurately state the law so therefore it should be withdrawn. See, Plaintiffs' Proposed Jury Instruction No. 61.**

12

13

**Defendants' Response to Plaintiffs' Opposition:   This instruction on California law was approved by a California trial Court and upheld by a California Court of Appeal.  The Supreme Court of California denied review of the decision.  Plaintiffs' assertion that the instruction "does not accurately state the law," lacks basis.**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

## PROPOSED JURY INSTRUCTION NO. 65: – PLAINTIFFS' PROPOSAL

### (DEFINITION OF EMPLOYEE – PRESUMPTION)

Anyone who performed work for another is presumed to be an employee.  It is undisputed that Julia Magdaleno performed work for Field Asset Services.  Thus, Julia Magdaleno is an employee, unless Defendant proves otherwise.

Authority:  *Narayan v. EGL, Inc.,* 616 F.3d 895, 900 (9th Cir. 2010); *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010).

**Defendants' Comments:  This Court should use Defendants' proposed jury instruction on the prior page that tracks the language of the jury instruction used by the trial court and approved on appeal in *Cristler v. Express Messenger Sys*, 171 Cal.App.4th 72, 82-83 (Cal. Ct. App. 2009) *review denied* (2009 Cal. LEXIS 5283 (Cal. May 20, 2009)).**

**The Court should strike this proposed jury instruction.  This is not the text of CACI § 2703, and is prejudicial and misleading to the jury.  Plaintiff bears the burden to prove her claims and must establish that she was an employee.**

**Plaintiffs' Response:** "[U]nder California law, once a plaintiff comes forward with evidence that he provided services for an employer, the employee has established a *prima facie* case that the relationship was one of employer/employee." *Narayan v. EGL, Inc.,* **616 F.3d 895, 900 (9th Cir. 2010).  The burden then shifts to the employer, to "prove, if it can, that the presumed employee was an independent contractor." *Id.*  In *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010), the California Supreme Court held that an employment relationship exists where the putative employer either: (1) exercises control over the wages, hours *or* working conditions; (2) suffers *or* permits individuals to work; *or* (3) engages individuals to work establishing a common law employment relationship.   There is no dispute that Julia Magdaleno performed services for FAS.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          102.          Case No.  3:13-CV-00057-WHO

## PROPOSED JURY INSTRUCTION NO. 66: – DEFENDANTS' PROPOSAL

### (DEFINITION OF EMPLOYEE – FACTORS TO CONSIDER)

In determining whether Ms. Magdaleno was an employee or independent contractor, you must consider a number of factors.  You will need to weigh all of these factors based on the evidence that you have heard.

1. The most important factor to consider is the extent to which the Defendant has the right to control the details of the work performed.

The following additional factors are to be considered:

2. The right to discharge at will without cause;

3. Whether Ms. Magdaleno was engaged in a distinct occupation or business;

4. The skill required in this occupation;

5. Whether Ms. Magdaleno or Field Asset Services pays for tools, equipment, and business expenses;

6. The length of time for which the services are to be performed;

7. The method of payment to Ms. Magdaleno, whether by the hour or by the job;

8. Whether or not the work done by Ms. Magdaleno is part of the regular business of Field Asset Services;

9. Whether or not the parties believe they are creating an employer-employee relationship;

10. Ms. Magdaleno's opportunity for entrepreneurial profit or loss depending upon her managerial skill;

11. Ms. Magdaleno's use of helpers/replacements; and

12. The degree of permanence of the working relationship.

These individual factors cannot be applied mechanically as separate tests; they are intertwined and their weight depends often upon particular combinations.

Authority:      *Cristler v. Express Messenger Sys., Inc.,* 171 Cal. App. 4th 72, 87 (Cal. Ct. App. 2009), *review denied* (2009 Cal. LEXIS 5283 (Cal. May 20, 2009)).

**Plaintiffs' Response:  This is not the law and should therefore be withdrawn and should use Plaintiffs' Proposed Instructions No. 61-63 accurately reflect the law and should be used.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          103.          Case No.  3:13-CV-00057-WHO

1    **Defendants' Response to Plaintiffs' Opposition:  The articulation of the appropriate factors  is**
2    **pulled directly from a jury instruction on California law that was approved by a California**
     **trial Court and upheld by a California Court of Appeal.  The Supreme Court of California**
3    **denied review of the decision.  Plaintiffs' assertion that the instruction "does not accurately**
     **state the law," lacks basis.**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          104.                    Case No.  3:13-CV-00057-WHO

1
2

**PROPOSED JURY INSTRUCTION NO. 67: – PLAINTIFFS' PROPOSAL**

**(DEFINITION OF EMPLOYEE – REBUTTING PRESUMPTION)**

3
4
5
6

Defendant claims that Julia Magdaleno was not an employee, but was an independent contractor. Field Asset Services has the burden of proving this defense. This involves considering a number of factors. You will need to weigh all of these factors based on the evidence that you have heard.

7
8
9
10
11

The single most important factor to consider is the extent to which Field Asset Services had the right to control the work performed. The more control a company may exercise over a worker, the more likely it is that an employment relationship has been established. The key inquiry is not how much of that control the employer actually exercised, but whether the employer had the right to exercise control.

12
13

There are some secondary factors to the control inquiry that may also be considered. These factors include:

14
15

- If a worker performs work that is part of the regular business of a defendant, that weighs in favor of a determination that that the worker is an employee;

16
17

- If a company may discharge a worker at any time for any reason, that weighs in favor of a determination that the worker is an employee;

18
19

- If a worker does not work independently outside of the work he does for the company, that weighs in favor of a determination that the worker is an employee;

20
21

- If the profession in question is customarily performed by employees, that weighs in favor of a determination that the worker in question is an employee;

22
23

- If the worker is paid hourly, that weighs in favor of a determination that the worker is an employee;

24
25

- If the work does not require a lot of skill or particular expertise, that weighs in favor of a determination that the worker is an employee;

26
27

- If a company supplies the materials necessary to perform work and the place where work is performed, that weighs in favor of a determination that the worker is an employee;

28

- Whether the parties acted as if they had an employer-employee relationship;

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

- If the worker had the opportunity for entrepreneurial profit or loss, that weighs in favor of a determination that the worker is not an employee; and

- If the worker could use helpers or replacements, that weighs in favor of a determination that the worker is not an employee.

No one factor is determinative in deciding whether a worker is an employee, and you may consider other factors as well that you believe to be relevant in determining whether Field Asset Services had the right to control Julia Magdaleno's work.  However, if you find that Field Asset Services had the right to control Ms. Magdaleno in the performance of her work, then you should find that she was an employee of Field Asset Services.

Defendant has the burden of demonstrating that these factors weigh in favor of the worker not being an employee.

Authority: *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318 (9th Cir. 2012); *Martinez v. Combs*, 49 Cal. 4th 35 (2010); *SG Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 349-55 (1989); *Narayan v. EGL, Inc.*, 616 F. 3d 895, 900-03 (9th Cir. 2010); CACI § 3704.  This instruction should also be given as a preliminary instruction before presentation of evidence as it is important for the jury to understand that Defendant has the burden of proof on this issue.

**Defendants' Comments:  This Court should use Defendants' proposed jury instruction on the prior page that tracks the language of the jury instruction used by the trial court and approved on appeal in *Cristler v. Express Messenger Sys*, 171 Cal.App.4th 72, 87 (Cal. Ct. App. 2009) *review denied* (2009 Cal. LEXIS 5283 (Cal. May 20, 2009)).**

**The Court should strike Plaintiffs' proposed jury instruction.  Plaintiffs' instruction begins and ends with a misstatement of the burden, fails to track all the *Borello* factors (as approved by *Cristler* and proposed by Defendant), and states the factors in a prejudicial manner.**

**Plaintiffs' Response: As this Court has already acknowledged, "under California law, once a plaintiff comes forward with evidence that he provided services for an employer, the employee has established a *prima facie* case that the relationship was one of employer/employee." *Narayan v. EGL, Inc.*, 616 F.3d 895, 900 (9th Cir. 2010).  The burden then shifts to the employer, to "prove, if it can, that the presumed employee was an independent contractor." *Id.* (Dkt. 205.)   Jury Instruction 3704 does not include this well-established presumption. Plaintiffs modified their version to fit the law as defined in the authority above. Defendant's proffered case does not reflect the current state of the law on this issue.  It is Defendant's burden to meet its affirmative defense that Plaintiff is an independent contractor, and the jury has to be so instructed.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          106.          Case No.  3:13-CV-00057-WHO

## PROPOSED JURY INSTRUCTION NO. 68: - PLAINTIFFS' PROPOSAL

## (FREEDOM INHERENT IN NATURE OF WORK DOES NOT CHANGE CHARACTER OF EMPLOYMENT RELATIONSHIP)

If an employment relationship exists, the fact that a certain amount of freedom is allowed or is inherent in the nature of the work involved does not change the character of the relationship, particularly where the employer has general supervision and control.

Authority:     *Narayan v. EGL, Inc.*, 616 F.3d 895, 904 (9th Cir. 2010); *Air Couriers Int'l v. Employ. Dev. Dep't*, 150 Cal. App. 4th 923, 934 (2007) (quoting *Grant v. Woods*, 71 Cal. App. 3d 647, 653 (1977)).

**Defendants' Comments:  The Court should strike this proposed jury instruction.  Plaintiff bears the burden to prove her claims, including whether she was an employee.  This instruction is superfluous in light of instructions Nos. 60 and 61 proposed by Defendant, *supra*, and introduces a factor that has not been approved by other courts for use in jury instructions. Further, the proposed instruction begins with a presumption of employment ("…does not change character of *employment* relationship.") that is incorrect and prejudicial.**

**This Court should use Defendants' proposed jury instructions on the prior pages that track the language of the jury instruction used by the trial court and approved on appeal in *Cristler v. Express Messenger Sys*, 171 Cal.App.4th 72, 82-83, 87 (Cal. Ct. App. 2009) *review denied* (2009 Cal. LEXIS 5283 (Cal. May 20, 2009)).**

**Plaintiffs' Response: This instruction assists the jury's understanding of the nature of control that is primary test for employee status. Further, it is Defendant's burden to demonstrate that Julia Magdaleno is an independent contractor, not the other way around.  As this Court has already acknowledged, "under California law, once a plaintiff comes forward with evidence that he provided services for an employer, the employee has established a *prima facie* case that the relationship was one of employer/employee." *Narayan v. EGL, Inc.*, 616 F.3d 895, 900 (9th Cir. 2010).  The burden then shifts to the employer, to "prove, if it can, that the presumed employee was an independent contractor." *Id.* (Dkt. 205.)  Defendant's proffered case does not reflect the current state of the law on this issue.  It is Defendant's burden to meet its affirmative defense that Plaintiff is an independent contractor, and the jury has to be so instructed. Further, it is undisputed that Julia Magdaleno performed services for Defendant.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          107.          Case No.  3:13-CV-00057-WHO

## PROPOSED JURY INSTRUCTION NO. 69: - PLAINTIFFS' PROPOSAL

## (CONTRACTS CONCERNING THE EMPLOYMENT RELATIONSHIP)

Under California law, the mere fact that the parties entered into an agreement that labels as a worker as an independent contractor is not determinative, and that label must be ignored if the parties' actual conduct establishes a different relationship.

Authority:    *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal. App. 4th 1, 10-11 (2007); *S. G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341, 349 (1989); *Narayan v. EGL, Inc*, 616 F.3d 895, 903 (9th Cir. 2010).

**Defendants' Comments:   The Court should strike this proposed jury instruction.   This instruction is superfluous in light of the instructions (Nos. 60 and 61) proposed by Defendant, _supra_, which instructions have been previously approved by California courts.   This instruction confuses the jury by seeking to recast and emphasize one of the _Borello_ factors over the others.   Further, that it begins with an asserted presumption regarding the "employment relationship" that is prejudicial.**

**This Court should use Defendants' proposed jury instructions on the prior pages that track the language of the jury instruction used by the trial court and approved on appeal in _Cristler v. Express Messenger Sys_, 171 Cal.App.4th 72, 82-83, 87 (Cal. Ct. App. 2009) _review denied_ (2009 Cal. LEXIS 5283 (Cal. May 20, 2009)).**

**Plaintiffs' response: Depending on the determination on the exhibits, this instruction may be withdrawn.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                108.                Case No.  3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 70: – PLAINTIFFS' PROPOSAL**

**(SUPPLYING OWN EQUIPMENT DOES NOT ESTABLISH INDEPENDENT**

**CONTRACTOR RELATIONSHIP)**

If you find that Julia Magdaleno supplied her own equipment, this fact alone does not establish she was an independent contractor.

Authority:     *Cargill v. Achziger*, 165 Cal.App.2d 220, 223 (1959); *Dahl-Beck Electric Co v. Rogge*, 275 Cal. App. 2d 893, 901 (1969)*; Narayan v. EGL, Inc.*, 616 F. 3d 895, 902-3 (9th Cir. 2010).

**Defendants' Comments:   The Court should strike this proposed jury instruction.   This instruction is superfluous in light of the instructions (Nos. 60 and 61) proposed by Defendant, *supra*, which instructions have been previously approved by California courts.   This instruction confuses the jury by seeking to recast and emphasize one of the *Borello* factors over the others.**

**This Court should use Defendants' proposed jury instructions on the prior pages that track the language of the jury instruction used by the trial court and approved on appeal in *Cristler v. Express Messenger Sys*, 171 Cal.App.4th 72, 82-83, 87 (Cal. Ct. App. 2009) *review denied* (2009 Cal. LEXIS 5283 (Cal. May 20, 2009)).**

**Plaintiffs Response:**   This instruction is helpful to the jury's understanding of one of the secondary factors regarding the employee status case.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                    109.                    Case No.  3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 71: - DEFENDANTS' PROPOSAL**

**(NONPAYMENT OF OVERTIME PREMIUMS – ESSENTIAL FACTUAL ELEMENTS)**

Julia Magdaleno claims that she was an employee of Field Asset Services and that Field Asset Services owes her overtime pay as required by state law.  To establish this claim, Plaintiff must prove all of the following:

1.      She was an employee of Field Asset Services

2.      Ms. Magdaleno worked overtime hours in California;

3.      Field Asset Services knew or should have known that Ms. Magdaleno had worked overtime hours in California;

4.      Ms. Magdaleno was not paid for some or all of the overtime premiums worked; and

5.      The amount of overtime premium pay owed.

Overtime are the hours worked in excess of forty hours in a work week and/or excess of eight hours in one work day.  The California Labor Code requires employers to pay a premium for all overtime hours that is at 0.5 times the agreed-to rate or the applicable minimum wage.  In determining the amount of overtime hours worked and the corresponding premium, you may consider Ms. Magdaleno's reasonable estimates of the amount of time spent, evidence presented by Field Asset Services that those estimates are unreasonable, and the evidence you find that either party could have produced but failed to regarding the amount of overtime potentially worked.


AUTHORITY: CACI No. 2702; Cal. Lab. Code §§ 510, 1194; *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191 (2011).

GIVEN:            _____

REFUSED:         _____

MODIFIED:        _____

WITHDRAWN:       _____

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          110.          Case No.  3:13-CV-00057-WHO

1
2
3
4
5
6
7

**Plaintiffs' Opposition:** This instruction misstates the law.  It is also argumentative and serves only to mislead and confuse the jury.  Once the jury determines that Ms. Magdaleno was misclassified, she is an employee.  The Court has already conclusively determined that FAS's policy and practice was to not pay overtime.  Therefore, Plaintiff need only prove the numbers of overtime hours she worked and her regular rate of pay.   Moreover, Defendant wrongfully asserts that she is only entitled to 0.5 times for premium pay.  Under California law "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek *shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.* Labor Code 510(a).

8

**Plaintiffs' Proposed Jury Instruction No. 66 should be given instead.**

9
10
11
12

**Defendants' Response to Plaintiffs' Opposition:  Plaintiffs appear to object primarily to the last two sentences of Instruction 66.  These sentences involve the proper rate of pay for overtime.  That issue is likely to be decided by the Court.  Defendants' suggest that the parties meet and confer further on Instruction 66 once the Court opines.  With respect to Plaintiffs' comments about the Court's determinations – that determination relates only to class members and the Court has determined that Ms. Magdaleno does not fit within that group.**

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

## PROPOSED JURY INSTRUCTION NO. 72: - PLAINTIFFS' PROPOSAL

### (NONPAYMENT OF OVERTIME WAGES – PROOF OF OVERTIME HOURS WORKED)

State law requires California employers to keep payroll records showing the hours worked by and wages paid to employees.

If Field Asset Services did not keep accurate records of the hours worked by Julia Magdaleno and you determine that she was an employee, then she may prove the number of overtime hours worked by making a reasonable estimate of those hours.

In determining the amount of overtime hours worked, you may consider Julia Magdaleno's estimate of the number of overtime hours worked and any evidence presented by Field Asset Services that Julia Magdaleno's estimate is unreasonable.

Authority:        CACI § 2703.

**Defendants' Comments:  The Court should strike this proposed jury instruction and use, instead, the one proposed by Defendant.  The jury instruction as framed creates prejudice and will confuse the jury.  Plaintiff bears the burden of proof on her claims and must establish that she was an employee.**

**Plaintiffs' Response:** This instruction is appropriate.  First, Defendant is incorrect that Plaintiff carries the burden here.  As this Court has already found, and is well-established, once a worker demonstrate that she has provided services to an employer, she is presumed to be an employee.  (Dkt. 205.)  There is no dispute that Julia Magdaleno provided services for FAS.  Defendant, therefore, must prove up its affirmative defense that Julia Magdaleno is an independent contractor.  Second, this Court's finding that FAS does not pay overtime wages to its vendor employees applies equally to Julia Magdaleno once the jury determines that she is an employee.

**Third, the California Labor Code specifically requires employers to keep records of hours worked and rates of pay, which FAS undisputedly did not do here.  Cal. Labor Code §§ 226, 1174; Wage Order 5-2001, ¶ 7 (requiring employer to maintain accurate payroll and time records).  Fourth, several cases have held that employers have an obligation to keep records of both time worked and expenses incurred.  *See, e.g.*, *Villalpando v. Exel Direct Inc.*, No. 12-cv-04137-JCS, 2016 U.S. Dist. LEXIS 53773, at *20-21 (N.D. Cal. Apr. 21, 2016); *Melgar v. CSK Auto, Inc.*, No. 13-CV-03769-EMC, 2015 U.S. Dist. LEXIS 170833, 2015 WL 9303977, at *9 (N.D. Cal. Dec. 22, 2015).  Fifth, case law is legion that where employers have an obligation to produce records and fail to do so, employees are entitled to put forward estimates from which the jury can draw just and reasonable inferences as to the damages owed.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946); *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 103, 1047 (2016); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 914 (9th Cir. 2003) ("it is "settle case law" to approve "'approximated' awards where plaintiffs can establish, to an imperfect degree of**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          112.          Case No.  3:13-CV-00057-WHO

1   certainty, that they 'have performed work and have not been paid in accordance with the
2   [law].'"); *Villalpando*, 2016 U.S. Dist. LEXIS 53773.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          113.          Case No.  3:13-CV-00057-WHO

1

**PROPOSED JURY INSTRUCTION NO. 73: - PLAINTIFFS' PROPOSAL**

2

**(HOURS WORKED)**

3

An employer is required to pay an employee for all hours worked. Hours worked means the

4

time during which an employee is subject to the control of an employer, and includes all the time the

5

employee is suffered or permitted to work, whether or not required to do so.

6

7

Authority: IWC Wage Order 5-2001; *Martinez v. Combs*, 49 Cal. 4th 35 (2010).

8

**Defendants' Comments: Defendants' Comments: The Court should strike this jury**

9

**instruction. It is extraneous, methods for calculating overtime hours and premiums already**

**included in the parties' jury instructions. Plaintiffs have no claim for unpaid straight time**

10

**wages. This jury instruction would confuse the jury and create prejudice against Defendants**

**by implying that Defendants did not pay class members for all hours worked.**

11

**Plaintiffs' Response: Because Defendant paid by task rather than by the hour there are a**

12

**number of non-productive hours that were not paid for by Defendant and therefore this**

**instruction is critical for the jury.**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          114.          Case No. 3:13-CV-00057-WHO

## PROPOSED JURY INSTRUCTION NO. 74: - DEFENDANTS' PROPOSAL

## (BUSINESS EXPENSES)

An employer must indemnify an employee for all reasonable and necessary expenditures or losses incurred by the employee in direct consequence of the discharge of the employee's duties, or of the employee's obedience to the directions of the employer.  Therefore, this instruction only comes into play if you determine that Ms. Magdaleno was an employee of Field Asset Services.

If you do, then Ms. Magdaleno must show that she was or she incurred necessary and reasonable expenses either in the discharge of her duties or in obeying Field Assert Service's directions.  If the decision to incur an expense was optional or voluntary, the expense does not qualify as a "necessary expense" and Defendant is not liable for reimbursement.   Further, Defendants are only liable for reasonable costs.

To establish this claim, Ms. Magdaleno must prove all of the following:

1. That she was an employee of Field Assert Services;

2. That she performed work in California for Field Assert Services;

3. That Ms. Magdaleno incurred expenses in direct consequence of discharging duties to Field Assert Services;

4. That some or all of the expenditures or losses were necessary for Ms. Magdaleno to perform Ms. Magdaleno's duties for Field Asset Services;

5. That Field Assert Services did not reimburse Ms. Magdaleno for the necessary and reasonable expenditures or losses they incurred;

6. That Field Assert Services knew or should have known of the unreimbursed expense; and

If you make all of these determinations in the affirmative, then you will determine the amount of damages, if any, that Ms. Magdaleno should be awarded that fits the five requirements above and falls within the following categories of expenses: (1) mileage expenses; (2) telephone expenses; (3) tools and equipment expenses; (4) insurance expenses; and (5) dump fees – meaning

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          115.          Case No.  3:13-CV-00057-WHO

1  fees paid to dumps to dispose of certain materials.

2

3  AUTHORITY:  Cal. Lab. Code § 2802; *Desimone v. Allstate Ins. Co.* (N.D. Cal. 1999) 1999 U.S.

4  Dist. LEXIS 20059; *Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554, 568; *Stuart v.*

5  *RadioShack Corp.*, 641 F. Supp. 2d 901, 903 (N.D. Cal. 2009); Doc. No. 205 (order on MSJ).

6  GIVEN:            _____

7  REFUSED:          _____

8  MODIFIED:         _____

9  WITHDRAWN:        _____

10

11  **Plaintiffs' Response:  This is the same objectionable instruction offered previously for the class.  For the same reasons, this instruction should be withdrawn. Plaintiffs' Proposed Jury Instruction No. 68 should be given instead.**

12

13  **Defendants' Response to Plaintiffs' Opposition:  The Court should use Defendants' proposed jury instruction as it contains elements for a business expenses claim.  Plaintiffs' proposed jury instruction mischaracterizes the Court's holding in its Order granting partial summary judgment.  Further, this Court determined class members are "eligible" for reimbursement of business expenses because they were misclassified as independent contractors.  This Court did not determine that "Field Asset Services did not reimburse the class members for expense incurred in performing work for FAS" as represented by this jury instruction.  Such language in this jury instruction is prejudicial and interferes with the jury's ability to determine the wide range of class member damages.  Survey results in this case reflect the fact that some class members did not incur business expenses that were not reimbursed.**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          116.          Case No.  3:13-CV-00057-WHO

## PROPOSED JURY INSTRUCTION NO. 75: - PLAINTIFFS' PROPOSAL

### (REIMBURSEMENT OF BUSINESS EXPENSES)

California law requires employers to pay for all reasonable expenses or losses incurred by an employee in the performance of her work. Julia Magdaleno claims that Field Asset Services owes her monies that she incurred in performing her work. If you determine that Julia Magdaleno is an employee, then she is entitled to recover the reasonable and necessary business expenses that she incurred. I have already determined that Defendant did not reimburse vendors for cell phones, mileage, insurance, tools and equipment, and dump fees. You must determine if Julia Magdaleno incurred costs for any of those categories and the amount of those costs. You must also determine if Julia Magdaleno incurred any other expenses in performing her work for FAS, whether those expenses were reasonable and necessary, and the amount of those expenses.

Authority:      Cal. Labor Code § 2802; Dkt. 205.

**Defendants' Comments:  The Court should strike this proposed jury instruction. The jury instruction as framed creates prejudice and will confuse the jury.  Plaintiff bears the burden of proof on her claims and must first prove that she was an employee.**

**Plaintiffs' Response:   Plaintiff is presumed to be an employee so therefore Defendant incorrectly describes Plaintiff's burden. This instruction is consistent with the law and the Court's rulings.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          117.                Case No.  3:13-CV-00057-WHO

1    <u>**PROPOSED JURY INSTRUCTION NO. 76: - DEFENDANTS' PROPOSAL**</u>

2    **(NONPAYMENT OF OVERTIME PREMIUMS – ESSENTIAL FACTUAL ELEMENTS)**

3            Julia Magdaleno claims that Field Asset Services owes her overtime pay as

4    required by state law. To establish this claim, in addition to establishing that she was an employee,

5    Julia Magdaleno must prove all of the following:

6            1.      Julia Magdaleno performed work in California for Field Asset Services as an

7    employee;

8            2.      Julia Magdaleno worked overtime hours in California;

9            3.      Field Asset Services knew or should have known that Julia Magdaleno had

10   worked overtime hours in California;

11           4.      Julia Magdaleno were not paid for some or all of the overtime premiums

12   worked; and

13           5.      The amount of overtime premium pay owed.

14           Overtime are the hours worked in excess of forty hours in a work week and/or excess

15   of eight hours in one work day or the first eight hours worked on the seventh day of work in one

16   workweek.  In addition, any work in excess of 12 hours in one workday (or in excess of 8 hours on a

17   seventh day of work in a workweek) is double time.  The California Labor Code requires employers

18   to pay a premium for all overtime hours that is at 0.5 times the agreed-to rate or the applicable

19   minimum wage and a premium for double time hours that is 1.0 times the agreed-to rate or the

20   applicable minimum wage.   In determining the amount of overtime hours worked and the

21   corresponding premium, you may consider Ms. Magdaleno's reasonable estimates of the amount of

22   time spent, evidence presented by Field Asset Services that those estimates are unreasonable, and the

23   evidence you find that either party could have produced but failed to regarding the amount of

24   overtime potentially worked.

25

26   AUTHORITY: CACI No. 2702; Cal. Lab. Code §§ 510, 1194; *Sullivan v. Oracle Corp.*, 51 Cal. 4th

27   1191 (2011).

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          118.          Case No.  3:13-CV-00057-WHO

1    GIVEN:              _____

2    REFUSED:            _____

3    MODIFIED:           _____

4    WITHDRAWN:          _____

5

6    **Plaintiff's Response:   This instruction misstates the law in the same way of the same instruction repeated above, and is objectionable for all of the same reasons.  It should not be given.**

7

8    **Defendants' Response to Plaintiffs' Opposition:  Plaintiffs appear to object primarily to the last two sentences of Instruction 37.  These sentences involve the proper rate of pay for overtime.  That issue is likely to be decided by the Court.  Defendants' suggest that the parties meet and confer further on Instruction 37 once the Court opines.  With respect to Plaintiffs' comments about liability for overtime having been established, Plaintiffs confuse the classification determination with issue of whether any damages are owing.  Plaintiff Bowerman and other claimants may or may not be entitled to an award of damages for overtime.  If a claimant did not work any overtime, there will be no award of damages for overtime.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          119.          Case No.  3:13-CV-00057-WHO

## PROPOSED JURY INSTRUCTIONS NO. 77: - PLAINTIFFS' PROPOSAL

## (NONPAYMENT OF OVERTIME COMPENSATION – ESSENTIAL FACTUAL ELEMENTS)

Julia Magdaleno claims that Field Asset Services owes her overtime pay as required by state law.

If you determine that Defendant should have classified Julia Magdaleno as an employee, then Julia Magdaleno is entitled to compensation for any overtime that she worked, because the Court has already concluded that FAS had a policy and practice of not paying overtime to its vendors.

Under California law, the legal overtime pay rate for employees is one and one-half times the amount you determine to be the employees' regular hourly rate of pay for (a) work performed after eight hours in a workday; (b) work in excess of 40 hours in a workweek; and; (c) the first eight hours worked on the seventh day of work in one workweek.  In addition, any work in excess of 12 hours in one workday (or in excess of 8 hours on a seventh day of work in a workweek) must be compensated at a rate of twice the employee's regular rate of pay.

These overtime calculations are applicable to all non-exempt employees, even if they were not paid by the hour.

It is for you to determine the amount, if any, of overtime compensation due and owing that the class has proven it is entitled to recover by a preponderance of the evidence.

Authority:    *See* Cal. Lab. Code §§ 510 & 1194; IWC Wage Order 5-2001; CACI § 2702 (modified); Dkt. 205.

**Defendants' Comments:  The Court should strike this proposed jury instruction and use the one proposed by Defendants.  The jury instruction as framed creates prejudice and will confuse the jury.  Plaintiff must first establish that she was an employee of Field Assets Services.  This jury instruction is superfluous given Defendants' proposed jury instruction No. 65.  Moreover the 1.5 multiplier for overtime and 2.0 multiplier for double time are inaccurate, as Defendant paid its vendors for all hours worked.  The proper overtime multiplier should be .5 and 1.0, respectively.**

**Plaintiffs' Response: For the same reasons articulated above, this instruction is consistent with the law and is correct.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          120.          Case No.  3:13-CV-00057-WHO

1

**JOINT PROPOSED JURY INSTRUCTION NO. 78:**

2

**(DEFINITION OF "WORKDAY" AND "WORKWEEK")**

3   A "workday" means any consecutive 24-hour period beginning at the same time each

4   calendar day.

5   A "workweek" means seven consecutive days beginning with the same calendar day each

6   week.

7

8   Authority:      Cal. Lab. Code § 500(a); IWC Wage Order 16-2001 ¶ 2(S)-(T).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS            121.            Case No.  3:13-CV-00057-WHO

**PROPOSED JURY INSTRUCTION NO. 79: - PLAINTIFFS' PROPOSAL**

**(RECOVERING INTEREST ON UNPAID WAGES, UNREIMBURSED EXPENSES AND**

**OTHER MONIES DUE)**

If an employee is entitled to unpaid overtime wages, unreimbursed expenses or other monies due, in addition to these unpaid wages, expenses or other monies, he or she is also entitled to 10% interest on these amounts, from the date they were due until the date of judgment is entered.

Authority:  Cal. Lab. Code § 218.6.

**Defendants' Comments:  The Court should strike this proposed jury instruction and use the one Plaintiffs proposed in Jury Instruction No. 52 instead. By asking for interest on more types of claims compared to class members, Plaintiffs Bowerman and Magdalena create confusion for the jury.**

**Moreover, the above jury instruction misstates the law.  The appropriate interest rate is 10% for _unpaid wages_.  For tort claims (such as willful misclassification), the rate is 7% per annum. _See_ California Constitution, Article 15, section 1; and _Children's Hospital and Medical Center v. Bonta_, 97 Cal. App. 4th 740, 775 (2002).  The jury instruction as stated creates prejudice and risks overcalculation.**

**Plaintiffs' Response:  The above instruction describes the proper interest rate for wages not a tort.  Therefore Defendant's explanation is nonsensical and should be disregarded.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          122.          Case No.  3:13-CV-00057-WHO

1

**PROPOSED JURY INSTRUCTION NO. 80: - DEFENDANTS' PROPOSAL**

2

**(WAITING TIME PENALTY FOR NONPAYMENT OF WAGES)**

3

If you decide that Julia Magdaleno was an employee of Field Asset Services and was

4 owed but not paid wages, then you may consider whether she is entitled to an award of waiting time

5 penalties.  Ms.  Magdaleno may be entitled to receive an award of a civil penalty based on the

6 number of days Field Asset Services failed to pay her wages when due.

7

To recover the civil penalty, Ms.  Magdaleno must prove all of the following:

8

1.        That Ms. Magdaleno was an employee of Field Asset Services;

9

2.        The date on which Ms.  Magdaleno's employment with Field Asset Services

10 ended;

11

3.        That Field Asset Services willfully failed to pay all wages due by the date of

12 termination, or within 72 hours of notice of resignation.

13

4.        Ms. Magdaleno's agreed-to rate or the applicable minimum wage rate at the

14 time her employment with Field Asset Services ended.

15

The term "wages" includes all amounts for labor performed by an employee, whether

16 the amount is calculated by time, task, piece, commission, or some other method.

17

18

19  AUTHORITY:  CACI No. 2704 (as modified to change "daily wage rate" to "agreed-to rate or the
applicable minimum wage"); Cal. Lab. Code §§ 203, 218; Cal. Code Regs. § 13520 (emphasis

20 supplied).

21

GIVEN:              _____

22

REFUSED:          _____

23

MODIFIED:        _____

24

WITHDRAWN:    _____

25

26 **Plaintiffs' Response:    This instruction is confusing, misleading and cumulative in that
Defendant has several instructions describing proving employee status.  This instruction does**

27 **not follow CACI § 2704.**

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

## PROPOSED JURY INSTRUCTION NO. 81: - PLAINTIFFS' PROPOSAL

## (DAMAGES – WAITING-TIME PENALTY FOR NONPAYMENT OF WAGES)

If you decide that Julia Magdaleno has proved her claim against Field Asset Services for unpaid overtime compensation, then Julia Magdaleno may be entitled to receive an award of a civil penalty based on the number of days Field Asset Services failed to pay her wages when due.

To recover the civil penalty, Julia Magdaleno must prove all of the following:

1.    The date on which Field Asset Services' employment ended;

2.    That Field Asset Services failed to pay all wages due by that date;

3.    Julia Magdaleno's daily wage rate at the time her employment with Field Asset Services ended; and

4.    That Field Asset Services willfully failed to pay these wages.

The term "wages" includes all amounts for labor performed by an employee, whether the amount is calculated by time, task, piece, commission, or some other method.

The term "willfully" means that the employer intentionally failed or refused to pay the wages.

Authority: CACI § 2704.

**Defendants' Comments:  The Court should strike this proposed jury instruction.  The jury instruction as framed creates prejudice and will confuse the jury.  Plaintiff bears the burden of proof on her claims and must establish that she was an employee.**

**Plaintiffs' Response:  Plaintiffs' jury instruction follows CACI § 2704 and should therefore be used instead of defendant's instruction.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          124.          Case No.  3:13-CV-00057-WHO

1    <u>**PROPOSED JURY INSTRUCTION NO. 82: - DEFENDANTS' PROPOSAL**</u>

2    **(DAMAGES—PROOF)**

3    It is the duty of the Court to instruct you about the measure of damages.   By

4    instructing you on damages, the Court does not mean to suggest for which party your verdict should

5    be rendered.

6    If you find for the Plaintiffs, you must determine Plaintiffs' damages.   Plaintiffs have

7    the burden of proving damages by a preponderance of the evidence.   Damages mean the amount of

8    money that will reasonably and fairly compensate Plaintiffs for any injury you find was caused by

9    Defendants.   You should consider the following:

10    1.    The reasonable value of the overtime premiums, if any, that Plaintiffs were

11    entitled to but did not receive; and

12    2.    The reasonable value of business expenses that Plaintiffs reasonably and

13    necessarily incurred without reimbursement for services personally provided in California and that

14    should be reimbursed.

15    It is up to you to determine what damages, if any, have been proved.

16    Your award must be based upon evidence and not upon speculation, guesswork or

17    conjecture.

18    AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. Nos. 5.1, 5.2.

19    GIVEN:          _____

20    REFUSED:          _____

21    MODIFIED:          _____

22    WITHDRAWN:          _____

23

24    **Plaintiffs' Response:   This jury instruction again assumes the parties are trying liability. This jury instruction is also argumentative and misleading. Plaintiffs have drafted jury instruction specifically tailored for a damages trial at Plaintiffs Jury Instruction Number 18, 19, 22 and 29.**

25

26    <u>**Defendants' Response to Plaintiffs' Opposition:  Plaintiffs' opposition again assumes that they have no burden of proof with respect to damages.   Defendants have drafted this jury instruction to assist the jury in determining how to determine damages.**</u>

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          125.          Case No.  3:13-CV-00057-WHO

1

<u>**PROPOSED JURY INSTRUCTION NO. 83: - DEFENDANTS' PROPOSAL**</u>

2

**(DAMAGES—MITIGATION)**

3

Plaintiffs have a duty to use reasonable efforts to mitigate damages.  To mitigate

4

means to avoid or reduce damages.

5

Defendants have the burden of proving by a preponderance of the evidence:

6

1.    That Plaintiffs failed to use reasonable efforts to mitigate damages; and

7

2.    The amount by which damages would have been mitigated.

8

9

AUTHORITY: 9th Cir. Civ. Jury Instr. (2007 Edition, Last updated 3/2017) Instr. Nos. 5.3.

10

11

GIVEN:              _____

12

REFUSED:            _____

13

MODIFIED:           _____

14

WITHDRAWN:          _____

15

16

<u>**Plaintiffs' Opposition:**</u>  **This is completely improper as there is no duty to mitigate overtime hours or reimbursable business expenses and Defendant cites to no authority for that novel proposition.** ***See Flores v. Albertsons, Inc*., CASE NO. CV 01-00515 AHM (SHx) 2002 U.S.Dist.LEXIS 6171, at \*18-19(C.D.Cal. Apr. 9, 2002) (finding in a wage and hour case that plaintiff were under no duty to mitigate their damages). This is not a wrongful termination case and the class members are not seeking damages arising from their termination from FAS. Defendant's third-party liability theory is not permitted.  Further, Defendant's reference to the UCL is also improper as the UCL is a non-jury claim.**

17

18

19

20

21

<u>**Defendants' Response to Plaintiffs' Opposition:  Mitigation is an equitable defense which is permitted, at very least, in light of Plaintiffs' equitable claim under California's Unfair Competition Law.  Plaintiffs' assertions that Defendant cannot carry the burden of this defense has no bearing on whether Defendant may attempt to meet that burden.  For example, some plaintiffs in this action are attempting to recover damages that they could also seek from other entities.**</u>

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          126.          Case No.  3:13-CV-00057-WHO

1

## PROPOSED JURY INSTRUCTION NO. 84: - DEFENDANTS' PROPOSAL

2

### (NO DAMAGES FOR ATTORNEYS' FEES)

3       If you decide to award Plaintiffs damages, you may not consider what amount of

4   compensation, if any, will go to Plaintiffs' attorneys or how Plaintiffs' attorneys are to be paid.

5   Attorneys' fees, if any that Plaintiffs may have incurred may not be awarded by the jury.  Such an

6   award, if any, will be considered separately by the trial judge.

7

8   AUTHORITY: *Krouse v. Graham*, 19 Cal. 3d 59, 81, 562 P.2d 1022 (1977); *Tramell v. McDonnell*

9   *Douglas Corp.*, 163 Cal. App. 3d 157, 172-73, 209 Cal. Rptr. 427 (1984)

10

11   GIVEN:            _____

12   REFUSED:         _____

13   MODIFIED:        _____

14   WITHDRAWN:       _____

15

16   **Plaintiffs' Objection:  This is unnecessary on its face because the instruction states attorney's

     fees are to be considered separately by a trial judge, so there is no need to burden the jury with

17   additional jury instructions that are not relevant to their charge.**

18   **Defendants' Response:  This jury instruction is helpful precisely because it informs the jury

19   that their considerations and calculations should not be impacted by the amount of attorneys'

     fees that Plaintiffs may have incurred or be entitled to recover.   In short, the instruction

20   minimizes jury confusion.**

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS            127.            Case No.  3:13-CV-00057-WHO

1

**PROPOSED JURY INSTRUCTION NO. 85: - DEFENDANTS' PROPOSAL**

2

**(DAMAGES—STATUTES OF LIMITATIONS)**

3      It is the duty of the Court to instruct you about statutes of limitations.  A statute of

4   limitations is a law that provides that a claim is barred if a plaintiff does not bring it within a

5   prescribed period of time.  There are different statutes of limitations for the claims at issue.

6      1.   **Overtime Premiums:**   If you determine that the Defendants deprived all Class

7           Members of overtime premiums, you may not award damages incurred, if any, prior

8           to **January 7, 2010**.

9      2.   **Expense Reimbursements:**  If you determine that the Defendants failed to reimburse

10          all Class Members for reasonable and necessary expenses incurred in performing

11          duties for Defendants, you may not award damages incurred, if any, prior to **January**

12          **7, 2010**.

13     3.   **Failure To Pay Final Wages:**  If you determine that the Defendants willfully failed

14          to pay all Class Members final wages, you may not award damages incurred, if any,

15          prior to **January 7, 2010**.

16     4.   **Breach of Contract:**   If you determine that the Defendants breached a written

17          contract with Fred Bowerman and/or Julia Magdaleno Bowerman, you may not award

18          damages incurred, if any, prior to **January 7, 2009**.

19     5.   **Breach of the Covenant of Good Faith and Fair Dealing:**  If you determine that the

20          Defendants breached the covenant of good faith and fair dealing with Fred Bowerman

21          and/or Julia Magdaleno Bowerman, you may not award damages incurred, if any,

22          prior to **January 7, 2011**.

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS            128.            Case No.  3:13-CV-00057-WHO

1   AUTHORITY: Cal. Code Civ. Proc. Cal. Code Civ. Proc. § 338(a); § 339(1)

2

3   GIVEN:          _____

4   REFUSED:        _____

5   MODIFIED:       _____

6   WITHDRAWN:      _____

7

8   **Plaintiffs' Response:  Plaintiffs will meet and confer with Defendant regarding this instruction.**

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS          129.          Case No.  3:13-CV-00057-WHO

1

2

**JOINT PROPOSED JURY INSTRUCTION NO. 86:**

**(GENERAL INSTRUCTIONS REGARDING EVIDENCE AND DELIBERATIONS)**

3

4

5

6

7

I now will repeat some general instructions regarding evidence and your deliberations before you commence your deliberations regarding the individual claims for breach of contract and breach of the covenant of good faith and fair dealing for Plaintiffs, Fred Bowerman and Julia Magdaleno, and for overtime and related claims for Plaintiff, Julia Magdaleno.  Thank you for your patience as I repeat these instructions and for your service.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

JOINT PROPOSED JURY INSTRUCTIONS                    130.                    Case No.  3:13-CV-00057-WHO

1   Dated: May 10, 2017                      **DUCKWORTH PETERS LEBOWITZ**
                                             **OLIVIER LLP**
2

3                                            By:_____/s/_Monique Olivier_
                                                 MONIQUE OLIVIER
4                                                THOMAS E. DUCKWORTH
                                                 Attorneys for Plaintiffs and the Class
5

6   Dated:  May 10, 2017                     **LITTLER MENDELSON, P.C.**
7

8                                            By: _/s/_____Aurelio Perez_
                                                 AURELIO PEREZ
9                                                Attorneys for Defendants
                                                 FIELD ASSET SERVICES, INC. and
10                                               FIELD ASSET SERVICES, LLC
11

12  Firmwide:147565370.2 066383.1035

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS          131.          Case No.  3:13-CV-00057-WHO