THOMAS E. DUCKWORTH (SBN 152369)
(tom@dplolaw.com)
MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556

JAMES E. MILLER (SBN 262553)
SHEPHERD, FINKELMAN, MILLER
 AND SHAH, LLP
(jmiller@sfmslaw.com)
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367

*Attorneys for Plaintiffs and the Certified Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

———————————————

| | |
|---|---|
| FRED BOWERMAN, and JULIA BOWERMAN on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>    v.<br><br>FIELD ASSET SERVICES, INC., FIELD ASSET SERVICES, LLC, a successor in interest,<br><br>               Defendants. | Case No. C13-00057 WHO<br><br>**PLAINTIFFS' TRIAL BRIEF REGARDING THE TRIAL OF PAGA CLAIMS**<br><br>Date:       June 27, 2017<br>Time:       3:30 p.m.<br>Courtroom: 2, 17th Floor<br><br>Complaint Filed:  January 7, 2013<br>FAC Filed:      February 15, 2013<br>Trial Date:     July 5, 2017 |

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................................... 1

II.    ARGUMENT .................................................................................................................. 2

    A.  Summary of Relevant Law Regarding the PAGA. .............................................. 2

    B.  The Parties Should Try the PAGA Claims to the Court with an Advisory Jury. ............... 6

III.   CONCLUSION .............................................................................................................. 9

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

*Acad. of Motion Picture Arts & Sci. v. Godaddy, Inc.*,
No. CV 10-3738-AB (CWx), 2015 U.S. Dist. LEXIS 186631 (C.D. Cal. Apr. 10, 2015) .................. 7

4

5

*Alexander v. Gerhardt Enterprises, Inc.*,
40 F.3d 187 (7th Cir.1994) ......................................................................................................... 8

6

7

*Amaral v. Cintas Corp. No. 2*,
163 Cal. App. 4th 1157 (2008) .................................................................................................. 5

8

9

*Armenta v. Osmose, Inc.*,
135 Cal. App. 4th 314 (2005) .................................................................................................... 5

10

*Barnhill v. Robert Saunders & Co.*,
125 Cal.App.3d 1 (1981) ............................................................................................................ 5

11

12

*Cortez v. Purolator Air Filtration Products Co.*,
23 Cal. 4th 163 (2000) ............................................................................................................... 2

13

*Davis v. Morris*,
37 Cal.App.2d 269 (1940) ......................................................................................................... 5

14

15

*DiPirro v. Bondo Corp.*,
153 Cal. App. 4th 150 ................................................................................................................ 6

16

17

*Hynix Semiconductor, Inc. v. Rambus, Inc.*,
2008 U.S. Dist. LEXIS 11765 (N.D. Cal. Feb. 2, 2008) .......................................................... 8

18

19

*McKenzie v. Fed. Exp. Corp.*,
765 F. Supp. 2d 1222 (C.D. Cal. 2011) .................................................................................... 3

20

*O'Connor v. Uber Techs., Inc.*,
No. 13-cv-03826-EMC, 2015 U.S. Dist. LEXIS 166556 (N.D. Cal. Dec. 10, 2015) ........................ 6

21

22

*Rd. Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.*,
102 Cal. App. 4th 765 (2002) .................................................................................................... 5

23

24

*Theranos, Inc. v. Fuisz Pharma LLC*,
No. 5:11-cv-05236-PSG, 2013 U.S. Dist. LEXIS 131361 (N.D. Cal. Sep. 12, 2013) ........................ 8

25

*Willner v. Manpower Inc.*,
35 F. Supp. 3d 1116 (N.D. Cal. 2014) ...................................................................................... 3

26

**Statutes**

27

Cal. Bus. & Prof. Code § 17208 ........................................................................................................ 2

28

Cal. Lab. Code § 226.8 ....................................................................................................................... 4

Cal. Lab. Code § 203 ............................................................................ *passim*

Cal. Lab. Code § 226 ............................................................................ 3

Cal. Lab. Code § 226.3 ......................................................................... 3

Cal. Lab. Code § 226.8 ......................................................................... *passim*

Cal. Lab. Code § 510 ............................................................................ 3

Cal. Lab. Code § 558 ............................................................................ 3

Cal. Lab. Code § 203 ............................................................................ 7

Cal. Lab. Code § 226 ............................................................................ 3, 7

Cal. Lab. Code § 226.8 ......................................................................... 3, 4, 7

Cal. Lab. Code § 2698 .......................................................................... 1

Cal. Lab. Code § 2699 .......................................................................... *passim*

Cal. Lab. Code § 2699.5 ....................................................................... 3

Cal. Lab. Code § 2802 .......................................................................... 3

**Other**

Fed.R.Civ.P. 39(c) ............................................................................... 8

Cal. Code Regs. tit. 8, § 13520 ............................................................ 5

iii

1  **I.     INTRODUCTION**

2       Plaintiffs pursue representative claims under the Private Attorney General Act ("PAGA"), Labor

3  Code § 2698 *et seq.*, for the following violations of the Labor Code: (1) failure to pay overtime; (2)

4  failure to indemnify business expenses; (3) failure to provide accurate wage statements; and (4) willful

5  misclassification.  The period for the penalties under PAGA is January 7, 2012 to the present (one year

6  prior to the filing of the complaint).

7       The Parties agree that presentation of any evidence relating to Plaintiffs' PAGA claims should be

8  presented in a later phase of the case, that is, after completion of Phase 1 (damages for initial group of

9  class members), and Phase 2 (aggregate class-wide damages, if permitted).  The evidence will be

10  directed at the willfulness of FAS's misclassification, the failure of FAS to provide legally-compliant

11  wage statements, and the amount of penalties that should be assessed for each of the four violations.  As

12  the Court has already found that FAS has failed to pay overtime and failed to reimburse for business

13  expenses to certain vendors (*i.e.*, class members) as a matter of law, evidence as to those claims should

14  be limited to the amount of penalties owed.

15       Plaintiffs' PAGA claims are tried to the Court, not to a jury.  However, because Plaintiffs must

16  also demonstrate willfulness to recover damages under Labor Code § 203 (waiting time penalties),

17  which the parties agree is a jury claim and for which the evidence will likely be similar to the willful

18  misclassification PAGA claim, Plaintiffs propose that the PAGA claims be tried concurrently with the

19  Labor Code § 203 claim in a Phase 3 proceeding, with the jury acting in an advisory capacity for the

20  finding as to willfulness under PAGA.  Plaintiffs anticipate that Phase 3 can take place between July 18

21  and July 21.

22       Plaintiffs' UCL claims are also tried to the Court, not to a jury.  Plaintiffs' certified UCL claims

23  assert that FAS violated the UCL's unlawful prong by violating the same Labor Code claims that were

24  certified, i.e., FAS's failure to pay overtime, and FAS's failure to reimburse for reasonable and

25  necessary business expenses.  Because the UCL claim has a four-year statute of limitations, and the

26  Labor Code claims have a three-year statute of limitations, the class is entitled to an additional year of

27  overtime compensation and payment for unreimbursed business expenses as restitution under the UCL.

28

1

See Cal. Bus. & Prof. Code § 17208; *see Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 177 (2000) (holding that court-issued "orders for payment of wages unlawfully withheld from an employee are also a restitutionary remedy authorized by section 17203").  Plaintiffs propose, therefore, that evidence as to the compensation owed during the four year class period be received in Phase 1, and that the Court determine the amount of restitution during Phase 3, alongside Plaintiffs' PAGA claims.

## II.     ARGUMENT

### A.  Summary of Relevant Law Regarding the PAGA.

The PAGA permits a civil action to be brought "by an aggrieved employee on behalf of himself or herself and other current or former employees."  Lab. Code § 2699(a).  The PAGA permits recovery of civil penalties, as well as certain injunctive relief for violations of the Labor Code.  The amount of the civil penalty is determined by statute and depends upon the type of violation and the number of violations.  Lab. Code § 2699(f).  If a violation is proven, a civil penalty is required, although "a court may award a lesser amount than the maximum civil penalty amount specified … if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory."  Lab. Code § 2699(e)(2).

Plaintiffs allege that they and the other misclassified employees (*i.e.*, the class members) are "aggrieved employees" entitled to civil penalties for FAS's willful misclassification, failure to pay overtime, failure to indemnify employees for business expenses, and failure to provide legally-compliant wage statements.  The PAGA defines "aggrieved employee" as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Lab. Code § 2699(c).  Accordingly, because the PAGA applies to *employees*, for purposes of this action, the "aggrieved employees" are synonymous with the class members – that is, those individuals whom the Court has determined to be "employees."  (Dkt. 205.)

Because the Court has already concluded that FAS has failed to pay overtime and failed to indemnify for business expenses (Dkt. 205), the evidence required on those claims is simply evidence as to the number of violations and the statutory rate per violation.  If a civil penalty is specifically provided in the predicate provision of the Labor Code, the PAGA directs the Court to use that penalty; otherwise,

where, as here, the employer has one or more employees, "the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  Lab. Code § 2699(f)(2).  The civil penalty for FAS's overtime violations is $50 for each aggrieved employee for the first pay period, and $100 for each aggrieved employee for each subsequent pay period.  Lab. Code §§ 510, 558.  The civil penalty for FAS's violations of Labor Code § 2802 are the default provisions of the PAGA -- that is, $100 for each aggrieved employee for the first pay period, and $200 for each aggrieved employee for each subsequent pay period.  Lab. Code §§ 2699(f)(2), 2802.  For these PAGA claims, Plaintiffs will present evidence of the number of aggrieved employees, the number of pay periods, and the aggregate amount of PAGA penalties owed.

Plaintiffs also seek penalties for FAS's failure to provide legally-compliant wage statements. Labor Code § 226(a) requires employers to furnish all employees with regular, accurate, and itemized wage statements that include, among other things, the rate of pay, the hours worked, the number of piece-rate units and any piece rate, all deductions, and gross and net wages.  Id.  In order to recover PAGA penalties for FAS's violation of Labor Code § 226(a), Plaintiffs must simply demonstrate that accurate wage statements were not furnished.  Plaintiffs bringing PAGA claims need not satisfy the requirements of § 226(e) in that they need not allege they have suffered any injury, or that the employer's noncompliance was knowing and intentional.  *See* Labor Code § 2699.5 (listing a violation of "subdivision (a) of Section 226 as a violation of PAGA); *Willner v. Manpower Inc.,* 35 F. Supp. 3d 1116, 1136 (N.D. Cal. 2014)("Willner is not required to establish injury in order to obtain judgment on this claim. All she needs to establish is a violation of section 226(a)"); *McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222, 1232 (C.D. Cal. 2011)(holding that "for the purposes of recovering PAGA penalties, one need only prove a violation of Section 226(a), and need not establish a Section 226(e) injury").

The civil penalties under PAGA for FAS's violations of Lab. Code § 226 are $250 per employee per violation.  Lab. Code § 226.3.  Plaintiffs will present evidence of the number of aggrieved employees, the number of violations, and the aggregate amount of PAGA penalties owed.

Plaintiffs also seek penalties for FAS's willful misclassification of Plaintiffs and class members as independent contractors.  Labor Code § 226.8 prohibits the "willful misclassification of an individual

as an independent contractor," as well as charging anyone who is willfully misclassified as an independent contractor with any "fines" arising from employment, where such a fine would be prohibited if the individual was an employee.  Labor Code § 226.8(a)(1), (a)(2).[1]  If either of these provisions is violated, the "employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law."  Labor Code § 226.8(b).  If either of these provisions is violated and the "employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law."  Lab. Code § 226.8(c).

In addition, upon a finding of a violation, the court "shall order" the employer to display a notice prominently on a website accessible by employees and the general public that the employer "has committed a serious violation of the law by engaging in the willful misclassification of employees" and that the employer "has changed its business practices in order to avoid committing further violations of this section."  Lab. Code § 226.8(e).  The statute further enumerates specific requirements for the notice. *Id.*

Willfulness is defined in the statute as "when an employer *voluntarily and knowingly* misclassifies an individual as an independent contractor for the purpose of avoiding employee status." Cal. Lab. Code § 226.8 (emphasis added).  There is little guidance in the case law as to the willfulness standard under § 226.8.   Section 203, the Labor Code provision mandating waiting time penalties, also contains a willfulness standard.  "The settled meaning of 'willful,' as used in section 203, is that an

---

[1] Labor Code § 226.8 was passed in 2012 in response to serious concerns in California and nationally about the growing problem of employee misclassification and its pernicious effects. The author of the bill noted the over $7 billion in lost tax revenue and the rampant denial of worker protections in California due to misclassification.  Senate Rules Committee, SB 459 Bill Analysis, at 6, (available at http://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201120120SB459). "Hiding behind deceptive legal partnerships to reduce wages owed to employees is wrong….Deceptions like these deny workers hard-earned wages, hurt families who depend most on those wages, and leave workers without important protections if they're injured on the job or laid off." https://www.dol.gov/newsroom/releases/whd/whd20150518 {Secretary of Labor Perez's comments after securing a consent judgment against 16 construction companies that required their construction workers to become member/owners of LLCs, stripping them of federal and state employee protections).

employer has intentionally failed or refused to perform an act which was required to be done." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1201 (2008), *citing Barnhill v. Robert Saunders & Co.*, 125 Cal.App.3d 1, 7–8 (1981).  As the Court stated in *Barnhill*, "the employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due." *Barnhill*, 125 Cal.App.3d at 7.  "The term 'wilful' in its ordinary use, merely means that one intentionally fails or refuses to perform an act which is required to be done." *Davis v. Morris*, 37 Cal.App.2d 269, 274 (1940).

Under § 203, if "the state of the law was not clear" at the time of the wages were withheld, however, an employer may argue that there was a "good faith" dispute that wages are due. *Id.* at 5, 7-9. A good faith dispute is an employer defense "based in law or fact which, if successful, would preclude any recover on the part of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist." Cal. Code Regs. tit. 8, § 13520.  "Defenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a 'good faith dispute.'" *Id.*

There is no "good faith dispute" defense written into § 226.8.  Even if there were, however, FAS cannot credibly offer one.  *See, e.g., Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 325-26 (2005) (employer's failure to pay was willful where even though law on averaging was unclear, where employer was aware that workers were not being compensated for nonproductive time); *Rd. Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.*, 102 Cal. App. 4th 765, 782 (2002) (willfulness met where employer's error in misclassifying its employees was clear).  The state of the law regarding employee status in California under the *Borello* factors has been clear for decades.  FAS admits that it knowingly and voluntarily classified all of its vendors as independent contractors without regard to whether they would be considered employees under California law.  Plaintiffs will present evidence that FAS had a pattern and practice of knowingly and voluntarily misclassified class members as independent contractors in violation of § 226.8(a)(1).  Plaintiffs will also present evidence that FAS charged class members fines in violation of § 226.8(a)(2).  Plaintiffs will also present evidence of the number of aggrieved employees, the number of violations, and the aggregate amount of PAGA penalties owed.

**B.   The Parties Should Try the PAGA Claims to the Court with an Advisory Jury.**

Neither the California Courts of Appeal nor the Ninth Circuit has weighed in on whether PAGA claims are tried to the court or to a jury.  Several trial courts that have considered the question, however, have held that PAGA claims are tried to the Court and not to a jury.  In *O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2015 U.S. Dist. LEXIS 166556 (N.D. Cal. Dec. 10, 2015), Judge Chen found that "the PAGA claim does not appear to be a damages claim with any right to a jury [and] [i]nstead, the statute is focused on the civil penalties that may be awarded by a court. Cal. Labor Code § 2699; *see also DiPirro v. Bondo Corp.*, 153 Cal. App. 4th 150, 182 ('A demand for civil penalties does not in itself require a jury trial')."  2015 U.S. Dist. LEXIS 166556, at *8.

Similarly, in *Espinosa v. Bodycote Thermal Processing, Inc.*, Los Angeles Superior Court, Case No. BC501617 ("LA Order", attached hereto as Exhibit "A"), the court found that PAGA claims are non-jury claims.  Because the PAGA statute does not contain a right to trial by jury, the court reasoned that it was necessary to examine both the nature of the action and the remedy sought.  LA Order at 1-2. The court noted that the nature of a PAGA claim is "private assistance to a regulatory agency," which is "different than any common law action tried to juries."  *Id.* at 2.  Looking at the remedy sought, the court found that the remedies in the PAGA are equitable, not legal, because they are non-compensatory. *Id.; see  Banta v. American Medical Response, Inc.*, Los Angeles Superior Court, Case No. BC399113 (Order 9/2/16, holding that PAGA claims would be tried to the Court, not a jury, because the remedy is limited to a civil penalty); *see also In re Payless Shoesource, Inc.*, 2009 WL 3233820, *3 (E.D. Cal. Sept. 11, 2009) ("California courts have determined that statutory civil penalties are *not* legal in nature where the statute is informational and preventative rather than compensatory in its nature."); *Ochoa-Hernandez v. Cjaders Foods, Inc.*, 2010 WL 1340777, *4 (N.D. Cal. Apr. 2, 2010) ("[T]hese civil penalties are not meant to compensate unnamed employees because the action is fundamentally a law enforcement action"); *Sample v. Big Lots Stores, Inc.*, 2010 WL 4939992, *3 (N.D. Cal. Nov. 30, 2010) (noting that "a PAGA claim serves to vindicate the public through the imposition of civil penalties, as opposed to conferring a private benefit upon the plaintiff and the represented employees").

The court in *Espinosa* noted five features in particular: (1) the penalties bear no direct relation to the injuries a worker may have suffered and may be adjusted by the court where the penalties would be "unjust, arbitrary and oppressive, or confiscatory" (citing Lab. Code § 2699(e)(2)); (2) the penalties are uniform; (3) the penalties are permitted even if other Labor Code penalties fully compensate the employee; (4) the penalties mainly go to the State, not the employee; and (5) "the penalties can apply, even where there is no actual employee injury, as in certain wage statement violations." LA Order at 3.

FAS has conceded that the Court would determine the amount of civil penalties to be assessed under PAGA.  As a practical matter, if Plaintiffs had *only* PAGA claims, those claims, which permit only civil penalties, would be tried to the Court and not a jury.  The Court would not be required to empanel a jury simply to answer a factual predicate to an equitable remedy.  Were that the case, UCL claims would routinely be split jury/bench trials.  "Under established California and federal authorities, there is no right to a jury trial for UCL claims because they are equitable in nature."  *Acad. of Motion Picture Arts & Sci. v. Godaddy, Inc.*, No. CV 10-3738-AB (CWx), 2015 U.S. Dist. LEXIS 186631, at *6 (C.D. Cal. Apr. 10, 2015)(citing cases).

In order to try this case efficiently, however, Plaintiffs propose that Phase 3, which Plaintiffs believe can take place between July 18 and July 21, be comprised of the following: (1) evidence as to FAS's willful violation of Labor Code § 203 and any defenses thereto[2]; (2) evidence as to FAS's willful violation of Labor Code § 226.8(a)(1) and FAS's violation of § 226.8(a)(2) and any defenses thereto; (3) evidence as to FAS's violation of Labor Code § 226(a); (4) evidence of restitution owed for FAS's UCL violations; and (5) evidence of penalties owed for FAS's violations of the PAGA.  Plaintiffs further propose that the jury render findings as to item (1) (*i.e.*, claims under § 203), and an advisory finding as to item (2) (*i.e.*, § 226.8 violations), and the Court render judgment as to Plaintiffs' claims under the UCL and the PAGA.

---

[2] Plaintiffs anticipate that evidence as to the ending dates of employment for class members and the daily rate of pay required for § 203 will be presented in Phase 1, and the aggregate damages for § 203 will be presented in Phase 2.

This procedure, including the use of the advisory jury, will provide an efficient and effective way to try Plaintiffs' claims, while protecting against any uncertainty as to the non-jury nature of Plaintiffs' PAGA claims.  The court has the power to try any issue with an advisory jury.  Fed.R.Civ.P. 39(c).  Use of an advisory jury in the manner proposed by Plaintiffs is appropriate for the following reasons.  First, since there may be  overlap between the willfulness elements of Plaintiffs' claims under Section 203 and the PAGA, it will be more efficient to try those issues together.  Second, this will permit Phase 1 to be focused on class damages for liability that is already determined, rather than confusing the jury with liability issues as to the Section 203 claims.  Third, given that there is not definitive appellate authority on the non-jury nature of the willfulness standard under Section 226,8, with an advisory jury, the parties will have the benefit of a jury verdict if future appellate authority determines a jury trial right exists. *See, e.g., Alexander v. Gerhardt Enterprises, Inc*., 40 F.3d 187, 192 (7th Cir.1994) (approving of the use of an advisory jury to minimize the cost of litigation in cases of uncertainty as to jury entitlement); *Hynix Semiconductor, Inc. v. Rambus, Inc*., 2008 U.S. Dist. LEXIS 11765, at *22 (N.D. Cal. Feb. 2, 2008) (approving of the use of an advisory jury to promote efficiency, reduce confusion of issues, and also minimize cost of litigation where jury entitlement uncertain); *Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-cv-05236-PSG, 2013 U.S. Dist. LEXIS 131361, at *15 (N.D. Cal. Sep. 12, 2013)(noting that the "case law is abundantly clear: it is completely discretionary with the trial judge whether or not to use an advisory jury under Rule 39(c), and the district court's exercise of this discretion is not reviewable," and holding that advisory jury would aid in making credibility determinations and in reducing the possibility of prejudice if there were an error regarding jury entitlement) (citation omitted).

1

## IV.     CONCLUSION

2          For the forgoing reasons, Plaintiffs propose trying Plaintiffs' PAGA and UCL claims as outlined

3    above.

4

     Date:   May 19, 2017                    DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
5
                                             */s/ Monique Olivier*
6                                            Monique Olivier

7                                            *Attorneys for Plaintiffs and the Certified Class*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' TRIAL BRIEF RE: PAGA CLAIMS                          CASE NO.  C13-00057 WHO