1  ROBERT G. HULTENG, Bar No. 071293
   rhulteng@littler.com
2  AURELIO PEREZ, Bar No. 282135
   aperez@littler.com
3  ALISON J. CUBRE, Bar No. 257834
   ACubre@littler.com
4  DANTON W. LIANG, Bar No. 303487
   DLiang@littler.com
5  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
6  San Francisco, CA 94108.2693
   Telephone:   415.433.1940
7  Facsimile:   415.399.8490

8  KEVIN R. VOZZO, Bar No. 288550
   kvozzo@littler.com
9  LITTLER MENDELSON, P.C.
   900 Third Avenue,
10 New York, NY 10022-3298
   Telephone:   212.583.9600
11 Facsimile:   212.832.2719
   Attorneys for Defendants
12 FIELD ASSET SERVICES, INC. and
   FIELD ASSET SERVICES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRED BOWERMAN AND JULIA BOWERMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIELD ASSET SERVICES, INC., FIELD ASSET SERVICES, LLC, a successor in interest,<br><br>Defendants. | Case No.  3:13-CV-00057-WHO<br><br>**DEFENDANTS' TRIAL BRIEF REGARDING PAGA**<br><br><br>Hon. William H. Orrick<br>Complaint Filed:   February 15, 2013 |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEFENDANTS' TRIAL BRIEF RE PAGA**                                                **CASE NO. 3:13-CV-00057-WHO**

## I.  INTRODUCTION AND SUMMARY OF FACTS

As requested by the Court, Defendants Field Asset Services, Inc. and Field Asset Services, LLC ("FAS" or Defendants"), respectfully submit this trial brief addressing certain issues regarding Plaintiffs' claims under the Private Attorneys' General Act ("PAGA").[1]

Plaintiffs have pled claims for PAGA penalties under Labor Code sections 201, 202, 203 (failure to timely pay wages upon termination), Labor Code section 226 (failure to provide wage statements), Labor Code sections 226.8 and 2753 (willful misclassification), Labor Code section 2802 (failure to reimburse for business expenses), and Labor Code section 558 (for failure to pay overtime wages, minimum wages, and meal period premiums).  (FAC, ECF 4).

First, Plaintiffs' PAGA claims should be dismissed because Plaintiffs have failed to exhaust their administrative remedies.  Before Plaintiffs can prosecute a claim under PAGA they must provide certain notification to the Labor and Workforce Development Agency ("LWDA").  Specifically, Plaintiffs must first identify the alleged aggrieved employees whom they seek to represent with particularity.  Plaintiffs have not done so and, as such, their PAGA claims fail.  Further, Plaintiffs must include sufficient facts and theories to support the alleged labor code violations.  Plaintiffs' letter to the LWDA fails to provide any support for their 'meal period' and 'minimum wage' claims and, as such, these claims must be dismissed for this separate reason.

Second, in order to succeed on their PAGA claims Plaintiffs must prove that *each* of the allegedly aggrieved employees has suffered the alleged harm, *i.e.,* that each individual has actually been "aggrieved."  While Plaintiffs have certified a limited class of 'vendors' who meet the class definition,[2] Plaintiffs' PAGA claims were brought on behalf of "the Bowermans and all similarly situated employees."[3]  Plaintiffs have never modified this group and, as such, must not only identify each "similarly situated" individuals, but further prove that each individual was: (1) an

---

[1] Labor Code section 2698 *et seq.*
[2] The class in this case consists of "[a]ll persons who at any time from January 7, 2009 up to and through December 31, 2016 (the "Class Period") (1) were designated by FAS as independent contractors; (2) personally performed property preservation work in California pursuant to FAS work orders; and (3) while working for FAS during the Class Period, did not work for any other entity more than 30 percent of the time.  The class excludes persons who primarily performed rehabilitation or remodel work for FAS."  *See* ECF 85, at 2:10-14.
[3] Plaintiffs' 1.11.13 PAGA letter.  *See* Request for Judicial Notice, **Exhibit A**.

DEFENDANTS' TRIAL BRIEF RE PAGA    2.    CASE NO. 3:13-CV-00057-WHO

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

"employee" of FAS under controlling law[4], (2) willfully misclassified by FAS, (3) denied business expenses by FAS, and (4) entitled to collect the variety of other penalties Plaintiffs seek under PAGA. To prove this, Plaintiffs will need to present individualized evidence for potentially hundreds of purported aggrieved employees who are not class members.

Third, PAGA is only a vehicle by which a private citizen can prosecute the violation of another labor code claim. Where, as here, a number of the claims brought under PAGA would themselves be tried to the jury (e.g., whether FAS *willfully* failed to pay final wages in violation of Labor Code Section 203) this court should permit the jury to make appropriate findings.

## II. ARGUMENT

### A. Plaintiffs' Have Not Met The Statutory Prerequisites To Maintain Their PAGA Claims.

Courts have consistently held that PAGA claims are subject to dismissal if the plaintiff fails to allege with sufficient specificity the facts and theories supporting the alleged violation, in a notice to the employer and to the state enforcement agency. *See Archila v. KFC U.S. Prop., Inc.*, Case No. 09-56497 2011 U.S. App. LEXIS 3898, at *4-5 (9th Cir. Mar 1, 2011), *cert. denied* 2011 U.S. LEXIS 5444 (U.S. Oct. 3, 2011); *accord Soto v. Castlerock Farming & Transp., Inc*. 2012 U.S. Dist. LEXIS 53109, *23-24 (E.D. Cal. Apr. 13, 2012) (observing that "*Archila* suggests that the Ninth Circuit requires an exceedingly detailed level of specificity for Section 2699.3(a)(1) to be satisfied.")

Further, courts have held that PAGA requires some level of specificity regarding on whose behalf the claim is brought. *See Jeske vs. Maxim Healthcare Servs., Inc.* ("*Jeske*"), Case No. CV F 11-1838 LJO JLT, 2012 WL 78242, 2012 U.S. Dist. LEXIS 2963, *36-37 (E.D. Cal. Jan. 10, 2012) (definition of "aggrieved employees" that included all of employer's employees in California was overbroad); *Moua v. IBM* 2012 U.S. Dist. LEXIS 11081, *14 (N.D. Cal. Jan. 31, 2012) (notice to LWDA complied with section 2699.3 "since [*inter alia*,] it names specific 'aggrieved employees.'") This line of authority finds support in the statute itself, which requires that penalties be assessed individually (per "aggrieved employee per pay period" [Labor Code Section 2699(f)(2)])

---

[4] *See S. G. Borello & Sons, Inc. v Dept. of Industrial Relations,* 48 Cal. 3d 341 (1989).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' TRIAL BRIEF RE PAGA**   3.   **CASE NO. 3:13-CV-00057-WHO**

and defines "aggrieved employee" is one "against whom one or more of the alleged violations was committed" (Labor Code Section 2699(c)).

In *Hibbs-Rines v. Seagate Technologies, LLC*, 2009 U.S. Dist. LEXIS 19283, *11-12 (N.D. Cal. March 2, 2009), the court found that plaintiffs seeking penalties under PAGA must "prove Labor Code violations with respect to each and every individual on whose behalf [they] [seek] to recover civil penalties," reasoning that "[i]f plaintiff[s] can prove that defendant violated the California Labor Code with respect to all the employees described … as 'Aggrieved Employees,' plaintiff[s] will be able to argue that civil penalties are appropriate under PAGA. If plaintiff[s] cannot prove such violations, no penalties will be assessed under PAGA." Similarly, the court in *Cardenas v. McLane*, 796 F. Supp. 2d 1246, 1260 (C.D. Cal. 2011), specifically relying on the reasoning in *Hibbs-Rines*, held that PAGA representative plaintiffs must prove a violation specifically as to each other allegedly aggrieved employee in order to obtain penalties on their behalf.[5]

Here, Plaintiffs described the alleged aggrieved employees in their PAGA letter as themselves and all "similarly situated employees." **Exhibit A**. This letter does not comply with the requirements of PAGA because Plaintiffs fail to define with particularity the allegedly aggrieved employees. Moreover, there is no mention in the letter of a failure to pay minimum wage or meal period premiums. *Id.* Plaintiffs cannot now recover for claims alleged in their First Amended Complaint that they never disclosed to the LWDA. In sum, Plaintiffs have not met the administrative requirements to prosecute their PAGA claims. At the very least, the minimum wage and meal period claims cannot be pursued.

**B.    Plaintiffs Have Not Proved That All PAGA Claimants Are Misclassified And Could Only Do So Through Individualized Proof**

Even assuming Plaintiffs provided adequate notice of the allegedly aggrieved employees to both Defendants and the LWDA, Plaintiffs would still face an insurmountable

---

[5] Likewise, in *Driscoll, et al. v. Granite Rock Co.*, Santa Clara County Superior Court, Case No. 1-08-CV-103426, Amended Statement of Decision, *27 (Oct. 11 2011) (Kleinberg, J.), *Hibbs-Rines* was cited with approval as Judge Kleinberg held that PAGA penalties would only be awarded as to specific violations, proven for specific employees, during specific pay periods.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' TRIAL BRIEF RE PAGA**   4.   **CASE NO. 3:13-CV-00057-WHO**

challenge given the scope of the current phased trial. Here, Plaintiffs seek PAGA penalties on behalf of a group of "aggrieved employees" that is much broader than the class they have certified. Plaintiffs' First Amended Complaint defines, for purposes of PAGA, alleged aggrieved employees as:

> All persons who have performed property preservation and maintenance services for FAS at any property within the State of California for four years prior to the filing of the original complaint in this action through the date of final judgment.

Dkt No. 4 (First Amended Complaint ¶ 29; Eighth Cause of Action). Thus, the alleged group of "aggrieved employees" not only fails to track the contours of the certified class (*see* note 2, *supra*) but also explicitly includes individuals – such as vendors' employees or vendors who only sporadically worked with FAS – whom Plaintiffs have affirmatively sought to exclude from their class. The disjuncture between the definition of the certified class and the definition of the PAGA group is important for two reasons.

First, the broader PAGA group of "the Bowermans and all similarly situated employees," (*see* **Exhibit A**) has not been ascertained. While Rule 23 does not contain an 'ascertainability' requirement,[6] PAGA does. *See Jeske* at *36-37 (plaintiff must "identify how particular aggrieved employees were subject to particular violations" and "define aggrieved employees beyond their employment with [the Defendant]."); *see also Chie v. Reed Elsevier, Inc.*, (N.D. Cal. Sept. 2, 2011) No. C-11-1784 (EMC), 2011 WL 387949, 2011 U.S. Dist. LEXIS 99153, *11-13 (allegations that did not identify other aggrieved employees but instead stated they could be ascertained by reviewing employer's records did not provide adequate notice).[7]

---

[6] *See* ECF 205 at 25:20-21, *see also Briseno v. ConAgra Foods, Inc.*, No. 15-55727, 2017 U.S. App. LEXIS 20, at *11 (9th Cir. Jan. 3, 2017).

[7] That a PAGA plaintiff meet this burden is necessary for an additional reason in purported PAGA representative action: to avoid the problem of one-way intervention, a perverse situation whereby "the defendant would be a party to every lawsuit while each of the various plaintiffs would be a party in only one lawsuit, the defendant would in later lawsuits be bound by any adverse determination of the common issues, while none of the plaintiffs would be similarly bound by prior determinations in the defendant's favor." *See Arias v. Superior Court*, 46 Cal. 4th 969, 985 (*citing Fireside Bank v. Superior Court*, 40 Cal. 4th 1069, 1078 (2007)). Unnamed employees (who are, *ipso facto*, not claimants), cannot be bound by a result in a Labor Commissioner proceeding (or in judicial proceedings arising from an Agency proceeding) in favor of the employer. Nor can they reap the benefit of a Labor Commissioner hearing in which they are not involved. Similarly, unnamed employees whose "aggrieved" status under PAGA has not been proven are not bound by a

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' TRIAL BRIEF RE PAGA**     5.     **CASE NO. 3:13-CV-00057-WHO**

Second, even assuming Plaintiffs, could and had identified the entirety of their PAGA group, Plaintiffs would still need to demonstrate that the many PAGA members who are not class members also meet the legal prerequisite for each of the alleged PAGA violations, i.e., that each member of the PAGA group was misclassified. This contest will require substantial evidence for the remainder of the PAGA group, including investigation of the size and scope of the businesses they owned or worked for as well as a consideration of the other *Borello* factors. This evidentiary burden will greatly expand the scope and testimony of this case beyond what this Court envisioned for purposes of Phase 1 and Phase 2 of trial. For the same reasons that the Court declined to certify the original class (ECF No. 61), allowing Plaintiffs to pursue the PAGA claims would be completely unmanageable and Plaintiffs have not presented any feasible trial plan to pursue these claims. *See, e.g., Amey v. Cinemark USA Inc.,* 2015 U.S. Dist. LEXIS 63524 (N.D. Cal. May 13, 2015) (finding PAGA claims unmanageable because numerous individualized determinations would be necessary).

### C. The Underlying Labor Code Claims Should Be Tried By A Jury

Plaintiffs pursue PAGA penalties for a number of claims – including claims for overtime and expense reimbursements. **Exhibit A.** Plaintiffs cannot dispute that their overtime and expense reimbursement claims should be submitted to the jury. Plaintiffs have, however, suggested that PAGA claims premised on 'willfulness' are for the Court to decide. Plaintiffs are mistaken.

Plaintiffs seek penalties under Labor Code Section 226.8 for "willful" misclassification and Labor Code Section 203 for "willful" failure to pay final wages. There can be no dispute that "willfulness" is often a question for the jury and, specifically, that Labor Code Section 203 claims are jury claims. *See* CACI § 2704.[8]

In most legal contexts, a plaintiff has a right to a jury when there is an "issue as to any material fact." Cal Civ. Proc., § 437c(c). Thus, if the essential facts of the willfulness claim are contested—such as whether defendant had a factual basis for its failure to pay—then there is no

---

result in an uncertified PAGA action in favor of the employer. Nor should they be able to reap the benefit of a PAGA action in which no proof (or defense) pertaining to them was involved.
[8] Plaintiffs have themselves proposed jury instructions for this claim. *See* ECF 266, p. 81 [Plaintiffs' Proposal-Damages-Waiting Time Penalties for Nonpayment of Wages]. *See also Drumm v. Morningstar, Inc.,* 695 F. Supp. 2d 1014 (N.D. Cal. Feb. 26, 2010) (jury decides willfulness).

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' TRIAL BRIEF RE PAGA**   6.   **CASE NO. 3:13-CV-00057-WHO**

dispute that a jury must be the trier of fact. *See Davis v. Morris,* 37 Cal. App. 2d 269, 274 (1940) (where conflict of evidence, court will not disturb fact finding on Labor Code section 203 claims). Accordingly, the jury must hear the underlying Labor Code section 203 claims. Thus, for purposes of determining whether Plaintiffs and the alleged aggrieved employees suffered the underlying Labor Code 203 violation, this Court should rely on the jury's determination before awarding PAGA penalties. *In re Taco Bell Wage & Hour Actions*, 2016 U.S. Dist. LEXIS 48557 (E.D. Cal. Apr. 8, 2016) ("The fact that the jury found liability did not require any new analysis regarding the PAGA claims").

Defendants are not aware of any cases that distinguish the "willfulness" requirement under Labor Code section 203 from the "willfulness" requirement in Labor Code section 226.8. And Defendants envision the same evidence or types of evidence relevant to the willfulness requirement under Labor Code section 203 will be used to assess willfulness under Labor Code section 226.8. Accordingly, for purposes of efficiency and economy and to avoid the risk of inconsistent judgments, this Court should allow the jury to determine whether Defendants "willfully" misclassified the class members under Labor Code section 226.8. Similarly, under Labor Code section 2753, a person may not "knowingly" misclassify an employee as an independent contractor. While not a mirror image of Labor Code section 203 or 226.8, the "knowing" standard significantly overlaps with the willfulness standard. Defendants submit that the same types of evidence will be used to resolve this issue as well. Thus, liability under Labor Code sections 226.8 and 2753 should be determined by a jury. If a violation of the statute is found, it is for this Court to determine the appropriate amount of PAGA penalties, if any. *Amaral v. Cintas Corp.*, 163 Cal. App. 4th 1157, 1173 (2008).

### III. NEXT STEPS

As detailed above, even if the PAGA claims are otherwise procedurally viable, their resolution will require a series of individualized inquiries into difficult factual and legal issues that make them unsuited for resolution in the trial as currently scheduled. For example, for the hundreds of potential members of the PAGA group who are not members of the class, the fact finder will need to initially determine which ones, if any, were misclassified. This determination will require

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' TRIAL BRIEF RE PAGA     7.     CASE NO. 3:13-CV-00057-WHO

substantial time as there is not necessarily a common answer. For example, did FAS misclassify an individual who ran a large business that performed services for FAS only sixty five percent of the time? What if the same business only worked with FAS five percent of the time? Did FAS misclassify the workers engaged by various class members? Did FAS misclassify the individual who worked ninety five percent of the time for FAS but primarily performed rehabilitation or remodel work?

Even overlooking these issues or accepting, without basis, that the PAGA group is coterminous with the certified class, numerous issues will still require resolution. To take another example – did FAS willfully misclassify Julia Magdaleno – an individual who first provided services to FAS as one of more than a dozen acknowledged employees of Fred Bowerman's business? Did FAS *willfully* misclassify individuals whose multi-million dollar corporations contracted with FAS? Does it make a difference if the business with which FAS contracted had provided property preservation services for years? Or had dozens of workers in various states? Or was a two-person crew that provided services in only one county? Does willfulness depend on how the vendor presented itself to FAS? FAS submits that a determination as to whether any misclassification occurred (for non-Class members) and, if so, whether it was willful will depend on evidence submitted in response to all the questions above and many more – in short, an individualized examination of each member of the PAGA group and, more specifically, each member's business model and interactions with FAS. This is not a process that can be completed in two-and-a-half-week trial. Indeed, Defendants submit that even attempting to determine willfulness for a very small number of individuals would necessitate a time-intensive examination that would consume the majority of the 13-hours that the Court has currently permitted FAS to defend against the claims. FAS sees no reasonable way in which this can be accomplished during the currently scheduled trial and, as such, requests that the Court decline to schedule a determination of the PAGA claims during the currently scheduled July trial.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' PAGA claims should be dismissed in their entirety. If not dismissed, they must be tried on an individual-by-individual basis before a jury.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' TRIAL BRIEF RE PAGA**   8.   **CASE NO. 3:13-CV-00057-WHO**

Dated: \_\_\_\_May 19, 2017

/s/ *Aurelio J. Pérez*
ROBERT G. HULTENG
AURELIO J. PEREZ
ALISON J. CUBRE
KEVIN R. VOZZO
DANTON W. LIANG
LITTLER MENDELSON, P.C.
Attorneys for Defendants
FIELD ASSET SERVICES, INC. and
FIELD ASSET SERVICES, LLC

Firmwide:147662021.4 066383.1035

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' TRIAL BRIEF RE PAGA**     9.     **CASE NO. 3:13-CV-00057-WHO**