1   ROBERT G. HULTENG, Bar No. 071293
    rhulteng@littler.com
2   AURELIO PEREZ, Bar No. 282135
    aperez@littler.com
3   ALISON J. CUBRE, Bar No. 257834
    ACubre@littler.com
4   DANTON W. LIANG, Bar No. 303487
    DLiang@littler.com
5   LITTLER MENDELSON, P.C.
    333 Bush Street, 34th Floor
6   San Francisco, CA 94108.2693
    Telephone:    415.433.1940
7   Facsimile:    415.399.8490

8   KEVIN R. VOZZO, Bar No. 288550
    kvozzo@littler.com
9   LITTLER MENDELSON, P.C.
    900 Third Avenue,
10  New York, NY 10022-3298
    Telephone:    212.583.9600
11  Facsimile:    212.832.2719
    Attorneys for Defendants
12  FIELD ASSET SERVICES, INC. and
    FIELD ASSET SERVICES, LLC

13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16               SAN FRANCISCO DIVISION

17  FRED BOWERMAN AND JULIA            Case No.  3:13-CV-00057-WHO
    BOWERMAN, on behalf of themselves
18  and all others similarly situated,   **DEFENDANTS' REPLY TRIAL BRIEF**
                                         **REGARDING PAGA**
19           Plaintiffs,

20      v.

21  FIELD ASSET SERVICES, INC., FIELD
    ASSET SERVICES, LLC, a successor in
22  interest,                          Hon. William H. Orrick
                                       Complaint Filed:    February 15, 2013
23           Defendants.

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

**DEFS' REPLY TRIAL BRIEF RE PAGA**                **CASE NO. 3:13-CV-00057-WHO**

## I.  INTRODUCTION AND OVERVIEW OF ARGUMENT

Plaintiffs' brief contains a number of incorrect factual and legal assertions regarding PAGA.  (Dkt No. 275: Plaintiffs' Trial Brief.)  First, Plaintiffs have not identified the allegedly "aggrieved employees," for whom they seek PAGA penalties and thus have not exhausted their administrative remedies.  Accordingly, they should not be allowed to pursue their PAGA claims at all.  Second, even assuming they had met all conditions precedent to prosecuting their PAGA claims, Plaintiffs have misrepresented the scope of the allegedly aggrieved employees identified in their First Amended Complaint.  The factfinder will need to determine the independent contractor status of individuals who fall within the ambit of Plaintiffs' broad PAGA definition but outside of their revised class definition.  Even assuming Plaintiffs could resolve the foregoing issues, it is still Plaintiffs' burden to prove that Defendants (1) misclassified the aggrieved employees, and (2) that any such misclassification was willful.  And, finally, even if Plaintiffs could meet their burden on the PAGA claims, they still would not be entitled to subsequent (higher) penalties or double recovery under a primary rights theory.

## II.  AN ADVISORY JURY SHOULD BE UTILIZED; PLAINTIFFS CANNOT PURSUE CLAIMS FOR MINIMUM WAGE OR MISSED MEAL PERIODS

The Parties agree that an advisory jury should be used to determine the underlying PAGA claims at issue.  (*Cf.* Dkt No. 275: Plaintiffs' Trial Brief, Section B; Dkt No. 276: Defendants' Trial Brief, Section C.)  The Parties also appear to agree that Plaintiffs cannot or, at the very least, are not pursuing PAGA claims for any alleged failure by Defendants to pay minimum wages or provide meal periods.  (*Id.* at 1:2-7 and 4:14-21, respectively.)

## III.  PLAINTIFFS HAVE NOT IDENTIFIED ALLEGEDLY AGGRIEVED EMPLOYEES.

Plaintiffs argue that their PAGA collective is coterminous with the incompletely identified group of individuals that this Court has certified as a class under Rule 23.  However, Plaintiffs do not cite any evidence that they redefined their PAGA claims to encompass only members of the certified class or that the absence of an 'ascertainability' requirement under Rule 23 may be grafted onto PAGA.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

**DEFS' REPLY TRIAL BRIEF RE PAGA**                1.                **CASE NO. 3:13-CV-00057-WHO**

1        A PAGA action is not a class action.  And satisfaction of the requirements for class

2 adjudication does not excuse Plaintiffs' failure to comply with the requirements for PAGA.  Here,

3 the issues begin with Plaintiffs' failure to identify the allegedly "aggrieved employees" in their

4 PAGA letter.  (*See* Dtk No. 279 (noting that Plaintiffs only noted their desire to represent the

5 Bowermans and "similarly situated employees")).  This definition is vague enough to cover

6 individuals the Bowermans hired to provide services to BBHS.  Nonetheless, Plaintiffs have claimed

7 this definition equates to the class pled in their Complaint and, later, that it equates to the much

8 narrower class certified by this Court.  But such a vague description clearly does not comply with the

9 requirements of PAGA.  *See Archila v. KFC U.S. Prop., Inc.*, Case No. 09-56497 2011 U.S. App.

10 LEXIS 3898, at *4-5 (9th Cir. Mar 1, 2011), *cert. denied* 2011 U.S. LEXIS 5444 (U.S. Oct. 3, 2011).

11 As a result, Plaintiffs' PAGA notice is deficient and their claims should be dismissed in their entirety

12 for failure to exhaust.

13        Nor are Defendants aware of any provision of PAGA that would permit Plaintiffs to

14 reconstitute their PAGA claims into a fail-safe collective.  Again – both Plaintiffs' First Amended

15 Complaint and their LWDA letter unambiguously describe a group of allegedly aggrieved

16 employees[1] much broader than those encompassed by the certified class.   Yet now, on the eve of

17 trial, Plaintiffs assert that it is proper to limit their PAGA claims to those individuals that the Court

18 has determined are employees.  In short, Plaintiffs seek to establish a failsafe group of alleged

19 aggrieved employees for purposes of PAGA.  They cite no support for this.

20 **IV.  PLAINTIFFS MUST PROVE AN UNDERLYING LABOR CODE VIOLATION FOR**

21       **EACH ALLEGED AGGRIEVED EMPLOYEE**

22        Plaintiffs inaccurately contend that "the Court has already found that FAS has failed

23 to pay overtime and failed to reimburse for business expenses to certain vendors (i.e., class

24 members) as a matter of law."  Dkt No. 275:1:12-15.  Not so.  This Court has recognized that it is an

25 open question as to "[w]hether and to what amount an individual class member should be

26 compensated for working overtime or being reimbursed for expenses…."  (Dkt No. 205: Order,

27

28      [1] *See* Dkt No. 276; Defendants' Trial Brief ("All persons who have performed property preservation and maintenance services for FAS . . .").

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

**DEFS' REPLY TRIAL BRIEF RE PAGA**     2.     **CASE NO. 3:13-CV-00057-WHO**

1   45:9-11 (emphasis added).)  The distinction is vital as Plaintiffs must still prove a violation of an
2   underlying statute in order to pursue claims under PAGA.  If an allegedly aggrieved employee never
3   worked more than 8 hours in a day or 40 hours in a week, then there is no underlying Labor Code
4   violation subject to PAGA penalties.

5       Given the above considerations, Defendants do not see any way in which PAGA
6   claims can be tried on the four-day schedule proposed by Plaintiffs.  Nor do Defendants agree that
7   PAGA claims should be tried *before* the fact finder determines whether Julia Magdaleno
8   (Bowerman) is an aggrieved employee – *i.e.*, meets the first prerequisite to even pursue PAGA
9   claims.  Defendants have previously explained why PAGA claims must be tried on an individual
10  basis and detailed many of the independent factors that will need to be addressed.  (Dkt No. 276.)
11  By way of example, did FAS *willfully* misclassify individuals whose multi-million dollar
12  corporations contracted with FAS?  Does it make a difference if the business with which FAS
13  contracted had provided property preservation services to other companies prior to or while
14  contracting FAS?  Does willfulness depend on how the vendor presented itself to FAS?  It is
15  not clear that any, let alone every one, of these questions could yield a uniform answer.  In short,
16  there is no way to resolve these claims for each member of the PAGA group in four days.

17  **V.  PLAINTIFFS MUST PROVE *WILLFUL MIS*CLASSIFICATION**

18      To recover penalties under Section 226.8, Plaintiffs must prove that FAS "engage[d]
19  in" the act of "voluntarily and knowingly misclassifying [an] individual as an independent contractor"
20  to avoid its obligations as an employer.  *Noe v. Superior Court*, 237 Cal. App. 4th 316, 328 (2015),
21  *citing* Labor Code § 226.8 (a), (i)(4).  Per the plain language of the statute, it is not enough for
22  Plaintiffs to prove that Defendants were willful in their decision to *classify* members of the PAGA
23  group.  Plaintiffs must prove that Defendants knew that Plaintiffs were not contractors and thus,
24  intentionally, *mis*classified them as contractors.  This is the standard of willfulness Plaintiffs must
25  prove under the "voluntarily and knowing" standard of Section 226.8.  Further, a "good faith belief"
26  that Defendants' classification was correct negates any claim by Plaintiffs of willful
27  misclassification.

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

**DEFS' REPLY TRIAL BRIEF RE PAGA**   3.   **CASE NO. 3:13-CV-00057-WHO**

## VI.  PLAINTIFFS CAN RECOVER ONLY 'INITIAL' PENALTIES AND MAY NOT RECOVER THE SAME PENALTIES TWICE

Assuming civil penalties are recoverable at all, the members of the PAGA group may recover them only once.  Here, Plaintiffs seek the same penalties for the claimed violation of Labor Code Section 200 *et seq.* as well as under PAGA.  (*See* FAC, Dkt No. 4, ¶ 61; *see also id.* at ¶ 82 [asserting that "by violating California Labor Code §§ 201, 202, and 203, Defendants are also liable for penalties… under [PAGA]").

But California law is clear that "[o]ne injury gives rise to only one claim for relief.  The violation of one primary right constitutes a single cause of action."  *Aguirre v. Genesis Logistics*, 2015 U.S. Dist. LEXIS 78748 (C.D. Cal. June 16, 2015) (*quoting Villacres v. ABM Indus., Inc.,* 189 Cal. App. 4th 562, 577 (2010) and *Crowley v. Katleman,* 8 Cal. 4th 666, 681-82 (1994).[2]  Thus, if Plaintiffs were able to recover penalties directly for a violation of Labor Code section 203, they would not also be able to recover those same Section 203 penalties again under PAGA.[3]

Plaintiffs also repeatedly imply that they are entitled to higher penalties based on initial and "subsequent" violations of statutes.  (*See* Dkt No. 275, 7:1-8).  This is incorrect.

The phrases "initial violation" and "subsequent violation" are terms of art under PAGA that follow the nomenclature in other civil penalty statutes in the Labor Code.  Under PAGA, an "initial violation" refers to all of the violations that occur in the period before an employer has either been cited by the Division of Labor Standards Enforcement or been adjudicated by a court to have violated the particular Labor Code section.  *Amaral v. Cintas Corp.*, 163 Cal. App. 4th 1157, 1209 (2007).  A "subsequent violation" refers to the violations of the Labor Code committed by the employer after such citation or adjudication.  *Id.*  As explained in *Amaral*:  "[u]ntil the employer has

---

[2] *See also Li v. A Perfect Day Franchise, Inc.*, No. 5:10-CV-01189-LHK, 2012 U.S. Dist. LEXIS 83677, at *17 (N.D. Cal. June 15, 2012) (there is no authority that "would permit double recovery of essentially the same penalties."); *Thurman v. Bayshore Transit Management, Inc.*, 203 Cal. App. 4th 1112, 1131 (2012) (finding double recovery for the same act impermissible).

[3] Aggregation of penalties for misclassification in this case, assuming Plaintiffs can prove willfulness, would be an unconstitutional penalty. *See State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408, 416 (2003) (due process "prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor"); *BMW of North America, Inc.* v. Gore, 517 U.S. 559, 574 n.22 (1996) ("[T]he basic protection against 'judgments without notice' afforded by the Due Process Clause is implicated by civil penalties." (internal citation omitted).)

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

**DEFS' REPLY TRIAL BRIEF RE PAGA**          4.          **CASE NO. 3:13-CV-00057-WHO**

1  been notified that it is violating a Labor Code provision (whether or not the commissioner or court

2  chooses to impose penalties), the employer cannot be presumed to be aware that its continuing

3  underpayment of employees is a 'violation' subject to penalties." Here, Plaintiffs have provided no

4  evidence that Defendants were previously cited or adjudicated to have violated the statutes for which

5  Plaintiffs seek penalties under PAGA. Accordingly, no 'subsequent' penalties may be awarded.

6  **VII.   THE STATUTE OF LIMITATIONS ON PAGA PENALTIES DOES NOT RUN
        FROM THE DATE OF FILING THE ORIGINAL COMPLAINT**

7

8          The Parties disagree about the maximum statute of limitations for Plaintiffs' PAGA

9  claims. Plaintiffs filed their original complaint on January 7, 2013, but did not send their letter to the

10  LWDA (which was meant to exhaust their administrative remedies) until January 11, 2013. *See* Dkt

11  No. 277. Thus, at the earliest, the statute of limitations begins one year prior to January 11, 2013.

12  *Culley v. Lincare Inc.*, 2017 U.S. Dist. LEXIS 24135, at *14-15 (E.D. Cal. Feb. 21, 2017) (plaintiffs

13  cannot relate back a PAGA claim to the original complaint if they have not yet exhausted); Dkt No.

14  275: 1:5-7 (confirming statute of limitations is one-year); Cal. Civ. Code § 340. Thus, the statute of

15  limitations on Plaintiffs' PAGA claims extends back, at most, to January 11, 2012.

16  Dated: May 26, 2017

17                                           /s/ *Aurelio J. Pérez*
                                           ROBERT G. HULTENG

18                                           AURELIO J. PEREZ
                                           ALISON J. CUBRE

19                                           KEVIN R. VOZZO
                                           DANTON W. LIANG

20                                           LITTLER MENDELSON, P.C.
                                           Attorneys for Defendants

21                                           FIELD ASSET SERVICES, INC. and
                                           FIELD ASSET SERVICES, LLC

22

23  Firmwide:147817223.5 066383.1035

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

**DEFS' REPLY TRIAL BRIEF RE PAGA**            5.            **CASE NO. 3:13-CV-00057-WHO**