THOMAS E. DUCKWORTH (SBN 152369)
(tom@dplolaw.com)
MONIQUE OLIVIER (SBN 190385)
(monique@dplolaw.com)
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA  94104
Telephone: (415) 433-0333
Facsimile:  (415) 449-6556

JAMES E. MILLER (SBN 262553)
SHEPHERD, FINKELMAN, MILLER
 AND SHAH, LLP
(jmiller@sfmslaw.com)
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367

*Attorneys for Plaintiffs and the Certified Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED BOWERMAN, and JULIA BOWERMAN on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br> v.<br><br>FIELD ASSET SERVICES, INC., FIELD ASSET SERVICES, LLC, a successor in interest,<br><br>            Defendants. | Case No. C13-00057 WHO<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S TRIAL BRIEF REGARDING THE TRIAL OF PAGA CLAIMS**<br><br>Date:         June 27, 2017<br>Time:        3:30 p.m.<br>Courtroom:  2, 17th Floor<br><br>Complaint Filed:   January 7, 2013<br>FAC Filed:           February 15, 2013<br>Trial Date:           July 5, 2017 |

## I. INTRODUCTION

Plaintiffs and FAS agree on several issues with respect to the trial of Plaintiffs' claims under the Private Attorney General Act, Labor Code § 2698 *et seq.* ("PAGA"). First, the PAGA claims should be tried after Phase 1 and any Phase 2 of the trial. Second, Plaintiffs are not pursuing claims under the PAGA for minimum wage or breaks. Third, the Parties agree that the evidence for willfulness under Labor Code § 203 may have some overlap with the standard for willfulness under Labor Code § 226.8, and that it will be most efficient to try those issues together.

FAS's vague objections to Plaintiffs' PAGA claims are otherwise without merit. FAS has waived any objection for failure to exhaust by not pleading any such failure as an affirmative defense. Also, Plaintiffs exhausted their administrative remedies by filing a detailed letter to the California Labor & Workforce Development Agency (LWDA), and FAS fails to demonstrate any lack of specificity. Plaintiffs properly identified the aggrieved employees, and will seek penalties at trial for the aggrieved employees who are class members. FAS suffers no prejudice by so Plaintiffs *limiting* FAS's exposure.

In addition, FAS offers no authority that PAGA claims should be tried to a jury simply because the "predicate" issue involves violation of the Labor Code. Finally, FAS pleads that trial of the PAGA claims will "consume" all of two-and-a-half weeks the Court has currently allotted for trial. Plaintiffs disagree. Far from FAS's parade of unknowns, this Court can, with an advisory jury as proposed by Plaintiffs, determine whether FAS's misclassification was "willful," that is, whether FAS "voluntarily and knowingly" misclassified class members as independent contractors. (Lab. Code § 226.8) in a Phase 3 proceeding to take place between July 18 and July 21.

Accordingly, Plaintiffs' proposed trial plan regarding the PAGA and UCL claims presents the best course. In Phase 1, Plaintiffs will offer evidence as to the compensation owed to the class during the four year UCL period, and FAS will offer evidence of any defenses. In Phase 3, Plaintiffs will offer evidence as to willfulness under § 203 and § 226.8, and FAS will offer evidence of any defenses. The jury will render a finding on willfulness under § 203 and an advisory finding on willfulness under § 226.8. The Court will then determine the amount of restitution under the UCL, and FAS's liability and penalties owed under the PAGA.

1

## II. ARGUMENT

### A. FAS Waived Any Argument That Plaintiffs Failed to Exhaust Their Administrative Remedies.

FAS protests that Plaintiffs did not properly exhaust their administrative remedies. While this is untrue, FAS cannot present the argument in any event. It is well-established that a "failure to exhaust administrative remedies under the PAGA is an affirmative defense subject to waiver." *Batson v. UPS*, No. 12cv0839 BTM (JMA), 2012 U.S. Dist. LEXIS 139567, at *6 (S.D. Cal. Sep. 27, 2012); *cf. Alcantar v. Hobart Serv.,* No. ED CV 11-1600 PSG (SPx), 2013 U.S. Dist. LEXIS 8610, at *14 (C.D. Cal. Jan. 22, 2013) ("[B]ecause Defendants pleaded the failure to exhaust administrative remedies as to PAGA claims as an affirmative defense, they did not waive the defense.").

FAS did not plead any affirmative defenses directed at an averment that Plaintiffs failed to exhaust their administrative remedies. Dkt. 11, pp. 11-17. Perhaps that is why it is raising this argument for the first time weeks before trial. FAS's "failure to exhaust" argument is waived.

### B. In Any Event, Plaintiffs Properly Exhausted Their Administrative Remedies.

Even if the Court were to consider FAS's argument, it fails on the merits. Plaintiffs complied with the administrative process. As FAS concedes, Plaintiffs timely served a detailed, letter on the LWDA and on FAS. Dkt. 279. That letter specifies:

- Plaintiffs and other similarly situated employees who performed property preservation services in California for FAS were classified by FAS as vendors.

- Plaintiffs and these similarly situated vendors were treated as independent contractors even though they were employees who suffered or were permitted to work for FAS.

- FAS controlled the method and means of the vendors' work, the vendors have all of the indicia of employees, and FAS willfully engaged in pattern and practice of misclassifying Plaintiffs and similarly situated employees, which violates Labor Code § 226.8 and § 2753.

- Plaintiffs and other similarly situated employees frequently worked over eight hours a day and/or forty hours in a week but were not compensated at 1.5 times their hourly wage, in violation of Labor Code § 510, § 1194, and § 1198.

- Plaintiffs and other similarly situated employees regularly incurred costs related to their employment including "trucks, trailers, gas, mileage, car repair, computers, phones, monthly mobile internet services, dumping, and other materials." FAS did not reimburse Plaintiffs or other similarly situated employees for these expenses in violation of Labor Code § 2802.

2

- Plaintiffs and other similarly situated employees did not receive accurate or itemized wage statements in violation of Labor Code § 226 and Labor Code § 1174.

FAS cites a number of cases that stand for the uncontroversial point that PAGA claims must be described with particularity in the notice to the LWDA. Dkt. 276 at 3-4. But FAS fails altogether to demonstrate any specificity that is missing from *Plaintiffs' letter*. It simply concludes, without support and in direct contradiction to the letter itself, that "Plaintiffs fail to define with particularity the allegedly aggrieved employees."[1] Plaintiffs' detailed letter properly put the LWDA and FAS on notice that Plaintiffs were intending to pursue PAGA penalties against FAS on behalf of ***other vendors engaged in property preservation work who FAS had misclassified as independent contractors*** for overtime, business expenses, wage statements and willful misclassification. Dkt. 279; *see Green v. Bank of America*, No. 13-56023 (9th Cir. Oct. 13, 2015) (a written notice under PAGA "is sufficient so long as it contains some basic facts about the violations, such as which provision was allegedly violated and who was allegedly harmed."); *Cardenas v. McLane Foodservices, Inc.*, 796 F. Supp. 2d 1246, 1259-61 (C.D. Cal. 2011)(PAGA notice sufficient where it identified the individuals aggrieved by the alleged violations, and letter need not include "every potential fact or every future theory").

Plaintiffs plainly complied with their obligations. The point of the notice requirement is just that: to put the LWDA and FAS *on notice* of alleged Labor Code violations that may give rise to penalties under the PAGA. Lab. Code § 2699.3; *see Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1057 (9th Cir. 2015) (notice must allow the LWDA to "intelligently assess the seriousness of the alleged violations" or the employer to "determine what policies or practices are being complained of."); *Alvarez v. Autozone, Inc.*, No. EDCV 14-02471-VAP (SPx)) 2015 U.S.Dist.LEXIS 48447, at *22-23 (C.D.Cal. Apr. 13, 2015) (a plaintiff "need not identify every employee…for which the PAGA penalties would accrue"). Plaintiffs' notice obviously did that.[2]

---

[1] FAS also protests that Plaintiffs cannot seek recovery under PAGA for minimum wage and breaks violations. As indicated above and in their Trial Brief (Dkt. 275), Plaintiffs are not seeking PAGA penalties for FAS's minimum wage and breaks violations, so this is a non-issue.

[2] This case, therefore, departs sharply from *Jeske v. Maxim Healthcare Servs., Inc.*, Case No. CV F 11-1838 LJO JLT, 2012 U.S.Dist. LEXIS 2963, *36-37 (E.D.Cal. Jan 10, 2012) where an employee sought to bring a PAGA claim on behalf of "all employees staffed by [Maxim Health Services] at state and federal prisons and other facilities within the State of California," who occupied a range of healthcare jobs. *Id.*; *see Molina v. Dollar Tree Stores, Inc.*, No. CV 12-01428-BRO (FFMx)) 2013 U.S.Dist. (continued on next page)

Further, the answer to FAS's claim that the group of "aggrieved employees" for which Plaintiffs seek to recover is unclear, is to define, as Plaintiffs have proposed, the group of "aggrieved employees" as all members of the certified class.[3] These are the individuals this court has already determined are "employees" as a matter of law, and therefore are appropriately the universe of "aggrieved employees" for whom Plaintiffs seek recovery of penalties under the PAGA. Dkt. 205; Lab. Code § 2699(a).

Thus, the trial of Plaintiffs' PAGA claims will proceed on behalf of the same individuals as the certified class. FAS offers no argument or authority that such a path is inappropriate.[4] There is no prejudice to FAS, who had been put on notice of violations of a *broader* group than the claims proceeding to trial. *See, e.g., Abdeljalil v. GE Capital Corp.*, 306 F.R.D. 303, 306 (S.D. Cal. 2015) (courts regularly certify classes that are narrower than those alleged in a complaint, as there is no prejudice to defendant); *Knutson v. Schwan's Home Serv.*, No. 3:12-cv-0964-GPC-DHB, 2013 U.S. Dist. LEXIS 127032, at *12-13 (S.D. Cal. Sep. 5, 2013) ("Defendants cannot reasonably claim they were not on notice of Plaintiffs' claim" where proposed class is narrower than the class alleged in complaint).

**C. The Parties Should Try the PAGA Claims to the Court with an Advisory Jury.**

FAS offers no convincing argument nor authority that the PAGA claims, or the underlying violation of Labor Code § 226.8, are tried to a jury. In addition, the law strongly supports the conclusion that the PAGA claims are equitable claims that are tried to the Court. *See* Dkt. 275; *O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2015 U.S. Dist. LEXIS 166556, at *8 (N.D. Cal. Dec. 10, 2015) (PAGA claims do not contain a jury right); *Espinosa v. Bodycote Thermal Processing, Inc.*, Los Angeles Superior Court, Case No. BC501617 (Dkt. 277) (PAGA claims are non-jury claims).

---

LEXIS 138642, at *35-36 (C.D.Cal. Aug. 9, 2013) (rejecting employer's reliance on *Jeske* and noting that the *Jeske* group "presents [an] undefined group when compared with a group of workers" with the same title, e.g., Store Manager).

[3] Plaintiffs identified the class members as the group of aggrieved employees for purposes of the PAGA claims in the Joint Pretrial Statement, *see* Dkt. 222 pp. 9, 16-17, and in their Brief Regarding the Trial of PAGA Claims, *see* Dkt. 275.

[4] Defining the "aggrieved employees" as the class members also resolves any purported "manageability" concerns which, in any event and contrary to FAS's argument, are not a barrier to proceeding with PAGA claims. *See, e.g., Tseng v. Nordstrom, Inc.*, No. CV11-8471-CAS(MRWx), 2016 U.S. Dist. LEXIS 176790, at *16 (C.D. Cal. Dec. 19, 2016) (reviewing cases holding that PAGA claims do not have a "manageability requirement" and holding same).

Any doubt, however, can be easily resolved by allowing the jury, which will be issuing findings on agreed-upon jury issues in Phase 3, to render an advisory finding as to whether FAS's misclassification of class members was willful.  *See* Dkt. 275.  This procedure, authorized by Federal Rule of Civil Procedure 39 will provide an efficient and effective way to try Plaintiffs' claims, while protecting against any uncertainty as to the non-jury nature of Plaintiffs' PAGA claims.  *See* Fed.R.Civ.P. 39(c); *Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187, 192 (7th Cir.1994); *Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-cv-05236-PSG, 2013 U.S. Dist. LEXIS 131361, at *15 (N.D. Cal. Sep. 12, 2013).

### D.  FAS's View of the Trial of PAGA Claims Is Inconsistent with the Law.

FAS posits that even if the PAGA claims are pursued on behalf of class members, such claims still need to be proven on an "individual-by-individual basis."  This is simply incorrect and entirely inconsistent with the intent and application of the PAGA.

The PAGA is intended to permit the government, or private individuals acting in its place, to prosecute claims *on behalf of other employees*.  The language, scope and intent of the statute confirm that individual trials are not contemplated.  Lab. Code. § 2698 *et seq*.  The cases cited by FAS do not support individualized trials.  In *Cardenas* and *Hibbs-Rines v. Seagate Technologies, LLC*, 2009 U.S. Dist. LEXIS 19283 (N.D. Cal. March 2, 2009), the courts simply noted, in discussing notice under PAGA, that Plaintiffs must demonstrate violations as to all aggrieved employees they seek to represent.

Plaintiffs have already done that with respect to the overtime and unreimbursed business expenses.  (Dkt. 205).  Similarly, there is no dispute that FAS did not issue accurate, itemized wage statements to all class members.  Further, contrary to FAS's claim that individualized trials must proceed on the willful misclassification issue, Plaintiffs' theory is straightforward: FAS knowingly and voluntarily misclassified *all* of the class members as independent contractors; it did not make individualized determinations as California law requires it to do.  *Davis v. Morris*, 37 Cal.App.2d 269, 274 (1940) (willful means "that one intentionally fails or refuses to perform an act which is required to be done.")  FAS has admitted it treated all class members as independent contractors because that is the "business model."  There is no "good faith dispute" defense to § 226.8. FAS's litany of questions,

5

therefore, are irrelevant. Plaintiffs anticipate that the evidence in favor or and against a finding of willfulness will take less than two days.

## IV. CONCLUSION

For the forgoing reasons, Plaintiffs propose trying Plaintiffs' PAGA and UCL claims as outlined in their Trial Brief and above.

Date:  May 26, 2017                     DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

*/s/ Monique Olivier*
Monique Olivier

*Attorneys for Plaintiffs and the Certified Class*