1   ROBERT G. HULTENG, Bar No. 071293
    AURELIO PEREZ, Bar No. 282135
2   ALISON CUBRE, Bar No. 257834
    JULIE STOCKTON, Bar No.286944
3   ROB HARRINGTON, Bar No. 302239
    COURTNEY OSBORN, Bar No. 312011
4   LITTLER MENDELSON, P.C.
    333 Bush Street
5   34th Floor
    San Francisco, California  94104
6   Telephone:     415.433.1940
    Facsimile:     415.399.8490

7

8   Attorneys for Defendants
    FIELD ASSET SERVICES, INC. and FIELD
    ASSET SERVICES, LLC
9
    (ADDITIONAL COUNSEL ON NEXT PAGE)
10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14  FRED BOWERMAN and JULIA            Case No.  3:13-CV-00057-WHO
    BOWERMAN, on behalf of themselves
15  and all others similarly situated,   **PROPOSED PHASE 1 FORM OF
                                        VERDICT**
16               Plaintiffs,
                                        Complaint Filed:   January 7, 2013
17         v.                           Trial Date          July 5, 2017
                                        Crtm:               Courtroom 12, 19th Floor
18  FIELD ASSET SERVICES, INC., FIELD   Judge:              Hon. William H. Orrick
    ASSET SERVICES, LLC, a successor in
19  interest,

20               Defendants.

21

22

23

24

25

26

27

28

1    BARRETT GREEN, Bar No. 145393
     LITTLER MENDELSON, P.C.
2    2049 Century Park East
     5th Floor
3    Los Angeles, CA 90067-3107
     Telephone:      310.553-0308
4    Facsimile:      310.553.5583

5    KEVIN VOZZO, Bar No. 288550
     LITTLER MENDELSON, P.C.
6    900 Third Avenue
     New York, NY 10022-3298
7    Telephone:      212.583-9600
     Facsimile:      212.832-2719
8
     Attorneys for Defendants
9    FIELD ASSET SERVICES, INC. and FIELD
     ASSET SERVICES, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED PHASE 1 FORM OF VERDICT                    Case No.  3:13-CV-00057-WHO

1

## **PROPOSED FORM OF VERDICT**

2        Pursuant to the Court's Pretrial Order, Defendants submit the following proposed form of

3   verdict.

4   Dated: June 20, 2017                        Respectfully submitted,

5                                               LITTLER MENDELSON, P.C.

6

7                                               */s/ Aurelio Perez*

8                                               Attorneys for Defendants FIELD ASSET
                                                SERVICES, INC. and FIELD ASSET
9                                               SERVICES, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **SECTION I**

2

## **CLAIMANT QUALIFICATIONS FOR TRIAL**

3

**QUESTION NO. 1**:

4

Did Claimant enter into a vendor agreement with Defendants that designated

5

Claimant as an independent contractor?

6

Yes____ No____

7

*If yes, go to Question No. 2.*

8

*If no, YOU ARE DONE WITH SECTION I. Go directly to the end of the verdict form.*

9

**QUESTION NO. 2**:

10

At any time from January 7, 2010, to December 20, 2016, did Claimant personally

11

perform property preservation work in California pursuant to Defendants' work orders?

12

Yes____ No____

13

*If yes, go to Question No. 3.*

14

*If no, YOU ARE DONE WITH SECTION I. Go directly to the end of the verdict form.*

15

**QUESTION NO. 3**:

16

While working for Defendants at any time from January 7, 2010, to December 20,

17

2016, did Claimant work for any other person or entity other than Defendants for more than 30% of

18

his/her time?

19

Yes____ No____

20

*If yes, go to Question No. 4.*

21

*If no, skip Question 4 and go to Question 5.*

22

**QUESTION NO. 4**:

23

During how many weeks from January 7, 2010, to December 20, 2016, did Claimant

24

work for any other person or entity other than Defendants for more than 30% of his/her time?

25

_____ weeks

26

27

28

PROPOSED FORM OF VERDICT                           2.                    Case No.  3:13-CV-00057-WHO

**QUESTION NO. 5**:

Did the work that Claimant performed for Defendants primarily consist of rehabilitation or remodel work?

Yes___ No___

*If no, YOU ARE DONE WITH SECTION I, go to SECTION II.*

*If yes, YOU ARE DONE WITH SECTION I, go directly to the end of the verdict form.*

**SECTION II**

**OVERTIME CLAIM**

**QUESTION NO. 1**:

Did Claimant perform work for Defendants?

Yes____ No____

*If yes, go to Question No. 2.*

*If no, YOU ARE DONE WITH SECTION II, go directly to SECTION III.*

**QUESTION NO. 2**:

In total (i.e., all the weeks combined), during the limitations period from January 7, 2010 to December 20, 2016, how many hours (if any) in excess of 40 hours in a week did Claimant work for Defendants in California personally performing property preservation work (enter "0" if the answer is none)?

Claimant worked _____ total hours in excess of 40 hours in a week for Defendants in California personally performing property preservation work.

**QUESTION NO. 3**

In total (i.e., all the days combined), during the limitations period from January 7, 2010 to December 20, 2016, how many hours (if any) in excess of 8 hours in a day did Claimant work for Defendants personally performing property preservation work (enter "0" if the answer is none) in California?

Claimant worked _____ hours in excess of 8 hours in a day for Defendants in California personally performing property preservation work.

**QUESTION NO. 4**:

For Question 3, above, how many of the hours listed were also included in your response to Question 2?

_____ hours were already included.

**QUESTION NO. 5**:

In total (i.e., all days combined), during the limitations period from January 7, 2010 to December 20, 2016, how many hours (if any) in excess of 12 hours in a day did Claimant work

for Defendants personally performing property preservation work (enter "0" if the answer is none)?

Claimant worked _____ hours in excess of 12 hours in a day for Defendants in California personally performing property preservation work.

## SECTION III

## WAITING-TIME PENALTY FOR NONAYMENT OF WAGES

**QUESTION NO. 1**:

Did Defendants discharge Claimant?

Yes____ No____

*If yes, go to Question No. 2.*

*If no, YOU ARE DONE WITH SECTION III, go directly to SECTION IVI.*

**QUESTION NO. 2**:

Did Defendants willfully fail to pay the full amount of wages earned by Claimant on his/her last day of their service arrangement?

Yes____ No____

*If yes, go to Question No. 3.*

*If no, YOU ARE DONE WITH SECTION III, go directly to SECTION IV.*

**QUESTION NO. 3**:

Did Defendants have a good faith dispute as to whether wages were due?

Yes____ No____

*If no, go to Question 4.*

*If yes, YOU ARE DONE WITH SECTION III, go directly to SECTION IV.*

**QUESTION NO. 4**:

For how many calendar days (if any) following Claimant's last day of employment with Defendants did Defendants willfully fail to pay the full amount of wages owing to Claimant?

_____ days.

PROPOSED FORM OF VERDICT                 6.                 Case No.  3:13-CV-00057-WHO

## SECTION IV

## NONPAYMENT OF EXPENSES

**QUESTION NO. 1**:

   Did Claimant prove that Claimant incurred reasonable and necessary business expenses in California for which Claimant is eligible for reimbursement and for which Claimant was not reimbursed?

   Yes___ No___

   *If yes, go to Question No. 2.   If no, YOU ARE DONE WITH SECTION IV, go directly to the end of the verdict form.*

**QUESTION NO. 2**:

   Identify the categories of expenses for which you determined Claimant is eligible for reimbursement?

   _____

   _____

   _____

**QUESTION NO. 3**:

   Defendants owe Claimant the following amount for reasonable and necessary business expenses that were not reimbursed:  $_____.

1          *Please have the jury foreperson sign and date the form where indicated below and*

2     *deliver the form to the Bailiff.*

3

4     Dated: _____    _____

      _____

5     _____    _____

6     Jury Foreperson

7
      Firmwide:148330678.2 066383.1035

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED FORM OF VERDICT              8.              Case No.  3:13-CV-00057-WHO