ROBERT G. HULTENG, Bar No. 071293
rhulteng@littler.com
BARRETT K. GREEN, Bar No. 145393
bgreen@littler.com
AURELIO PEREZ, Bar No. 282135
aperez@littler.com
ALISON J. CUBRE, Bar No. 257834
ACubre@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94108.2693
Telephone:   415.433.1940
Facsimile:   415.399.8490

KEVIN R. VOZZO, Bar No. 288550
kvozzo@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue,
New York, NY 10022-3298
Telephone:   212.583.9600
Facsimile:   212.832.2719

Attorneys for Defendants
FIELD ASSET SERVICES, INC. and
FIELD ASSET SERVICES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRED BOWERMAN AND JULIA BOWERMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIELD ASSET SERVICES, INC., FIELD ASSET SERVICES, LLC, a successor in interest,<br><br>Defendants. | Case No.  3:13-CV-00057-WHO<br><br>**DEFENDANTS' OBJECTIONS TO REVISED TRIAL PLAN**<br><br>Hon. William H. Orrick<br>Complaint Filed:   February 15, 2013<br>Trial:                     July 5, 2017 |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO
REVISED TRIAL PLAN

CASE NO. 3:13-CV-00057-WHO

Defendants hereby object to the revised trial plan proposed during the pretrial conference held on June 27, 2017.

Throughout this litigation, Plaintiffs contended that they could try this case using an expert witness and representative proof, despite Defendants' repeated contention that this was neither permissible nor feasible.  To accommodate Plaintiffs' proposal, the Court fashioned a three-phase trial plan, consisting of a balanced presentation of claimants called by each side in Phase I, followed by consideration of a Phase II where an expert would possibly extrapolate the data to the larger class.  In the event that expert-extrapolation were considered inappropriate, Phase III would involve trial of the remaining claimants' claims.

On the eve of trial, Plaintiffs finally yielded, conceding that expert testimony and representative proof is not workable, and agreeing that the claims would need to be tried individually.  (See Stipulation Re Expert Testimony And Representative Proof, Dkt #307, filed June 23, 2017.)

Defendants appreciate these concessions, late though they may have come in the litigation.

Now, however, one week before trial, Plaintiffs have proposed a new Phase I, where Plaintiffs choose all the claimants for trial, Plaintiffs receive an expanded amount of time for trial presentation, and Defendants have no ability to call claimants of their own choice.

Defendants oppose and object to this proposal, and respectfully request that the Court reinstate the existing Phase I that had been contemplated.

The reasons for the objections are as follows:

1. A major feature of the Phase I design was to allow for the claims of a cross-section of claimants to be tried.  While a true random sample of claimants would likely have yielded a preferable mix of information from the jury, a next-best approach was for each side to select claimants.  Plaintiffs' revised proposed trial plan will eliminate that balance, resulting in a one-sided presentation of the claims most favorable to Plaintiffs.  This significantly shifts the focus and value of Phase I, and significantly reduces the value the jury can provide the Parties in the Court in determining how to proceed following Phase I. .  Further, to the extent a judgment may be entered following Phase I, presenting an appeal of a case in which Plaintiffs have deliberately avoided

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' OBJECTIONS TO
REVISED TRIAL PLAN       2.       CASE NO. 3:13-CV-00057-WHO

1  further information that will demonstrate that some of their asserted class members do not meet the
2  class definition and still others have no damages at all, deprives the parties of a balanced record for
3  appellate review in this complex case.

4      2.    Defendants have devoted extensive resources to preparing for Phase I,
5  including lining up witnesses, arranging logistical support, and designing a trial plan based on what
6  had been a ordered by the Court.  These are sunk costs that would need to be absorbed by
7  Defendants.  There is no reason Defendants should be required to bear these costs when – until a
8  week before trial – Defendants believed that the vendors who would appear at trial were those listed
9  on the stipulated order of call that was jointly filed by the parties per the three-phase plan the Court
10 ordered three months ago. (See Interim Order On Daubert Motions And Trial Plan, Dkt #235, filed
11 April 28, 2017.)

12     For these reasons, Defendants respectfully object to the revised proposed Phase I, and request
13 that the Court reinstate the existing Phase I.

14     Defendants also object to the proposed "metamorphosis" of the case into an opt-in class.
15 This is a Rule 23(b)(3) opt-out class action that has been certified as such, and is at trial.  There is no
16 authority for an opt-in Rule 23(b)(3) class (see rule 23(c)(2)(b)), and, *a fortiori*, certainly no
17 authority to metamorphose such an opt-out class into an opt-in class at trial.  It is respectfully
18 submitted that this trial as it stands is a trial on the merits for the claimants identified on Plaintiffs'
19 trial witness list and that, should any such claimants not appear for trial, their claims must be
20 dismissed with prejudice.

21 Dated: June 30, 2017     Respectfully submitted,

22     /s/ *Barrett K. Green*
    ROBERT G. HULTENG
23     BARRETT K. GREEN
    AURELIO J. PEREZ
24     ALISON J. CUBRE

25     LITTLER MENDELSON, P.C.
    Attorneys for Defendants
26     FIELD ASSET SERVICES, INC. and
    FIELD ASSET SERVICES, LLC
27

28 Firmwide:148547900.1 066383.1035

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEFENDANTS' OBJECTIONS TO REVISED TRIAL PLAN**     3.    **CASE NO. 3:13-CV-00057-WHO**