UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED BOWERMAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FIELD ASSET SERVICES, INC., et al.,<br><br>Defendants. | Case No. 3:13-cv-00057-WHO<br><br>**ORDER DENYING RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Re: Dkt. No. 360 |

## INTRODUCTION

Prior to trial, I determined that defendant Field Asset Services, Inc.'s ("FAS") vendors who worked at least 70 percent of the time for FAS were employees, not independent contractors, and as such were entitled to overtime and business expenses. Dkt. No. 205. FAS instructed applicants to become a business entity as a condition of employment.[1] Some prospective vendors chose a corporate form; others became sole proprietors or chose some other way to address this requirement.

At trial, eleven class members put on their damages evidence. Some had incorporated, some had not. With respect to the work assigned by FAS or performed by the class members, there was no differentiation concerning whether a class member was incorporated. I instructed the jury that it could only award damages under Labor Code section 2802 for qualified expenses that were personally incurred at FAS's direction. Like FAS, the jury did not differentiate between the

---

[1] On summary judgment, FAS challenged this assertion, but the undisputed evidence established it. The Vendor Qualification Packets ("VQP") refer to a vendor's "company," and certain documents requested a vendor's business license and Employer Identification Number. *See* 2009–2013 VQPs (Dkt. Nos. 155-35–155-39). In addition, the vendors testified that FAS directed them to "legitimize your business." *E.g.*, Gowan Dep. at 95:5–6 (Duckworth Decl., Ex. 23, Dkt. No. 66-5).

vendors and awarded damages to each class member regardless of whether he or she had incorporated.

FAS moves for judgment against those who incorporated or formed a limited liability company because only a person is entitled to recover expenses under section 2802. Neither the law nor the evidence suggests that I should grant its motion. FAS directed that the class members form a "company," consistent with its business model that classified the vendors as independent contractors and required them to pay expenses that California law obligates an employer to reimburse to its employees. There is no substantive reason to differentiate between the vendors in reimbursing the business expenses they paid for FAS's benefit. FAS's motion is DENIED.

**BACKGROUND**

On January 26, 2015, I issued a summary order granting plaintiffs' renewed motion for class certification. Dkt. No. 78. I subsequently issued an order explaining my reasoning and identifying the class as:

> All persons who at any time from January 7, 2009 up to and through the time of judgment (the "Class Period") (1) were designated by FAS as independent contractors; (2) personally performed property preservation work in California pursuant to FAS work orders; and (3) while working for FAS during the Class Period, did not work for any other entity more than 30 percent of the time. The class excludes persons who primarily performed rehabilitation or remodel work for FAS.

Dkt. No. 85 at 2.

Two years later, on March 17, 2017, I issued an order denying FAS's motion to decertify the class, granting plaintiffs' partial motion for summary judgment, and granting in part and denying in part defendant's motion for summary judgment. ("SJ Order")(Dkt. No. 205). In granting plaintiff's partial motion for summary judgment, I decided that the class members were employees as a matter of law, and therefore were entitled to recover expenses and overtime pay. SJ Order at 32, 45.

In July, the case proceeded to trial, with eleven claimants presenting testimony and evidence to prove their right to recover overtime and unreimbursed business expenses. During trial, FAS moved for judgment as a matter of law against five of the claimants: John Gowan, Amy Gowan, Matthew Cohick, Anthony Yager, and Jake Bess (the "Five Claimants"). Trial Tr. Vol. 6

at 1085:15–1086:15; *id.* at 1217:22–1218:4; Vol. 7 at 1348:12–1355:21. FAS argued that any expenses sustained in connection with the businesses of the Five Claimants were incurred by the corporate form, and not incurred personally by the claimant. I heard argument on FAS's motion at the close of evidence, and proceeded to allow all the claims to go to the jury.

The jury was instructed that claimants could only recover for expenses they incurred while personally performing work for FAS. Final Jury Instruction Nos. 2, 23 (Dkt. No. 356).

On July 17, 2017, the jury reached a verdict in favor of each claimant. Jury Verdict (Dkt. No. 358). FAS renewed its motion for judgment as a matter of law on August 14, 2017. ("Mot.")(Dkt. No. 360). I heard argument on September 27, 2017.

**LEGAL STANDARD**

In ruling on a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50, a court must consider whether the evidence is sufficient for a reasonable jury to reach a verdict for plaintiff. *Brooktree Corp. v. Advanced Micro Devices, Inc.*, 977 F.2d 1555, 1569 (Fed. Cir. 1992). "[A] judgment is appropriate when the evidence permits only one reasonable conclusion." *LaLonde v. Cty. of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000). "The evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party. [citation] If conflicting inferences may be drawn from the facts, the case must go to the jury." *Id.* (citation omitted).

After the case goes to the jury, a party may move for renewed judgment as a matter of law, no later than 28 days after entry of the judgment or discharge of the jury. Fed. R. Civ. P. 50(b).

**DISCUSSION**

FAS moved for judgment as a matter of law at the close of plaintiffs' case, so this renewed motion is procedurally proper. It reiterates its argument that any expenses incurred in connection with the businesses of the Five Claimants were incurred by the corporate form, and not incurred personally by the claimant. Mot. at 3–4. It points to John and Amy Gowan's corporation, Pacific Shores Construction and Maintenance, Inc., Matthew Cohick's corporation, Monster Mowers, Inc., Anthony Yager's limited liability company, REO Property Preservation, LLC, and Jake Bess's limited liability company, Inbessment Properties, LLC (the "Five Corporate Entities"). *Id.*

3

at 4–5. According to FAS, the Five Claimants "cannot, as a matter of law, be reimbursed for expenses that were, in fact, incurred by a separate corporate entity, treated by the corporation or company as corporate expenses, and reported to the government as such." *Id*. at 5. It presents two theories in support of its motion: first, the business entities were not parties to this action and therefore could not recover damages; and second, only natural persons, not business entities, are entitled to reimbursement under the Labor Code.

Plaintiffs respond by focusing on the broader policy considerations; they were employees of FAS, and the expenses were incurred at the direction and for the benefit of FAS. Opp'n at 1 (Dkt. No. 367). They contend that "[i]t is of no moment that such expenses may have been incurred under the umbrella of a business entity, or that some expenses may have been reported for tax purposes as 'business' expenses." *Id*. at 2. They insist that any tax-related issues "should be addressed between Claimants, their tax advisors and the United States." *Id*.

I agree with plaintiffs. Under Labor Code section 2802, "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer… ." Cal. Labor Code § 2802. According to the legislative history, the purpose of section 2802 is "to prevent employers from passing their operating expenses on to their employees." *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 562 (Cal. 2007); *see also Grissom v. Vons Cos., Inc.*, 1 Cal. App. 4th 52, 60 (Cal. Ct. App. 1991)("[T]he obvious purpose of which is to protect employees from suffering expenses in direct consequence of doing their jobs."). An employer's requirement to reimburse employees for necessary expenses cannot be waived. Cal. Labor Code § 2804; *see Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 951 (Cal. 2008) ("Labor Code section 2804 voids any agreement to waive the protections of Labor Code section 2802 as against public policy."). Accordingly, FAS should not be permitted to avoid liability for its employees' necessary expenditure on its behalf by claiming that the vendor's business entity, not the vendor-owner, incurred FAS's business expenses.

FAS argues that expenses incurred by a corporate entity are not expenses incurred *by the employee* and therefore, are not reimbursable under section 2802. Mot. at 7–8. It highlights

4

*Bowman v. CMG Mortgage Inc.*, in which the Hon. Susan Illston noted that plaintiffs had failed to "cite any authority supporting their contention that an individual who personally funds a corporation which pays expenses on behalf of the individual's employer is entitled to be reimbursed as an employee under Labor Code § 2802(a)." No. C 07-03140 SI, 2008 U.S. Dist. LEXIS 58953, at *12-13 (N.D. Cal. Aug. 4, 2008). And it cites to other cases finding that a plaintiff's ability to recover damages must be limited to those personally incurred.

Plaintiffs, for their part, focus on the purpose of section 2802, and the "strong public policy favoring the indemnification of employees." Opp'n at 4 (quoting *Greer v. Dick's Sporting Goods, Inc.*, 2017 U.S. Dist. LEXIS 57165, at *28 (E. D. Cal. Apr. 12, 2017)(quoting another source)(alterations omitted). They note that the class was defined as "all persons" who meet certain criteria, and "the California Labor Code defines 'employee' as 'every person in the service of an employer under any appointment or contract of hire,' and defines 'person' as 'any person, association, organization, partnership, business trust, limited liability company, or corporation.'… The Code would thus seem to allow business entities to assert rights under its provisions." Order on Class Certification at 21 n.9 (Dkt. No. 61). The class definition was intended to include vendor-owners and to exclude any workers hired and paid by the vendors.

Plaintiffs highlight the testimony of the Five Claimants to establish that those claimants personally incurred the business expenses in discharge of their duties for FAS.[2] Opp'n at 5. They insist that FAS must not be permitted to avoid reimbursing claimants for expenses that they incurred in performing work for FAS, "simply by pointing to a business entity to which the cost may be attributable[,]" especially since FAS required its employees to operate as a business. To rule otherwise would allow "FAS to profit from its subterfuge in misclassifying class members[.]"

---

[2] In addition, they point out that that Cohick's Monster Mowers was a sole proprietorship until 2011, and the Gowans operated Pacific Shores Construction as a sole proprietorship. *Id*. at 6. But, FAS counters that John Gowan testified that Pacific Shores Construction and Maintenance, Inc. was incorporated in 2009, and it incurred the business expenses reflected in the submitted evidence. Trial Tr. at 954:19–955:9. And Amy Gowan testified that the corporation incurred the expenses from 2010 to 2012. *Id*. at 942:7-16; *id*. at 954:19-959:09; 981:6-19. As for Matthew Cohick, FAS points to his testimony during cross-examination that he had incorrectly testified that Monster Mowers was incorporated in 2011, and that he had incorporated in 2010. *Id*. at 1093:23-1094:5. Regardless, the jury heard all of this testimony.

5

Opp'n at 7.

They also underscore the anti-waiver provision of the Labor Code in an attempt to thwart FAS's arguments. According to them, FAS would be circumventing the protections of the Labor Code by forcing vendors to form their own businesses, and then sloughing off its operating expenses onto the vendors without fear of reprisal. But not all of FAS's vendors incorporated a business or formed an LLC. Some decided to do so based on FAS's instruction, and others did not. And still others had already established a business entity prior to contracting with FAS.

Neither party has provided any case directly on point, likely because there is none. *Bowman* comes close, but it is not particularly persuasive because "[i]t remain[ed] unclear whether Bowman could be treated as an employee of defendants under California law[.]" 2008 U.S. Dist. LEXIS 58953, *13. I have already concluded that the vendor-owners are employees under California law. Ultimately, Judge Ilston found "a dispute of material fact as to what expenses were paid by Bowman personally, and what were paid by PREMCO." *Id*. at *12. In essence, FAS argues that the expenses of the Five Claimants were "paid" by their Five Corporate Entities. But the jury listened to the evidence and concluded that the expenses were personally incurred by the claimants. Nothing in *Bowman* compels a different conclusion.

FAS points out that plaintiffs fail to identify any cases where an employer has been forced to pay an employee's own business's expenses, even when those expenses were incurred at the direction of the employer.[3] Plaintiffs rely on the Hon. Joseph C. Spero's decision in *Villalpando*

---

[3] Plaintiffs' cases deal with (1) whether a worker operating under a corporate entity could still be classified as an employee, or (2) whether a worker found to be an employee can recover expenses. The answer to both questions is indisputably yes. But neither answers the question before me.

Falling into the first category, plaintiffs cite *Saravia v. Dynamex, Inc.*, No. c-14-05003-WHA, 2016 U.S. Dist. LEXIS 136131, at *1-5 (N.D. Cal. Sept. 29, 2016)(certifying a FLSA class, which included "sole proprietors using their own vehicles to full-fledged businesses," seeking recovery for minimum wages and overtime premium wages, but no indication that class, sought recover for expenses). In *Saravia,* Judge Alsup "assume[d], for the sake of argument, that a corporate entity can be properly classified as an employee, at least to the extent the entity is an alter ego of an individual." *Id*. at *5. They also cite *Ruiz v. Affinity Logistics Corp.*, 754 F.3d 1093, 1103 (9th Cir. 2014) (rejecting argument that workers who had businesses could not be employees, noting that "the drivers form their own businesses and hire helpers");

And in the second category, they cite *Estrada v. FedEx Ground Package Sys., Inc.*, 154 Cal. App. 4th 1, 20 (2007); *Desimone v. Allstate Ins. Co.*, No. C 96-03606 CW, 1999 WL 33226248, at *10

6

*v. Exel Direct, Inc.*, to argue that the claimants' "characteriz[ation of] their expenses for tax purposes is irrelevant to the unrefuted testimony that they spent thousands of dollars on materials, fuel, phone, and insurance in order to work for FAS." Opp'n at 6 (citing *Villalpando*, No. 12-cv-04137-JCS, 2016 U.S. Dist. LEXIS 537733, at *31 (N. D. Cal. Apr. 21, 2016)("Any duty class members may have on that score [documenting their business expenses in a Schedule C] is an entirely separate issue and does not negate Exel's obligations under California's wage and hour laws."). They also cite a case from the Southern District of California in which the court, deciding a motion for class certification, found that "[h]ow an individual employee dealt with his expenses in terms of his own financial and tax planning is irrelevant to the question of whether the *employer* should have reimbursed the technicians in the first place." *Schulz v. Qualxserv, LLC*, 2012 U.S. Dist. LEXIS 58561, at *15 (S.D. Cal. Apr. 26, 2012). But that conclusion pertained to how an *individual,* not an individual's *business entity*, claimed work expenses on his tax returns. All that said, I find (as Judge Spero did in *Villalpando*) that the tax returns present "an entirely separate issue." *Villalpando*, 2016 U.S. Dist. LEXIS 537733, at *31. The returns represent one piece of the evidentiary puzzle submitted to the jury. But they do not tip the weight of the evidence in FAS's favor.

FAS also offers a very unpersuasive argument that principles of equity support its position. It contends that the Five Claimants reaped the benefits of utilizing a corporate form to contract with FAS, and they should not be able to ignore that form now, claiming that expenses were personally incurred, when they were previously claimed as expenses on behalf of the Five Corporate Entities. Mot. at 9. According to FAS, the Five Corporate Entities have claimed and deducted expenses on their taxes, and allowing them to now recover those expenses tax-free as personal expenses under section 2802 "would invite tax fraud on a widespread basis." Mot. at 9.

---

(N.D. Cal. Sept. 14, 1999) (finding insurance agents were employees entitled to reimbursement of expenses under section 2802). The *Estrada* court explicitly distinguished another case where the individuals operated as partnerships or corporations. *See Estrada*, 154 Cal. App. 4th at 13 (The drivers in *Merchants Home Delivery Serv., Inc. v. N.L.R.B.* [citation omitted] were paid by the job, chose their own work hours, could refuse assignments, could sometimes work for other businesses, and operated as partnerships or corporations, not individuals.").

7

But in arguing that equity is on its side, it ignores its business model, which attempts to make employees pay the necessary expenses FAS's business. Equity is on the side of plaintiffs.

Established principles of corporate law do not dictate a determination contrary to the jury's verdict. The jury was presented with extensive testimony from the claimants, who were thoroughly cross-examined. The evidence included the corporate entities' tax returns. The jury was instructed that the claimants must have personally incurred the expenses in order to obtain damages. It concluded that the expenses were *actually* incurred by the claimants and returned a verdict in favor of each claimant.

This case has presented several thorny issues, the underlying question presented by FAS's motion being one. I conclude that there was a "legally sufficient evidentiary basis for a reasonable jury to find" for the claimants. Fed. R. Civ. P. 50(a). As a result, FAS's motion is denied.

## CONCLUSION

In accordance with the foregoing, FAS's motion for judgment as a matter of law is DENIED.

**IT IS SO ORDERED.**

Dated: October 5, 2017

William H. Orrick
United States District Judge