UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED BOWERMAN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FIELD ASSET SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 3:13-cv-00057-WHO<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE**<br><br>Re: Dkt. No. 408 |

Plaintiffs move to strike defendants' motion for decertification (Dkt. No. 407) on the grounds that the decertification motion constitutes a motion for reconsideration, for which they are required to seek leave prior to filing. Admin. Mot. to Strike Defs.' Unauthorized Mot. for Decertification at 1 (citing Civil L. R. 7-9). Defendants respond that "[a]n order that grants or denies class certification may be altered or amended before final judgment[,]" Fed. R. Civ. P. 23(c)(1)(C), and "[a] district court may decertify a class at any time[.]" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009). *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."). They also assert that, at least in the first instance, "[a] motion to decertify a class is not governed by the standard applied to motions for reconsideration." *Makaeff v. Trump Univ., LLC*, 309 F.R.D. 631, 635 (S.D. Cal. 2015).

The problem with defendants' argument is that they have already moved to decertify once, *see* Mot. to Decertify (Dkt. No. 154), and I have already ruled on it, *see* Order Denying Defs.' Mot. to Decertify, Granting Pls.' Mot. for Partial Summ. J., Granting in Part and Denying in Part Defs.' Mot. for Summ. J. ("Prior Order")(Dkt. No. 205). Under these circumstances, it seems appropriate that any subsequent motion to decertify should be fashioned as a motion for

reconsideration.

Only one of defendants' cases dealt with a second motion to decertify. *See Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 651–52 (C.D. Cal. 2000)(noting that "[t]his motion represents Defendants' second attempt to decertify the class… ."). The court indicated that the "usual reluctance to entertain motions for reconsideration simply does not apply in the class certification context[,]" but it also highlighted a change in governing law in the six years since the court conditionally certified the class (and five years since denying the decertification motion) that justified the "the instant motion to reconsider." *Id*. at 651–52. It further noted that "a District Court must supervise a class to ensure that its continued maintenance satisfies the standards set forth in Rules 23(a) and (b)(3)[,]" and found that "[d]efendants' motion thus serves an important role in the ongoing life of this class action." *Id*. at 652.

The circumstances here differ from *Slaven*, and support the conclusion that FAS's motion to decertify should be presented as a motion for reconsideration. Most critically, I already performed the "rigorous analysis" in the Prior Order, which the *Slaven* court cited as justification for considering the motion on the merits in that case. *See id.* (citing *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1233 (9th Cir. 1996)). In addition, defendants explicitly cite new facts elicited at the mini-trials to purportedly justify their motion to decertify.[1] *See* Opp'n at 2 (Dkt. No. 410). This "material difference in fact" is one of the enumerated reasons justifying a motion for reconsideration. *See* Civil L. R. 7-9(b)(2).

None of the remaining cases cited by defendants address circumstances where the court has already denied a motion for decertification. *See Czuchaj v. Conair Corp.*, No. 13-CV-1901-BEN (RBB), 2016 WL 1240391, at *1 (S.D. Cal. Mar. 30, 2016) (addressing defendant's motion to decertify class with no indication of prior motion to decertify); *Makaeff*, 309 F.R.D. at 635 (same); *Medlock v. Taco Bell Corp.*, No. 1:07-CV-01314-SAB, 2015 WL 11142692, at *2 (E.D. Cal. Dec. 11, 2015) (same); *Ballard v. Equifax Check Servs., Inc.*, 186 F.R.D. 589, 593 n.6 (E.D. Cal. 1999) (addressing plaintiff's motion to reconsider denial of class certification without

---

[1] They also cite new "facts" in the size of the class and plaintiffs' ability to prove liability based on an aggregate damages model. *See* Opp'n at 2 n.1.

2

considering whether "reconsideration" was warranted under Fed. R. Civ. P. 60(b) or civil local rule given court's power to alter or amend certification order under Rule 23(c)(1)). Neither does the decision in *Heredia v. Eddie Bauer LLC*, No. 16-CV-06236-BLF, 2018 WL 1243275 (N.D. Cal. Mar. 9, 2018) support their argument. In *Heredia*, the court denied defendant's motion to reconsider the court's order certifying the class, but noted that "Eddie Bauer retains the ability to bring such a motion for decertification." *Id*. at *6. As in the cases addressed in the preceding paragraph, the *Heredia* court had not previously ruled on a motion for decertification.

As a result, I GRANT plaintiffs' motion to strike. However, I will treat defendants' motion to decertify as a motion for leave to file a motion for reconsideration and will let the parties know if I require further briefing once I have reviewed it. The hearing on the motion is VACATED.

**IT IS SO ORDERED.**

Dated: May 15, 2018

William H. Orrick
United States District Judge