UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED BOWERMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FIELD ASSET SERVICES, INC., et al., <br><br> Defendants. | Case No. 3:13-cv-00057-WHO <br><br> **ORDER OVERRULING DEFENDANTS' OBJECTION, GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION AND ENTERING JUDGMENT FOR CLAIMANTS** <br><br> Dkt. No. 417 |

This is a classwide misclassification case involving workers who perform property preservation services in California for Field Asset Services, Inc. and Field Asset Services, LLC ("FAS"). In July 2017, the claims of Plaintiff Fred Bowerman and ten class members were tried to a jury. The ten class members were Jake Bess, Janeen Cloud, Matthew Cohick, Linda Dunham, Kenneth Freeborn, Amy Gowan, John Gowan, Matt Jaques, Kim Miller, and Anthony Yager. Plaintiff and these class members are collectively referred to as the "Claimants." On May 18, 2018, I entered my Findings of Fact and Conclusions of Law on the Claimants' certified claims for violations of the Unfair Competition Law, Business and Professions Code §§ 17200 *et seq*. ("UCL"). ("UCL Order")(Dkt. No. 413). In the UCL Order, I declined to award prejudgment interest on the UCL award, but granted an award of prejudgment interest on the jury verdict from the date of the verdict through June 4, 2018. UCL Order at 39. I directed plaintiffs to file a notice calculating the amounts applicable to each Claimant and indicated that the parties should meet and confer over any disagreements, but allowed the possibility for competing proposals if they were unable to agree. *Id*.

On May 25, 2018, plaintiffs submitted their statement calculating prejudgment interest at

ten percent (10%) from July 17, 2017 (date of jury verdict) to June 4, 2018, based upon the following calculation: (322 days/365.25 days = .88);(.88 of 10% = 8.8%) (8.8% x Jury Verdict for each Claimant = Prejudgment Interest Through June 4, 2018). Pls.' Prejudgment Interest Calculations (Dkt. No. 415). On June 1, 2018, FAS filed an objection contending that the prejudgment interest rate of ten percent was inapplicable to awards of unreimbursed business expenses under California Labor Code section 2802. Defs.' Objection (Dkt. No. 418). As discussed below, FAS's objection is unfounded.

California Labor Code section 2802(b) provides that "[a]ll awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss." FAS argues that "the same rate as judgments in civil actions" triggers the *Erie* doctrine (since this action is in Federal court) and dictates that the appropriate interest rate is set by 28 U.S.C. § 1961, and is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961 (footnote omitted); *see* Defs.' Objection at 1 (citing *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988)). But *Northrop Corp.* addressed this precise issue and clearly distinguished between the appropriate rate for prejudgment interest and postjudgment interest for diversity cases where only state law claims are presented. *See id.* at 1155 (noting that the general rule, followed in this circuit, "is that state law determines the rate of prejudgment interest in diversity actions."); *id*. at 1155 n.3 (indicating only state law claims at issue); *id*. at 1155 ("It is settled that even in diversity cases '[p]ost-judgment interest is determined by federal law.'"). The distinction arises because "prejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism." *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007); *see also Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 961 (9th Cir. 2008)("State law generally governs awards of prejudgment interest in diversity actions, but federal law may apply to the calculation of prejudgment interest when a substantive claim derives from federal law alone.").

2

The Labor Code explicitly provides that the rate of prejudgment interest is the same as in civil actions, and, in this diversity jurisdiction action with only California state law claims, that rate is set by statute at ten percent. Cal. Civ. Proc. Code § 685.010(a)("Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied."). Defendants' objection is OVERRULED.

On June 1, 2018, FAS filed a motion for leave to file a motion for reconsideration of Claimant Amy Gowan's UCL award of overtime. Mot. for Reconsideration (Dkt. No. 417). FAS underscores that the jury discredited Ms. Gowan's testimony that she worked 12 to 13 hours per day in 2010 (and fewer hours on Saturday and Sunday) while homeschooling three children, *see* TT, Vol. 5 at 930:19–21; *id*. at 938:2–12; *id*. at 966:4–21 (Dkt. No. 34), when it awarded her $8,957 in unpaid overtime for 451 hours. *See* Jury Verdict at 20 (Dkt. No. 358). This amounts to approximately 24 percent of the amount sought by plaintiffs in closing argument. *See* TT, Vol. 8 at 1437:20–25 (arguing for an OT award of $38,060.95 for Ms. Gowan).

FAS argues that the UCL Order failed to account for this reduction for the Exclusive UCL Period, which justifies reconsideration under Civil Local Rule 7-9(b)(3). I agree. I should have calculated 24 percent of the $17,575.00 amount in unpaid overtime included in the UCL Order for Claimant Amy Gowan for a UCL award of $4,135.98. The following table reflects this change.[1] Judgment will be issued as follows:

| CLAIMANT | JURY VERDICT | | | PREJUDGMENT INTEREST ON JURY VERDICT FROM 7/17/17 TO 6/4/18 | WAITING TIME PENALTY | UCL AWARD | TOTAL JUDGMENT AWARD |
|---|---|---|---|---|---|---|---|
| | OT | EXPENSES | TOTAL | | | | |
| Fred Bowerman[2] | $98,615 | $168,746 | $267,361 | $23,527.76 | $1,920 | $108,597.96 | **$401,406.72** |
| Jake Bess | $27,797 | $50,947 | $78,744 | $6,929.47 | $1,920 | $32,164.70 | **$119,758.17** |
| Janeen Cloud | $89,210 | $162,932 | $252,142 | $22,188.49 | $1,920 | $29,361.60 | **$305,612.09** |
| Matthew Cohick | $116,328 | $255,652 | $371,980 | $32,734.24 | $1,920 | $158,094.14 | **$564,728.38** |

---

[1] The amount in the table is the sum of this new UCL OT award ($4,135.98) and Ms. Gowan's UCL expense award ($785.00), or $4920.98.

[2] Judgment will not be entered for plaintiff Fred Bowerman because his claims have not been fully resolved.

3

| Name | | | | | | | |
|---|---|---|---|---|---|---|---|
| Linda Dunham | $76,148 | $149,731 | $225,879 | $19,877.35 | $1,920 | $61,951.37 | **$309,627.72** |
| Kenneth Freeborn | $40,869 | $38,613 | $79,482 | $6,994.41 | $1,920 | $95,021.17 | **$183,417.58** |
| Amy Gowan | $8,957 | $3,833 | $12,790 | $1,125.52 | $1,920 | $4920.98 | **$20,756.50** |
| John Gowan | $32,842 | $63,351 | $96,193 | $8,464.98 | $1,920 | $33,113.17 | **$139,691.15** |
| Kim Miller | $126,861 | $199,780 | $326,641 | $28,744.40 | $1,920 | $0.00 | **$357,545.40** |
| Anthony Yager | $36,070 | $120,934 | $157,004 | $13,816.35 | $1,920 | $73,052.53 | **$245,792.35** |
| Matt Jaques[3] | $68,374 | $102,287 | $170,661 | $15,018.16 | $1,920 | $0.00 | **$187,599.16** |

In accordance with the foregoing, judgment will be entered in favor of plaintiffs, for the following Claimants:

    Jake Bess - $119,758.17
    Janeen Cloud - $305,612.09
    Matthew Cohick - $564,728.38
    Linda Dunham - $309,627.72
    Kenneth Freeborn - $183,417.58
    Amy Gowan - $20,756.50
    John Gowan - $139,691.15
    Kim Miller - $357,545.40
    Anthony Yager - $245,792.35
    Matt Jaques - $187,599.16

**IT IS SO ORDERED.**

Dated: June 13, 2018

William H. Orrick
United States District Judge

---

[3] As discussed in the UCL Order, Claimant Matt Jacques did not work for FAS during the Exclusive UCL Period.

4