United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED BOWERMAN, ET AL., <br> Plaintiffs, <br> v. <br> FIELD ASSET SERVICES, INC., et al., <br> Defendants. | Case No. 13-cv-00057-WHO <br><br> **INTERIM ORDER AWARDING ATTORNEY FEES** <br><br> Re: Dkt. No. 446 |

In a hotly contested lawsuit, plaintiffs achieved class certification, prevailed on summary judgment for liability, and then received a very favorable verdict for ten of their class members at trial. They now move for attorney fees, seeking compensation for all of their work in this case through the trial and this motion, even though the verdict was only for a fraction of the class, the remainder of which has yet to prove up its damages. Plaintiffs' lodestar is $5,372,666, which is more than twice the amount awarded thus far to ten members of the class, and they also seek a multiplier of 1.5 times the lodestar.[1]

Defendants oppose the motion on a variety of grounds. Contrary to defendants' arguments, I find that it is appropriate to award interim fees and costs based on the work sought in this motion, and not to limit the award to work that solely benefited the ten initial class members. The hourly rates sought are reasonable, the time requested generally was reasonably spent, the action presented novel, difficult, and complex issues that the lawyers skillfully litigated, and plaintiffs have obtained exceptional results thus far on what was a very risky contingent fee matter that involves the public interest.

---

[1] They also sought costs of 147,669 before the Clerk had taxed costs. The taxed costs are $93,098.67, and no party opposed that decision within a week as required by Federal Rule of Civil Procedure 54(d)(1). *See* Bill of Costs [Dkt. No. 463].

That said, I will not award a multiplier at this time because I do not know how the remaining class members will fare at trial, and I will reserve a determination on a multiplier for the entire lodestar until the case concludes. Further, while it appears that plaintiffs' counsel reduced their lodestar by not seeking all of the time expended on the case, I will reduce by 10% the fees sought by all timekeepers except the three lead counsel (Olivier, Miller, and Duckworth), causing a reduction of $199,126.50 from the lodestar, for a total fee award of $5,173,539.50. I make the reduction to adjust for the inefficiency of having 28 timekeepers other than lead counsel working on the case. While plaintiffs' counsel made several hundreds of hours of reductions on their own, the further reduction is appropriate. Pursuant to the Clerk's determination, $93,098.67 is awarded in costs.

**BACKGROUND**

I need not summarize the facts or posture of the case, except to say that it includes novel issues that the Ninth Circuit will address and that it was aggressively defended, as indicated by the 454 docket entries to date and the numerous substantive orders on motions to dismiss, discovery, class certification, summary judgment, and other topics raised in the case. The cost of this case is high in part because (and this is no criticism) the defendants did not give an inch on any of the issues that arose. The matter is of great significance to both sides, and the issue of misclassification and who bears the expenses required by the defendants' business model is one of public importance.

**LEGAL STANDARD**

Where California law governs the claims, it also governs the award of attorney fees. *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 809 (9th Cir. 2018). I have authority to award reasonable fees and costs under California Code of Civil Procedure section 1021.5, which provides that:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

CAL. CODE CIV. P. § 1021.5. The plaintiffs asserted claims under the California Labor Code, which allows prevailing plaintiffs to recover attorney fees. *See* CAL LAB. CODE §§ 1194, 218.5, 2802. "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). The reasonable hourly rate is that prevailing in the community for similar work. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001). The trial court may adjust the lodestar figure for factors such as contingent risk and extraordinary skill. *Id.* at 1132; *PLCM*, 22 Cal. 4th at 1096. "It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court." *PLCM*, 22 Cal. 4th at 1096 (internal quotation marks and citation omitted).

**DISCUSSION**

In support of their motion for fees, plaintiffs filed lengthy declarations from lead counsel and comprehensive exhibits detailing the name, experience, and billing rate of each timekeeper along with the time spent on each of sixteen categories of work. Plaintiffs seek fees for 31 timekeepers in all. I required plaintiffs to supplement their submission with contemporaneous time records for the 31 timekeepers.

The bulk of the lodestar ($3,381,540) stems from the work of lead counsel—Monique Olivier, James Miller, and Thomas Duckworth. The hourly rates they seek ($775 for Miller, $700 for Olivier and Duckworth) are well within the reasonable range. *See Ketchum*, 24 Cal. 4th at 1133. The amount of time they billed in each of the categories is also reasonable, as lead counsel in small firms must not only coordinate all of the work in the case to ensure it is geared to effective advocacy at trial but must also bear the laboring oar on many aspects of the litigation.

There are 28 other timekeepers for whom plaintiffs seek fees. Mr. Miller represents that he did not bill several hundred recorded hours, including those that showed duplicative work, time spent on work of an expert who ultimately was not called as a witness, and any biller who billed fewer than ten hours. Miller Decl. [Dkt. No. 446-6], ¶ 18. Ms. Olivier indicates that she also used discretion in not billing work, including that of a short-term attorney, paralegal, and expert, along with time for partners with whom she consulted at various points during the litigation. Olivier

3

Decl. [Dkt. No. 446-1], ¶ 53. The contemporaneous records of plaintiffs' counsel show that the 28 timekeepers were performing substantive work with a minimum of overlap. However, it is inherently inefficient to have so many people working on a legal project. With such a large group, it is inevitable that information needs to be shared, common issues discussed, and overlapping tasks performed. I will reduce the sum requested for the 28 timekeepers, $1,991,265, by 10% for that inefficiency. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.").

Defendants object to the award of a multiplier, and I agree that it is too soon to know if a multiplier is appropriate. While plaintiffs have achieved great success to date, it is unclear whether the remaining class members will be as successful as the first group, which was chosen by plaintiffs' counsel. I will consider whether a multiplier is appropriate following any further motion by plaintiffs for fees upon the conclusion of the case.

Defendants' other objections are overruled. They assert that I should only consider hours billed specifically toward the ten class members whose cases went to trial. This argument disregards the realities of this case. The ten class members would not have gone to trial but for plaintiffs' success in overcoming motions to dismiss, certifying the class and winning summary judgment on liability. It would make no sense to parse the interim fee award as defendants suggest. The billing records presented with the motion for fees are sufficiently detailed, and my review of the contemporaneous records confirms that the entries are specific and compensable.

## CONCLUSION

Accordingly, plaintiffs are awarded interim fees in the amount of $5,173,539.50.

**IT IS SO ORDERED.**

Dated: November 14, 2018

William H. Orrick
United States District Judge

4