1  Robert G. Hulteng, Bar No. 071293
   rhulteng@littler.com
2  Damon M. Ott, Bar No. 215392
   dott@littler.com
3  Courtney Chambers, Bar No. 312011
   cchambers@littler.com
4  Shane Young, Bar No. 313853
   shyoung@littler.com
5  Alvin Arceo, Bar No. 342387
   aarceo@littler.com
6  LITTLER MENDELSON, P.C.
   101 Second Street, Suite 1000
7  San Francisco, California 94105
   Telephone:    415.433.1940
8  Fax No.:      415.399.8490

9  Attorneys for Defendants
   CYPREXX SERVICES, LLC, FIELD ASSET
10 SERVICES, INC. AND FIELD ASSET SERVICES,
   LLC N/K/A XOME FIELD SERVICES, LLC

11

12                    UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14

15 | In re Field Asset Services, Inc., et al. | Case No. 3:13-cv-00057-WHO |

16

17 | This Document Relates To: | **SUPPLEMENTAL BRIEF ON CORPORATE VENDOR PLAINTIFFS** |
18 | All Consolidated Actions under | **(As Requested by the Court)** |
19 | Case No. 3:13-cv-000570-WHO | |

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA
94105
415.433.1940

SUPPLEMENTAL BRIEF ON CORPORATE
VENDOR PLAINTIFFS                   1                     CASE NO. 3:13-CV-00057-WHO

The Court has requested a summary of the prejudice that Defendants would suffer if the Court allowed the complaints of three Corporate Vendor Plaintiffs (Sam Cherrin, Darin Bush and Matthew Cohick) to be amended to introduce a new legal theory (joint employer) approximately a month before trial. That prejudice would be extreme, due to the lack of information that would be necessary for Defendants to defend against a joint employer claim, as explained below.

Throughout the eleven years of litigation in the related cases, the three Corporate Vendor Plaintiffs never suggested that they were alleging that FAS was a joint employer. As a result, no discovery was conducted by Defendants into facts that go to the heart of joint employment. These facts include:

- Were Plaintiffs acknowledged employees of corporations separate from FAS?
- What duties did Plaintiffs perform in those corporations?
- How were Plaintiffs compensated by the corporations?
- Did the corporations reimburse business expenses to Plaintiffs?
- Did the corporations pay for and supply work-related equipment?
- Did the corporation pay overtime to Plaintiffs?
- Did the corporation maintain records of hours worked by Plaintiffs?
- Did the corporation work for customers other than FAS?
- Was the corporation formed before it contracted with FAS?
- Did the corporation continue in business after it ceased contracting with FAS?
- What corporate records are available (tax returns, financial statements, etc.)?

None of these factual questions were at issue during the 2013-2018 class litigation. A sample of the 156 vendors in the class was deposed at the class certification stage. Bush and Cherrin were not a part of that sample; of the three Corporate Vendors, only Cohick was deposed. After class certification was granted, the Court then entered summary judgment. From that point forward, no discovery of information related to potential joint employment was relevant, as the Court had already ruled that Plaintiffs were employed by FAS. In advance of trial, Plaintiffs were asked to produce certain documents in case they were selected as trial vendors. Of course, those documents went only to Plaintiff's individual work hours and expenses, as those were the only issues that were tried. The

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, CA 94105
415.433.1940

SUPPLEMENTAL BRIEF ON CORPORATE VENDOR PLAINTIFFS    2    CASE NO. 3:13-CV-00057-WHO

documents produced by Plaintiffs offered little, if any, information relevant to joint employment. In fact, the information which prompted Defendants to file the MSJ for the three Corporate Vendor Plaintiffs first emerged in depositions taken late in 2023. And that information just scratched the surface. Specifically, here's what Defendants still lack on the Corporate Vendor Plaintiffs:

<u>Sam Cherrin</u>: Plaintiff Cherrin has produced heavily redacted tax returns for one year only (year unknown). Sources of income and income amounts are entirely redacted. Business expenses are itemized on the returns, although no information is provided on whether the corporations reimbursed Cherrin for some, all or none of his business expenses. All portions of the returns reflecting payments to Cherrin and other employees have been redacted. At his deposition on November 2, 2023, Cherrin claimed he could not recall how much he was compensated by the two corporations by which he was employed. Rather, according to Cherrin, his compensation was determined by a CPA (November 2, 2023 Deposition, 31:14-33; 36:11-19). Cherrin also testified that he didn't know whether or not the corporation reimbursed his business expenses, again deferring to a CPA (131:22-132:5). No information has been provided about payroll expenses or payroll taxes. No information has been provided about whether overtime premiums were paid by the corporations to Cherrin. No discovery has been had on work performed by the corporations for other customers. Counsel has resisted repeated requests for unredacted tax returns (which is also the case for the other two Plaintiffs).

<u>Darin Bush</u>: All portions of tax returns for the corporation which show sources of income and income amounts have been entirely redacted. Also redacted is all information regarding employee benefit programs and wages paid. Certain business expenses have not been redacted. However, when Bush was asked at deposition whether the corporation reimbursed his business expenses, counsel directed him not to answer (November 3, 2023 Deposition, 61:18-25). Bush also testified that he didn't know how much he was paid by the corporation (96:5-16), and that he had not retained pay stubs for the wages paid to him by the corporation (44:25-45:8). Bush did admit that he received an annual W-2 from the corporation, but none of the W-2s have been produced. No information has been provided on whether overtime was worked or overtime premiums paid by the corporation. And again, there has been no opportunity to discover the scope of work performed by the

corporation for customers other than FAS.

<u>Matthew Cohick:</u> Plaintiff Cohick has produced tax returns for his corporations in 2010 and 2011, but again with many redactions. Compensation information is redacted from the 2010 return, but compensation for "corporate officers" in 2011 is shown as $347,000. Cohick has admitted that he was the sole officer of the corporation (October 24, 2023 Deposition, 33:12-17), so presumably all that money went to him. However, at deposition, Cohick claimed not to know how much he was compensated by the corporation, and that other persons prepared all the tax returns (114:2-7; 180:19-181:5). The corporate returns show that numerous business expenses were deducted by the corporations (insurance, computer, office, cellphone, travel, dump fees, etc.). However, Cohick claimed not to know whether the corporation reimbursed him for those same business expenses (180:19-181:5). No evidence has been provided on whether overtime premiums were paid by the corporation. And Defendants have not received information on whether the corporation worked for customers other than FAS.

Significant discovery remains to be done on the many factual issues that will determine whether the corporations of the Corporate Vendors were independent employers or joint employers with FAS. Defendants are entitled to full discovery on a theory that would be totally new to these cases. If Plaintiffs do choose to amend their complaints and plead a joint employer theory (with specificity, as the case law requires), trial would need to be postponed for a substantial period of time

Dated: January 16, 2023

LITTLER MENDELSON, P.C.

*/s/ Robert G. Hulteng*
Robert G. Hulteng
Damon M. Ott
Courtney Chambers
Shane Young
Alvin Arceo

Attorneys for Defendants

4874-9617-2446.1 / 066383-1256